UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs                                             Case No. 2:07-CV-13164
                                                                   Honorable Anna Diggs Taylor
vs.                                                                 Magistrate Judge Donald A. Scheer

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

| | |
|---|---|
| Norman C. Ankers (P30533) | Daniel D. Quick (P48109) |
| Michael A. Lisi (P39597) | Dickinson Wright PLLC |
| Honigman Miller Schwartz and Cohn LLP | 38525 Woodward Avenue |
| 2290 First National Building | Suite 2000 |
| 660 Woodward Avenue | Bloomfield Hills, MI 48304 |
| Detroit, MI 48226-3506 | (248) 433-7200 |
| (313) 465-7306 | dquick@dickinsonwright.com |
| nankers @honigman.com | Attorneys for Defendants |
| Attorneys for Plaintiffs | |
| | |
| Richard S. Busch | Kelly M. Klaus |
| King & Ballow | Munger, Tolles & Olson LLP |
| 315 Union Street | 355 South Grand Avenue |
| 1100 Union Street Plaza | Suite 3500 |
| Nashville, TN 37201 | Los Angeles, CA 90071-1560 |
| (615) 259-3456 | (213) 683-9238 |
| rbusch@kingballow.com | kelly.klaus@mto.com |
| Attorneys for Plaintiffs | Attorneys for Defendants |

## **DEFENDANTS' ANSWER TO COMPLAINT**

Defendants Apple Inc. ("Apple"), erroneously sued as Apple Computer, Inc., and Aftermath Records d/b/a Aftermath Entertainment ("Aftermath") (jointly "Defendants") answer the Complaint filed by Plaintiffs Eight Mile Style, LLC and Em2M, LLC (jointly "Plaintiffs") as follows:

## GENERAL ALLEGATIONS

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis deny the allegations of Paragraph 1.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis deny the allegations of Paragraph 2.

3. Answering Paragraph 3, Defendant Apple avers that Apple Inc. is a California corporation with its principal place of business in California. Defendant Aftermath avers that it is a joint venture that, for purposes of the diversity jurisdiction statute, is a citizen of California and Delaware. Except as specifically averred herein, Defendants deny the allegations of Paragraph 3.

4. The allegations of Paragraph 4 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 4.

5. The allegations of Paragraph 5 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 5.

6. Answering Paragraph 6, Defendants aver that this Court has personal jurisdiction over the Defendants in this case. Except as specifically averred herein, Defendants deny the allegations of Paragraph 6.

7. The allegations of Paragraph 7 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 7.

8. Answering Paragraph 8, Defendants aver that the Certificates of Registration with the United States Copyright Office attached at Exhibit A to the Complaint are the best evidence of their contents. Except as specifically averred herein, Defendants deny the allegations of Paragraph 8.

9. Answering Paragraph 9, Defendants aver that Apple sells through its iTunes Store downloads of sound recordings that Apple purchases from UMG Recordings, Inc. ("UMG"). Defendants further aver that customers who purchase downloads of UMG sound recordings from the iTunes Store pay Apple to purchase those downloads. Defendants further aver that purchasers of UMG sound recordings from the iTunes Store download those recordings in the form of digital audio files, which are subject to certain restrictions. Except as specifically averred herein, Defendants deny the allegations of Paragraph 9.

10. Answering Paragraph 10, Defendants aver that customers in this District, and elsewhere, have purchased downloads of sound recordings from the iTunes Store, including downloads of UMG sound recordings. Except as specifically averred herein, Defendants deny the allegations of Paragraph 10.

11. Answering Paragraph 11, Defendant Apple avers that it has not provided compensation directly to, or sought permission directly from, Plaintiffs regarding the sale of downloads of sound recordings through the iTunes Store. Except as specifically averred herein, Defendant Apple denies the allegations of Paragraph 11. Defendant Aftermath is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies the allegations of Paragraph 11.

12. Answering Paragraph 12, Defendants aver that Apple is authorized to sell through its iTunes Store downloads of sound recordings that Apple purchases from UMG. Defendant Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis denies all allegations in Paragraph 12 except as specifically averred herein. Except as specifically averred herein, Defendant Aftermath denies all allegations in Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Answering Paragraph 14, Defendants aver that Plaintiffs sent Apple a letter dated July 27, 2007, and that this letter is the best evidence of its contents. Except as specifically averred herein, Defendants deny the allegations of Paragraph 14.

15. The allegations of Paragraph 15 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 15.

**COUNT I - COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 *ET SEQ***

16. In response to Paragraph 16, Defendants repeat the applicable responses contained above in Paragraphs 1 through 15.

17. The allegations of Paragraph 17 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 17.

18. The allegations of Paragraph 18 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 18.

19. The allegations of Paragraph 19 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 19.

## COUNT II - TORTIOUS INTERFERENCE

20. In response to Paragraph 20, Defendants repeat the applicable responses contained above in Paragraphs 1 through 19.

21. The allegations of Paragraph 21 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 21.

22. The allegations of Paragraph 22 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 22.

## COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT

23. In response to Paragraph 23, Defendants repeat the applicable responses contained above in Paragraphs 1 through 22.

24. The allegations of Paragraph 24 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 24.

25. The allegations of Paragraph 25 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 25.

26. The allegations of Paragraph 26 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 26.

## COUNT IV - UNFAIR COMPETITION UNDER STATE LAW

27. In response to Paragraph 27, Defendants repeat the applicable responses contained above in Paragraphs 1 through 26.

28. The allegations of Paragraph 28 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 28.

29. The allegations of Paragraph 29 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 29.

**COUNT V - VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT**

30. In response to Paragraph 30, Defendants repeat the applicable responses contained above in Paragraphs 1 through 29.

31. The allegations of Paragraph 31 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 31.

32. The allegations of Paragraph 32 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 32.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

(Failure to State a Claim)

33. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

(Statute of Limitations)

34. Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

### Third Affirmative Defense

(No Standing)

35. Plaintiffs lack standing to assert the claims contained in the Complaint, to the extent they have failed to demonstrate they are the owners of the copyrights or exclusive rights under state law alleged to have been infringed or to have been interfered with.

### Fourth Affirmative Defense

(License or Otherwise Authorized Use)

36. Plaintiffs' claims are barred to the extent the allegedly unlawful or infringing use of the works at issue was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

### Fifth Affirmative Defense

(Preemption)

37. Federal law preempts some or all of Plaintiffs' claims asserted under state law.

### Sixth Affirmative Defense

(Estoppel)

38. Plaintiffs' claims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense

(Laches)

39. Plaintiffs' claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

(Waiver)

40. Plaintiffs' claims are barred by the doctrine of waiver.

### Ninth Affirmative Defense

(Unclean Hands)

41.     Plaintiffs' claims are barred or abated substantially by the doctrine of unclean hands.

### Tenth Affirmative Defense

(Failure to Mitigate)

42.     Without any admission by Defendants that Plaintiffs suffered injury in any way, to the extent that Plaintiffs did suffer such injury, their claims are barred in whole or in part because they failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate their damages.

### Eleventh Affirmative Defense

(No damages)

43.     Plaintiffs' claims fail in whole or in part to the extent they have suffered no damages.

### Twelfth Affirmative Defense

(Set-off)

44.     Plaintiffs' alleged claims to damages are barred, in whole or in part, by the right of one or more Defendants to a set-off against any such damages.

### Thirteenth Affirmative Defense

(Statutory Damages and Attorney's Fees)

45.     Plaintiffs' prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act, including 17 U.S.C. § 412(2).

### **Fourteenth Affirmative Defense**

(Failure of Performance)

46. Plaintiffs are barred from recovery of damages or other relief to the extent that they or others failed to perform conditions precedent, concurrent or subsequent under pertinent agreements.

### **Fifteenth Affirmative Defense**

(Reservation of Rights to Add Defenses)

47. Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiffs' claims.

WHEREFORE, Defendants pray:

1. That Plaintiffs take nothing by their Complaint and for a judgment in favor of Defendants and against Plaintiffs, dismissing the Complaint;

2. That Defendants be awarded their costs of suit, including reasonable attorney's fees; and

3. That this Court order such other and further relief in Defendants' favor as the Court may find just and proper.

s/Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com
Attorneys for Defendants

>Kelly M. Klaus
>Munger, Tolles & Olson LLP
>355 South Grand Avenue
>Suite 3500
>Los Angeles, CA 90071-1560
> (213) 683-9238
>kelly.klaus@mto.com
>Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

>s/Daniel D. Quick
>Daniel D. Quick (P48109)
>Dickinson Wright PLLC
>38525 Woodward Avenue
>Suite 2000
>Bloomfield Hills, MI 48304
> (248) 433-7200
>dquick@dickinsonwright.com
>Attorneys for Defendants

Dated: September 14, 2007

BLOOMFIELD  46456-12  865505