Eight Mile Style, LLC et al v. Apple Computer, Incorporated — Doc. 11 Att. 8

Case 2:07-cv-13164-ADT-DAS  Document 11-9  Filed 09/21/2007  Page 1 of 17
Case 2:04-cv-70651-ADT-MKM  Document 1  Filed 02/20/2004  Page 1 of 17

RECEIPT NUMBER
503182

17
Ex1-3

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC, and
MARTIN AFFILIATED, LLC,

    Plaintiffs,

vs.

APPLE COMPUTER, INC., TBWA/CHIAT/DAY,
MTV NETWORKS, INC., and
VIACOM INTERNATIONAL, INC.,

    Defendants.

JUDGE : Taylor, Anna Diggs
DECK : S. Division Civil Deck
FILE DATE : 02/20/2004 @ 16:05:19
CASE NO : 2:04CV70651

---

Hertz, Schram & Saretsky, P.C.
By:   Howard Hertz (P26653)
       Eric A. Michaels (P57114)
Attorneys for Plaintiff Eight Mile Style
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000

Jaffe, Raitt, Heuer & Weiss, P.C.
By: Jeffrey G. Heuer (P14925)
     Lawrence R. Jordan (P27169)
     Joseph H. Heckendorn (P66623)
Attorneys for Plaintiff Martin Affiliated
201 S. Main St., Suite 300
Ann Arbor, Michigan 48104
(734) 222-4776

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now come the plaintiffs, Eight Mile Style, LLC ("Eight Mile Style") and Martin Affiliated, LLC ("Martin"), (collectively "Plaintiffs"), by and through their attorneys, Hertz, Schram & Saretsky, P.C., and Jaffe, Raitt, Heuer & Weiss, P.C., respectively, and for their causes of action against the above-named defendants, state as follows:

### INTRODUCTION

1.    This case involves the blatant and unauthorized use by the above-named

Defendants of a popular musical composition in Apple Computer, Inc.'s commercial advertisements for iTunes.

## JURISDICTION AND VENUE

2. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§101, *et seq.* (the "Copyright Act"), False Endorsement under the Lanham Act, 15 U.S.C. §§1051 *et seq.* (the "Lanham Act") and other related causes of action.

3. This court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1338(a) (copyright) and original jurisdiction under 28 U.S.C. §1331 (federal question). This court also has jurisdiction pursuant to 28 U.S.C. §1332 (diversity), 28 U.S.C. §1338(b) (unfair competition), and under its supplemental jurisdiction over pendent claims.

4. Venue is proper pursuant to 28 U.S.C. §1391(a) and §1400.

## PARTIES

5. Plaintiff Eight Mile Style is a Michigan limited liability company with its principal place of business in the State of Michigan.

6. Plaintiff Martin is a Michigan limited liability company with its principal place of business in the State of Michigan.

7. Defendant, Apple Computer, Inc. ("Apple") is one of the largest computer companies in the world, and was at all pertinent times, a California corporation with its principal place of business in the State of California.

8. Defendant, MTV Networks, Inc., ("MTV") is, and was at all pertinent times, a Delaware corporation with its principal place of business in the State of New York.

9. Defendant, Viacom International, Inc., ("Viacom") is, and was at all pertinent times, a Delaware corporation with its principal place of business in the State of New York, and is, and was at all pertinent times, the owner of MTV Networks.

10. Defendant, TBWA/Chiat/Day ("Chiat/Day") is a California advertising agency, and was at all pertinent times, a Delaware corporation with its principal place of business in the State of New York.

11. Eight Mile Style and Martin are collectively referred to herein as "Plaintiffs."

12. Apple, Viacom, MTV and Chiat/Day are collectively referred to herein as "Defendants".

## BACKGROUND AND FACTS

13. Plaintiffs are engaged in the business of creating, composing, producing, distributing, publishing and marketing music.

14. Plaintiffs are the copyright proprietors of a musical composition titled "Lose Yourself" written by Marshall Mathers III ("Mathers" or "Eminem"), Jeffrey Bass ("Bass") and Louis Resto ("Resto") (the "Composition") and an application on FORM PA has been filed with and was registered by the United States Copyright Office as PA#1-152-688. A copy of the registration certificate is attached as Exhibit "1". The Composition is extremely well known and is performed by Marshall Mathers III, professionally known as "Eminem", one of the most popular recording artists in the world today.

15. As part of an exclusive recording agreement, Plaintiff Eight Mile Style has the exclusive right throughout the world to use and publish and permit others to use and publish the professional name EMINEM with respect to Eminem's compositions.

3

16. Upon information and belief, in early 2003 Apple and Chiat/Day, either directly or through third parties, approached Eminem regarding his endorsement of Apple and/or iTunes.

17. Eminem has never nationally endorsed any commercial products and therefore he indicated, through his manager, that even if he were interested in endorsing a product any endorsement deal would require a significant amount of money, possibly in excess of $10 Million.

18. Simultaneously, upon present information and belief, Apple hired Chiat/Day to produce a national advertising campaign for iTunes, an on-line music resource store offering downloadable music to the public.

19. Chiat/Day's proposed campaign for iTunes was intended to consist of approximately five (5) broadcast spots, featuring popular songs from nationally known artists such as Pink, Michael Jackson and The Who being sung a capella by "everyday" people while listening to headphones. Exhibit "2".

20. Apple and Chiat/Day approached Plaintiffs for authorization to use "Lose Yourself" as the prominent spot in their commercial campaign, thereby impliedly having Eminem endorse the iPod and iTunes products of Apple. "Lose Yourself" is one of the most popular musical compositions in contemporary music and Eminem and "Lose Yourself" have both achieved iconic stature among the very consumers Apple/Chiat/Day is targeting in its iTunes marketing campaign.

21. Unbeknownst to Plaintiffs, Chiat/Day prepared the commercial (the "Commercial") and posted it on Apple's website without Plaintiffs' approval.

22. Plaintiffs discovered the Commercial on Apple's website. It was shown to

4

Eminem who disapproved of the use of the Composition in that manner. Plaintiffs then immediately notified the appropriate parties to have the posting ceased and indicated that they would not permit the Composition to be used in the Commercial.

23. In fact, in an e-mail dated May 7, 2003, Andrew Schafer (an employee of Chiat/Day) acknowledged to Joel Martin his understanding that Plaintiffs had refused to license the Composition when he stated "[s]o to confirm, you guys are a definite 'no' for the campaign as it is (The young boy rapping "Lose Yourself")." Exhibit "3".

24. After learning that Eminem would not allow use of "Lose Yourself" in the commercial, Chiat/Day raised the possibility of using another Eminem song, "The Real Slim Shady," as a substitute for the Composition in an advertisement. Plaintiffs' representatives agreed to review the newly-proposed commercial and, if the commercial was ultimately approved, Plaintiffs would consider permitting the use of "The Real Slim Shady" for the price of $300,000.

25. Chiat/Day then prepared a second commercial using the song "The Real Slim Shady" instead of the Composition.

26. Before Plaintiffs were given the opportunity to review the second commercial, Steven Jobs ("Jobs"), Apple's CEO, called Joel Martin, a representative of Plaintiffs, and said, in essence, that Apple was too far into its original campaign to make any changes Jobs requested Martin and Eminem "rethink" their position and permit Apple to use "Lose Yourself" in the television commercials or Apple would "scrap" the entire ad campaign.

27. After Plaintiffs relayed Jobs' position to Eminem, Eminem instructed Plaintiffs to end all discussions regarding the use of any of his compositions in Apple's

5

ad campaigns, Plaintiffs decided against granting permission to use either the Composition "Lose Yourself" or "The Real Slim Shady".

28. Recently, despite having no permission to proceed, it has come to the attention of Plaintiffs that, in addition to other copyright violations, a commercial for iTunes containing a performance of the Composition "Lose Yourself" was publicly performed on MTV Networks, and perhaps other broadcast and/or cable cast outlets.

29. As early as July, 2003, and as late as October 2003, the Commercial containing "Lose Yourself" appeared numerous times on MTV and possibly other stations or networks. In addition, the Commercial containing "Lose Yourself" also appeared on Apple's internet website for months.

30. At no time did Apple, Chiat/Day or MTV receive authorization or permission to record, reproduce, perform, transmit, copy, use or otherwise exploit the Composition for any purpose.

31. Each of the unauthorized broadcasts and actions is an act of copyright infringement, in violation of the Copyright Act, as amended, including but not limited to, 17 U.S.C. §106, and therefore is unlawful.

32. Moreover, each such unauthorized broadcast and action was committed willfully.

33. These actions have served to usurp Plaintiffs' exclusive right to determine whether, when, and under what terms the Composition would be used for commercial endorsements and advertising.

34. In addition, the unlawful actions have materially diminished the future value of the Composition should Plaintiffs wish to make it available for future

commercial advertising opportunities.

## COUNT I - FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§101 et. seq.)

35. Plaintiffs incorporate by reference paragraphs 1 through 34 of this complaint as if fully realleged and restated herein.

36. Plaintiffs are the lawful and sole proprietors of the copyright to the Composition, pursuant to agreements with Eminem.

37. Defendants have not been granted a license to reproduce, distribute, publicly perform or in any way use, compile or exploit the Composition by Plaintiffs.

38. As alleged above, Defendants have had access to, and have illegally copied substantial portions of the Composition; moreover, Defendants have distributed, publicly performed, made available, and placed into the stream of commerce commercials which contain said illegal copies of the Composition.

39. Plaintiffs are entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws and infringements of Plaintiffs' rights thereunder.

40. Defendants' direct and willful acts of infringement have and will cause irreparable harm to Plaintiffs unless such conduct is preliminarily and permanently enjoined, since the reproduction and distribution of a previously unlicensed musical Composition has a special and unique value in the music industry.

41. Plaintiffs are further entitled to recover from Defendants, the damages, including attorneys' fees, sustained and which will be sustained, and any gains, profits

and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs, but are reasonably believed to exceed $75,000.

42. Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiffs' copyrights are unique and valuable property which have no readily determinable market value; (ii) the infringement by Defendants constitutes an interference with Plaintiffs' good will and contractual relationships; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiffs therefrom, is continuing. Defendants' acts of copyright infringement have caused Plaintiffs irreparable injury and Defendants have the ability to continue to commit these acts. Accordingly, Plaintiffs are entitled to damages as well as to injunctive relief pursuant to 17 U.S.C. §502, and to an order under 17 U.S.C. §503 that the infringing products be impounded.

## COUNT II – FALSE ENDORSEMENT
### (15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act)

43. Plaintiffs repeat and reallege all allegations in Paragraphs 1-42 as though fully set forth herein.

44. At all times pertinent hereto, Plaintiff Eight Mile Style has had the right throughout the world to use and publish and permit others to publish the professional name EMINEM.

45. At all times pertinent hereto, Plaintiff Eight Mile Style's rights have included the right to control the publication of Eminem's compositions, and the use of the name and image of EMINEM relative to publication.

8

46. Defendants have not been granted a license to reproduce, distribute, publicly perform or in any way use, compile or exploit the Composition by Plaintiff Eight Mile Style.

47. Neither Plaintiff Eight Mile Style nor Eminem have agreed to be affiliated with or endorse the goods or services of the Defendants.

48. Defendants, by including portions of the Composition, which is uniquely identified with the author, in their advertisements, have created the false impression that Eminem, and Plaintiff Eight Mile Style, have endorsed Defendant Apple's iTunes product.

49. Defendants' conduct, as aforesaid, is willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage Plaintiff Eight Mile Style.

50. As a direct result of Defendants' violations, as aforesaid, Plaintiff Eight Mile Style has suffered substantial harm including, but not limited to, irreparable harm which cannot be remedied unless Defendants are enjoined from further use because the Defendants have taken from Plaintiff Eight Mile Style the right to determine whether, to whom, and under what terms, such endorsement will be given.

## COUNT III - UNFAIR COMPETITION

51. The Plaintiffs incorporate by reference paragraphs 1 through 50 of this complaint as if fully realleged and restated herein.

52. Defendants' wrongful acts of unfair competition consist of utilizing the Composition for the specific purpose of creating the false impression that Eminem, and

Plaintiff Eight Mile Style, have endorsed Defendant Apple's iTunes product.

53. Defendants, by imitation or unfair device, have induced the general public to believe that they had the right to distribute and use the Composition in commercials and that Plaintiff Eight Mile Style and Eminem commercially endorse their products.

54. Defendants have received and obtained substantial gains, profits, advantages and benefits which Plaintiff Eight Mile Style rightfully deserve, by reason of their wrongful acts of unfair competition.

55. Defendants, by way of the wrongful acts of unfair competition, have appropriated to themselves the value of the reputation which the Plaintiff Eight Mile Style has acquired by way of its creation, production and publication of the Composition.

56. A natural, probable and foreseeable consequence of the Defendants' wrongful acts of unfair competition resulted in substantial deception to the general public.

57. The Defendants' wrongful acts constitute unfair competition under the laws of the State of Michigan.

58. Plaintiff Eight Mile Style is entitled to recover from the Defendants the monetary damages suffered by them as a result of Defendants' wrongful acts of unfair competition.

59. Plaintiff Eight Mile Style is further entitled to recover from the Defendants the gains, profits, advantages and benefits Defendants have received and obtained as a result of the unfair acts of unfair competition.

60. Defendants have acted intentionally, recklessly, willfully and in bad faith, and Plaintiff Eight Mile Style is therefore entitled to exemplary damages by reason of

the Defendants' wrongful acts of unfair competition.

### COUNT III - UNJUST ENRICHMENT/QUANTUM MERIUT

61. Plaintiffs incorporate by reference paragraphs 1 through 60 of this complaint as if fully realleged and restated herein.

62. Defendants have received and obtained substantial gains, advantages and benefits by creating the false impression that Eminem, and Plaintiff Eight Mile Style, have endorsed Defendant Apple's iTunes product.

63. It is inequitable and unjust for the Defendants to retain those gains, advantages and benefits.

64. Defendants have enriched themselves at the expense and to the detriment of the Plaintiff Eight Mile Style.

65. To the extent Defendants inferred a false endorsement of their goods and services by Eminem, Plaintiff Eight Mile Style has conferred a benefit upon Defendants.

66. To the extent Defendants exploit the Commercial as noted above, Defendants have retained such benefit without adequately compensating Plaintiff Eight Mile Style therefor.

67. Defendants should not in equity and good conscience be permitted to retain the benefit bestowed upon them by Plaintiff Eight Mile Style.

68. As a result of the retention of such benefit, Defendants have been unjustly enriched and are jointly and severally liable to Plaintiff Eight Mile Style.

69. As a result of the unjust enrichment of Defendants, Plaintiff Eight Mile Style has incurred damages in an amount to be determined at trial, plus applicable

11

interest, attorneys fees and costs.

70. Plaintiff Eight Mile Style is entitled to receive and obtain from the Defendants the reasonable value of an endorsement by Plaintiff Eight Mile Style and Eminem.

## PRAYER FOR RELIEF

Wherefore, the Plaintiffs Eight Mile Style, LLC, and Martin Affiliated, LLC, respectfully pray that this Court enter a final judgment in their favor and against the Defendants, jointly and severally, as follows:

A. That the Court find that Defendants have infringed on Plaintiffs' copyright in the Composition.

B. That Defendants, their agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyright in the Composition or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived, copied and/or sampled from the Composition, in whatever medium, or to participate or assist in any such activity.

C. That this Court order Defendants, and all their representatives, agents, servants, employees, officers, directors, partners, attorneys, subsidiaries, and all persons under their control or acting in active concert or participation with them to immediately post a notice on their web site stating that the prior use of the Composition was unauthorized and illegal.

D. That this Court order that Defendants, their affiliates and licensees

immediately cease and desist from any further recording, reproduction, distribution, transmission or other use of the Composition.

E. That Defendants be enjoined and ordered to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies or duplicates of any work shown by the evidence to infringe any copyright in the Composition, including any and all copies of the commercials.

F. That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages and for any profits attributable to infringements of Plaintiffs' copyright in the Composition, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

G. That judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., including 17 U.S.C. § 504(C)(1) and (2).

H. That judgment be entered for Plaintiff Eight Mile Style and against Defendants for Plaintiff's actual damages and for any profits attributable to infringements of Plaintiff's rights, pursuant to the Lanham Act, 15 U.S.C. §§ 1111, et seq., including attorneys fees.

I. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

J. That Defendants be ordered to furnish to Plaintiffs a complete and accurate accounting of all profits earned in connection with their use of the Composition.

K. That Plaintiffs have judgment against Defendants for Plaintiffs' costs, disbursements and attorneys' fees pursuant to the Copyright Act of 1976, 17 U.S.C. §§101 *et seq*.

L. That the Court grant such other, further and different relief as the Court deems just, proper and equitable under the circumstances.

Respectfully submitted,

| HERTZ, SCHRAM & SARETSKY, P.C. | JAFFE, RAITT, HEUER & WEISS, P.C. |
|---|---|
| By: *[signature]* P27169 | By: *[signature]* |
| Howard Hertz (P36663) | Jeffrey G. Heuer (P14925) |
| Eric A. Michaels (P57114) | Lawrence R. Jordan (P27169) |
| Attorneys for Plaintiff Eight Mile | Joseph H. Heckendorn (P66623) |
| 1760 South Telegraph Rd., Ste. 300 | Attorneys for Plaintiff Martin Affiliated |
| Bloomfield Hills, Michigan 48302 | 201 S. Main St., Suite 300 |
| (248) 335-5000 | Ann Arbor, Michigan 48104 |
| | (734) 222-4776 |

Dated: February 20, 2004

14

## DEMAND FOR TRIAL BY JURY

Now come the plaintiffs, Eight Mile Style, LLC, and Martin Affiliated, LLC, by and through their attorneys, Hertz, Schram & Saretsky, P.C., and Jaffe, Raitt, Heuer & Weiss, P.C., and hereby demand a trial by jury in the above entitled action.

HERTZ, SCHRAM & SARETSKY, P.C.

By: _____
Howard Hertz (P36658)
Eric A. Michaels (P57114)
Attorneys for Plaintiff Eight Mile
1760 South Telegraph Rd., Ste. 300
Bloomfield Hills, Michigan 48302
(248) 335-5000

JAFFE, RAITT, HEUER & WEISS, P.C.

By: _____
Jeffrey G. Heuer (P14925)
Lawrence R. Jordan (P27169)
Joseph H. Heckendorn (P66623)
Attorneys for Plaintiff Martin Affiliated
201 S. Main St., Suite 300
Ann Arbor, Michigan 48104
(734) 222-4776

Dated: February 20, 2004

15

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Oakland

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
Eight Mile Style, LLC and Martin Affiliated, LLC

(b) County of Residence of First Listed: 26125

(c) Attorneys (Name, Address and Telephone Number)
Jeffrey G. Heuer (P14925, Lawrence R. Jordan (P27169) and Joseph H. Heckendorn (P66623)
Attorneys for Plaintiff Martin Affiliated
One Woodward, Ste. 2400, Detroit, MI 48226

### DEFENDANTS
Apple Computer, Inc., TBWA/Chiat/Day, MTV Networks, Inc., and Viacom International, Inc.

County of Residence of First Listed
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault, Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☒ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Sections 1051, et.seq. and 17 U.S.C. Sections 101, et.seq.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 2/20/04
SIGNATURE OF ATTORNEY OF RECORD
× Joseph Heckendorn (AH)

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____