# EXHIBIT 2

Case 2:07-cv-13164-ADT-DAS    Document 1    Filed 07/30/2007    Page 1 of 50

RECEIPT NUMBER
560226

309

UNITED STATES DISTRICT COURT
FOR THE IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs,

vs.

APPLE COMPUTER, INC.,

    Defendant.

Case: 2:07-cv-13164
Assigned To: Taylor, Anna Diggs
Referral Judge: Scheer, Donald A
Filed: 07-30-2007 At 03:55 PM
CMP EIGHT MILE STYLE V APPLE COMPUTER (RRH)

Norman C. Ankers (P30533)
Michael A. Lisi (P39597)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7306
nankers@honigman.com
Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES AND
FOR DECLARATORY AND INJUNCTIVE RELIEF**

  Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC (collectively, plaintiffs), by their attorneys Honigman Miller Schwartz and Cohn LLP, for their complaint for damages and for declaratory and injunctive relief against defendant Apple Computer, Inc. (Apple) state:

**GENERAL ALLEGATIONS**

  1. Eight Mile Style, LLC (Eight Mile) is a Michigan limited liability company.

  2. Martin Affiliated, LLC (Martin) is a Michigan limited liability company.

  3. Apple Computers, Inc. (Apple) is a California corporation with its principal place of business in California.

4. The amount in controversy in this matter exceeds the sum of $75,000, exclusive of costs and interest.

5. This Court has jurisdiction over the subject matter of this action pursuant to 17 USC § 101 *et seq* and 28 USC §§ 1331, 1332 and 1338(a) and (b). Jurisdiction over the state law claims is based on 15 USC § 1367(a) and principles of pendent jurisdiction.

6. This Court has personal jurisdiction over Apple.

7. Venue is appropriate in this District under 28 USC § 1391(c) because plaintiffs' claims arose in this district.

8. Eight Mile and Martin are the owners of, or have ownership interests in, the copyrights in the musical compositions which are attached as collective Exhibit A hereto (the Compositions), written and composed, in part, by Marshall B. Mathers, III, professionally known as "Eminem."

9. Apple is a purveyor of music download services which do not require the manufacture or distribution of CDs or any other physical medium. Instead, Apple provides digital downloading of recordings, including recordings in which Eight Mile and Martin own the copyrights, to various end users. End users pay a fee to download the musical performances in the form of a digital audio file, which allows an end user to copy the file from Apple to the end user's own individual digital storage devices. Under a typical arrangement, Apple will charge a fixed fee (at times relevant to this complaint, .99) for an end user to store a single musical track which a consumer may store on no more than five authorized devices, such as an iPod.

10. Apple has provided and continues to provide digital downloading of recordings of the Compositions on a regular and systematic basis to end users in this District, has received and continues to receive compensation from end users for doing so, and has remitted and continued to remit some of the compensation which it has received to Universal Music Group or one of its divisions.

11. Apple has provided no compensation to Eight Mile or Martin for its use of the Compositions for which Eight Mile and Martin own, or have ownership interests in, the copyrights, nor has Apple sought or obtained permission from Eight Mile or Martin to use the Compositions.

12. On information and belief, Apple has reproduced and distributed the digital transmissions, and continues to reproduce and distribute the digital transmissions, pursuant to a purported license with Universal. But Eight Mile and Martin have never authorized Universal to license the works to Apple; Eight Mile and Martin have never authorized Universal to engage in reproduction or distribution of the digital transmissions through third parties or otherwise; Universal has never obtained the permission of Eight Mile and Martin to do so; and, indeed, Universal has, on any number of occasions, asked Eight Mile and Martin to execute agreements allowing Apple to reproduce and distribute the digital transmissions, but Eight Mile and Martin have not provided that permission.

13. Therefore, Apple's reproduction and distribution of the digital transmissions via iTunes constitutes a continuing, and willful, infringement of Eight Mile's and Martin's copyright interests in the Compositions.

14. Eight Mile and Martin have demanded that Apple cease and desist its reproduction and distribution of the digital transmissions of the Compositions, and Apple

has refused to cease and desist and continues unlawfully to reproduce and distribute the digital transmissions.

15. Apple's unlawful use of Eight Mile's and Martin's copyrighted materials have infringed Eight Mile's and Martin's copyrights, entitling Eight Mile and Martin to actual or statutory damages under the Copyright Act.

### COUNT I - COPYRIGHT INFRINGEMENT UNDER 17 USC § 101 *ET SEQ*

16. Plaintiffs incorporate the allegations of paragraphs 1-16 of their complaint.

17. Apple's reproduction and distribution of the Compositions infringes on Eight Martin's and Martin's exclusive rights held under the Copyright Act, 17 USC § 101 *et seq.*

18. Apple's conduct has at all times been knowing and willful.

19. As a proximate result of Apple's wrongful conduct, plaintiffs have been irreparably harmed, and they have also suffered damage in excess of $75,000, exclusive of costs and interest.

### COUNT II - TORTIOUS INTERFERENCE

20. Plaintiffs incorporate the allegations of paragraphs 1-20 of their complaint.

21. Apple's intentionally wrongful conduct described herein has intentionally interfered in Eight Mile's and Martin's existing and prospective relationships with end users of the Compositions who download the Compositions via iTunes.

22. As a proximate result of Apple's wrongful conduct, plaintiffs have been irreparably harmed, and they have also suffered damage in excess of $75,000, exclusive of costs and interest.

### COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT

23. Plaintiffs incorporate the allegations of paragraphs 1-23 of their complaint.

4

24. Apple's actions described above constitute unfair competition with respect to Eight Mile and Martin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

25. Apple's wrongful conduct has been willful or knowing.

26. As a proximate result of Apple's wrongful conduct, plaintiffs have been irreparably harmed, and they have also suffered damage in excess of $75,000, exclusive of costs and interest.

## COUNT IV - UNFAIR COMPETITION UNDER STATE LAW

27. Plaintiffs incorporate the allegations of paragraphs 1-27 of their complaint.

28. Apple's wrongful conduct constitutes unfair competition under state law.

29. As a proximate result of Apple's wrongful conduct, plaintiffs have been irreparably harmed, and they have also suffered damage in excess of $75,000, exclusive of costs and interest.

## COUNT V - VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

30. Plaintiffs incorporate the allegations of paragraphs 1-30 of their complaint.

31. Apple's conduct constitutes an unfair, unconscionable, deceptive method, act or practice in the conduct of trade or commerce under MCL 445.903.

32. As a proximate result of Apple's wrongful conduct, plaintiffs have been irreparably harmed, and they have also suffered damage in excess of $75,000, exclusive of costs and interest.

WHEREFORE, plaintiffs request that this Court:

A. Enter a temporary restraining order, preliminary injunction and permanent injunction against Apple preventing Apple and all persons or parties in concert or privity with it from reproducing and distributing the Compositions without Eight Mile's and Martin's consent;

5

B.  Enter a declaratory judgment that Apple's reproduction and distribution of plaintiffs' copyrighted works constitute acts of willful copyright infringement and unfair competition, and declare that Apple and all persons or parties in concert or privity with it may not reproduce or distribute the Compositions without the express written permission of plaintiffs;

C.  Award Eight Mile and Martin their actual damages and the profits of Apple that are attributable to Apple's acts of infringement, or, alternatively, statutory damages of up to $150,000 per act of infringement;

D.  Award Eight Mile and Martin their attorney fees and costs; and

E.  Grant any other appropriate relief.

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiffs

By: /s/ Norm Ankers / by ____ P60381
Norman C. Ankers (P30533)
Michael A. Lisi (P39597)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7306
nankers@honigman.com

Dated: July 30, 2007

DETROIT.2706052.4

6