IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRIDGEPORT MUSIC, INC.      )
                            )
v.                          ) NO. 3:05-0377
                            ) JUDGE CAMPBELL
ROBERT HILL MUSIC, et al.   )

ORDER

Pending before the Court is Plaintiff Bridgeport Music Inc.'s Motion to Reset Trial (Docket No. 317). The Motion is GRANTED in part and DENIED in part as follows.

The proposed trial dates in November of 2008 are unacceptable to the Court. However, to avoid Plaintiff's counsel's conflict on August 18, 2008, the jury trial of this action, currently set for August 26, 2008, is reset for August 19, 2008, beginning at 9:00 a.m., and the pretrial conference, currently set for August 18, 2008, is reset for August 11, 2008, at 1:00 p.m. All lawyers who will participate in the trial must attend the pretrial conference. The only other available date for this trial is the original trial date of May 13, 2008.

Counsel shall submit a Joint Proposed Pretrial Order to the Court by August 4, 2008. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendants' theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

EXHIBIT D

The parties shall also submit to the Court, by August 4, 2008, the following:

(1) joint proposed jury instructions and verdict forms as follows:

> Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms.
>
> Certain standard, non-case specific jury instructions generally used by the Court are available on the Court's website: http//www.tnmd.uscourts.gov/campbell.html. Counsel with internet access shall file any objections to these standard jury instructions.

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and

(4) any stipulations.

By July 28, 2008, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by August 4, 2008.

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(6)d. Responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rules 33.01(c), 34.01 and 36.01. The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss proposed jury instructions and verdict forms;

(8) discuss settlement; and

(9) discuss pretrial briefs.

If settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3