UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

---

## DEFENDANTS' BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION FOR NEW TRIAL DATE

# TABLE OF CONTENTS

|     |                                                                                                                                                                                                                                                                                 | Page |
| --- | --- | --- |
| I.  | ISSUES PRESENTED .................................................................................. II |
|     | A. Should Plaintiffs Request For Resetting Of Trial And Pretrial Dates Be Denied When Plaintiffs Present This Court With Only A Potential Future Conflict And It Was Plaintiffs Who Requested That This Court Proceed Independently Of The Related California Action. ............ ii |
| II. | INTRODUCTION ........................................................................................... 1 |
| III.| ARGUMENT – PLAINTIFFS' MOTION IS PREMATURE ........................... 1 |
| IV. | CONCLUSION .............................................................................................. 4 |

I. **ISSUES PRESENTED**

A. Should Plaintiffs Request For Resetting Of Trial And Pretrial Dates Be Denied When Plaintiffs Present This Court With Only A Potential Future Conflict And It Was Plaintiffs Who Requested That This Court Proceed Independently Of The Related California Action.

   **Defendants say "Yes"**

## II. INTRODUCTION

Plaintiffs' only reason for resetting trial and pretrial dates in this case is that their lead lawyer thinks he *may* need to juggle dates in three cases – one in Tennessee, one in California, and this case – that all are set for trial half-a-year from now. Plaintiffs' motion is premature. The conflicts that plaintiffs hypothesize may not materialize. It is inefficient and a burden on the Court and other counsel to have to reschedule pretrial and trial dates every time one of the lawyers on the case has a potential conflict.

## III. ARGUMENT – PLAINTIFFS' MOTION IS PREMATURE

Plaintiffs' assertion that there are "unavoidable scheduling conflicts in other cases involving Plaintiffs' counsel," Mot. at 1, is an overstatement. The real facts are that there *may* be a potential for conflict among several different trial dates:

(1) The currently scheduled trial date in a case in Tennessee where plaintiffs' counsel, Richard Busch represents a different group of plaintiffs; that trial is currently set to commence August 26. The Tennessee action is captioned *Bridgeport Music Inc. v. Robert Hill Music*, Case No. 3:05-377 (M.D. Tenn.), and is referred to herein as the "*Bridgeport* case."

(2) The *potential* trial date in the related California action, *F.B.T. Productions, LLC et al. v. Aftermath Records et al.*, Case No. CV-07-3314-PSG (C.D. Cal.). In that case, Mr. Busch represents the plaintiffs here (through their sibling LLCs) against defendant Aftermath and the owners of the Aftermath joint venture. The *current* trial date in that case is September 2. That date does not currently present any conflict with the pretrial or trial dates in this case. The plaintiffs and Mr. Busch have filed a motion in the California action to have that trial date continued to September 9, but as discussed below, the Court in California has not acted on that motion.

(3) The pretrial and trial dates in this case (September 18 and October 14, respectively).

At this point, the potential conflict among the pretrial and trial dates across these three matters is just that: a *potential* conflict. That potential for conflict could disappear for any one of a number of reasons. The Court in the California action may deny the plaintiffs' motion to continue the trial date in that case from September 2 to September 9. Just yesterday, the Court in the California action struck the plaintiffs' motion to reset the trial date because the plaintiffs had failed to comply with the Court's scheduling rules. *See* Ex. A. The plaintiffs in the California case have now renoticed their motion to continue to April 7, 2008, which means the California Court will not decide whether to reschedule that trial, as plaintiffs have requested, until next month. If the California Court denies plaintiffs' motion to continue the trial date in that case, there will be no conflict with the pretrial or trial dates in this case.

There are numerous other reasons that the potential conflict may never materialize. These include that one or more of the three cases could be resolved in whole or in part based on motions for summary judgment; that the trial in the *Bridgeport* case may be resolved in less time than the 10 days that Mr. Busch estimates the case will take; or that one or more cases may need to be continued for other reasons, including the fact that the Tennessee Court, the California Court, or this Court may have other trials that take precedence over these trials. It is far too early to predict what will materialize in this case, the *Bridgeport* case, or the many other cases that both the Court and counsel on both sides have on their respective plates. Moving the trial now, nearly six months before the

2

scheduled trial date, is not necessary and likely will invite additional requests to reshuffle the timeframe for this case based on other asserted potential conflicts in plaintiffs' counsel's calendar.

Finally, we note that plaintiffs' motions to this Court and the California Court to coordinate their trial calendars for the related actions stand in marked contrast to plaintiffs' position in opposing defendants' motion to transfer venue. In the venue-transfer motion, defendants argued that it would serve the interests of judicial economy to have the two related cases consolidated in one Judicial District, specifically, the same District where Plaintiffs brought their first complaint (the Central District of California). The plaintiffs in this case are the same real-parties-in-interest as the plaintiffs in the California case. In both cases, the plaintiffs are LLC companies that are owned by the same three individuals (Joel Martin and Jeffrey and Mark Bass). Aftermath Records, a defendant here, also is a defendant in the California case. Plaintiffs' lead lawyer in both cases is the same person, Mr. Busch. And both cases seek damages for exactly the same transactions – the sale of digital downloads of Eminem sound recordings through Apple's iTunes store. Defendants moved to transfer venue in this case from Michigan to California (where the first case was filed) in order to ensure coordination of pretrial and trial scheduling between these related cases.

Plaintiffs, through their counsel, strenuously objected. Plaintiffs argued that it would *not* be appropriate to relate the two cases before the same Court, even if they were venued in the same District. *See* Plaintiffs' Mem. in Opp. to Mot. to Transfer Venue at 15 (Docket No. 13) ("Defendants' presumption, that if

transferred, the Michigan Action would be consolidated with the California Action, is also erroneous."). This Court denied defendants' motion to transfer venue and thereafter entered its Pretrial Scheduling Order. Defendants continue to believe that coordinated scheduling between the two cases would best serve Court, party and witness efficiency, and that the best way to achieve that coordination is for the cases to proceed in a single Court.

## IV. CONCLUSION

Defendants respectfully submit that plaintiffs' motion should be denied.

s/Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

s/Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

4