UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC

    Plaintiffs,

vs.

APPLE COMPUTER, INC. and
INTERVENORAFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

    Defendants.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| Howard Hertz (P26653) | Richard S. Busch (TN BPR#14594) |
|---|---|
| Hertz Schram PC | King & Ballow |
| 1760 South Telegraph Road, #300 | 1100 Union Street Plaza |
| Bloomfield Hills, MI 48302 | 315 Union Street |
| (248) 335-5000 | Nashville, TN 37201 |
| hhertz@hertzschram.com | (615) 259-3456 |
| Attorneys for Plaintiffs | rbusch@kingballow.com |
| | Attorneys for Plaintiffs |

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO RESET TRIAL DATES

Plaintiffs Eight Mile Style, LLC ("Eight Mile") and Martin Affiliated, LLC ("Martin Affiliated") respectfully submit their reply in support of their Motion to Reset Trial Dates ("Plaintiffs' Motion"). (Doc. No. 26.) As discussed below, plaintiffs' request is not premature, and the opposition of defendant Apple Computer, Inc. ("Apple" or "Defendant"), and Intervenor Aftermath Records d/b/a Aftermath Entertainment ("Intervenor" or "Aftermath") is merely a bad faith litigation maneuver meant to attempt to deprive plaintiffs of counsel of their choice in a case in the Central District of California involving one of the same defendants and the same

defendants' counsel, captioned *F.B.T. Productions v. Aftermath*, CV 07-3314 (the "F.B.T. Case"). Defendants have already successfully deprived plaintiffs of their counsel of choice in this litigation, and they are trying to do the same now in the F.B.T. case through their opposition to reset the trial date in this case.

## PLAINTIFFS' MOTION IS NOT PREMATURE

As explained more fully in Plaintiffs' Motion, lead counsel for plaintiffs in this action is also lead counsel for plaintiff in an action entitled *Bridgeport Music Inc. v. Robert Hill Music, et al.*, (the "Bridgeport case") set for trial on August 19, 2008. UMG Recordings, Inc., a company related to Intervenor Aftermath herein, is a defendant in that action. Mediation in that action has taken place, and failed, and there are no motions filed that would dispose of the action before trial. The trial date in the Bridgeport case was set by the District Judge over the objection of plaintiffs, who advised the court of the September 2, 2007 trial date in the F.B.T. Case, in which Richard Busch is also lead counsel, and the defendants are represented by the same counsel as those representing defendant and Intervenor herein. Plaintiffs in the F.B.T. Case have asked the Court to move that trial to the first available date on or after September 9, 2008 in light of the Bridgeport case. Defendant and Intervenor herein have stated they objected to the resetting of that trial because it would conflict with the pretrial conference date in this action, and they would supposedly not have time to transition to Michigan for this action. That motion is set to be heard on April 8, 2008.[1]

---

[1] In light of the April 8 hearing date in the F.B.T. case on the motion to postpone that trial to a date on or after September 9, 2008, Plaintiffs respectfully request that counsel be heard on this matter before that date, so we will be in a position to advise that court of this Court's position on the issue.

Defendants and Intervenor have not articulated any legitimate reason opposing the moving of this trial date. Their only purported reason is the Bridgeport case may be "resolved…on motions for summary judgment" or "resolved in less than the 10 days" estimated by Mr. Busch, and thus they claim Plaintiffs' Motion is supposedly premature. It clearly is not premature for multiple reasons, including: (1) the April 8 hearing date in the F.B.T. Case on the motion to change that trial date, the resolution of which may depend upon how this Court handles the instant motion; (2) the facts concerning the Bridgeport case described in plaintiffs' original motion showing that case is very likely to go to trial and not be resolved; and (3) the need of this Court and the court in the Central District of California to manage their dockets. Indeed, had plaintiffs waited any longer, plaintiffs would surely have been criticized for not bringing this matter to the attention of the Courts sooner; and (4) lead counsel in these three cases cannot be in two places at one time and requires some time to prepare between trials. The denial of this motion now, which may cause the denial of the motion in the F.B.T. Case, may cause lead counsel to be unable to try the F.B.T. Case due to the conflict with the Bridgeport Case. All of these problems would be resolved if this Court granted Plaintiffs' motion and moved this trial date, which would then resolve Intervenor's objections to the F.B.T. Case being moved.

Defendant and Intervenor also object to this request on the grounds that this action and the F.B.T. action are so similar that they should have been brought in the same case, and, therefore, this conflict is the fault of plaintiffs. (Doc. 27 at 3-4). In making this argument, defendant and Intervenor forget that they made this same argument in connection with their Motion to Transfer Venue (Doc. No. 11-1) and this Court denied that motion. (Doc. No. 19). As

the Court recognized, the instant case and the *F.B.T.* case are separate actions involving different plaintiffs, different facts, and different legal claims, and belong separated.

Defendant and Intervenor clearly hope that they can successfully oppose the instant request and argue to the Central District of California court that postponing the F.B.T. trial date would therefore interfere with *this* trial, thereby causing counsel to withdraw from representation in the F.B.T. Case.  As their response makes clear, the opposition of Apple and Intervenor is a thinly veiled attempt to cause lead counsel not to have time to adequately prepare for this action, or have to withdraw his representation in the F.B.T. Case due to the conflict.  Aftermath asked plaintiffs' original lead counsel in this action, Norm Ankers of Honigman, Miller Schwartz and Cohn, LLP (hereinafter "Honigman")  whether plaintiffs would voluntarily allow it to intervene in this action. Upon receiving that consent, their first order of business was to demand that Mr. Ankers and Honigman withdraw due to  representation of Aftermath in a completely unrelated matter.  (Exhibits A, B.)  Plaintiffs and Honigman believed the fact that Aftermath created this conflict would have allowed Honigman to prevail had the "conflict" been litigated, and requested that Aftermath consent to such representation, but Aftermath refused.  (*Id.*)

Defendant and Intervenor raise *no* conflicts with plaintiffs' proposed trial dates, and do not dispute that the trial calendars in the instant case, the *Bridgeport* case, and the *F.B.T.* case present conflicts for plaintiffs' counsel.  Viewing the above discussed history, including Intervenor's successful maneuver to conflict out plaintiffs' original lead counsel, it is clear that Intervenor and defendant do not want to litigate this case on the merits, but instead cause as much procedural trouble as possible for plaintiffs for no good reason.  As a result,  plaintiffs respectfully request that its motion to reset the trial in this action be granted.

## CONCLUSION

Plaintiffs respectfully request that their Motion be granted.

| | |
|---|---|
| s/Howard Hertz | Richard S. Busch |
| Howard Hertz (P26653) | KING & BALLOW |
| Hertz Schram PC | 1100 Union Street Plaza |
| 1760 South Telegraph Road, #300 | 315 Union Street |
| Bloomfield Hills, MI  48302 | Nashville, Tennessee 37201 |
| (248) 335-5000 | (615) 726-5422 |
| hhertz@hertzschram.com | rbusch@kingballow.com |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |