IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC

    Plaintiff,

v.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

    Defendants.

Case No. 2:07-CV-13164
Hon. Anna Diggs Taylor

_____/

| | |
|---|---|
| Richard S. Busch (TN BPR#14594)<br>King & Ballow<br>1100 Union Street Plaza<br>315 Union Street<br>Nashville, TN 37201<br>(615) 259-3456<br>rbusch@kingballow.com<br>Attorneys for Plaintiffs | Kelly M. Klaus<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave., Suite 3500<br>Los Angeles, CA 90071-1560<br>(213) 683-9238<br>kelly.klaus@mto.com<br>Attorneys for Defendants |
| Howard Hertz (P26653)<br>Jay G. Yasso (P45484)<br>Hertz Schram PC<br>1760 S. Telegraph Road, Suite 300<br>Bloomfield Hills, MI 48302<br>(248) 335-5000<br>hhertz@hertzschram.com<br>Attorneys for Plaintiffs | Daniel D. Quick (P48109)<br>Dickinson Wright PLLC<br>38525 Woodward Ave., Suite 2000<br>Bloomfield Hills, MI 48304<br>(248) 433-7200<br>dquick@dickinsonwright.com<br>Attorneys for Defendants |

_____/

## **PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Now come plaintiffs, Eight Mile Style, LLC ("Eight Mile") and Martin Affiliated, LLC ("Martin") (collectively "plaintiffs"), by and through their counsel, and moves this Honorable Court to compel defendants to properly respond to plaintiffs' discovery requests pursuant to Fed. R. Civ. P. 26, 33, 34 and 37 and for its motion, states as

follows:

1. This is, inter alia, a copyright infringement action brought by plaintiffs pursuant to 17 U.S.C. § 101 et. seq. on July 30, 2007.

2. On February 12, 2008, plaintiffs served on defendants Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.

3. On March 20, 2008, defendants Apple Computer, Inc ("Apple"). and Aftermath Records d/b/a Aftermath Entertainment ("Aftermath") filed Responses and Objections to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents.

4. Plaintiff's discovery requests are relevant to issues enumerated in the Complaint. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. (Fed.R.Civ.P. 26(b)(1)).

## Responses to Interrogatory Requests

5. Defendants Apple and Aftermath's responses to plaintiffs' interrogatories are identical and fail to provide full and complete answers to several interrogatories as follows:

> **(a)** **Interrogatory No. 3**: Please state with specificity the details of all communications, either internally or between you and (1) Plaintiff, its employees, agents or representatives; (2) Eminem; and/or (3) any other third party concerning the Eminem Compositions, including the parties to, and the dates and substance of, each such communication.
>
> **Plaintiffs' Position**: Apple's response to this interrogatory refers plaintiffs to documents that Apple will be producing in response to the First Set of Requests for Production of Documents. However, Apple has

indicated only that it will be producing documents in responses to Document Requests 1, 2, 3 and 4. None of those Document Requests ask for communications and, based on the description in your Responses, they will not include *any* communications, much less all. Aftermath has responded to this interrogatory only with a list of objections.

**(b)** **Interrogatory No. 6**: Please explain the basis for your belief that Apple has the right to synchronize with images, transmit, publicly perform, or reproduce lyrics of the Eminem Compositions through its iTunes Store, or by any other means of display or distribution.

**Plaintiffs' Position**: Both defendants have responded only with objections. The requested information is clearly relevant, as plaintiffs have alleged that Apple's actions violated their copyrights in certain compositions. This interrogatory seeks the bases for defendants' beliefs that they had the right to take certain actions with regard to the Eminem Compositions, all of which are exclusive rights of the copyright holder.

**(c)** **Interrogatory No. 11**: Please state with specificity all of the sources of revenue, both foreign and domestic, including date and source, earned and/or received by Apple derived from the sound recordings of the Eminem Compositions through the iTunes Store, including the statements or accountings on which the receipt of such revenues is reflected.

**Plaintiffs' Position**: Apple's Response indicates it will be producing documents reflecting the number of permanent downloads in the United States and the amounts paid to Universal Music Group ("UMG"). This Interrogatory asks for a broader category of information – "all sources of revenue" – and encompasses revenue sources both foreign

3

and domestic. apple's response does not indicate whether permanent downloads are the sole source of revenue Apple has derived from the Eminem Compositions. The "records" referred to in Apple's answer may also not reflect any information about the actual amount of revenue received. If for instance, each and every permanent download of one of the Eminem Compositions resulted in a payment of $0.99 to Apple, apple should so state.

**(d)** **Interrogatory No. 12**: Please describe all costs incurred by Apple related to providing a digital file of a sound recording of an Eminem Composition to and end user through the iTunes store. If you contend that you have costs each time a sound recording of an Eminem Composition is downloaded by an end user, please describe in detail all such costs related to such download.

**Plaintiffs' Position**: Apple's Response refers again to "records" it will be producing purportedly showing the number of permanent downloads and the amounts paid to UMG. The interrogatory asks for a description of all costs to Apple of providing the files to an end user. If Apple's answer is that its only cost is the amount paid to UMG on account of sales, it should so state.

**(e)** **Interrogatory No. 13**: Please state with specificity all payments made by Apple to UMG related sound recordings embodying the Eminem Compositions through the iTunes store, including the period in which each such payment was made and the number of downloads generating such payments.

**Plaintiffs' Position**. Apple's Response again refers to the records it will be producing, but the request is for *all payments* made by Apple to UMG related to sound recordings embodying the Eminem Compositions.

If the amounts reflected on these records constitute all such payments, Apple should so state.

Aftermath's response by objecting that "damages" discovery is premature and should await a determination as to liability is improper as the Federal Rules or the Eastern District local rules do not limit discovery as to damages nor does the court set forth a bifurcation of discovery.

**(f)**      **Interrogatory No. 14**: Please state with specificity all categories and types of payments made by Apple to UMG with respect to repertoire, creative services, technology or other intellectual property licenses, including but not limited to any consulting arrangement, relating to the catalog of sound recordings owned or controlled by UMG, and describe the specific nature of the consideration given by each party.

         **Plaintiffs' Position**: Neither defendants have answered this interrogatory with anything other than multiple objections. The categories and types of payments made is discoverable and relevant to the issue of damages.

**(g)**      **Interrogatory No. 16**: Please state with specificity any and all parties who have purportedly obtained rights at any time from Aftermath, Interscope, UMG, or any of its related companies to reproduce, distribute, or sell sound recordings of the Eminem Compositions in any form of digital media, including but not limited to digital download, streaming, mastertones, and ringtones, including the date the license or agreement was executed and the parties thereto.

         **Plaintiffs' Objection**: Aftermath has responded to this interrogatory only with objections. The identities of other parties who have purportedly obtained such rights is relevant in order to evaluate rights purportedly granted in the contracts between UMG and Apple. Apple has produced only digital agreements. Defendants have failed to confirm

5

whether they are in possession of any other documents showing all payments from Apple to Universal for the sale or distribution of the Eminem Compositions on the iTunes Store.

    **(h)**    **Interrogatory No. 18**: Identify all musical copyright owners and administrators who have entered into agreements directly with you for the reproduction, distribution, transmission, synchronization, or public performance of musical compositions, and the identity of all payees under such agreements.

Apple has objected to this interrogatory as irrelevant. However, the information sought is relevant because Apple's course of conduct with regard to other copyright owners and administrators may shed light on their action or inaction with regard to plaintiffs, including as to the willfulness of Apple's infringing actions.

    **(i)**    **Interrogatory No. 19**: With respect to each of the following so-called major label companies, state whether the labels purport to grant licenses to Apple for mechanical reproduction of underlying musical compositions.

Both Defendants object on the basis of relevancy. The major label companies referred to in this request are Sony-BMG, Warner, and EMI. Whether the major label companies have purported to grant such licenses to Apple is relevant in interpreting the contracts between Apple and UMG in this case.

**Responses to Requests for Production of Documents**

6.    Defendants' responses to plaintiffs' request for production of documents failed to provide full and complete answers as requested below:

    **(a)**    **Request No. 6**: Each and every license, contract, or agreement for whatever purpose, that have been entered

> into or issued by you and/or executed by any party thereto concerning the Eminem Compositions, for any purpose, including but not limited to the reproduction, distribution, or sale of sound recordings of the Eminem Compositions for digital download, streaming, mastertones , and ringtones.

**Plaintiffs' Argument**: Apple's response refers to documents it will be producing in response to Request No. 3, the agreements between UMG and Apple. This document request is broader, requesting *each and every license, contract or agreement* concerning the Eminem Compositions. If Apple contends that its agreements with UMG are the only documents in its possession, custody or control constituting licenses, contracts or agreements concerning the Eminem Compositions, it should so state. If Apple has other licenses, contracts or agreements concerning the Eminem Compositions, it must produce them.

Similarly, Aftermath's response refers to a limited set of documents it will be producing in response to Requests 3 and 5. Again, if Aftermath contends that these agreements are the only responsive documents in its possession, custody or control, it should so state. If Aftermath has other licenses, contracts or agreements concerning the Eminem Compositions, it must produce them.

**(b)** **Request No. 7**: Copies of each and every license request received relating to the reproduction, distribution, performance, and sale of sound recordings of the Eminem Compositions in digital format.

**Plaintiffs' Argument**: Both defendants have asserted only objections in response to this request. If defendants are truly confused by the undefined terms in this request which, in accordance with the

7

instructions in plaintiffs' requests have the "meanings customarily and ordinarily associated with those terms with those terms within the industry," Defendants should indicate what the confusion is. In the meet and confer session, Defendants indicated that there may not be any such documents available, however, Defendants have failed to follow-up with Plaintiff as to whether such documents exist.

**(c)** **Request No. 13**: Each and every document that demonstrates, shows or otherwise indicates the date(s) that copies of sound recordings of the Eminem Compositions were made for any purpose, including but not limited to interactive and non-interactive streaming transmissions, permanent and conditional downloads, mastertones and ringtones.

**Plaintiffs' Argument**: Both defendants have once again referred to the documents they will be producing in response to Request No. 3. However, none of the documents referenced in those responses have anything to do with "the date(s) that copies of sound recordings of the Eminem Compositions were made" unless defendants contend, for instance, that all such copies of sound recordings of the Eminem Compositions were made on the dates that agreements were signed.

**(d)** **Request No. 14**: Each and every document that shows all sales and distribution figures (including but not limited to free and promotional copies), revenues, expenses, profit and losses, and reserves for the sale or distribution of the sound recordings of the Eminem Compositions, both domestically and internationally, in any digital media, including but not limited to interactive and non-interactive streaming transmissions, permanent and conditional downloads, mastertones and ringtones, including but not limited to any accountings and all supporting documentation, invoices, statements or other calculations.

8

**Plaintiffs' Argument**: Apple has once again responded by indicating the documents described in its response to Request No. 4. However, these documents, based on the description in that response, will not show revenues, expenses, profits, losses, or reserves, and will not include any figures at all pertaining to international sales.

Aftermath's response by objecting that "damages" discovery is premature and should await a determination as to liability is improper as the Federal Rules or the Eastern District local rules do not limit discovery as to damages nor does the court set forth a bifurcation of discovery.

**(e)** **Request No. 16**: Each and every document showing all payments from Apple to Universal for the sale or distribution of the Eminem Compositions on the iTunes Store.

**Plaintiffs' Argument**: Apple's response references the documents described in its response to Request No. 4. If these documents will show *all* payments from Apple to Universal, Apple should so state. If other payments have been made, however, Apple must produce any documents showing such payments.

Aftermath's response by objecting that "damages" discovery is premature and should await a determination as to liability is improper as the Federal Rules or the Eastern District local rules do not limit discovery as to damages nor does the court set forth a bifurcation of discovery.

**(f)** **Request No. 19**: All documents referencing or showing any of your costs related to the downloading or streaming of sound recordings of the Eminem Compositions.

**Plaintiffs' Argument**: Apple's response again references the

documents described in its response to Request No. 4. If these are the only documents referencing any of Apple's costs related to the Eminem Compositions, Apple should so state. If Apple has other documents referencing or showing such costs, it must produce them.

Aftermath's response by objecting that "damages" discovery is premature and should await a determination as to liability is improper as the Federal Rules or the Eastern District local rules do not limit discovery as to damages nor does the court set forth a bifurcation of discovery.

**(g)** **Request No. 22**: Each and every mechanical license for the reproduction of the Eminem Compositions pursuant to the requirements of the U.S. Copyright Act.

**Plaintiffs' Argument**: Aftermath has objected to this request and refused to produce any documents in response. This request is clearly relevant: this is an action for copyright infringement stemming from defendant Aftermath's grant of a publishing license to Apple. In the meet and confer session, Plaintiff narrowed the request to apply only to licenses Universal Music Group or Aftermath granted for "digital uses", such as permanent download, conditional download and streaming. Defendants have failed to timely respond to this Request.

**(h)** **Request No. 25**: Copies of any and all "Notices of Intention to Obtain a Compulsory License for Making and Distributing Phonorecords" under 17 U.S.C. § 115 received by you.

**Plaintiffs' Argument**: Aftermath has objected to this request and declined to produce any documents. This request is relevant in that it seeks compulsory licensing requests received by Aftermath in order to

10

demonstrate the usual, lawful method by which mechanical licenses have been issued for the Eminem Compositions. In the meet and confer session, Plaintiff narrowed the request to apply only to Eminem Compositions. Defendants agreed to timely respond to this request, however, Defendants have failed to respond.

**(i)** **Request No. 26**: Copies of any and all mechanical licenses between Apple and any third party.

**Plaintiffs' Argument**: Apple has refused to produce any documents in response to this request. Apple's mechanical licenses are relevant in order to show the method by which Apple *usually* obtains such licenses, as in contrast to the licenses it claims it obtained for the Eminem Compositions. In the meet and confer session, Plaintiff narrowed its request and requested all agreements that Apple entered into directly with the artist or with a representative or agent of the artist. To-date, Apple have failed to produce such documents/agreements and/or have failed to inform Plaintiff that such documents exist.

**(j)** **Request No. 27**: Beginning one year prior to the date of the first Eminem agreement and continuing every year thereafter (at least one for each year), the standard language from the basis form recording agreement predominantly being used among UMG's labels with respect to the so-called Controlled Compositions provisions, the definitions of the terms "record" and "new medium."

**Plaintiffs' Argument**: Aftermath has objected to this request and declined to produce the requested information. Plaintiffs seek evidence of the evolution (if any) of Aftermath's "Controlled Composition clause," which Aftermath alleges absolve it of any liability in this case. The

changes in this clause over time are relevant evidence of the deficiencies or shortcomings which Aftermath itself perceived and acted to adjust in its own contract language.

7. Both Defendants have made repeated objections on the basis of "privilege" communications. Defendants, however, have failed to provide a privilege log as required by FRCP 26.(b)(5).

8. The requested information is both relevant and/or likely to lead to the discovery of admissible evidence.

Wherefore, Plaintiff respectfully requests an Order from this Honorable Court compelling Defendants to provide clear and accurate responses to Plaintiff's Interrogatories and to furnish documents requested for the reasons set forth above.

/s/Howard Hertz
Howard Hertz (P26653)
Jay G. Yasso (P45484)
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI  48302
(248) 335-5000
hhertz@hertzschram.com
jyasso@hertzschram.com
Attorneys for Plaintiffs

Richard S. Busch
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Nashville, Tennessee 37201
(615) 726-5422
rbusch@kingballow.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC

       Plaintiff,

v.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

       Defendants.
_____/

Case No. 2:07-CV-13164
Hon. Anna Diggs Taylor

| | |
|---|---|
| Richard S. Busch (TN BPR#14594)<br>King & Ballow<br>1100 Union Street Plaza<br>315 Union Street<br>Nashville, TN 37201<br>(615) 259-3456<br>rbusch@kingballow.com<br>Attorneys for Plaintiffs<br>Howard Hertz (P26653)<br>Jay G. Yasso (P45484)<br>Hertz Schram PC<br>1760 S. Telegraph Road, Suite 300<br>Bloomfield Hills, MI 48302<br>(248) 335-5000<br>hhertz@hertzschram.com<br>Attorneys for Plaintiffs | Kelly M. Klaus<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave., Suite 3500<br>Los Angeles, CA 90071-1560<br>(213) 683-9238<br>kelly.klaus@mto.com<br>Attorneys for Defendants<br><br>Daniel D. Quick (P48109)<br>Dickinson Wright PLLC<br>38525 Woodward Ave., Suite 2000<br>Bloomfield Hills, MI 48304<br>(248) 433-7200<br>dquick@dickinsonwright.com<br>Attorneys for Defendants |

_____/

**BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

## TABLE OF CONTENTS

**FACTUAL BACKGROUND** .................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 2

# INDEX OF AUTHORITIES

**Cases**

*Blue Bell Boots, Inc. v. E.E.O.C.*, 418 F.2d 355 (6th Cir. 1969) ............................................ 3

*Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) .......................... 2

*Retail Ventures v. National Union Fire Ins. Co. of Pittsburgh*, Slip Copy, 2007 WL 3376831, *1 (S.D. Ohio 2007) ................................................................................. 2

*Schlagenhauf v. Holder*, 379 U.S. 104 (1964) ...................................................................... 3

**Rules**

Fed. R. Civ. P. 26 33, 34 and 37 ............................................................................................ 3

Fed.R.Civ.P. 37(a)(3) ............................................................................................................ 2

Rule 34 .................................................................................................................................. 2

Rule 37 .................................................................................................................................. 2

Rule 37(a) ............................................................................................................................. 2

Now come the plaintiffs, by and through their attorneys, and in support of their Motion to Compel Discovery and to Extend Discovery Cutoff Deadline, state as follows:

**FACTUAL BACKGROUND**

Plaintiffs, Eight Mile and Martin, filed a Complaint for Damages and for Declaratory and Injunctive Relief on July 30, 2007 against defendants, Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment alleging copyright infringement pursuant to 17 U.S.C. § 101 et seq.

Plaintiffs, Eight Mile and Martin, are the owners of or have ownership interest in, the copyrights in various musical compositions written and composed, in part, by Marshall B. Mathers, III, personally known as "Eminem." Defendant Apple is a purveyor of music download services which provide digital downloading to end users for a fee. It is Plaintiffs' contention that Apple has provided and continues to provide digital downloading of recordings of compositions which Eight Mile and Martin are owners of, or have copyright ownership interest in, and have received and continue to receive composition from end users for such downloading. To date, Apple has provided no compensation to Eight Mile and Martin nor has Apple sought or obtained permission from Eight Mile and Martin to use the compositions.

Upon information and belief, Apple and Aftermath received and continue to receive composition of end users and has remitted and continue to remit some of the compensation which it has received to Universal Music Group or one of its affiliated divisions. It is believed that Apple and Aftermath have reproduced and distributed the digital transmissions, and continue to reproduce and distribute the digital transmissions, pursuant to a purported license with Universal. However, Eight Mile and Martin have

never authorized Universal to license the compositions to Apple, nor has Eight Mile and Martin ever authorized Universal to engage in reproduction or distribution of the digital transmissions for third parties.

Apple's and Aftermath's reproduction and distribution of the digital transmissions constitute an infringement of Eight Mile's and Martin's copyright interests in the compositions.

During discovery, Eight Mile and Martin served Requests for Production of Documents and Interrogatories on Apple and Aftermath. On March 30, 2008, Apple and Aftermath filed their Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories. Apple's and Aftermath's responses to plaintiffs' discovery requests failed to provide full and complete responses.

## **ARGUMENT**

This Honorable Court should compel Apple and Aftermath to produce the documents at issue and to provide full and complete answers to various interrogatories as they are highly relevant to material issues in this case and represent categories of documents that are in the sole possession, custody and/or control of Apple and Aftermath. Trial Court has broad discretion when determining the proper scope of discovery. *See Retail Ventures v. National Union Fire Ins. Co. of Pittsburgh*, Slip Copy, 2007 WL 3376831, *1 (S.D. Ohio 2007) (citing *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper responses to requests for production of documents under Rule 34. *Retail Ventures*, 2007 WL 3376831 at *1. Rule 37(a) expressly provides that "an evasive or incomplete disclosure,

answer, or response is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3). The burden of proof falls on the objecting party to show in what respect the discovery requested in improper. *See Trane Co. v. Klutznick*, 87 F.R.D. 473 (D. Wis. 1980). The information sought does not itself need be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The discovery provisions listed above "are to be liberally construed." *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Blue Bell Boots, Inc. v. E.E.O.C.*, 418 F.2d 355 (6th Cir. 1969).

The parties, through their counsel have had several meet and confer discussions regarding some of the unresolved discovery issues. Unfortunately the parties have reached an impasse regarding these issues and are requesting intervention by this Honorable Court.

Plaintiffs rely upon Fed. R. Civ. P. 26 33, 34 and 37 and on the arguments set forth in the attached Motion and respectfully requests that this Honorable Court enter an Order Compelling Defendants to timely and accurately respond to Plaintiff's discovery request..

s/Howard Hertz
Howard Hertz (P26653)
Jay G. Yasso (P45484)
Hertz Schram PC
1760 S.Telegraph Road, #300
Bloomfield Hills, MI  48302
(248) 335-5000
hhertz@hertzschram.com
jyasso@hertzschram.com

Attorneys for Plaintiffs

Richard S. Busch
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Nashville, Tennessee 37201
(615) 726-5422
rbusch@kingballow.com
Attorneys for Plaintiffs

I hereby certify that on May 2, 2008, I electronically filed the foregoing Motion and Brief to Compel Discovery with the clerk of the court using the ECF system which will send notification of such filing to those listed as ECF participants..

                Respectfully submitted,

                Hertz Schram PC
                Attorneys for Plaintiff

                /s/ Howard Hertz_____
                1760 S. Telegraph, Suite 300
                Bloomfield Hills, MI 48302-0183
                (248) 335-5000
                jyasso@hertzschram.com
                (P26653)