KING & BALLOW

MAR 27 2008

RECEIVED

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

        Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

        Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

## APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com
**Attorneys for Defendants**

Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9238
kelly.klaus@mto.com
Attorneys for Defendants

PROPOUNDING PARTY:    Plaintiffs Eight Mile Style, LLC and
                            Martin Affiliated, LLC

RESPONDING PARTY:     Defendant Apple Inc.

SET NO.                   One (1)

Eight Mile Style, LLC et al v. Apple Computer, Inc. Doc. 33 Att. 2

Dockets.Justia.com

Pursuant to Federal Rule of Civil Procedure 33, Defendant Apple Inc. ("Apple"), erroneously sued herein as Apple Computer, Inc., provides the following objections and responses to Plaintiffs' First Set of Interrogatories ("Interrogatories"):

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each and every response to each and every individual Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

1.      Apple objects to the Interrogatories to the extent they purport to impose on Apple any obligation that is different from or greater than any imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, or any other applicable law or rule.

2.      Apple objects to the Interrogatories to the extent they request disclosure of information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure, including without limitation any joint privilege relating to the same. Apple claims such privileges and protections to the extent implicated by each Interrogatory, and excludes privileged and protected information from its responses to the Interrogatories. Any disclosure of such protected or privileged information is inadvertent, and is not intended to waive those privileges or protections.

3.      Apple objects to the Interrogatories as duplicative, unduly burdensome, and harassing to the extent they seek information that is equally available to Plaintiffs, or information that could be derived or ascertained by Plaintiffs with substantially the same effort that would be required of Apple from review of the documents produced in this case.

4.      Apple objects to the Interrogatories to the extent they seek information that is not in Apple's possession, custody, or control, or that is publicly available.

5.      Apple objects to the Interrogatories to the extent they seek information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple will disclose such responsive, non-privileged information only upon the entry of, and in accordance with the terms of, an appropriate protective order.

6.      To the extent that the Interrogatories seek information concerning an identified contention or factual issue, Apple objects that the Interrogatories are premature. Discovery in this case has only recently commenced, and Apple has not completed its investigation of the facts relevant to this case. Apple's responses are necessarily preliminary and are made without prejudice to its right to disclose, introduce or rely upon information that may be later discovered or produced.

7.      Apple objects to the Interrogatories to the extent they seek information created after, or related to events after, the filing of the Complaint in this action, on the grounds that such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Apple objects to the Interrogatories to the extent they seek information outside of any applicable limitations period, whether arising by statute, contract or otherwise.

9.      In responding to the Interrogatories, Apple does not waive, or intend to waive, any privilege or objection, including, but not limited to, any objections to the competency, relevance, materiality, or admissibility of any of the information disclosed in response to the Interrogatories. No objection or response made in these responses and objections shall be deemed to constitute a representation by Apple as to the existence or non-existence of the information requested.

10.     Apple objects to Interrogatories containing the defined terms "You," "Apple," "Defendants," or "Defendant" as vague, ambiguous, overly broad and unduly burdensome to the extent any of these terms include any entity other than Defendant Apple Inc.

11.　　Apple objects to Interrogatories containing the defined term "Aftermath" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any entity other than the named Defendant Aftermath Records d/b/a Aftermath Entertainment.

12.　　Apple objects to Interrogatories containing the defined term "Plaintiffs" as vague, ambiguous, overly broad and unduly burdensome to the extent the definition includes any entity other than the named Plaintiffs.

13.　　Apple objects to Interrogatories containing the defined term "Eight Mile" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any entity other than the named Plaintiff Eight Mile Style, LLC.

14.　　Apple objects to Interrogatories containing the defined term "Marin Affiliated" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any entity other than the named Plaintiff Martin Affiliated, LLC.

15.　　Apple objects to Interrogatories containing the defined term "UMG" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any entity other than UMG Recordings, Inc.

16.　　Apple objects to Interrogatories containing the defined term "Eminem" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any person other than Marshall B. Mathers III.

17.　　Apple objects to Interrogatories containing the defined term "Eminem Compositions" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any works other than those listed on Exhibit A to the Complaint.

18.　　Apple objects to Interrogatories containing the defined term "1995 Agreement" as vague, ambiguous, overly broad, unduly burdensome, and calling for speculation insofar as any such Request is directed to Apple, a non-party to any of the documents described in the definition.

19.     Apple objects to Interrogatories containing the defined term "March 9, 1998 Agreement" as vague, ambiguous, overly broad, unduly burdensome, and calling for speculation insofar as any such Request is directed to Apple, a non-party to the document described in the definition.

20.     Apple objects to Interrogatories containing the defined term "Letter of Inducement" as vague, ambiguous, overly broad, unduly burdensome, and calling for speculation insofar as any such Request is directed to Apple, a non-party to the document described in the definition.

21.     Apple objects to Interrogatories containing the defined term "Novation" as vague, ambiguous, overly broad, unduly burdensome, and calling for speculation insofar as any such Request is directed to Apple, a non-party to the document described in the definition.

22.     Apple objects to Interrogatories containing the defined term "2003 Agreement" as vague, ambiguous, overly broad, unduly burdensome, and calling for speculation insofar as any such Request is directed to Apple, a non-party to the documents described in the definition.

23.     Apple objects to Interrogatories containing the defined term "2004 Amendment" as vague, ambiguous, overly broad, unduly burdensome, and calling for speculation insofar as any such Request is directed to Apple, a non-party to the documents described in the definition.

24.     Apple objects to Interrogatories containing the defined term "Mastertone Agreement" as vague, ambiguous, overly broad, unduly burdensome, and calling for speculation insofar as any such Request is directed to Apple, a non-party to the document described in the definition.

25.     Apple objects to Interrogatories containing the defined terms "Document," "Electronically Stored Information" or "Things" as vague, ambiguous, overly broad and unduly burdensome to the extent any of those terms has a meaning or scope that is different than that required by Rules 33 or 34 of the Federal Rules of Civil Procedure. Apple further objects that

the terms "draft" and "non-identical copy" in Definition Paragraph Q are vague, ambiguous, overly broad and unduly burdensome to the extent those terms purport to include documents whose human readable text is identical.

26.     Apple objects to Interrogatories containing the defined term "Communication" as vague, ambiguous, overly broad and unduly burdensome to the extent the term purports to require Apple to produce information other than as embodied in documents as defined by the Federal Rules of Civil Procedure.

27.     Apple objects to Definition Paragraph V as vague, ambiguous, overly broad, unduly burdensome, and incomprehensible. Apple interprets defined terms as set forth above and undefined terms according to its best understanding of such terms.

28.     Apple objects to Instruction Paragraph 3 as vague, ambiguous, unduly burdensome and beyond the requirements of the Federal Rules or the Local Rules of this District. Apple is under no obligation to, and will not, explain why an answer is incomplete, provide a best estimate or judgment, provide available information that comes closest to providing the requested information, or identify other sources of information that might contain the requested information.

29.     Apple reserves the right to supplement or modify its responses and objections to the Interrogatories.


## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES
## INTERROGATORY NO. 1:

Please identify each person who prepared or assisted in the preparation of the responses to these First Set of Interrogatories, and the Requests for Production of Documents served contemporaneously herewith, and identify the specific discovery request for which the person answered (other than anyone who simply typed or copied the responses.)

RESPONSE: Apple incorporates its General Objections. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "prepared or assisted in the preparation of." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects that this Interrogatory improperly circumvents the limitation on the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a). This Interrogatory seeks information about the preparation of responses to two sets of discovery requests served on two different parties, each set of which contains 20 separate interrogatories and 28 separate requests for production. By itself, this single Interrogatory exceeds the total number of Interrogatories Plaintiffs are permitted to serve under Federal Rule 33(a).

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that its responses to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories were prepared by outside counsel and in-house counsel.


**<u>INTERROGATORY NO. 2</u>:**

Please state with specificity each fact that supports, or forms the basis for, each of the affirmative defenses asserted in your Answer to the Complaint.

RESPONSE: Apple incorporates its General Objections. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory to the extent it calls for a legal conclusion. Apple further objects that this Interrogatory is an improper attempt to circumvent the limitation on the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a). This

Interrogatory seeks information about 16 separate affirmative defenses and therefore counts as 16 separate interrogatories against the total number of Interrogatories Plaintiffs are permitted to serve under Federal Rule 33(a). Apple further objects to this Interrogatory as a contention interrogatory, purporting to require Apple to marshal all of its evidence, which is inappropriate at this time, as discovery in this matter has only commenced, Plaintiffs have not yet produced a single document or answered a single interrogatory, and there have been no depositions. Apple specifically reserves the right to amend and/or supplement its response to this Interrogatory.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds as follows: Plaintiffs' Complaint attempts to assert claims under the Copyright Act and state law claims. To the extent the evidence shows that any of the claims fail, the Complaint will have failed to state a valid claim and Plaintiffs will have suffered no damages. To the extent Plaintiffs fail to carry their burden to demonstrate they are the owners of the copyrights or exclusive rights under state law alleged to have been infringed or interfered with, Plaintiffs' claims will fail for lack of standing.

The Copyright Act, 17 U.S.C. § 301, preempts Plaintiffs' state law claims because those claims all seek to enforce claimed legal and/or equitable rights that are equivalent to one or more exclusive rights within the general scope of copyright as specified by 17 U.S.C. § 106.

To the extent Plaintiffs have failed to comply with the registration requirements of the Copyright Act, their prayer for statutory damages and attorney's fees under the Copyright Act is barred by 17 U.S.C. § 412(2).

To the extent Plaintiffs attempt to seek relief on claims outside of the three-year limitations period under the Copyright Act, 17 U.S.C. § 507(b), or outside the applicable state law limitations period for any state law claim that is not preempted, the damages claims are barred. In addition, laches bars any claim that Plaintiffs have unreasonably and unjustifiably

delayed bringing. Plaintiffs' delay also constitutes a failure of Plaintiffs to mitigate their alleged damages.

In addition, Aftermath has asserted affirmative defenses against Plaintiffs' claims based on Plaintiffs' express and implied licenses concerning the conduct alleged to violate Plaintiffs' rights. One or more of these defenses may bar Plaintiffs' claims in whole or in part based on express license, implied license, waiver, unclean hands, set-off and/or Plaintiffs' failure of performance. To the extent any such affirmative defense bars any or all of Plaintiffs' claims against Aftermath, the same claims would be barred as against Apple.

**INTERROGATORY NO. 3:**

Please state with specificity the details of all communications, either internally or between you and (1) Plaintiff, its employees, agents or representatives; (2) Eminem; and/or (3) any other third party concerning the Eminem Compositions, including the parties to, and the dates and substance of, each such communication.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "details," "concerning" and "any other third party." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that any relevant information that may be discoverable from Apple by way of a valid

Interrogatory may be determined by Plaintiffs' examination of those business records that Apple is producing in response to Plaintiffs' First Set of Requests for Production of Documents. The burden of deriving that information is substantially the same for Plaintiffs as for Apple. Apple therefore refers Plaintiffs to documents produced in discovery. *See* Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 4:

Please explain the basis for your belief that Universal had the authority to license, authorize, or otherwise grant to Apple the right to reproduce, distribute, and sell downloads of sound recordings of the Eminem Compositions through its iTunes Store, including but not limited to each and every license or agreement pursuant to which such authorization was purportedly obtained.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "belief," "license," "authorize, "otherwise grant," and "reproduce, distribute, and sell." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that its written agreements with UMG for Universal Sound Recordings include representations and warranties by each of the parties regarding their corporate right, power and authority to execute, deliver and perform the Agreements and to consummate the transactions

contemplated thereby, and also specify the party that is responsible for paying and administering all mechanical royalties payable to publishers and/or owners of copyrights in the musical compositions embodied in the Universal Sound Recordings sold as downloads pursuant to those agreements. The burden of deriving such information from those agreements is substantially the same for Plaintiffs as for Apple. Apple therefore refers Plaintiffs to documents produced in discovery. *See* Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 5:

For each license or agreement identified in response to Interrogatory Number 4 above, please identify the person(s) who were involved in the negotiation or drafting of such license or agreements.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "license," "agreements" and "involved in the negotiation or drafting." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that the agreements referred to in Apple's Response to Interrogatory No. 4 have been principally negotiated and/or drafted by Eddy Cue and Kevin Saul, on behalf of Apple, and David Weinberg and Amanda Marks, on behalf of UMG.

**INTERROGATORY NO. 6:**

Please explain the basis for your belief that Apple has the right to synchronize with images, transmit, publicly perform, or reproduce lyrics of the Eminem Compositions through its iTunes Store, or by any other means of display or distribution.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "right," "synchronize with images," "transmit," "publicly perform," "reproduce," and "other means of display or distribution." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects that this Request does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

**INTERROGATORY NO. 7:**

For each license or agreement identified, referenced, or related to your response to Interrogatory Number 6 above, please identify the person(s) who were involved in the negotiation or drafting of such license or agreements.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to

the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "license or agreement," "referenced, "related to," and "involved in the negotiation or drafting." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects that this Request does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

## INTERROGATORY NO. 8:

Please explain the basis for your contention in Defendants' Motion to Transfer Venue that the Controlled Composition clause in the March 9, 1998 Agreement and the 2003 Agreement authorized the sale of the Eminem Compositions on iTunes, and therefore is a "complete defense" to Plaintiffs' claims in this action.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "authorized the sale of the Eminem Compositions." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple

further objects to this Interrogatory as misleading in its characterization of legal arguments stated in pleadings on file in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that Aftermath contends that the Controlled Composition clauses in the March 9, 1998 Agreement and the 2003 Agreement (1) apply to the compositions at issue in Plaintiffs' Complaint and (2) provide the authority for Aftermath and UMG to authorize Apple to disseminate the sound recordings that Plaintiffs allege to embody the Eminem Compositions at issue in the Complaint. The merits of Aftermath's contentions are to be litigated between Plaintiffs and Aftermath. If Aftermath prevails on its contentions, then Plaintiffs have no claims in this lawsuit against Apple.

**INTERROGATORY NO. 9:**

Please explain the basis for your belief that Apple is authorized to sell through its iTunes Store downloads of sound recordings of the Eminem Compositions, including but not limited to each and every license or agreement pursuant to which such authorization was purportedly obtained.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "belief," "authorized to sell," "license," and "agreement." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that its authority to sell through its iTunes Store downloads of Universal Sound Recordings, including the sound recordings alleged to embody the compositions at issue in Plaintiffs' Complaints, is granted by Apple's written agreements with UMG for Universal Sound Recordings.

## INTERROGATORY NO. 10:

For each license or agreement identified in response to Interrogatory Number 9 above, please identify the person(s) who were involved in the negotiation or drafting of such license or agreements.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "license," "agreement" and "involved in the negotiation or drafting." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that the agreements referred to in Apple's Response to Interrogatory No. 9 have been principally negotiated and/or drafted by Eddy Cue and Kevin Saul, on behalf of Apple, and David Weinberg and Amanda Marks, on behalf of UMG.

**INTERROGATORY NO. 11:**

Please state with specificity all of the sources of revenue, both foreign and domestic, including date and source, earned and/or received by Apple derived from the sound recordings of the Eminem Compositions through the iTunes Store, including the statements or accountings on which the receipt of such revenues is reflected.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "sources of revenue," "foreign or domestic," "earned and/or received," "derived from," and "statements or accountings." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects that, insofar as the Interrogatory seeks information regarding any foreign sales of any downloads outside the United States, the Interrogatory does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that, in response to Plaintiffs' document requests, Apple is producing records that reflect the number of permanent downloads in the United States of sound recordings embodying the Eminem Compositions delivered to iTunes Store customers and the amounts paid by Apple to UMG on account of the sales of those downloads. Any relevant information responsive to this Interrogatory may be derived by Plaintiffs from reviewing those records. The burden of deriving

such information is substantially the same for Plaintiffs as for Apple. Apple therefore refers Plaintiffs to documents produced in discovery. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 12:**

Please describe all costs incurred by Apple related to providing a digital file of a sound recording of an Eminem Composition to an end user through the iTunes store. If you contend that you have costs each time a sound recording of an Eminem Composition is downloaded by an end user, please describe in detail all such costs related to such download.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "costs," "related to" and "providing a digital file of a sound recording of an Eminem Composition." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that, in response to Plaintiffs' document requests, Apple is producing records that reflect the number of permanent downloads of sound recordings embodying the Eminem Compositions delivered to iTunes Store customers and the amounts paid by Apple to UMG on account of the sales of those downloads. To the extent this Interrogatory seeks any relevant information regarding such amounts, that information may be derived by Plaintiffs from reviewing those records. The burden of deriving such information is substantially the same for

Plaintiffs as for Apple. Apple therefore refers Plaintiffs to documents produced in discovery. *See* Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 13:

Please state with specificity all payments made by Apple to UMG related sound recordings embodying the Eminem Compositions through the iTunes Store, including the period in which each such payment was made and the number of downloads generating such payments.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "payments," "related," "period in which each such payment was made" and "number of downloads generating such payments." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that, in response to Plaintiffs' document requests, Apple is producing records that reflect the number of permanent downloads of sound recordings embodying the Eminem Compositions delivered to iTunes Store customers and the amounts paid by Apple to UMG on account of the sales of those downloads. Any relevant information responsive to this Interrogatory may be derived by Plaintiffs from reviewing those records. The burden of deriving such information is substantially the same for Plaintiffs as for Apple. Apple therefore refers Plaintiffs to documents produced in discovery. *See* Fed. R. Civ. P. 33(d).

17

**INTERROGATORY NO. 14:**

Please state with specificity all categories and types of payments made by Apple to UMG with respect to repertoire, creative services, technology or other intellectual property licenses, including but not limited to any consulting arrangement, relating to the catalog of sound recordings owned or controlled by UMG, and describe the specific nature of the consideration given by each party.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "with respect to," "relating to," "categories and types of payments," "repertoire" "creative services," technology," "other intellectual property licenses," "consulting arrangement," and "specific nature of the consideration given." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects on the ground that this Interrogatory does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

**INTERROGATORY NO. 15:**

List all restrictions, reserved rights, including but not limited to DRM requirements, in any of the relevant agreements between Universal and Apple concerning sound recordings and musical compositions on the iTunes Store.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "restrictions," "reserved rights," "DRM requirements," and "concerning." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects on the ground that this Interrogatory does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that its agreements with UMG regarding Universal Sound Recordings speak for themselves. Any relevant information responsive to this Interrogatory may be derived by Plaintiffs from reviewing those agreements. The burden of deriving such information is substantially the same for Plaintiffs as for Apple. Apple therefore refers Plaintiffs to documents produced in discovery. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 16:**

Please state with specificity any and all parties who have purportedly obtained rights at any time from Aftermath, Interscope, UMG, or any of its related companies to reproduce, distribute, or sell sound recordings of the Eminem Compositions in any form of digital media, including but not limited to digital download, streaming, mastertones, and ringtones, including the date the license or agreement was executed and the parties thereto.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "purportedly obtained rights," "related companies," "reproduce, distribute, or sell," "digital media, "digital download," "streaming," "mastertones," "ringtones," and "license or agreement." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects that this Request does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation. Apple further objects that this Interrogatory seeks information that is in the possession, custody or control of another party, and that this Interrogatory is not properly directed to Apple.

**INTERROGATORY NO. 17:**

Please explain the reason why it was necessary for UMG (through Interscope) to enter into the Mastertone Agreement on August 26, 2005 with Eight Mile and Martin Affiliated granting a limited license to create and digitally distribute mastertone recordings of the Eminem Compositions.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "necessary," "limited license to create and digitally distribute," and "mastertone recordings." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the extent this Interrogatory mischaracterizes the Mastertone Agreement. Apple further objects that this Interrogatory seeks information that is in the possession, custody or control of another party, and that this Interrogatory is not properly directed to Apple.

## INTERROGATORY NO. 18:

Identify all musical copyright owners and administrators who have entered into agreements directly with you for the reproduction, distribution, transmission, synchronization, or public performance of musical compositions, and the identity of all payees under such agreements.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "musical copyright owners," "administrators," "reproduction," "distribution," "transmission," "synchronization," "public performance," and "payees." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control

of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects that this Request does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

### INTERROGATORY NO. 19:

With respect to each of the following so-called major label companies, state whether the labels purport to grant licenses to Apple for mechanical reproduction of underlying musical compositions.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague, ambiguous, and incomprehensible, particularly in its failure to define "so-called major label companies," "purport to grant licenses," and "mechanical reproduction." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects that this Request does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

### INTERROGATORY NO. 20:

Please identity any and all communications between Apple and the Recording Industry Association of America (RIAA) concerning the effectiveness and/or legal support for the

positions taken by UMG in this action, including but not limited to the identity of the individual on behalf of the RIAA with whom Apple has had any such communication.

RESPONSE: Apple incorporates its General Objections above. Apple specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine, including without limitation any joint privilege relating to the same. Apple further objects to this Interrogatory as vague and ambiguous, particularly in its failure to define "positions taken by UMG in this action," "concerning" and "effectiveness and/or legal support." Apple further objects to this Interrogatory as overly broad and unduly burdensome. Apple further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Plaintiffs. Apple further objects to the Interrogatory to the extent it seeks information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Apple further objects that this Request does not seek, and it is not reasonably calculated to lead to the discovery of, any information that is relevant to the claims or defenses in this litigation.

Subject to and without waiver of the foregoing General and Specific Objections, Apple responds that, based on a reasonably diligent search for information responsive to this Interrogatory, Apple is not aware of any communications responsive to this Interrogatory.

DATED: March 20, 2008

Kelly M. Klaus
Munger, Tolles & Olson LLP

Daniel D. Quick (P48109)
Dickinson Wright PLLC
Attorneys for Defendants

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I, the undersigned, declare: that I am employed in the aforesaid County; I am over the age of 18 and not a party to the within action; my business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

On March 20, 2008, I served upon the interested party(ies) in this action the foregoing document(s) described as:

## APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

☒ By placing ☒ the original ☐ a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached service list.

☒ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be deposited with postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation dated or postage meter date is more than one day after dated of deposit for mailing, pursuant to this affidavit.

☐ **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed for Federal Express collection and delivery at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express mailing. Under that practice it would be deposited with the Federal Express office on that same day with instructions for overnight delivery, fully prepaid, at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the Federal Express delivery date is more than one day after dated of deposit with the local Federal Express office, pursuant to this affidavit.

☐ **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by facsimile machine for instantaneous transmittal via telephone line.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

---

4696941.1

Howard Hertz                                       *Via Mail*
Jay G. Yasso
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
jyasso@hertzschram.com
*Attorneys for Plaintiffs*

Richard S. Busch                                      *Via Mail*
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com
*Attorneys for Plaintiffs*

Executed on March 20, 2008, at Los Angeles, California.

_____
Marie S. Young