**Exhibit 2**

**Plaintiff Martin Affiliated, LLC's Responses to Defendants' First Set of Interrogatories and Schedule 1 dated March 21, 2008**

Dockets.Justia.com

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

        Plaintiffs,

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

        Defendants.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| | |
|---|---|
| Howard Hertz (P26653) | Richard S. Busch (TN BPR#14594) |
| Hertz Schram PC | King & Ballow |
| 1760 South Telegraph Road, #300 | 1100 Union Street Plaza |
| Bloomfield Hills, MI 48302 | 315 Union Street |
| (248) 335-5000 | Nashville, TN 37201 |
| hhertz@hertzschram.com | (615) 259-3456 |
| Attorneys for Plaintiffs | rbusch@kingballow.com |
| | Attorneys for Plaintiffs |

## PLAINTIFF MARTIN AFFILIATED, LLC'S RESPONSES TO DEFENDANTS' FIRST SET OF INTEROGATORIES

Plaintiff Martin Affiliated, LLC ("Martin") provides the following objections and responses to the First Set of Interrogatories ("Interrogatories") propounded by Defendants Apple Inc. (named as Apple Computer, Inc.) and Aftermath Records d/b/a Aftermath Entertainment.

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each and every response to each and every Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

1.     Martin objects to the Interrogatories to the extent they collectively or individually seek information subject to or protected by the attorney-client privilege, the attorney work

product privilege or any other privilege or protection from disclosure. Martin hereby invokes all such privileges to the extent implicated by each Interrogatory and excludes privileged and protected information from its responses to the Interrogatories. Any disclosure of information protected by those privileges is inadvertent, and is not intended to waive any privilege or protection.

2.     Martin objects to the Interrogatories to the extent they purport to impose on Martin any obligation that is different from or greater than any imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Michigan, or any other applicable law or rule.

3.     Martin objects to the Interrogatories as duplicative, unduly burdensome, and harassing to the extent they seek information that is equally available to Defendants, or information that could be derived or ascertained by Defendants with substantially the same effort that would be required of Martin from review of the documents produced in this case.

4.     Martin objects to the Interrogatories to the extent they seek information that is not in Martin's possession, custody, or control, or that is publicly available.

5.     Martin objects to the Interrogatories to the extent they seek information that is confidential, proprietary, trade secret information, and/or competitively sensitive material. Martin will disclose such responsive, non-privileged information only upon entry of, and in accordance with the terms of, an appropriate protective order.

6.     To the extent that the Interrogatories seek information concerning an identified contention or factual issue, Martin objects that the Interrogatories are premature. Discovery in this case recently commenced, and Martin has not completed its investigation of the facts relevant to this case. Martin's responses are necessarily preliminary and are made without

prejudice to its right to disclose, introduce or rely upon information that may be later discovered or produced.

7.     In responding to the Interrogatories, Martin does not waive, or intend to waive, any privilege or objection, including, but not limited to, any objections to the competency, relevance, materiality, or admissibility of any of the information disclosed in response to the Interrogatories. No objection or response made in these responses and objections shall be deemed to constitute a representation by Martin as to the existence or non-existence of the information requested.

8.     Martin objects to the Interrogatories as vague, ambiguous, overly broad and unduly burdensome to the extent any Interrogatory requires Martin to provide information that is different from or at a different time than as required under Federal Rule of Civil Procedure 26(a)(2).

9.     Martin objects to the Interrogatories as vague, ambiguous, overly broad and unduly burdensome to the extent any Interrogatory commands or requires Martin to provide responses or documents in any manner or to any extent that is different that the scope provided by Rules 33 and 34 of the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all works for which You seek relief through Your Complaint.

**RESPONSE TO INTERROGATORY NO. 1:**

Martin incorporates its General Objections above.

Subject to and without waiver of the foregoing General Objections, Martin responds that any relevant information that may be within the scope of this Interrogatory may be determined

by Defendant's examination of the Complaint filed in this matter, in particular paragraph 8, and collective Exhibit A attached to the Complaint. Defendants are in possession of the Complaint and Exhibit A referenced therein and the burden of deriving that information is substantially the same for Defendants as for Martin and therefore Martin refers Defendants to same. *See* Fed. R. Civ. P. 33(d). Further, see Schedule 1, Plaintiffs' Compositions, attached hereto. Discovery in this case is ongoing, and Martin reserves the right to supplement or amend this response at a later time.

**INTERROGATORY NO. 2:**

For each work identified in Your response to Interrogatory No. 1, above, Identify all Persons who have an ownership interest in that work.

**RESPONSE TO INTERROGATORY NO. 2:**

See Response to Interrogatory 1.

**INTERROGATORY NO. 3:**

Identify all Persons with knowledge of any of the matters alleged in Your Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to this Interrogatory as overly broad, ambiguous and unduly burdensome in that it is not possible for Martin to know "all persons" who have "knowledge" of the same, or what an unknown third person may have read about the Complaint or the allegations therein. Martin further objects on the grounds that the Interrogatory is vague and ambiguous with respect to the term "knowledge" of the Complaint and its allegations. Martin further objects to this Interrogatory to the extent the information requested is within the

possession, custody or control of Defendants. Martin further objects to this Interrogatory to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin. states Joel Martin, who may be contacted through Plaintiffs' counsel of record.

**INTERROGATORY NO. 4:**

For each claim set forth in Your Complaint, separately Identify the amount of damages and/or losses that You have allegedly suffered under each claim, and provide a detailed calculation illustrating how You arrived at each amount and the methodology used to reach each damage calculation.

**RESPONSE TO INTERROGATORY NO. 4:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants. Martin further objects to this Interrogatory to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states that any relevant information that may be within the scope of this Interrogatory may be determined by Defendants' examination of the Complaint filed in this matter. Defendants are in possession of the Complaint; therefore, the burden of deriving that information is substantially the same for Defendants as for Martin. *See* Fed. R. Civ. P. 33(d).

As set forth in the Complaint, Eight Mile and Martin Affiliated, LLC contend that as a result of Defendants' willful copyright infringement by the authorized reproduction, distribution and sale of Plaintiffs' copyrighted compositions identified in Exhibit A to the Complaint,

Plaintiffs are entitled to their actual damages (which is the subject of expert opinion) and the profits of Apple that are attributable to the digital reproduction, sale, and distribution of Plaintiffs' compositions, or alternatively, statutory damages of up to $150,000 per act of infringement. Plaintiffs also seek additional remedies including attorneys' fees and costs pursuant to 17 U.S.C. § 505, injunctive relief and declaratory relief.

Discovery in this case is ongoing, and Martin reserves the right to supplement this response at a later time.

**INTERROGATORY NO. 5:**

Identify all facts that support Your contention that "Eight Mile and Martin have never authorized Universal to license the works to Apple," as alleged in Paragraph 12 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states to the best of its knowledge, Plaintiffs have never authorized Universal to license Plaintiffs' compositions to Apple. Plaintiffs are the owners of the composition copyrights set forth in Exhibit A to the Complaint, and Schedule 1 identified in response to Interrogatory 1. As the exclusive owners of the musical composition copyrights, the exclusive right, among others, to reproduce and distribute those copyrighted works resides with Plaintiffs or those who Plaintiffs authorize to reproduce or distribute said works. Plaintiffs have not authorized Apple,

or permitted Aftermath on Plaintiffs' behalf to authorize Apple, to reproduce, distribute and sell Plaintiffs' copyrighted compositions, much less reproduce, distribute and sell them without compensation to either or both of the Plaintiffs.

Plaintiffs specifically have rejected licenses requested and proposed by Aftermath for digital phonorecord delivery (DPD) to Plaintiffs, and Plaintiffs advised Aftermath that Plaintiffs would not execute the DPD licenses prepared by, or for, Aftermath. Specifically, Joel Martin advised Chad Gary, Pat Blair, and others at UMG, Aftermath's co-venturer[1] that Plaintiffs would not execute Aftermath's standard licenses for digital phonorecord deliveries. If any digital licenses were to be executed at all, they would have to contain restrictions and limitations as dictated by Plaintiffs, including but not limited to, (1) limit on duration of term, (2) a specified territory and (3) requirements regarding accounting. Aftermath was advised that Plaintiffs would only execute a digital license prepared by Plaintiffs. For each proposed license sent to Plaintiffs by Aftermath which contained a provision purporting to license the digital reproduction and distribution of Plaintiffs' compositions, such licenses were denied, were not executed and were not returned to Aftermath but such rejected licenses were retained by Plaintiffs. Aftermath subsequently sent modified licenses for the reproduction and distribution of Plaintiffs' works in a physical format only, and omitted provisions regarding the digital reproduction and distribution of Plaintiffs' compositions, which modified licenses comported with Plaintiffs refusal to execute

---

[1] Defendant Aftermath Records doing business as Aftermath Entertainment ("Aftermath") is a joint venture between three entities: (1) Interscope Records, a California general partnership (the "Interscope Partnership"), (2) Interscope Records, an unincorporated division of UMG Recordings, Inc., a Delaware corporation authorized to do business in the State of California ("UMG"), and (3) ARY, Inc., a California corporation ("ARY"). The Interscope Records, a Partnership, is a general partnership comprised of three entities: (a) Interscope Records, an unincorporated division of UMG, (b) UMG, and (c) PRI Productions, Inc., a Delaware Corporation.

Aftermath's proposed digital licenses of Plaintiffs' works.

Further, Joel Martin advised Pat Blair of Aftermath (see fn.1) to segregate all of Plaintiffs' licenses such that none of Plaintiffs' licenses would authorize digital reproduction and distribution, but only the mechanical reproduction and distribution of physical product.

In addition, Plaintiffs are cognizant of the difference between a mechanical license for physical product, such as a compact disc, and a DPD license for the reproduction and distribution of Plaintiffs' compositions in a digital format.

**INTERROGATORY NO. 6:**

Identify all facts that support Your contention that "Eight Mile and Martin have never authorized Universal to engage in reproduction or distribution of the digital transmissions through third parties or otherwise," as alleged in Paragraph 12 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

See Response to Interrogatory 5.

**INTERROGATORY NO. 7:**

Identify all facts that support Your contention that "Universal has, on any number of occasions, asked Eight Mile or Martin to execute agreements allowing Apple to reproduce and distribute the digital transmissions, but Eight Mile and Martin have not provided that permission," as alleged in Paragraph 12 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 7**

See Response to Interrogatory 5. Further, on a single occasion, Plaintiffs may have entered into a contract with Universal with a very narrow scope of rights granted for mastertones to cell phones, with a limited term and a carefully constructed limitation of rights.

**INTERROGATORY NO. 8:**

Identify all facts that support Your contention that "Eight Mile and Martin have demanded that Apple cease and desist its reproduction and distribution of the digital transmissions of the Compositions, and Apple has refused to cease and desist" as alleged in Paragraph 14 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states that subsequent to the audit performed by the Gary Cohen Corporation, Plaintiffs put Aftermath on notice of the accounting irregularities, including those with respect to the digital distribution of Plaintiffs' composition. Plaintiffs also sent a letter to Apple on July 27, 2007 instructing Apple to cease and desist from the further unauthorized use of Plaintiffs' compositions. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 9:**

Identify all facts that support Your contention that "Apple's conduct has at all times been knowing and willful," as alleged in Paragraph 18 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it

seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states at no time did Apple enter into any agreement with Plaintiffs, owners of the musical composition copyrights, to digital reproduce and distribute Plaintiffs' copyrighted compositions yet Apple reproduced and distributed, and continues to reproduce and distribute, Plaintiffs' compositions without authorization from Plaintiffs or Plaintiffs' authorized agent. Further, Plaintiffs sent a cease and desist letter to Apple on July 27, 2007; however, Apple has knowingly and willfully failed to stop the infringement of Plaintiffs' compositions. Moreover, this action commenced on July 30, 2007 and Apple filed its Answer to Plaintiffs' Complaint on September 14, 2007; however, Apple has knowingly and willfully failed to stop the infringement of Plaintiffs' compositions.

**INTERROGATORY NO. 10:**

Identify all facts that support Your contention that "Apple's intentionally wrongful conduct described herein has intentionally interfered in Eight Mile's and Martin's existing and prospective relationships with end users of the Compositions who download the Compositions via iTunes," as alleged in Paragraph 21 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states Plaintiffs own interests in copyrighted musical compositions (see Response to

Interrogatory No. 1 and Schedule 1). Absent a violation of any of Plaintiffs' exclusive rights, Plaintiffs would have entered into agreements with end users of Plaintiffs' works; however, Apple deprived Plaintiffs of the right to enter into such agreements by usurping Plaintiffs' role as the exclusive rights holder.

**INTERROGATORY NO. 11:**

Identify all facts that support Your contention that "Apple's actions described above constitute unfair competition with respect to Eight Mile and Martin," as alleged in Paragraph 24 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states see Response to Interrogatory 10. The same facts set forth in Interrogatory 10 cause Apple's conduct to be unfair competition. Plaintiffs, as owners of the copyrighted musical compositions identified in Interrogatory No. 1 and Schedule 1 attached hereto, have proprietary rights to deal with (or not) third parties who wish to use Plaintiffs' works. Apple has entered into a business relationship with end users and with Aftermath that effectively competes with Plaintiffs for the use of Plaintiffs' works. Holding themselves out as owners of Plaintiffs' copyrighted works when they are not constitutes unfair competition, among other violations of law.

**INTERROGATORY NO. 12:**

Identify all facts that support Your contention that "Apple's wrongful conduct has been knowing and willful," as alleged in Paragraph 25 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states Defendants have knowledge that neither of them are owners of Plaintiffs' copyrighted works. Further, Apple is aware that the unauthorized use of copyrighted works is impermissible. Punch Andrews of Michigan, who is the manager for Kid Rock and Bob Seger put Apple on notice that Apple did not have the proper publishing licenses and demanded those works be taken down from Apple's store, iTunes. Apple responded by taking down the unlicensed works from iTunes. Thus, on demand, Apple removed the unauthorized material thereby recognizing its obligation to remove those works from its store because Apple did not have valid licenses for those works.

In this action, despite knowledge of the foregoing, Apple continued to reproduce, distribute, sell and display Eminem's recordings containing Plaintiffs' musical compositions in violation of Plaintiffs' rights.

Plaintiffs sent a cease and desist letter to Apple on July 27, 2007 which was ignored. Finally, this lawsuit was filed on July 30, 2007 and Apple continues to infringe in knowing, willful disregard of Plaintiffs' rights.

**INTERROGATORY NO. 13:**

Identify all facts that support Your contention that "Apple's wrongful conduct constitutes unfair competition under state law," as alleged in Paragraph 28 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states see Response to Interrogatory 10.

**INTERROGATORY NO. 14:**

Identify all facts that support Your contention that "Apple's conduct constitutes an unfair, unconscionable, deceptive method, act or practice in the conduct of trade or commerce under MCL 445.903," as alleged in Paragraph 31 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 14:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states see Response to Interrogatory 10. Further, Defendants do not own, do not control and do not have the right to reproduce, synchronize, publicly perform, distribute or display, Plaintiffs' copyrighted works.

**INTERROGATORY NO. 15:**

Identify all facts that support Your contention that the terms of March 9, 1998 and July 2, 2003 Agreements (including without limitation the terms of Paragraph 6, captioned, "Mechanical Royalties," of each such Agreement) do not provide any defense to any of the claims in Your Complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states: The language used in the Agreements demonstrates that digital uses were not contemplated or covered under Paragraph 6. Furthermore, the Agreements do not contain or constitute, or even purport to constitute, a license of any kind. Paragraph 6 merely speaks to certain royalty rates that will apply under certain licenses that will be given to Aftermath and its distributors/licensees but omits numerous material terms and conditions that are essential to creating such a license. Further, the parties' subsequent conduct demonstrates their understanding as to the actual granting of licenses and the procedures therefor. For example, even with respect to the granting of mechanical licenses for physical product, Plaintiffs have used their own license forms with terms and conditions that are acceptable to them, and Paragraph 6 was not understood by the parties to constitute a mechanical license. Furthermore, the course of conduct between Plaintiffs and Aftermath (including Interscope and Universal) shows that Plaintiffs would only enter into licenses for digital uses (i.e. the mastertone

agreement) approved by, and acceptable to, Plaintiffs, including but not limited to a limit to duration, territory, and requirements for accounting, and Universal sent proposed licenses to Plaintiffs for digital use that were rejected as not being acceptable. As discovery is ongoing, Plaintiffs reserve the right to supplement this response.

**INTERROGATORY NO. 16:**

Identify all wrongful acts that You contend Aftermath has committed regarding any of the matters alleged in Your Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin objects to this Interrogatory to the extent it seeks expert opinion or expert testimony. Martin objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Martin further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states Aftermath purported to license Martins' copyrighted musical compositions to Defendant Apple, which such compositions Aftermath neither owns or controls. See also Response to Interrogatory Nos. 5, 6, 7, 8, 9, 10, 11, 13, 14, and 15.

**INTERROGATORY NO. 17:**

Identify all Persons who have had any involvement whatsoever in the drafting, negotiation, execution or performance of any agreement relating to the distribution in digital format of any of the works at issue in Your Complaint.

**RESPONSE TO INTERROGATORY NO. 17:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin objects to this Interrogatory to the extent it seeks expert opinion or expert testimony. Martin objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Martin further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants. Martin further objects to this Interrogatory to the extent it seeks confidential or commercial information, trade secrets or confidential research.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states it only enters into licenses for the digital distribution of its compositions which Martin has prepared. Martin has entered into certain ringtone and mastertone licenses which have been drafted and/or negotiated by Joel Martin, Mark Levinsohn, and Alan Skiena c/o Mark Levinsohn. Universal and Aftermath have knowledge of those individuals within their organization with knowledge.

**INTERROGATORY NO. 18:**

Identify all Persons involved in the drafting, negotiation, execution or performance of any part of the March 9, 1998 Agreement, including without limitation Paragraph 6 thereof.

**RESPONSE TO INTERROGATORY NO. 18:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin objects to this Interrogatory to the extent it seeks expert opinion

or expert testimony. Martin further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Martin further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants.

Subject to and without waiver of the foregoing General and Specific Objections, Eight Mile states Joel Martin; Howard Hertz, Esq., Hertz Schram PC, 1760 South Telegraph Road, #300, Bloomfield Hills, Michigan 48302; Peter Paterno, Esq., King Holmes Paterno & Berliner LLP, 1900 Ave Of The Stars, 25th Floor, Los Angeles, California 90067; and Marnie Nieves and Scott Aronson, c/o Kelly Klaus, Esq., Munger, Tolles, & Olson LLP, 355 South Grand Ave., 35th Floor, Los Angeles, California 90071-1560 and Paul Rosenberg, New York.

**INTERROGATORY NO. 19:**

Identify all Persons involved in the drafting, negotiation, execution or performance of any part of the July 2, 2003 Agreement, including without limitation Paragraph 6 thereof.

**RESPONSE TO INTERROGATORY NO. 19:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin objects to this Interrogatory to the extent it seeks expert opinion or expert testimony. Martin further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Martin further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states Joel Martin; Mark Levinsohn, Esq., Levinsohn & Arnay, LLP, 1790 Broadway, 10th

Floor, New York, New York 10019; Gary Stiffleman, Ziffren, Brittenham, Branca, Fischer, Gilbert-Lurie, Stiffelman & Cook LLP, 1801 Century Park, W. Los Angeles, California 90067; and Rand Hoffman and Lisa Rogell, Interscope Records, 2220 Colorado Avenue, Santa Monica, CA 90404.

**INTERROGATORY NO. 20:**

Identify all communications You have had with any Person (including without limitation Eminem, or any of Eminem's representatives) regarding this lawsuit, or regarding the lawsuit captioned *F.B.T. Productions, LLC et al. v. Aftermath Records d/b/a Aftermath Entertainment et al.*, Case No. CV-07-03314 (C.D. Cal.), or any of the matters alleged in either action.

**RESPONSE TO INTERROGATORY NO. 20:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin objects to this Interrogatory to the extent it seeks expert opinion or expert testimony. Martin further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Martin further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants. Martin further objects to this Interrogatory to the extent it seeks discovery in a separate action entitled *F.B.T. Productions, LLC, et al. v. Aftermath Records d/b/a Aftermath Entertainment, et al.*, Case No. CV-07-03314 (C.D. Cal.), which such discovery is subject to a separate scheduling order inapplicable to this action.

Subject to and without waiver of the foregoing General and Specific Objections, Martin states it communicated with Gary Stiffleman, Ziffren, Brittenham, Branca, Fischer, Gilbert-

Lurie, Stiffelman & Cook LLP, 1801 Century Park, W. Los Angeles, California 90067.

**INTERROGATORY NO. 21:**

Identify all Persons who participated in the preparation of Your responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 21:**

Martin incorporates its General Objections above. Martin specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Martin further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to Martin's General and Specific Objections, Martin responds that Plaintiffs' counsel and Plaintiffs participated in the preparation of Martin's responses.

DATED: March 21, 2008

Respectfully submitted,

KING & BALLOW

Richard S. Busch
(TN Bar No. 014594)
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456

Howard Hertz, Esq. (P26653)
Jay G. Yasso, Esq. (P45484)
Hertz Schram PC
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MS 48302
(248) 335-5000

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via U.S. Mail, postage pre-paid, and via e-mail to the following:

| Counsel | On behalf of |
|---|---|
| Daniel D. Quick, Esq.<br>Dickinson Wright PLLC<br>38525 Woodward Ave<br>Suite 2000<br>Bloomfield Hills, MI 48304<br>(t): (248) 433-7200<br>(e): dquick@dickinsonwright.com<br><br>Kelly M. Klaus, Esq.<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave<br>Suite 3500<br>Los Angeles, CA 90071-1560<br>(t): (213) 683-9238<br>(e): kelly.klaus@mto.com | Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment |

this 21st day of March 2008.

2:07-civ- Eight Mile Style, et al. v. Apple Computers, et. Al

## SCHEDULE 1 - PLAINTIFFS' COMPOSITIONS

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| 40 oz. | D12 World | PA 1-245-114 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| 6 In The Morning | D12 World | PA 1-245-103 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| 8 Mile | 8 Mile Soundtrack | PA 1-204-555 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| 8 Miles & Running | 8 Mile Soundtrack | PA 1-204-569 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| American Psyco II [sic] | D12 World | PA 1-325-368 | WB Music Corporation, Ain't Nothing But Funkin' Music, Elvis Mambo Music, Music of Windswept, Eight Mile Style Music, Runyon Avenue, EMI April Music, Inc., Idiotic Biz, Swiftly McVay Publishing, Hits From Da Bong Music, BMG Songs, Inc., Bad Boy Music, Six July Publishing, Nash Notes Music, Careers- BMG Music, Inc., Juvenile Hell |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| Ass Like That | Encore (Deluxe Version) | PA 1-295-394 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Average Man | Cheers | PA 1-245-073 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Big Weenie | Encore (Deluxe Version) | PA 1-295-392 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Bitch | D12 World | PA 1-245-115 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Business | The Eminem Show | PAu 2-696-276 | Eight Mile Style |
| Cheers | Cheers | PA 1-245-074 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Cleanin' Out My Closet | The Eminem Show | PA 1-073-403 | Eight Mile Style |
| Cleanin' Out My Closet | Curtain Call – The Hits (Deluxe Version) | PA 1-073-403 (COHM) | Ensign Music Corporation, Eight Mile Style |
| Crazy In Love | Encore (Deluxe Version) | PA 1-295-397 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Curtains Close | Encore (Deluxe Version) | PA 1-295-390 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Curtains Up | The Eminem Show | PAu 2-673-526 | Eight Mile Style |
| Curtains Up | Encore (Deluxe Version) | PA 1-295-387 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Don't Come Down | Cheers | PA 1-245-078 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Don't Push Me | Get Rich or Die Tryin' | PA 1-204-560 | Eight Mile Style, LLC; Martin Affiliated, LLC |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| Drips | The Eminem Show | PA -104-808 | Ensign Music Corporation; Eight Mile Style; EMI April Music; Dirty Works Music; Obie Trice Publishing |
| Dude (Skit) | D12 World | PA 1-245-084 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Em Calls Paul | Encore (Deluxe Version) | PA 1-295-393 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Encore | Encore (Deluxe Version) | PA 1-295-406 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Evil Deeds | Encore (Deluxe Version) | PA 1-295-402 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Final Thought | Encore (Deluxe Version) | PA 1-295-389 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Follow My Life | Cheers | PA 1-245-107 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Gatman And Robbin | The Eminem Show The Massacre | PA 1-364-299 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Get My Gun | D12 World | PA 1-245-109 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Git Up | D12 World | PA 1-245-111 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Got Some Teeth | Cheers | PA 1-245-108 | Eight Mile Style, LLC; Martin Affiliated, LLC |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| Guilty Conscience | Curtain Call – The Hits (Deluxe Version) | PA 954-422 (COHM) | Ensign Music Corporation, Eight mile Style Music ( a.k.a 8 Mile Style Music), Ain't Nothin 'Goin' on But F****n, Colgems – EMI Screen Gems, EMI Music, Inc. |
| Hailie's Song | The Eminem Show | PAu 2-725-252 | Eight Mile Style |
| Hands on You | Cheers | PA 1-245-080 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| High All The Time | Get Rich or Die Tryin' | PA 1-204-559 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Hood Rats | Cheers | PA 1-245-106 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| How Come | D12 World | PA 1-245-112 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| I'm Supposed To Die Tonight | The Eminem Show The Massacre | PA 1-364-300 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Just Don't Give a Fuck | Curtain Call – The Hits (Deluxe Version) | Pau 2-333-090 | Eight Mile Style Music |
| Just Lose It | Encore (Deluxe Version) | PA 1-268-078 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Keep Talking | D12 World | PA 1-245-110 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Lady | Cheers | PA 1-245-102 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Leave Dat Boy Alone | D12 World | PA 1-245-085 | Eight Mile Style, LLC; Martin Affiliated, LLC |

4

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| Like Toy Soldiers | Encore (Deluxe Version) | PA 1-295-400 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Lose Yourself | 8 Mile Soundtrack | PA 1-152-688 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Lose Yourself (Parody done by Weird Al "Couch Potato) | Poodle Hat | PA 1-152-688 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Love Me | 8 Mile Soundtrack | PA 1-204-567 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Love You More | Encore (Deluxe Version) | PA 1-295-408 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Loyalty | D12 World | PA 1-245-104 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Many Men | Get Rich or Die Tryin' | PA 1-204-558 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Mockingbird | Encore (Deluxe Version) | PA 1-295-396 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Mosh | Encore (Deluxe Version) | PA 1-295-401 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| My 1st Single | Encore (Deluxe Version) | PA 1-295-405 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| My Band | D12 World | PA 1-245-105 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| My Dad's Gone Crazy | The Eminem Show | PAu 2-697-183 | Eight Mile Style |
| Never Enough | Encore (Deluxe Version) | PA 1-295-403 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Never Forget Ya | Cheers | PA 1-245-101 | Eight Mile Style, LLC; Martin Affiliated, LLC |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| On Fire | The Hunger For More | PA 1-256-131 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| One Shot 2 Shot | Encore (Deluxe Version) | PA 1-295-398 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Outro | Cheers | PA 1-245-076 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Patiently Waiting | Get Rich or Die Tryin' | PA 1-204-561 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Paul | Encore (Deluxe Version) | PA 1-295-388 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Places to Go | 8 Mile Soundtrack | PA 1-204-556 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Puke | Encore (Deluxe Version) | PA 1-295-404 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Rabbit Run | 8 Mile Soundtrack | PA 1-204-568 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Rain Man | Encore (Deluxe Version) | PA 1-295-391 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Rap Game | 8 Mile Soundtrack | PA 1-204-570 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Ricy Ticky Toc | Encore (Deluxe Version) | PA 1-295-409 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Role Model | Curtain Call – The Hits (Deluxe Version) | PA 954-427 (COHM) | Ensign Music Corporation, Eight Mile Style Music (a.k.a 8 Mile Style Music), Ain't Nothin' Goin' On But F*****, Hard Working Black Folks |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| Say Goodbye to Hollywood | The Eminem Show | PA 1-104-945 (COHM) | Ensign Music Corporation; Eight Mile Style; Music of Windswept; 5 Card Music |
| Say What You Say | The Eminem Show | PA 1-073-017 | Ensign Music Corporation, Eight Mile Style Music, WB Music, Ain't Nothin' Goin' But Funkin' Music, Music of Windswept, 5 Card Music, Feemstro Music |
| Shit Hits the Fan | Cheers | PA 1-245-077 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Shit on You | Curtain Call – The Hits (Deluxe Version) | PA 1-164-487 (COHM) | Ensign Music, LLC, Eight Mile Style Music, Screen Gems, EMI Music, Idiotic Biz Music, EMI April, Dirty Works Music, McVey Music, Runyon Avenue Music, acKenneth Bell Jr. |
| Sing for the Moment | The Eminem Show | PA 1-104-947 (COHM) | Ensign Music Corporation; Eight Mile Style |
| Soldier | The Eminem Show | PA 1-073-064 (COHM) | Ensign Music Corporation; Eight Mile Style |
| Spend Some Time | Encore (Deluxe Version) | PA 1-295-395 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Spit Shine | 8 Mile Soundtrack | PA 1-204-557 | Eight Mile Style, LLC; Martin Affiliated, LLC |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| Spread Your Shit | Cheers | PA 1-245-081 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Square Dance | The Eminem Show | PA 1-073-065 (COHM) | Ensign Music Corporation; Eight Mile Style |
| Steve Berman | The Eminem Show | PAu 2-697-161 | Eight Mile Style |
| Steve's Coffee House (Skit) | D12 World | PA 1-245-086 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Superman | The Eminem Show | PA 1-073-066 | Ensign Music Corporation; Eight Mile Style |
| The Kiss | The Eminem Show | PAu 2-782-860 | Eight Mile Style |
| The Real Slim Shady | Curtain Call – The Hits (Deluxe Version) | PA 980-855 (COHM) | 8 Mile Style Music (a.k.a Eight Mile Style Music), Ensign Music Corporation, Bug Music, Strawberry Blonde Music, WB Music, Music of Windswept, 5 Card Music, Ain't Nothin' Goin' on but F****n Music |
| Til The End | The Hunger For More | PA 1-256-130 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| Till I Collapse | The Eminem Show | PAu 2-697-181 | Eight Mile Style |
| Warrior, Part 2 | The Hunger For More | PA 1-256-133 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| We All Die One Day | Cheers | PA 1-245-075 | Eight Mile Style, LLC; Martin Affiliated, LLC |
| We As Americans | Encore (Deluxe Version) | PA 1-295-407 | Eight Mile Style, LLC; Martin Affiliated, LLC |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| When the Music Stops | The Eminem Show | PA 1-073-063 (COHM) | Ensign Music Corporation; Eight Mile Style Music, EMI April Music, Idiotic Biz Music, Dirty Works Music, McVey Music, Runyon Avenue Music. Emi Blackwood, Foolproof Publishing, Feemstro Music |
| Without Me | Curtain Call – The Hits (Deluxe Version) | PA 1-073-070 (COHM) | Ensign Music Corporation; Eight Mile Style Music; Bell Publishing Designee; Satisfaction Fullfilled, Ltd.; Unforgettable Music, Ltd.; Bug House, Inc.; Buffalo Music |
| Without Me | Curtain Call – The Hits (Deluxe Version) | PA 1-153-337 (COHM) | Reach Global, Inc., Nuez Music, Ensign Music Corporation, Eight Mile Style, Satisfaction Fulfilled, Ltd., Unforgettable Music, Ltd., bug House, Inc., Buffalo Music |

| COMPOSITION TITLE | ALBUM TITLE | REGISTRATION NUMBER | CLAIMANT |
|---|---|---|---|
| Without Me | The Eminem Show | PA 1-073-070 (COHM) | Ensign Music Corporation; Eight Mile Style Music; Bell Publishing Designee; Satisfaction Fulfilled, Ltd.; Unforgettable Music, Ltd.; Bug House, Inc.; Buffalo Music |
| Yellow Brick Road | Encore (Deluxe Version) | PA 1-295-399 | Eight Mile Style, LLC; Martin Affiliated, LLC |