# Exhibit 10

# Declaration of Wenchan Wang

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

_____/

## DECLARATION OF WENCHAN WANG IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9238
kelly.klaus@mto.com

Attorneys for Defendants

# DECLARATION OF WENCHAN WANG

I, Wenchan Wang, declare as follows:

1. I am currently employed by UMG Recordings, Inc. ("UMG") as Vice President of Copyright Royalty. I am responsible for overseeing the copyright licensing and copyright royalty process at UMG. I am familiar with the manner in which UMG and its affiliates account for copyright royalties and with the copyright royalty statements UMG provides to publishers of compositions. Except as otherwise noted, I have personal knowledge of the facts set forth herein. If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2. I understand this case deals with compositions written in whole or in part by Marshall B. Mathers III, p/k/a "Eminem" ("Eminem Compositions"). I also understand that Plaintiffs Eight Mile Style, LLC ("Eight Mile") and Martin Affiliated, LLC ("Martin Affiliated") are the copyright owners and publishers of the Eminem Compositions.

3. The royalties paid to the publishers of musical compositions for the sale of sound recordings embodying those compositions are commonly referred to as "mechanical royalties." (Sound recordings are also referred to as phonorecords.) Those royalties are reflected on royalty statements that are generated and sent on a quarterly basis, along with checks for any royalties that are owing.

4. UMG has regularly accounted to and paid Eight Mile and Martin Affiliated for the mechanical royalties owed in connection with the sale of sound recordings embodying the Eminem Compositions. Specifically, UMG has accounted for and paid mechanical royalties to Eight Mile and Martin Affiliated for the sale of sound recordings embodying the Eminem Compositions in physical formats, such as compact discs, for nearly a decade. In addition, UMG has paid mechanical royalties to Eight Mile and Martin Affiliated on the sale of *digital download recordings* embodying the Eminem Compositions every quarter for over four years, from July

1

2003 (shortly after the opening of the Apple iTunes store) to December 2007 (the last accounting period).

5. Eight Mile and Martin Affiliated are paid mechanical royalties either at the "Controlled Rate" pursuant to the "Controlled Composition" clauses in Eminem's artist recording agreements with Aftermath Records for the sale of compact discs, or at a higher statutory rate pursuant to the Copyright Act, 17 U.S.C. § 115(c)(3)(E), for the sales of "digital phonorecord deliveries," which include the sale of digital downloads through iTunes.

6. The royalty statements sent to Eight Mile and Martin Affiliated over the years reflecting mechanical royalties paid to them for the sales of sound recordings embodying the Eminem Compositions are very voluminous and total well over 1,000 pages. True and correct representative samples of the royalty statements sent to Eight Mile and Martin Affiliated are attached as Exhibits E and F hereto. Exhibit E is the royalty statements for the quarter immediately preceding the filing of this lawsuit, April 2007 to June 2007, and Exhibit F is the most recently issued royalty statements, for the October 2007 to December 2007 quarter.

7. The royalty statements that were sent to Eight Mile and Martin Affiliated reflect, among other things:

    a.    the titles of the musical compositions;

    b.    the format in which the sound recordings embodying the compositions were sold;

    c.    the percentage of the compositions that the publisher owns;

    d.    the number of units of the sound recordings sold;

    e.    and the royalty rate that is applied to the number of units sold.

8. The royalty statements sent to Eight Mile and Martin Affiliated expressly reflect the payment of mechanical royalties for digital downloads. Beginning with the 2003 statements and thereafter, digital downloads are identifiable by reference to the "Config" column on the

royalty statements. The abbreviation "ID" in that column refers to digital downloads. Beginning with the April 2005 statements and thereafter, digital downloads are also identifiable by reference to the "Sales Type" column. The abbreviation "DNLD" in that column refers to permanent digital downloads.

9. Eight Mile and Martin Affiliated have cashed the checks they have received each quarter with their royalty statements. The portion of the cashed checks attributable to digital downloads of sound recordings embodying the Eminem Compositions (including sales through Apple's iTunes store) totals more than $647,600. During the entire time that Eight Mile and Martin Affiliated have been receiving payments for the exploitation of sound recordings embodying the Eminem Compositions, Eight Mile and Martin Affiliated have accepted (and have never refused to accept) payment for the sales of digital download recordings. In fact, even during the pendency of this lawsuit, Eight Mile and Martin Affiliated have continued to accept and cash their royalty checks. True and correct copies of checks cashed by Eight Mile and Martin Affiliated on February 25, 2008 are attached hereto as Ex. G.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of May, 2008 at Universal City, California.

Wenchan Wang

4959703.1

## CERTIFICATE OF SERVICE

I hereby certify that on ___5/5___, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

s/Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

_____/

**INDEX OF EXHIBITS TO DECLARATION OF WENCHAN WANG**

Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9238
kelly.klaus@mto.com

Attorneys for Defendants

# INDEX OF EXHIBITS

Exhibit E:     April 2007 to June 2007 Royalty Statements (Filed Under Seal)

Exhibit F:     October 2007 to December 2007 Royalty Statements (Filed Under Seal)

Exhibit G:     February 25, 2008 cancelled checks to Eight Mile Style and Martin Affiliated (Filed Under Seal)

# Exhibit E

# April 2007 to June 2007 Royalty Statements (Filed Under Seal)

# Exhibit F

# October 2007 to December 2007 Royalty Statements
# (Filed Under Seal)

# Exhibit G

# February 25, 2008 cancelled checks to Eight Mile Style and Martin Affiliated (Filed Under Seal)