# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| Exhibit "A" Attached |
| --- |

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC

       Plaintiffs,

                                   Case No. 2:07-cv-13164

vs.                               Hon. Anna Diggs Taylor

                                   Magistrate Judge Donald A. Scheer

APPLE COMPUTER, INC. and
INTERVENORAFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

       Defendants.

| | |
| --- | --- |
| Richard S. Busch  (TN BPR#14594)<br>King & Ballow<br>1100 Union Street Plaza<br>315 Union Street<br>Nashville, TN 37201<br>(615) 259-3456<br>rbusch@kingballow.com<br>Attorneys for Plaintiffs | Kelly M. Klaus<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue<br>Suite 3500<br>Los Angeles, CA  90071-1560<br>(213) 683-9238<br>kelly.klaus@mto.com<br>Attorneys for Defendants |
| Howard Hertz (P26653)<br>Hertz Schram PC<br>1760 South Telegraph Road, #300<br>Bloomfield Hills, MI  48302<br>(248) 335-5000<br>hhertz@hertzschram.com<br>Attorneys for Plaintiffs | Daniel D. Quick (P48109)<br>Dickinson Wright PLLC<br>38525 Woodward Avenue<br>Suite 2000<br>Bloomfield Hills, MI 48304<br>dquick@dickinsonwright.com<br>Attorneys for Defendants |

## STIPULATED PROTECTIVE ORDER

      The Court, having read the Stipulation of the Parties, and good cause appearing therefore, hereby issues the following protective order ("Order"):

      1.      In connection with discovery proceedings in this action, any party to this action or any third party providing discovery material in this action (hereinafter "Producing Party") may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to the

4844004.1

proprietary information used by the parties in, or pertaining to, their business, which is not generally known and which the parties would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.

2.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page documents shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party.  A Producing Party's designation of information as "Confidential" pursuant to this Order shall constitute a representation that the party has reviewed the information and has a good faith basis for its designation.

3.      A Producing Party may designate testimony taken at a deposition as "Confidential" by making a statement to that effect on the record at the deposition.  A court reporter taking and/or transcribing such deposition shall separately bind such portions of the transcript designated hereunder, shall label such portions to clearly identify the designation provided.

4.      Material designated as Confidential pursuant to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Confidential Material produced in the case captioned *F.B.T. Productions, LLC, et. al. v. Aftermath Records doing business as Aftermath Entertainment, et. al.*, Case No. CV 07-03314 (C.D. Cal.) (the "*F.B.T.* Action") may be used in this case but only (a) for the purpose of the prosecution, defense, or settlement of the same and (b) on the condition that such Confidential Material is treated under the terms of this Order as Confidential Material or as Attorney's Eyes Only Material (as set forth in Paragraph 7, below), as designated by the Producing Party.

- 2 -

5.      Confidential Material may be disclosed or made available only to the Court, to counsel for a party (including in-house counsel, and any paralegal, clerical, or secretarial staff employed by outside or in-house counsel), and to the "qualified persons" designated below:

(a)      a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)      experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)      court reporter(s) employed in this action;

(d)      a witness at any deposition or other proceeding in this action, provided that it appears from the face of the Confidential Material that such witness had access to the same independent of this action (the fact that Confidential Material may be disclosed in a deposition or other proceeding to a court reporter or witness does not permit the disclosure of such Confidential Material during the same deposition or other proceeding to other persons not otherwise included in the list of qualified persons); and

(e)      any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" (other than an independent court reporter retained to transcribe or videotape depositions) shall be provided with a copy of this Order and shall execute an agreement to be bound in the form of Attachment A.  It shall be the duty of counsel of record in this case to maintain the signed copies of any such agreements to be bound

6.      Only qualified persons permitted to review Confidential Material may attend depositions at which Confidential Material is used or discussed.

7.      The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for a party (including any paralegal, clerical, or

- 3 -

secretarial staff employed by that counsel), to the "qualified persons" listed in subparagraphs 5(b) through (e) above, and to the following in-house counsel: Harvey Geller, Senior Vice President, Business and Legal Affairs, UMG Recordings, Inc., Scott Bauman, Vice President, Litigation Counsel, Business and Legal Affairs, UMG Recordings, Inc., and Chris Kyriacou, Litigation Counsel, Apple Inc. Attorney's Eyes Only Material shall not be disclosed to any other person or entity (including without limitation a party, or an officer, director or employee of a party), unless expressly permitted in a signed writing executed by the Producing Party. Except as specifically amended in this Paragraph 7, all other provisions in this Order regarding Confidential Material shall apply to material designated as Attorney's Eyes Only Material.

8.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.      If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only Material, is included in any papers to be filed with the Court, the Confidential portions thereof shall be filed under seal (if such portions are segregable) pursuant to Local Rule 5.3 or, if the Confidential portions are not segregable, the papers in their entirety shall be filed under seal in accordance with Local Rule 5.3.

10.      A Producing Party that inadvertently fails to designate discovery material as Confidential or Attorney's Eyes Only Material at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who reviewed the re-designated discovery material prior to notice of the re-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the re-designated materials.

11.      A Producing Party that inadvertently produces any document or other information during discovery in this action that is otherwise privileged under the attorney-client or other

- 4 -

privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information.  Upon receipt of a written request for return by the inadvertently Producing Party, the party to whom that information was produced (a) shall immediately destroy the original and all copies (physical or electronic) of such material and shall send the Producing Party written confirmation of that destruction within 10 calendar days of having received the request and (b) shall not thereafter use such information for any purpose unless authorized to do so by the Court.

12.     This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or of altering any existing obligation of any party or the absence thereof.

14.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder, and all parties consent to the jurisdiction of this Court over them to resolve any such dispute.  Within sixty (60) days of the final resolution of this action, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

- 5 -

4844004.1

15.     Plaintiffs have agreed to Defendants' proposed Protective Order in order to facilitate the production of documents but specifically reserve their rights to seek an Order modifying any or all of the following: a) the definition of "Confidential" information contained in Paragraph 1; b) to add Mark Levinsohn to the list of qualified persons in Paragraph 7 to whom Attorney's Eyes Only Material may be disclosed; and c) Paragraphs 5(d) and 6, insofar as those provisions do not permit principals of Plaintiffs to be present at those portions of depositions wherein there is a disclosure, questioning or testimony regarding Confidential or Attorney's Eyes Only Material that may not be disclosed to those principals under Paragraph 5 or Paragraph 7. Defendants reserve their rights to oppose any such request by Plaintiffs to modify the terms of this Order.  Unless and until such time as the Court enters a revised Order granting Plaintiffs such relief as is contemplated in this paragraph, Plaintiffs consent to abide by the Protective Order in its current form.


DATED:  MAY 7, 2008                    **S/ ANNA DIGGS TAYLOR**
                                       UNITED STATES DISTRICT JUDGE


Stipulation on following page.

4844004.1

Stipulated and notice of entry waived.

/s/ Howard Hertz _____
Howard Hertz (P26653)
Hertz Schram PC
1760 South Telegraph Road, #300
Bloomfield Hills, MI  48302
(248) 335-5000
hhertz@hertzschram.com
Attorneys for Plaintiffs

Richard S. Busch  (TN BPR#14594)
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com
Attorneys for Plaintiffs

/s/ Daniel D. Quick _____
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI  48304
(248) 433-7200
dquick@dickinsonwright.com
Attorneys for Defendants

Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA  90071-1560
(213) 683-9238
kelly.klaus@mto.com
Attorneys for Defendants

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 7, 2008.

s/Johnetta M. Curry-Williams
Case Manager

- 7 -

4844004.1

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC

        Plaintiffs,

                                       Case No. 2:07-cv-13164
vs.                                     Hon. Anna Diggs Taylor
                                       Magistrate Judge Donald A. Scheer

APPLE COMPUTER, INC. and
INTERVENORAFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

        Defendants.

        I have read the Protective Order ("Order") entered in the above-captioned action.  I understand the Order's terms, and agree to be fully bound by those terms.  I hereby consent to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of the enforcement of this Agreement.  I understand, in particular, that any Confidential or Attorneys' Eyes Only Material (as defined in the Order), may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

Dated: _____        Agreed: _____
                                          (Signature)

                                    Name: _____

                                    Address: _____

4844004.1