UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC

      Plaintiffs,

vs.

APPLE COMPUTER, INC. and INTERVENOR
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

      Defendants.

Case No. 2:07-cv-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiffs having filed a Motion to Compel Discovery (Doc. 33, hereinafter "Plaintiffs' Motion"), plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC, and defendants Apple Inc. ("Apple") and Aftermath Records d/b/a Aftermath Entertainment ("Aftermath") (collectively, "the Parties") having appeared before Magistrate Judge Donald Scheer and the court being fully advised in the circumstances, IT IS HEREBY ORDERED that:

1.    As to Interrogatory 6, Plaintiffs' Motion is GRANTED and by no later than July 3, 2008, Apple shall respond in writing to Interrogatory 6, revised as follows: "Please explain the basis for your belief that Apple has the right to make available for permanent download sound recordings embodying any of the compositions at issue in this case.";

2.    Plaintiffs' Motion as to Interrogatory 18 and Document Request 6 is DENIED AS MOOT based on the parties' resolution as follows:

    a.    Insofar as the motion is directed to Defendant Apple, the Motion is resolved by Apple's agreement to produce, and Apple's having produced prior to the submission

of the proposed form of this order, a representative sample of those agreements that Apple has with management companies representing artists, where such management companies are from Apple's perspective functionally equivalent to record labels;

        b.      Insofar as the motion is directed to Defendant Aftermath, the motion is resolved by Aftermath's agreement that it shall state in writing by no later than July 3, 2008 as to whether Aftermath has in its possession, custody or control any license, contract or agreement with any third party that Aftermath may contend gives it the right (or the right to authorize others) to make available for permanent download sound recordings embodying the compositions at issue in this case. If Aftermath states that it has such documents, Aftermath has agreed that it will produce such documents promptly following its written response on July 3, 2008;

    3.    Plaintiffs' Motion as to Interrogatory 19 is DENIED AS MOOT based on Apple's agreement to respond in writing, by no later than July 3, 2008, to Interrogatory 19, revised as follows: "With respect to each of Sony-BMG Music Entertainment, Warner Music Group and EMI Group, state whether that major music label company purports to grant licenses to Apple for mechanical reproduction of underlying musical compositions";

    4.    Plaintiffs' Motion as to Document Request 26 is DENIED AS MOOT based on Apple's agreement to produce those documents described in Paragraph 2(b) above, and Apple's representation, as stated in its Opposition to the Motion to Compel, that "Apple has not entered into licenses directly for rights to musical compositions." It is understood by and between the parties that Apple's response and representation have excluded any agreements that Apple has with foreign copyright entities, such as collecting societies in Europe or elsewhere outside the United States;

5. Plaintiffs' Motion with respect to Interrogatories and Document Requests pertaining to damages issues (Interrogatories 11, 12, 13 and 14 and Document Requests 14, 16 and 19) is deferred pending the Court's resolution of Defendants' Motion to Bifurcate Damages Discovery and Trial (Doc. No. 38) (the "Bifurcation Motion"). Following the Court's resolution of the Bifurcation Motion, the Parties shall meet and confer to resolve any remaining issues as to what discovery related to damages should be taken, and in what time frame. The Parties may bring any disputes they are unable to resolve through such meet and confer to the Court's attention. The parties reserve their respective objections and positions regarding these Interrogatories and Document Requests;

6. Plaintiffs have withdrawn their Motion regarding Interrogatory 16, Document Request 7 and Document Request 13, and the Court accordingly DENIES AS MOOT so much of Plaintiffs' Motion as applies to these issues;

7. The parties have resolved their pending disputes regarding the depositions of Eddy Cue and a 30(b)(6) witness of Apple, and the Court accordingly DENIES AS MOOT so much of Plaintiffs' Motion as applies to these issues;

8. Plaintiffs' Motion to take the deposition of Mr. Leo Ferrante is hereby GRANTED and that deposition shall go forward for no more than two hours on June 26, 2008;

9. Plaintiffs' Motion to take the deposition of Mr. Tim Hernandez is DENIED. The Court has denied this part of Plaintiffs' Motion pursuant to Federal Rules of Civil Procedure 30(a)(2)(A)(i) for reasons stated at the hearing . In the event Plaintiffs bring a renewed motion to depose Mr. Hernandez, all of Defendants' objections and arguments in opposition to the taking of the deposition are reserved.

10. As to plaintiffs' Rule 30(b)(6) Notice of Deposition to Aftermath, the Court finds

this issue was not referred to it and accordingly DENIES so much of Plaintiffs' Motion as applies to the this issue. The Parties have represented that they are continuing to meet and confer concerning issues related to this issue.

  11. Defendants having agreed to produce certain written responses identified above by July 3, 2008; and the Parties having resolved to continue to meet and confer concerning plaintiffs' Rule 30(b)(6) Notice of Deposition to Aftermath which includes certain topics that Plaintiffs contend may impact their response to Defendants pending Motion for Summary Judgment (Doc. No. 34); and the parties having agreed that the following schedule is acceptable in the circumstances, IT IS HEREBY FURTHER ORDERED that Plaintiffs' Response to defendants' Motion for Summary Judgment shall be due on July 21, 2008, and Defendants' Reply shall be due on August 15, 2008.

  IT IS SO ORDERED.

  Dated: June 25, 2008     s/Donald A. Scheer
               HONORABLE DONALD A. SCHEER

Approved as to form and notice of entry waived.

/s/Howard Hertz
Howard Hertz (P26653)
Hertz Schram PC
1760 South Telegraph Road, #300
Bloomfield Hills, MI  48302
(248) 335-5000
hhertz@hertzschram.com
Attorneys for Plaintiffs

Richard S. Busch  (TN BPR#14594)
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com
Attorneys for Plaintiffs

/s/ Daniel D. Quick (by consent)
Daniel D. Quick (P48109)
Dickinson Wright PLLC
48525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com
Attorneys for Defendants

Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9238
kelly.klaus@mto.com
Attorneys for Defendants