# EXHIBIT A

# DECLARATION OF RICHARD S. BUSCH

Case No. 2:07-cv-13164:  Eight Mile Style, LLC, et al. v. Apple Computer Inc., et al.

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC, and MARTIN
AFFILIATED, LLC,

    Plaintiffs,

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

    Defendant.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| Howard Hertz, Esq. (P26653) | Richard S. Busch (TN BPR#14594) |
| Jay G. Yasso, Esq. (P45484) | King & Ballow |
| Hertz Schram PC | 1100 Union Street Plaza |
| 1760 S. Telegraph Rd., Suite 300 | 315 Union Street |
| Bloomfield Hills, MI 48302 | Nashville, TN 37201 |
| (248) 335-5000 | (615) 259-3456 |
| hhertz@hertzschram.com | rbusch@kingballow.com |
| jyasso@hertzschram.com | Attorneys for Plaintiffs |
| Attorneys for Plaintiffs | |

**DECLARATION OF RICHARD S. BUSCH IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS APPLE COMPUTER, INC. AND AFTERMATH RECORDS d/b/a/ AFTERMATH ENTERTAINMENT**

    I, Richard S. Busch, having personal knowledge of the facts contained in this declaration, state as follows:

    1.    I am an attorney and partner in the law firm of King & Ballow, which represents Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC ("Plaintiffs") in the above-entitled action. I am familiar with the files in this litigation.

    2.    Attached hereto as **Exhibit 1** is a true and accurate copy of relevant portions of the deposition transcript of Peter Paterno which I took on behalf of Plaintiffs on April 30, 2008,

1

and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

3. Attached hereto as **Exhibit 2** is a true and accurate copy of relevant portions of the deposition transcript of Lisa Rogell which I took on behalf of Plaintiffs on May 5, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

4. Attached hereto as **Exhibit 3** is a true and accurate copy of relevant portions of the deposition transcript of Marnie Nievas which I took on behalf of Plaintiffs on June 5, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

5. Attached hereto as **Exhibit 4** is a true and accurate copy of relevant portions of the deposition transcript of Rand Hoffman which I took on May 27, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

6. Attached hereto as **Exhibit 5** is a true and accurate copy of relevant portions of the deposition transcript of Michael Ostroff which I took on June 5, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

7. Attached hereto as **Exhibit 6** is a true and accurate copy of relevant portions of the deposition transcript of Joel Martin taken on May 14, 2008, which I attended and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

8. Attached hereto as **Exhibit 7** is a true and accurate copy of relevant portions of the deposition transcript of Eddy Cue which I took on June 20, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

9. Attached hereto as **Exhibit 8** is a true and accurate copy of relevant portions of the deposition transcript of Steve Jobs which I took on May 27, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

10. Attached hereto as **Exhibit 9** is a true and accurate copy of relevant portions of the deposition transcript of Patricia Blair which I took on May 29, 2008, and which is referenced in Plaintiffs' Memorandum of Law filed contemporaneously herewith.

11. Attached hereto as **Exhibit 10** is a true and accurate copy of relevant portions of the deposition transcript of Todd Douglas which I took on May 6, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

12. Attached hereto as **Exhibit 11** is a true and accurate copy of relevant portions of the deposition transcript of Chad Gary which I took on May 6, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

13. Attached hereto as **Exhibit 12** is a true and accurate copy of relevant portions of the deposition transcript of Leo Ferrante which I took on June 26, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

14. Attached hereto as **Exhibit 13** is a true and accurate copy of relevant portions of the deposition transcript of Joel Martin taken on June 26, 2008, which I attended and which are

3

referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

15.     Attached hereto as **Exhibit 14** is a true and accurate copy of relevant portions of the deposition transcript of Mark Levinsohn taken on July 15, 2008, which I attended and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

16.     Attached hereto as **Exhibit 15** is a true and accurate copy of relevant portions of the deposition transcript of Melissa Van Hagen taken on June 12, 2008, which I attended and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

15.     Attached hereto as **Exhibit 16** is a true and accurate copy of relevant portions of the deposition transcript of James Harrington I took on May 7, 2008, and which is referenced in Plaintiffs' Memorandum of Law filed contemporaneously herewith.

16.     Attached hereto as **Exhibit 17** is a true and accurate copy of relevant portions of the deposition transcript of Fred Eisler I took on May 7, 2008, and which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

17.     Attached hereto as **Exhibit 18** is a true and accurate copy of the relevant pages of Passman, Donald S., *All You Need to Know About the Music Business* (6th ed. 2006) which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

18.     Attached hereto as **Exhibit 19** is a true and accurate copy of the Adjustment or Determination of Compulsory License Rates for Making and Distributing Phonorecords, being (Docket 2006-3, CRB DPRA) which relevant pages I retrieved from the official website of the

U.S. Copyright Royalty Board, www.loc.gov/crb, and which is referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

19.     Attached hereto as **Exhibit 20** is a true and accurate copy of relevant pages retrieved from the official website of the U.S. Copyright Office, http://www.copyright.gov/docs/section115, entitled "Mechanical and Digital Phonorecords Compulsory License, Scope of the Section 115 license," which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

20.     Attached hereto as **Exhibit 21** is a true and accurate copy of the so-called Industry Agreement entered into among RIAA, NMPA and HFA entitled Joint Statement filed December 6, 2001 with the Copyright Royalty Board in In the Matter of Mechanical and Digital Phonorecord Delivery Compulsory License, being Docket No. RM2000-7 which I retrieved from the official website of the United States Copyright Office, www.loc.gov/copyright, which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

21.     Attached hereto as **Exhibit 22** is a true and accurate copy of the relevant pages of Senate Report 104-208 in support of Public Law No. 104-39, 109 Stat. 336, Legislative history associated with the revisions to 17 U.S.C. § 115, expressing clear Congressional intent that controlled composition clauses were made inapplicable to DPDs by the enactment of 17 U.S.C. 115(c)(3)(E)(i), which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

22.     Attached hereto as **Exhibit 23** is a true and accurate copy of the relevant pages of the defendants' opposition to the plaintiff's motion for summary judgment in *Reinhardt v. Wal-Mart*, No. 07 Civ. 8233 (SAS), 2008 U.S. Dist. LEXIS 32119 (S.D.N.Y Apr. 18, 2008) which I

retrieved through PACER at the official site for the United States District Court for the Southern District of New York, which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

23. Attached hereto as **Exhibit 24 is a** true and accurate copy of the relevant pages of Farber, 9 *Entertainment Industry Contracts* ¶ 168-01 at 168-3 (2007) and Farber, 8 *Entertainment Industry Contracts*, 159-140.11, Form 159-3 at 159-140.38, ¶ 8 (2007), including the relevant pages of the so-called "Paterno Form" Recording Contract credited in that treatise as "The World's Greatest, Most Sensible and Versatile Exclusive Recording Artist Agreement." Such pages are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

24. Attached hereto as collective **Exhibit 25** is a true and accurate copy of Exhibit A attached to the complaint in *Allman Bros. v. Sony BMG Music Ent.*, No. 1:06-cv-03252-GBD (S.D.N.Y.), which is referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

25. Attached hereto as **Exhibit 26** is a true and accurate copy of the relevant pages of Shemel & Krasilovsky, *This Business of Music* (10th Ed., 2007) which are referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith. These pages supersede and replace the 5th Edition, 2005 of Shemel & Krasilovsky, *This Business of Music* which Defendants attach as Ex. 4a, being Doc. No. 34-6, pages 1-4. The inexact, incorrect language in Defendants' exhibit from a 23-year old edition of the book (that controlled composition clauses "covers the terms of a mechanical license issued to a record company by a copyright proprietor. . .") was expressly omitted from later editions of *This Business of Music*, and clearly is not in the most recent 2007 edition.

26. Attached hereto as **Exhibit 27** is a true and accurate copy of a letter we received from counsel for defendants on July 3, 2008 regarding the ongoing meet and confer process over plaintiffs' Notice of 30(b)(6) Deposition served on defendant Aftermath. In it, defendants state that they have "no information regarding the circumstances concerning" the *Lose Yourself* license beyond what plaintiffs obtained from deposing Ms. Blair and Mr. Gary, but that "UMG's copyright department approved of entering into that agreement."

27. Attached hereto as **Exhibit 28** is a true and accurate copy of defendants' responses and objections to plaintiffs' Notice of 30(b)(6) Deposition served on defendant Aftermath, which is referenced in Plaintiffs' Memorandum of Law and/or other papers filed contemporaneously herewith.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of August 2008, at Nashville, Tennessee.

_____
Richard Busch