UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

**STIPULATION AND ORDER REGARDING TRIAL SCHEDULE, EXPERT DISCOVERY ON DAMAGES, AND RESOLUTION OF PLAINTIFFS' EMERGENCY DISCOVERY MOTION (DKT #120)**

At a session of said Court, held in the Federal Courthouse in the
City of Detroit, County of Wayne, State of Michigan,
on this June 22, 2009

Present: <u>Honorable Anna Diggs Taylor</u>
United States District Judge

Upon noting the stipulation of the parties below, IT IS HEREBY ORDERED that:

(1)    The Bench Trial in this matter shall commence on **September 22, 2009, at 9:00 A.M.** before United States District Judge Anna Diggs Taylor. The Final Pretrial Conference and Settlement Conference shall take place on August 6, 2009, at 9:30 A.M.

(2)    The date for Plaintiffs to serve their disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2) on the issue of alleged damages shall be July 3, 2009. The date for

Defendants to serve their rebuttal disclosure on the issue of alleged damages shall be August 3, 2009. The last date for depositions of damages experts shall be August 14, 2009.

       (3)      The date for completing all depositions noticed as of May 28, 2009 (including depositions noticed as of that date and thereafter re-noticed) shall be July 31, 2009, in accordance with the parties' stipulation set forth herein;

       (4)      Plaintiffs' Emergency Motion to Resolve Discovery Issues (Docket No. 120), which this Court referred to Magistrate Judge Scheer (Docket No. 121), is withdrawn. The hearing set for June 16, 2009 before Magistrate Judge Scheer is taken off calendar (Docket No. 122).

Dated: June 22, 2009                              **S/ ANNA DIGGS TAYLOR**
                                                       UNITED STATES DISTRICT JUDGE

STIPULATION OF THE PARTIES

WHEREAS, by Order entered June 8, 2009, the Court set a Bench Trial in this matter for September 1, 2009, at 9:00 A.M. before United States District Judge Anna Diggs Taylor, and set the Final Pretrial Conference and Settlement Conference for August 6, 2009, at 9:30 A.M.; and

WHEREAS, Defendants have advised Plaintiffs that the September 1, 2009 presents a hardship for Defendants because Defendant Aftermath Records' client representative and at least one of Defendants' trial witnesses would be unavailable for the trial. Specifically, Aftermath's client representative, Scott Bauman, Vice President and Litigation Counsel (Universal Music Group), has a pre-paid, pre-planned (since December 2008) vacation out of the country with his family scheduled for the period August 18 - September 3, 2009. Mr. Bauman has been Aftermath's client representative responsible for this litigation. He has attended numerous depositions, has been involved in client-to-client discussions with Plaintiffs' representatives, and will be Aftermath's client representative in attendance at the trial. In addition, one of

Aftermath's trial witnesses, Rand Hoffman, Head of Business and Legal Affairs (Interscope-Geffen-A&M Records), will be on a pre-planned vacation from September 4 through September 11, 2009. Defendants have inquired of Plaintiffs of their willingness to continue the trial from the September 1, 2009 date to accommodate these conflicts; and

WHEREAS, Plaintiffs have advised Defendants that Plaintiffs' counsel is unavailable for trial starting on either September 8 or September 15, 2009, because of pre-existing commitments. Plaintiffs have further advised that they would be available for and agree to a trial commencement of September 22, 2009. Plaintiffs have further advised that they would not agree to commence the trial at a later date, because Defendants' counsel has a trial commitment in early October, Plaintiffs' counsel is unavailable the second half of October, and Plaintiffs do not want the trial to be continued to November; and

WHEREAS, counsel for the parties have inquired of the Court's availability for trial commencing on September 22, 2009, and have been informed by the Court's staff that the parties should submit a stipulation explaining the reasons for their request; and

WHEREAS, the parties would not request a modification to the date and time for the Final Pretrial Conference and Settlement Conference; and

WHEREAS, the parties have discussed and agreed on a schedule for the exchange of expert disclosures and expert depositions on the issue of alleged damages, as set forth herein; and

WHEREAS, by Stipulation and Order entered April 21, 2009, the Court set a cut-off date of June 10, 2009 for remaining discovery (Docket No. 119); and

WHEREAS, a dispute arose between the parties regarding Plaintiffs' service on May 28, 2009 of deposition subpoenas on third parties EMI Music Publishing ("EMI"), Harry Fox Agency ("Harry Fox"), Rondor Music International/Almo Music Publishing ("Rondor"), Universal Music Corp. ("Universal") and WB Music Corp. ("Warner") (each, hereafter, a "Third

3

Party," and the subpoenas to these Third Parties referred to collectively as the "May 28, 2009 Third-Party Subpoenas"); and

WHEREAS, on June 2, 2009, Plaintiffs filed an Emergency Motion to Resolve Discovery Issues Concerning the May 28, 2009 Third-Party Subpoenas (Docket No. 120); and

WHEREAS, by Order entered June 3, 2009, the Court referred Plaintiffs' Emergency Motion to Magistrate Judge Donald A. Scheer (Docket No. 121); and

WHEREAS, the parties, having met and conferred regarding the Emergency Motion, have agreed to a resolution of issues related to the May 28, 2009 Third-Party Subpoenas, as set forth below;

NOW THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG THE PARTIES HERETO AND THEIR COUNSEL OF RECORD THAT

(1) Subject to the Court's approval, the parties agree to the commencement of the Bench Trial in this matter on September 22, 2009, at 9:00 A.M. The parties are available for the Final Pretrial Conference and Settlement Conference on August 6, 2009, at 9:30 A.M., and do not ask the Court to change the date and time for the Final Pretrial Conference and Settlement Conference. In the event the Court is unavailable to commence the trial starting on September 22, 2009, Defendants respectfully request that the Court convene a scheduling conference with counsel to discuss the trial date.

(2) The date for Plaintiffs to serve their disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2) on the issue of alleged damages shall be July 3, 2009. The date for Defendants to serve their rebuttal disclosure on the issue of alleged damages shall be August 3, 2009. The last date for depositions of damages experts shall be August 14, 2009.

(3) The parties have agreed to the following procedure regarding the conduct of remaining fact depositions, including those depositions noticed in the May 28, 2009 Third-Party Subpoenas:

(a) As of the date of this stipulation, Plaintiffs have received documents in response to the May 28, 2009 Third-Party Subpoenas from EMI and Warner, and Plaintiffs have not received documents from Harry Fox, Rondor or Universal. In addition, Defendants are producing additional documents to Plaintiffs. Plaintiffs would like the opportunity to review these documents to determine if Plaintiffs want to go forward with one or more of the depositions noticed pursuant to the May 28, 2009 Third-Party Subpoenas;

(b) Upon receiving and reviewing documents, if any, produced in response to the May 28, 2009 Third-Party Subpoenas, as well as any additional documents produced by Defendants, Plaintiffs will make a good-faith determination whether the need for one or more depositions pursuant to the May 28, 2009 Third-Party Subpoenas can be obviated by means of a foundational affidavit or declaration from one or more Third Parties. Defendants reserve the right to seek a foundational affidavit or declaration from one or more of the Third Parties (or from any other non-party subpoenaed in connection with this matter).

(c) If Plaintiffs elect to proceed with the deposition of any Third Party, then Plaintiffs shall follow the following procedures for each such deposition:

(i) Plaintiffs' deposition of each such Third Party shall be no more than two hours in duration, unless otherwise agreed to by Defendants or permitted by Order of the Court (or the Magistrate Judge) based upon a showing of good cause based on documents produced to Plaintiffs following the date of this stipulation;

(ii) Any deposition of Rondor or Universal shall be treated together as a single deposition for purposes of the two-hour limitation set forth in Paragraph 3(c)(i) above;

(iii) If Plaintiffs elect to take a deposition of EMI and/or Harry Fox, Plaintiffs agree to (A) conduct those depositions on the same day in New York, (B) work cooperatively with Defendants' counsel to schedule such New York deposition(s) in conjunction with Defendants' counsel's availability in New York during the month of July 2009, and

(C) make Plaintiffs' witness on pending 30(b)(6) topics, Joel Martin, available for deposition in New York in conjunction with the depositions of EMI and/or Harry Fox; and

       (iv)    Any deposition that Plaintiffs elect to take of Rondor/Universal and/or Warner shall take place in Los Angeles at the offices of Defendants' counsel, Munger, Tolles & Olson LLP.

       (4)    The date for completing all depositions noticed as of May 28, 2009 (including any depositions noticed as of that date and thereafter re-noticed) shall be extended to and including July 31, 2009.

       (5)    Plaintiffs and Defendants each represent that, as of the date of this stipulation, neither has any plans or intentions to notice the depositions of any additional fact witnesses (whether an entity or individual).

       (6)    Plaintiffs' Emergency Motion to Resolve Discovery Issues (Docket No. 120), which this Court referred to Magistrate Judge Scheer (Docket No. 121), is withdrawn as moot.

/s/ Daniel D. Quick  P48109
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
 (248) 433-7200
dquick@dickinsonwright.com

/s/ Kelly M. Klaus
Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
 (213) 683-9238
kelly.klaus@mto.com
Attorneys for Defendants

/s/ Howard Hertz
Howard Hertz (BAR)
Hertz Schram PC
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302-0183
(248)335-5000
hhertz@hertzschram.com

/s/ Richard S. Busch
Richard S. Busch
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 726-5422
rbusch@kingballow.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 22, 2009.

s/Johnetta M. Curry-Williams
Case Manager