UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' LATE-DISCLOSED CLAIM OF ENTITLEMENT TO PROFITS FROM SALES OF IPODS BY APPLE INC. UNDER FED. R. CIV. PROC. 37, SETTLED COPYRIGHT LAW, AND FED. R. EVID. 702**

Daniel D. Quick
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com
P48109

Melinda Eades LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9238
melinda.lemoine@mto.com

Attorneys for Defendants

8757116.1

# CONTROLLING AUTHORITIES

## Federal Cases

*Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*,
 388 F.3d 976 (6th Cir. 2004)
*Frank Music v. MGM, Inc.*,
 772 F.2d 505 (9th Cir. 1985)
*Lowry's Reports, Inc. v. Legg Mason, Inc.*,
 271 F. Supp. 2d 737 (D. Md. 2003)
*Mackie v. Rieser*,
 296 F.3d 909 (9th Cir. 2002)
*Sigler v. American Honda Motor Co.*,
 532 F.3d 469 (6th Cir. 2008)
*Thoroughbred Software v. Dice Corp.*,
 488 F.3d 352 (6th Cir. 2007)

## Federal Rules

Federal Rule 26
Federal Rule 37
Federal Rule 37(c)(1)
Federal Rules of Evidence 702

Plaintiffs' belated claim for iPod profits must be excluded on any one of three separate and independent bases. First, Plaintiffs fail to meet the required, threshold showing of a "causal nexus" between revenue from sales of iPods and the alleged infringing sale of records containing the Eminem Compositions. Second, Plaintiffs sandbagged Defendants with the iPod claim on the eve of trial, after affirmatively disavowing it. Third, Plaintiffs' expert testimony on the iPod claim is unreliable and inadmissible under Rule 702. Plaintiffs' Opposition offers no satisfactory response to any of these separate bases for exclusion.

**A.     Plaintiffs Do Not And Cannot Offer "Credible," "Non-Speculative" Evidence Attributing iPod Profits to the Alleged Infringement.**

Plaintiffs do not dispute that in seeking these indirect profits, they bear the burden to prove by "credible evidence, not speculation" that the profits are "attributable to the infringement" under controlling Sixth Circuit law. *Thoroughbred Software v. Dice Corp.*, 488 F.3d 352, 360 (6th Cir. 2007). Plaintiffs' Opposition offers no such evidence—indeed does not even cite to their expert's sworn testimony—because Plaintiffs' own expert acknowledges that credible, non-speculative evidence *does not exist*. Mr. Cohen testified repeatedly that he *did not know* whether or to what extent iPod sales were attributable to the availability of the Eminem Compositions through the iTunes Store. Ex. 6 [Cohen Dep.,113:14-24, 115:24-116:7, 117:25-119:3]. Using the precise wording of the applicable cases, Mr. Cohen testified that it would be "speculative," or even "highly speculative," to define the purported connection. Ex. 6 [Cohen Dep., 114:2-7, 117:21-118:11]. In other words, Plaintiffs' expert testified that he *cannot* do exactly what Plaintiffs *must* do to carry their burden and shift it to Defendants to demonstrate deductible expenses and elements other than the infringement. This testimony disposes of Plaintiffs' claim. *See Mackie v. Rieser*, 296 F.3d 909, 915-16 (9th Cir. 2002) (requiring a threshold determination of causation based on "non-speculative," "concrete" evidence).

Plaintiffs point to Mr. Cohen's characterization of the "maximum" that Plaintiffs could be entitled to, but that "calculation"—which Mr. Cohen concedes is inaccurate—only relates to

- 1 -

8757116.1

Plaintiffs' belated claim for iPod profits must be excluded on any one of three separate and independent bases. First, Plaintiffs fail to meet the required, threshold showing of a "causal nexus" between revenue from sales of iPods and the alleged infringing sale of records containing the Eminem Compositions. Second, Plaintiffs sandbagged Defendants with the iPod claim on the eve of trial, after affirmatively disavowing it. Third, Plaintiffs' expert testimony on the iPod claim is unreliable and inadmissible under Rule 702. Plaintiffs' Opposition offers no satisfactory response to any of these separate bases for exclusion.

**A.     Plaintiffs Do Not And Cannot Offer "Credible," "Non-Speculative" Evidence Attributing iPod Profits to the Alleged Infringement.**

Plaintiffs do not dispute that in seeking these indirect profits, they bear the burden to prove by "credible evidence, not speculation" that the profits are "attributable to the infringement" under controlling Sixth Circuit law. *Thoroughbred Software v. Dice Corp.*, 488 F.3d 352, 360 (6th Cir. 2007). Plaintiffs' Opposition offers no such evidence—indeed does not even cite to their expert's sworn testimony—because Plaintiffs' own expert acknowledges that credible, non-speculative evidence *does not exist*. Mr. Cohen testified repeatedly that he *did not know* whether or to what extent iPod sales were attributable to the availability of the Eminem Compositions through the iTunes Store. Ex. 6 [Cohen Dep.,113:14-24, 115:24-116:7, 117:25-119:3]. Using the precise wording of the applicable cases, Mr. Cohen testified that it would be "speculative," or even "highly speculative," to define the purported connection. Ex. 6 [Cohen Dep., 114:2-7, 117:21-118:11]. In other words, Plaintiffs' expert testified that he *cannot* do exactly what Plaintiffs *must* do to carry their burden and shift it to Defendants to demonstrate deductible expenses and elements other than the infringement. This testimony disposes of Plaintiffs' claim. *See Mackie v. Rieser*, 296 F.3d 909, 915-16 (9th Cir. 2002) (requiring a threshold determination of causation based on "non-speculative," "concrete" evidence).

Plaintiffs point to Mr. Cohen's characterization of the "maximum" that Plaintiffs could be entitled to, but that "calculation"—which Mr. Cohen concedes is inaccurate—only relates to

*half* of Plaintiffs' burden. Ex. 6 [Cohen Dep., 111:2-114:14] Plaintiffs must not only offer some way to measure the profits at issue—there must also be concrete, non-speculative evidence *linking* the profits to the allegedly infringing conduct in the first place. *See Frank Music v. MGM, Inc.*, 772 F.2d 505, 517 (9th Cir. 1985) (holding that indirect profits could be recovered "if ascertainable" only *after* finding that there was a causal connection between the profits and the allegedly infringing conduct). Mr. Cohen's concededly inaccurate measure of the potential profits at stake is not credible, non-speculative evidence establishing a causal link. Before the calculation may even be applied, Plaintiffs must connect the sales of iPods not only to the iTunes Store – but to the allegedly infringing recordings here. Mr. Cohen's testimony that he cannot do that dooms Plaintiffs' claim as a matter of law. *See Lowry's Reports, Inc. v. Legg Mason, Inc.*, 271 F. Supp. 2d 737, 752 (D. Md. 2003) (disallowing claim for indirect profits when Plaintiffs' expert "could not say" whether a causal link connected the defendants' profits to the alleged infringement).

Instead of meaningfully responding to these arguments, Plaintiffs exaggerate them, claiming Defendants set an excessively high standard of proof. Opp'n at 12, 15. Contrary to Plaintiffs' mischaracterizations, Defendants do not contend that Plaintiffs must produce a witness who bought an iPod because of the availability of the Eminem Compositions, nor do Defendants contend that Mr. Cohen had to quantify with exact precision the amount of iPod profits he claims are attributable to the infringement. But the cases demand that Plaintiffs offer more than they have offered here – an expert who *does not know* whether iPod sales were affected by the availability of the Eminem Compositions through the iTunes Store and who *cannot quantify* the correct amount that would be attributable if he tried. *See* Ex. 6.

In lieu of evidence, Plaintiffs point only to Mr. Cohen's unsworn expert report to support a causal link. But the report is hearsay – not credible evidence. *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 479-80 (6th Cir. 2008). Even if the unsworn expert report could be considered "credible evidence," it fails utterly to draw a causal connection between the

availability of Eminem records embodying the Eminem Compositions through the iTunes Store and the sought-after iPod profits here. The only connection between Eminem and iPods that the expert report can conjure up are two dated commercials featuring "Lose Yourself." Plaintiffs' Opposition does not dispute that "Lose Yourself" was licensed for distribution through iTunes in permanent download form, or that the commercials' use of "Lose Yourself" was wholly licensed or resolved through prior litigation. Plaintiffs' Opposition does not cite a single case supporting the notion that an award of infringer's profits can be attributed to the wholly licensed use of a composition, in a commercial advertising the availability of an undisputedly licensed composition. To the contrary, the cases they cite involved an infringing use in advertisement, which simply did not happen here. *See* Opp'n at 12.

### B. The Late Disclosure is Unjustified, Prejudicial and Disruptive

Plaintiffs admit that the Federal Rules required them to disclose their claims for damages based on the information that was "reasonably available" to them at the outset of this case. Plaintiffs claim they could not disclose their iPod profit claim until after Defendants produced financial documents. ***But Plaintiffs' belated iPod profit claim is not based on any documents produced in this lawsuit.*** It is based solely on public securities filings, press articles, and the two commercials from as early as 2004 with which Plaintiffs are intimately familiar. All of the bases for Plaintiffs' belatedly disclosed iPod profit claim were more than "reasonably available" to Plaintiffs when they served their Initial Disclosures more than two years ago. But those disclosures said nothing about iPod profits, focusing exclusively on any profits from the sales of Eminem records through the iTunes Store.[1] Indeed, *none* of the discovery Plaintiffs sought or obtained throughout this case had anything to do with iPod profits, but Plaintiffs still try to distract from their failure here by accusing Defendants of discovery delays. This failure cannot

---

[1] Plaintiffs' claim that they satisfied their obligation by tracking the statutory language of the copyright remedies statute – seeking profits of Apple "attributable to" the infringing conduct – does not merit a response. If a party could satisfy their disclosure obligations by parroting the applicable remedy statute, then there would be no point in requiring Initial Disclosures at all.

- 3 -

8757116.1

be laid at Defendants' feet.  Plaintiffs knew everything they needed to know to assert this claim at the outset of this case, and had a duty of disclosure under the Federal Rules yet failed to discharge that basic duty.

Plaintiffs did not simply fail to disclose this claim—Plaintiffs' counsel expressly disavowed any relationship between iPod profits and damages in this case over a year ago.  *See* Ex. 2 [Cue Dep., 114:8-116:8] (saying that questions about profits from iPods have "nothing to do with profit issues with respect to profit and loss on the songs involved in the Eminem case," and had "nothing to do with damages.")  In a footnote, Plaintiffs attempt to evade this record by disclaiming reliance on the deposition in which the statements were made, even though it figured prominently in their expert's report.  Ex. 3 at 5.  Whether Plaintiffs rely on Mr. Cue's testimony or not does not change the facts.  Plaintiffs' counsel *denounced* any connection between iPods and damages in ***this case***, and more than a year later Plaintiffs changed course and claimed iPod profits as damages on the eve of trial.  Federal Rules 26 and 37 protect against precisely this kind of ambush.  Plaintiffs may not keep a potentially multi-million dollar claim under their hat for years only to disclose it shortly before trial.

Plaintiffs' untimely damage theory is barred because they cannot prove the lack of prejudice; accordingly, exclusion is an "automatic and mandatory" sanction under Rule 37(c)(1). *See Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). Plaintiffs claim that their failure to disclose the iPod claim will not disrupt trial or prejudice Defendants, because Defendants have deposed Plaintiffs' expert and provided a rebuttal expert report.  That is wrong.  Plaintiffs' newly-disclosed claim has *already* disrupted trial and prejudiced Defendants, and the prejudice can only be heightened with each day the claim remains in play.  The iPod claim alone will turn a relatively short trial into a much longer affair. Plaintiffs' multi-million dollar iPod claim involves several additional fact witnesses, documents and aspects of Apple's business that were never explored in discovery.  Defendants have been forced to retain a rebuttal expert, who had to submit lengthy report addressing the claim on an

extraordinarily tight timetable.  Despite Defendants' offer, Plaintiffs have not yet even sought to depose these several fact and expert witnesses—which this Court's rules require and Plaintiffs doubtless will insist on doing before trial begins.  This last-minute preparation consumes valuable and necessary trial preparation time and distracts counsel and the Court from the real issues in the case.  To prevent even greater disruption and prejudice, this Court must act to prevent Plaintiffs from further hijacking this trial with a legally baseless claim for unrelated profits.

### C. Mr. Cohen's Testimony Must be Excluded Under Federal Rule of Evidence 702.

Plaintiffs claim that the exclusion of their expert would be an extreme remedy that is unwarranted here.  But Defendants do not seek to exclude Mr. Cohen's testimony altogether – just the portion of his testimony that deals with iPod profits.  That is not an extreme remedy, it is required in light of Plaintiffs' expert's concessions. The Federal Rules of Evidence do not permit unreliable, "indeterminate" expert opinion.  Fed. R. Evid. 702.

Plaintiffs' plea to consider Apple's iPod profits in the event they seek statutory damages is misguided.  The cases they cite hold only that unquantifiable profits or actual damages *attributable to the infringement* may support an "in lieu" statutory award.  Profits unattributable to the infringement may not be considered.

### D. Conclusion

Plaintiffs' iPod claim must be excluded – on any of these three independent grounds.

s/*Daniel D. Quick*   P48109
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

*s/Melinda E. LeMoine*
Munger, Tolles & Olson LLP
355 South Grand Avenue Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9238
melinda.lemoine@mto.com

8757116.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

                                          <u>s/Melinda Eades LeMoine</u>
                                          Munger, Tolles & Olson LLP
                                          355 South Grand Avenue Suite 3500
                                        Los Angeles, CA 90071-1560
                                          (213) 683-9238
                                          melinda.lemoine@mto.com
                                          Attorneys for Defendants