*attachments* A–D

# FILED

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEP 10 2009
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

      Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

      Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

## JOINT FINAL PRETRIAL ORDER

At a session of said Court, held in the Federal
Courthouse in the City of Detroit, County of
Wayne, State of Michigan, on this **SEP 10 2009**

Present: HONORABLE _____ Anna Diggs Taylor _____
                 United States District Judge

Pursuant to Civil Local Rule 16.2, Counsel for Plaintiffs Eight Mile Style, LLC and

Martin Affiliated, LLC and for Defendants Apple Inc. and Aftermath Records submit the

following proposed Joint Final Pretrial Order in the above-captioned matter.

## A.    **JURISDICTION**

This Court has jurisdiction over Plaintiffs' claim of copyright infringement pursuant to 17

U.S.C. § 101 *et. seq.* and 28 U.S.C. §§ 1331 and 1338(a) and (b).

## B.    PLAINTIFFS' CLAIMS

Plaintiffs are the owners and administrators of the registered copyrights in certain compositions written, in whole or in part, by Marshall B. Mathers III p/k/a Eminem ("Eminem"), Jeff Bass, Mark Bass, Steve King, and Luis Resto. Each of the above writers granted Plaintiffs their ownership and/or administration rights by written assignment. This case involves 93[1] compositions owned and administered in whole or in part by Plaintiffs ("Plaintiffs' Compositions").

Defendant Apple is the largest licensee of musical compositions and sound recordings in the world, and operates iTunes, which reproduces and sells, among other things, sound recordings embodying each of the compositions at issue in this case in permanent download format. Defendant Aftermath licenses to Apple the right to reproduce and sell the musical compositions involved herein, and has reproduced and provided the compositions to Apple for that purpose. Aftermath has done so even though it not only does not have a digital phonorecord deliver ("DPD") license from Plaintiffs authorizing the reproduction of Plaintiffs' Compositions for digital download, but Plaintiffs specifically refused them such licenses in those cases where Aftermath sought a license.[2]

Apple does not, therefore, have a valid license authorizing the reproduction and sale of Plaintiffs' Compositions as permanent downloads, and Apple has, therefore, infringed Plaintiffs' Copyrights by reproducing and selling such compositions as permanent downloads. Aftermath is also liable for direct, contributory, and vicarious infringement. Aftermath and Apple were aware

---

[1] The parties are currently discussing whether all 93 compositions will remain part of this action, or whether the issues with respect to certain of the compositions can be resolved.

[2] Except in one instance – a limited license, with a specific term, now ended, covering the song, "Lose Yourself."

of Plaintiffs' objections to the sale of its compositions in digital format, but continued to infringe the rights of Plaintiffs by the actions more fully described herein. As a result, these Defendants are liable for willful direct, contributory, and vicarious copyright infringement, and Plaintiffs are entitled to actual damages as well as Defendants' profits for each separate infringement, or, in the alternative, to the maximum statutory damages for willful copyright infringement of $150,000 per infringement.

a. **Statement of Facts**

1. **The Eminem Recording Agreements**

Aftermath's rights (or lack thereof) in Plaintiffs' Compositions are governed by its original 1998 recording agreement with F.B.T. Productions, LLC (Eminem's production company at the time) and its 2003 recording agreement with Eminem. Briefly, Eminem was discovered in the early 1990s by F.B.T. Productions, a small Detroit production company owned by Mark and Jeff Bass. In 1995, Eminem signed an exclusive recording agreement with F.B.T. (the "1995 Agreement"). Among other things, Eminem granted F.B.T. and its successors all of his ownership interests, including the copyrights, in musical compositions he wrote during the term of that agreement in exchange for royalties and other consideration. In approximately 2000, F.B.T. granted all of its ownership and administration rights to a newly formed entity, Eight Mile Style, LLC. A portion of Eight Mile Style's interests were later granted to Martin Affiliated, LLC.

In 1998, F.B.T. signed an agreement furnishing Eminem's services as a recording artist to Aftermath. That agreement was later amended in 2000[3] and, in 2003, a new recording agreement

---

[3] The 2000 Agreement is not relevant to this action.

was entered into between Eminem and Aftermath, which affirmed all prior agreements (the

"2003 Agreement").  The 1998 and 2003 Agreements both give Aftermath full ownership,

including copyright, of master sound recordings delivered under those agreements; however,

Plaintiffs retained ownership, including copyright, of all musical compositions embodied in

those sound recordings.  The 1998 and 2003 Agreements state that California law will govern

their interpretation.

Neither the 1998 nor 2003 Agreements grant Aftermath or UMG licenses in Plaintiffs'

Compositions.  Instead, a single section in both agreements, titled "Mechanical Royalties,"

addresses a procedure pursuant to which Aftermath may seek to obtain mechanical licenses from

Plaintiffs at rates below the rates prescribed by statute.  In the 1998 Agreement, that section

reads as follows:

> All Controlled Compositions (i.e., songs written or controlled, directly or
> indirectly, in whole or in part, by F.B.T., Artist, any affiliated company of F.B.T.,
> Artist, any producer or any affiliated company of any producer) will be licensed
> to Aftermath and its distributors/licensees and Aftermath and its
> distributors'/licensees' Canadian licensee for the U.S. and Canada, respectively,
> at a rate equal to 75% (the "Controlled Rate") of the minimum statutory rate (*i.e.*,
> without regard to the so-called "long-song formula") which is in effect in the
> applicable country upon the date the earlier of the actual delivery date of such
> master or the date such master was supposed to be delivered in accordance with
> the agreement.

The "Mechanical Royalties" paragraph thus is not itself a self effectuating "mechanical

license" of "Controlled Compositions," and does not purport to grant rights or permissions

necessary under copyright law to reproduce and distribute musical compositions.  It merely sets a

reduced royalty rate at which such mechanical licenses can be obtained by Aftermath "and its

distributors/licensees," sometime in the future.  The wording of the above paragraph is in stark

contrast with other recording agreements drafted by Aftermath, which either state that controlled

compositions "are hereby licensed" or that the artist in question "grants an irrevocable license" to the record label.[4]

The purpose of the "Mechanical Royalties" clause is to allow Aftermath a method through which to obtain mechanical licenses for compositions embodied in sound recordings delivered under the contract at a reduced rate (such a negotiated license would also be negotiated to include standard terms for audits and frequency of accounting, among other terms). . For example, the "Mechanical Royalties" provision in the Recording Agreements provide for the following reductions:

- A "Controlled Rate" of only 75% the minimum rate set by copyright law[5]

- The "long song formula," which provides for increased royalties for any song of more than five minutes in length, does not apply

- The "Controlled Rate" is fixed as of the earlier of the date the sound recording embodying the composition in question was delivered or scheduled to be delivered

- A "cap" providing that mechanical royalties for an LP would be paid as though it contained only 10, 11, or 12 compositions each, as opposed to the number actuall on the album - 20, on both *The Eminem Show* and *Encore*

---

[4] There was virtually no discussion of the "Mehcanical Royalties" section when the 1998 Agreement was negotiated, except concerning royalty rates and "caps" described herein. During negotiation of the 2003 Agreement, discussion of this provision was similarly limited to revising the royalty rate and other "caps."

[5] The 2003 Agreement provides for a "full" statutory rate, not 75%, but the other reductions are still present.

As discussed more fully below, at the time of entering into the 1998 Agreement, the

legislative history of § 115 of the Copyright Act made clear that the provisions discussed above

are prohibited from applying to permanent downloads.

### 2. Defendants Seek Digital Licenses from Plaintiffs

On October 9, 2001, the Recording Industry Association of America, Inc. ("RIAA"), a

trade group representing the major, multinational record companies, the National Music

Publishers' Association Inc. ("NMPA"), and The Harry Fox Agency, Inc. ("HFA"), the largest

U.S. licensing agency for music publishers, negotiated an interim "Industry Agreement" which

only pertained to the licensing of "On-Demand Streams" and "Limited Downloads." *See* Doc.

No. 74, Ex. 20 at 12-30. That agreement only related to these formats – "limited downloads"

and "streams," and not to permanent downloads. This "Industry Agreement" was applicable

only to labels and publisher members of signatories RIAA, NMPA and HFA. *See* Doc. No. 74,

Ex. 21, Joint Statement. Plaintiffs are not, and never have been, affiliated members of any of

these groups.

Immediately after the RIAA, NMPA, and HFA announced their agreement, beginning in

December 2001, UMG's copyright department wrote a letter to Eight Mile referring to the

October 2001 "Industry Agreement" and stating that "NMPA and RIAA have agreed to the use

of interim licenses to cover the use of musical works for 'Permanent Downloads." UMG further

requested and "hoped" that Eight Mile would license its musical compositions to UMG, not just

for "On-Demand Streams" and "Limited Downloads," but also for permanent digital downloads.

Had Defendants believed the 1998 and 2003 Agreements granted them permanent digital

download licenses in Plaintiffs' compositions, they never would have written Plaintiffs to ask for such licenses.

Further, it is UMG's practice to send out "license requests" to a music publisher only where UMG believes the "controlled composition clause" in the recording agreement in question does not "specifically grant" a license. Where UMG does believe the controlled composition clause "was a license" or where they had an "agreement in place," UMG's practice is merely to send an "advice letter," informing the publisher its composition is being released on an album, advising the publisher of the album's release date and the rate being paid. Here, UMG's practice of sending license requests to Eight Mile for its compositions in both physical and digital formats also indicates UMG and Aftermath did not believe the "Mechanical Royalties" provisions granted them licenses. UMG never once sent an "advice letter" to Eight Mile.

### 3. Plaintiffs Negotiate a License for One Composition, which Defendants Never Execute

Plaintiffs finalized licenses with Aftermath/UMG for reproduction of their musical compositions on *physical* products, such as compact discs, but repeatedly declined to execute the proposed digital download licenses accompanying the letters beginning in December 2001. Eight Mile acted cautiously because digital configurations, including permanent downloads, were still very new and it did not know "what accountings would look like," "who was going to be selling it," or other relevant information Eight Mile wanted before issuing licenses for permanent downloads. At that time, iTunes did not exist and Plaintiffs understood that a UMG-owned or controlled company called PressPlay would be offering permanent downloads directly to consumers. Only later did it became apparent that UMG would instead be licensing

compositions to third parties such as Apple who, instead of accounting directly to Plaintiffs, would account to and pay UMG.

While Eight Mile did eventually agree to license a single Eminem composition, "Lose Yourself," for DPD, it did so only after ensuring that certain terms were in that agreement. Eight Mile and UMG negotiated a jointly prepared Digital download license reflecting: (1) a two-year term (not a perpetual term); (2) the payment of a full statutory rate subject to statutory increases or industry convention, not a reduced rate; (3) quarterly (not semi-annual) accountings and payment; and (4) Eight Mile's right to terminate the license after two years or at any time upon any breach of the license's terms. Again, had UMG believed they already had such a license, or that Plaintiffs were compelled to grant them licenses under the Recording Agreements, there would have been no reason for them to agree to these terms, which Defendants admit are less favorable than the terms they offer to must publishers. UMG representatives were unable to offer any reason they would agree to the above terms if they believed they already had a license, or had a right to obtain one under less onerous terms.

Eight Mile signed the single, proposed DPD license and sent it to Pat Blair, head of UMG's copyright department. Plaintiffs spoke with Ms. Patricia Blair, head of UMG's copyright department, at that time and thereafter, and other UMG copyright department employees, including Chad Gary, Todd Douglas and Tim Hernandez, communicating their objections to any other of plaintiffs' compositions being licensed or sublicensed to digital download companies. Ms. Blair confirmed she, Chad Gary, and Rand Hoffman (Interscope's head of business and legal affairs) were aware of Plaintiffs' objections. Although Plaintiffs sent

a signed copy of the license covering "Lose Yourself" to UMG on or about October 17, 2002, UMG never countersigned and returned the "Lose Yourself" license to Eight Mile.

Even during discovery in this litigation, defendants would not say who, if anyone, approved the "Lose Yourself" license or whether it was in effect. It was not until July 3, 2008, that defendants, by letter, stated that some unknown person at UMG approved the "Lose Yourself" license, and that UMG believed it to be effective. Without conceding its effectiveness in the absence of UMG's countersignature and return thereof, on August 11, 2008, Plaintiffs terminated in writing the "Lose Yourself" DPD license. Defendants sent Plaintiffs a "notice of intent to obtain compulsory license," but that license was invalid as a result of a number of procedural defects: for example only, the notice was served prior to the exploitation described therein and it purported to request a license on behalf of entities other than the requesting company without providing the identifying information or signatures of those other entities, as required by law.

### 4. UMG and Apple Enter into an Agreement to Allow Apple to Offer UMG Songs as Permanent Downloads

In December 2002, UMG Recordings, Inc. ("UMG") and Apple entered into an agreement whereby UMG licensed its master sound recordings to Apple for reproduction, distribution and sale by Apple, and purported also to sublicense to Apple the reproduction and distribution rights with respect to the musical compositions embodied in those master recordings. Courts have long recognized the existence of separate and distinct copyright ownership (and the suite of rights dervived from copyright ownership, in a sound recording, as distinguished from a musical compositions. *E.g.*, *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 800 (6th Cir. 2005). Apple must have licenses to reproduce and distribute both the master sound

recordings and the underlying musical compositions provided to it by UMG,[6] and the UMG-Apple Agreements provide by their terms that Apple has a license from UMG to do just that. Apple officials have testified before the Copyright Royalty Board in the Section 115 Rate Proceeding that Apple sublicenses the musical compositions embodied in master sound recordings from UMG and other record labels. However, neither Apple nor UMG ever obtained valid DPD licenses from Plaintiffs.

Pursuant to their agreement with Apple, UMG receives a royalty for each song sold on iTunes, generally 70% of the price charged to end users - $0.70 for a $1.00 download, for example. Aftermath, through its distributor, provides Apple with two files for each song offered by Apple – one of the song itself, and a second containing "metadata," which includes identifying information such as the name of the song and the artist, and other information such as the date of release and the date Apple can begin selling the song to consumers. Apple then combines these two files into a single audio file that it reproduces on its internal servers and sends a copy to a third party vendor, Akamai, and Akamai reproduces the song on servers localed throughout the United States and around the world. Every time a user downloads a song, a new copy of that song is created on the user's computer. However, UMG retains the right to withdraw songs from Apple's service at any time, and Apple must destroy all copies of withdrawn songs and cease selling them to end-users. As discussed below, these activities make both Aftermath and Apple liable for direct, contributory, and vicarious copyright infringement.

Once iTunes launched, Apple neither accounted to nor paid Plaintiffs directly. Instead, Apple accounted and paid royalties for Plaintiffs' Compositions directly to UMG. The royalty

---

[6] *See* 17 U.S.C. § 106(1)(3)(rights to reproduce and distribute are exclusive to copyright owner); *see also U.S. v. ASCAP*, 485 F.Supp. 438, 443-44 (S.D.N.Y. 2007).

statements that UMG then provided Plaintiffs beginning in 2003 did not (1) identify any particular composition for which DPD revenue was being paid or (2) identify any specific revenue directly related to DPDs.  While UMG's royalty statements generally identified other configurations by specific type (e.g., "CD" for compact discs, and "CS" for cassette tapes), revenue from digital exploitations was initially identified simply as "Other," and eventually as "ID."  Some of the later royalty statements contained a 1-page "Glossary" that defined "ID" as "digital track," but UMG did not identify what form of "digital" income was being reported (*e.g.*, ringtones, mastertones, streaming, mobile, or limited or permanent downloads).  A single check accompanied each statement and included amounts for sale of authorized physical product, and small amounts attributable to items identified as "Other" or "ID."

Plaintiffs did not know the royalty payments they received contained monies for digital downloads they specifically had refused to authorize, and UMG admits there was no way for plaintiffs to determine by looking at their royalty statements what iTunes, (or any number of UMG's other purported digital licenses) reported for permanent digital download revenue of Plaintiffs' Compositions in any given period or even if any of the monies related to permanent digital downloads at all.  It was only after a 2006 audit of UMG's accounting of royalties for sound recordings that Plaintiffs first learned that "Other," or "ID" on the publisher royalty statements from UMG included permanent digital downloads of Eminem Compositions. Plaintiffs  steadfastly insisted that they would only issue permanent digital downloads licenses directly to a third party licensee (Apple), as Plaintiffs believe is their right.

The reason is simple. UMG's method of accounting, which provided no transparency as to what entities were reproducing and distributing Plaintiffs' Compositions, and only a very

limited indication of what digital configurations Plaintiffs' Compositions were being exploited in, also allowed UMG to disguise the fact that it never paid *any* royalties for 8 compositions that were sold by iTunes in albums and as individual downloads, and for which iTunes paid UMG thousands of dollars. This utter failure to pay illustrates how, by purporting to grant DPD licenses to third parties such as Apple, UMG has acted to frustrate any attempt by Plaintiffs to serve as a fiduciary for their writers, precluding any meaningful audits for digital configurations and any attempt to enforce payment provisions that could enable Plaintiffs situations such as this, where UMG has collected royalties from Apple for downloads but willfully failed to pay Plaintiffs. Plaintiffs had no way of discovering this malfeasance until these facts were revealed in this case.

### 5. Plaintiffs Refuse Subsequent Requests from UMG for Digital Licenses

Over an extended period, UMG peppered Plaintiffs with license requests for permanent download licenses, sending such requests with a note that they had "utilized the same format and terms" as in the "Lose Yourself" license - *e.g.*, two year term, right of termination, quarterly accounting, etc. Plaintiffs did not execute or return any of those proposed licenses or any other license that would have authorized the Eminem Compositions' exploitation as DPDs, either refusing requests entirely or, if a single document asked for licenses covering both digital and physical configurations, issuing their own licenses to UMG that "remove[d] references on the license itself to digital configurations." UMG acknowledged the licenses did not encompass digital configurations by countersigning the licenses drafted by Plaintiffs that covered only physical configurations. The rates in the licenses issued by Plaintiffs conformed to the rates

described in the "Mechanical Royalties" provisions of the 1998 and 2003 Recording Agreements.

### a. Defendants Belatedly Contend They Have Obtained Licenses from Co-Owners

Defendants first moved for summary judgment on May 5, 2008 based on the language of the "Mechanical Royalties" provision in the 1998 and 2003 Agreements and a theory that Plaintiffs had "impliedly" licensed their compositions for permanent download. Discovery in this case originally closed on June 2, 2008, Doc. No. 46, but, beginning shortly after that date, Defendants produced hundreds of pages of additional exhibits, consisting of recording agreements with third parties and licenses for Plaintiffs' Compositions allegedly granted by third parties, then immediately moved for summary judgment based on these documents on July 16, 2008. *See* Doc. No. 53.

Defendants produced these documents – thousands of pages, all told, only as an afterthought, when they recognized the meritlessness of their argument that the Recording Agreements granted them the licenses they needed, and their production of these documents continued through, most recently, June 2009, when they produced an additional 3,000 pages of such documents. Most of these documents are simply irrelevant and do not even purport to grant licenses in digital configurations. Further, all of these documents do not provide them any argument concering the songs 100% owned and administered by Plaintiffs, which are discussed below.

### b. The Co-Author Recording Agreements

Some of the co-authors of Plaintiffs' Compositions are also musical artists signed to recording agreements with Aftermath or other Universal-controlled entities: Curtis Jackson p/k/a

50 Cent, Lloyd Banks, Andre Rommell Young p/k/a Dr. Dre, the members of the musical group

D-12, and Obie Trice. While these artists' recording agreements (the "Co-Author Agreements")

vary in a number of ways, each of these recording agreements has a section titled "Licenses for

Musical Compositions" that reads, in relevant part: "You and the Artist grant to Label and its

Licensees and their designees an irrevocable license, under copyright, to reproduce each

Controlled Composition…"[7] The Co-Author Agreements also contain some or all of the other

rate restrictions that are present in the 1998 and 2003 Agreements – a reduction of the statutory

rate otherwise required, a ten-song "cap," fixing the statutory rate on a certain date to avoid

subsequent increases, etc.

### 6. Written Licenses

Defendants have also included on their exhibit list hundreds of documents they will

contend are licenses for the compositions at issue from Plaintiffs' co-owners. Plaintiffs will

move to exclude many of these documents as irrelevant and will show in their motion that most

of these documents fail for one or more of the following reasons: they are incomplete, consisting,

for example, of a fax cover page but no attachments; they do not purport to issue a license for a

permanent download configuration; or they are unsigned, either by UMG or by the co-owner.

The licenses that appear on Defendants' exhibit list are too numerous to address herein with any

hope of precision and Plaintiffs will address them in full in a forthcoming motion *in limine*.

### 7. Summary of the Compositions at Issue and Defendants' Claimed Sources of Licenses

---

[7] The quoted text is from the 50 Cent recording agreement. The "Licenses for Musical Compositions" text in the other agreements is nearly identical, differing only by whether the agreement is directly with the artist, as opposed to an entity furnishing the artist's services, and by identifying the label in question.

Given the varied sources of "licenses" cited by Defendants, as described above, the 93 compositions can be considered in four categories based on the differing documents that will need to be analyzed to determine whether Defendants have any license allowing digital exploitation of any of the musical compositions involved in this action.

First are those compositions owned and administered 100% by Plaintiffs. For those compositions, the Court need only consider the language of the "Mechanical Royalties" provision in the 1998 and 2003 Recording agreements and the "license requests" that UMG sent Plaintiffs that were either declined or edited to remove reference to digital configurations.

Second are the compositions with one or more co-authors for which Defendants claim a license through a controlled composition clause in another recording agreement, a written license from a co-author, or both.

Third are compositions for which the Harry Fox Agency ("HFA") has allegedly issued a license. Several co-owners and/or administrators of Plaintiffs' Compositions, including but not limited to EMI, Ensign, and Music of Windswept, are HFA-represented publishers, and Defendants have produced documents purporting to demonstrate that HFA issued licenses in a permanent download configuration for those compositions.

Finally, "Lose Yourself" falls in a category of its own.

### a. Compositions Owned and Administered 100% by Plaintiffs

As described above, this category of compositions are those owned and administered 100% by Plaintiffs. Thus, in analyzing Defendants' claims that they have valid licenses for the compositions in this category in a permanent download format, the Court need not consider recording agreements other than the 1998 and 2003 Agreements or any licenses purportedly

granted by co-owners. The songs in this category are: 8 Mile, Curtains Close, Curtains Up, Em Calls Paul, Final Thought, Just Don't Give a Fuck, Love You More, Mockingbird, My 1st Single, Paul, Puke, Rabbit Run, Ricky Ticky Toc, Steve Berman, Steve's Coffee House, The Kiss, We As Americans, and Yellow Brick Road.

In addition, Defendants have never even attempted to obtain licenses for permanent downloads for eight of these compositions: Curtains Close, Curtains Up, Dude, Em Calls Paul, Final Thought, Paul, Steve Berman, and The Kiss. All of these compositions were sold by Apple in its iTunes Music Store not just as part of Eminem's albums but also jut like all other individual songs, and Apple in turn paid Universal $0.70 per downlaod but Universal has paid Plaintiffs absolutely nothing for those downloads, keeping the over $50,000 received from Apple for itself. Aftermath will claim that these songs are shorter compositions and that publishers sometimes grant licenses where they waive mechanical royalties when such compositions are sold in physical format as part of an entire album. Aftermath will claim that these songs fall under that category so it need not have either obtained a digital download license or paid mechanical royalties to Plaintiffs when they were reproduced and sold by Apple as individual tracks or as part of a digital download of an album. This is nonsense and represents the best illustration of why Plaintiffs should be entitled to enter into a direct licensing agreement with Apple. These songs are being sold individually by Apple just as all of the other tracks on the particular albums are being sold, and Apple is paying Aftermath mechanical royalties for such sales. There is absolutely no justification for Aftermath failing to pay Plaintiffs its mechanical royalties and for the failure to obtain the appropriate license from Plaintiffs. The conduct of the

Defendants in this regard makes them liable for copyright infringement, and there is no exception under the law for these musical compositions.

### b. Compositions With Co-Owners Not Administered by Plaintiffs

Compositions not owned and administered 100% by Eight Mile Style raise several issues in addition to those discussed above.

First, some of the compositions in this category were written in part by musical artists who themselves have recording agreements with Aftermath or another Universal-owned record label. This includes all songs co-authored by Dr. Dre, 50 Cent, the members of D12, Obie Trice, and Lloyd Banks: Business, My Dad's Gone Crazy, Say What You Say, Ass Like That, Big Weenie, Encore, Evil Deeds, Just Lose It, Mosh, Never Enough, Rain Man, Guilty Conscience, Role Model, The Real Slim Shady, Without Me, Love Me, Average Man, Cheers, Don't Come Down, Follow My Life, Got Some Teeth, Hands on You, Hoodrats, Lady, Never Forget Ya, Outro, Shit Hits the Fan, Spread Yo Shit, We All Die One Day, 40 Oz., 6 in the Morning, American Psycho 2, Bitch, Get My Gun, Git Up, How Come, Keep Talkin' Leave Day Boy Alone, Loyalty, My Band, GATman and Robbin, I'm Supposed to Die Tonight, Don't Push Me, High All the Time, Many Men (aka Death Wish), Patiently Waiting, On Fire, Til the End, and Warrior Part 2.

Second, for many of the above compositions, Aftermath (through its parent corporation UMG Recordings, Inc.) claims to have a valid permanent download license from one or more co-authors. As described above, Defendants waited until late June 2009 before producing three thousand additional pages of documents, much of which consists of 2-4 page "licenses," and most of which they have included on their exhibit list. However, Defendants are depending *only*

on the controlled composition clauses in the Eminem/F.B.T. recording agreements and the co-author recording agreements for the following compositions: 40 Oz., 6 in the Morning, 8 Miles & Running, American Psycho 2, Big Weenie, Bitch, Business, Evil Deeds, Get My Gun, Git Up, How Come, Leave Day Boy Alone, Like Toy Soldiers, Mosh, My Band, One Shot 2 Shot, Places to Go, Rain Man, Rap Game, Say Goodbye to Hollywood, Shit on You, and Spitshine.

The compositions for which Aftermath claims a valid written license *not* contained in a controlled composition clause are as follows: Ass Like That, Big Weenie, Encore, Evil Deeds, Just Lose It, Mosh, Never Enough, Rain Man, Spend Some Time, Average Man, Cheers, Don't Come Down, Follow My Life, Got Some Teeth, Hands on You, Hoodrats, Lady, Never Forget Ya, Outro, Shit Hits the Fan, Spread Yo Shit, We All Die One Day, Keep Talkin', Loyalty, GATman and Robbin', I'm Supposed to Die Tonight, Don't Push Me, High All the Time, Many Men (Wish Death), Patiently Waiting, On Fire, and Warrior Part 2. Thus, for the songs listed in this paragraph, Defendants argue that even if the "controlled composition clauses" in the recording agreements listed above do not give Universal the right to issue Apple licenses in a permanent download configuration, the written licenses they have would still insulate them from liability.

### c. Compositions Allegedly Licensed by the Harry Fox Agency

The third category of compositions are those allegedly licensed through the Harry Fox Agency by Ensign Music, allegedly on behalf of Eight Mile Style. These compositions are: Cleaning Out My Closet, Drips, Got Some Teeth, Guilty Conscience, Hailie's Song, Just Lose It, Many Men (Wish Death), My Dad's Gone Crazy, Patiently Waiting, Role Model, Say What You

Say, Sing For the Moment, Soldier, Square Dance, Superman, The, Real Slim Shady, Till I

Collapse, When the Music Stops, and Without Me.

### d.  "Lose Yourself"

Finally, "Lose Yourself" falls in a category of its own, due to the unsigned license, <u>its</u>

subsequent termination, and the Defendants' attempt to obtain a compulsory license described

above.  The issues concerning "Lose Yourself" are limited to whether Defendants have  now

obtained a valid compulsory license for this composition.

### b.  Legal Arguments

Defendants are liable for direct, contributory and vicarious copyright infringement.  To

prove direct copyright infringement, Plaintiffs need only show two things: ownership and

copying.  *Feist Publications, Inc. v. Rural Telepone Serv. Co.*, 499 U.S. 340, 361 (1991).

"Copying" consists of any violation of the six rights exclusive to a copyright owner:

reproduction, creation of derivative works, distribution, public performance, public display, and

performance by digital audio transmission.  17 U.S.C. § 106.  Vicarious liability for copyright

infringement exists where a defendant has the right and ability to supervise the infringing

conduct and "an obvious and direct financial interest in the exploitation of the copyrighted

materials."  *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d. Cir. 1963).

Contributory infringement is proven where a party has knowledge of an infringing activity and

induces, causes or materially contributes to the infringing conduct of another.  *Gershwin Publ'g

Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).

As described above, Eddy Cue, head of Apple's iTunes division, testified that Apple

receives two files from Aftermath for each song they sell, and Apple combines the two files,

reproduces them, and sells audio files containing those songs to users.  Lacking a license to carry out these activities, Apple is liable for direct copyright infringement.

Aftermath provides Apple copies of Plaintiffs' Compositions without a license, not just contributing to, but actually enabling Apple's infringing conduct.  Aftermath has a direct financial interest in Apple's activities because it receives a royalty from Apple every time a user downloads a composition.  Furthermore, under their contract with Apple, Aftermath has the right and ability to "supervise" Apple because it can unilaterally remove any song from Apple's service without notice and cause Apple to cease its infringing conduct.  Despite Plaintiffs' protests, Aftermath has not done so. As a result, Aftermath is liable for direct, contributory, and vicarious copyright infringement.

As the victims of copyright infringement, Plaintiffs are entitled to Defendants' actual damages and profits or, in the alternative, to statutory damages of up to $150,000 per infringement, plus attorneys' fees and costs.

The defenses Apple and Aftermath raise to these allegations are without merit.

As described above, Plaintiffs have divided the compositions into the four categories listed above, based on the varying arguments Defendants have raised.  For the compositions under heading 1, the Court need consider only the 1998 and 2003 Recording Agreements and the various unsigned, edited, and/or rejected licenses exchanged by Plaintiffs and UMG.  For the compositions under heading 2, the Court must consider not only the above items, but also the Co-Author Recording Agreements (whether they grant a valid license) and/or various licenses allegedly issued by co-authors.  For the third category of documents, the Court needs only to review a small number of licenses allegedly issued by the Harry Fox Agency.  Finally, to assess

whether the unsigned "Lose Yourself" license allows Defendants to escape liability for their use of that composition as a permanent download, the Court need only consider that license itself and its subsequent termination and Defendants' attempt to obtain a compulsory license.

### 1. The Recording Agreements do not grant a license

First, to determine whether Defendants have infringed the compositions for which they have not produced a written license covering permanent downloads, the Court must consider whether the recording agreements in question grant a valid license – only the 1998 and 2003 agreements for those compositions owned and administered wholly by Plaintiffs, and also the co-author recording agreements for compositions with additional owners.

### 2. Interpretation of the 1998 and 2003 Recording Agreements – Plain Language

California law is clear that a contracting party's undisclosed, subjective intent is irrelevant to, and therefore is inadmissible to prove, the objective meaning of that contract's terms. *See General Motors v. Superior Court*, 12 Cal. App. 4th 435, 442 (1993); *Berman v. Bromberg*, 56 Cal. App. 4th 936, 948 (1997); *Houghton v. Kerr Glass Manufacturing Corp.*, 261 Cal. App. 2d 530, 537 (1968). Because the subjective, unexpressed intent of a party is immaterial to a contract's meaning, that intent is "entirely inadmissible to show the meaning of the contract." *Ribiero v. Dotson*, 187 Cal. App. 2d 819, 821 (1960); *see also Oakland-Alameda County Coliseum, Inc. v. Oakland Raiders, Ltd.*, 197 Cal. App. 3d 1049, 1058 (1988). *Alex Robertson Co. v. Imperial Casualty & Indemnity Co.*, 8 Cal. App. 4th 338, 346 (1992) (evidence that purchaser of insurance policy intended third party to be additional insured was inadmissible because unexpressed).

Thus, any attempt to offer evidence as to the subjective intent of Aftermath or its attorneys in drafting and agreeing to the language of the "Mechanical Royalties" provision must fail, and the Recording Agreements will be interpreted according to their plain language, although relevant extrinsic evidence, including "the subsequent conduct of the parties, and the common usage of particular terms in a given industry" may be offered into evidence. *Miller*, 318 F. Supp. 2d at 934; *see Pacific Gas*, 69 Cal.2d at 38-39; *United Cal. Bank v. THC Financial Corp.*, 557 F.2d 1351, 1360 (9th Cir. 1977). Other typs of extrinsic evidence simply cannot vary or alter the terms of a written agreement. *See, e.g., Amtower v. Photon Dynamics, Inc.*, 158 Cal.App.4th 1582, 1605 (2008); *Oakland-Alameda County Coliseum, Inc. v. Oakland Raiders, Ltd.*, 197 Cal. App. 3d 1049, 1058 (1988); *Palos Verdes Corp. v. Housing Authority*, 202 Cal.App.2d 827, 836 (1962).

By its plain language, the "Mechanical Royalties" provision simply memorializes certain (not all) of the terms upon which Aftermath may obtain a license at some point in the future and is not itself a license of any kind. The provision literally only provides that controlled compositions "will be" licensed in the future at a reduced rate, containing none of the other terms that would be expected to be within a mechanical license. If it were otherwise, or if Aftermath believed it to be otherwise, defendants would not have (i) sent dozens of license requests and proposed licenses to Plaintiffs for both physical and DPD product; (ii) entered into numerous mechanical licenses, accepting plaintiffs' drafts, covering physical goods, only; (iii) negotiated a digital download license for "Lose Yourself" or agreed to a two year term with a right to terminate thereafter; (iv) sent Plaintiffs digital download license requests for each composition, many with the same restrictions as provided in the "Lose Yourself" license, or (v) belatedly

attempted to obtain a compulsory license for "Lose Yourself" after plaintiffs terminated the digital download license, as discussed supra.

### 3. "Controlled Composition Clauses" are Inapplicable to Digital Phonorecord Deliveries

In 1998, DPD commerce did not exist as it now exists, notwithstanding the passage of the 1995 Digital Performance Rights in Sound Recordings Act ("Digital Rights Act"). 66 F.R. 4099-14103, Vol. 66 No. 47 (Mar. 9, 2001). Apple did not launch its iTunes Store until sometime in 2003, and when the 2003 Agreement was executed, Plaintiffs had not even heard of iTunes.

When the 1995 Digital Rights Act was passed, Section 115 of the Copyright Act was amended to provide that while DPDs were subject to compulsory licensing at the statutory rate, any contract made after June 22, 1995 could not reduce the mechanical rate on DPDs. 17 U.S.C. § 115(c)(3)(E)(i). In other words, Aftermath's prospective controlled composition clauses in the 1998 and 2003 Agreements that permanently fixed a 75% reduction in the statutory rate and caps on the number of compositions upon which mechanical royalties would be paid once a mechanical license was issued were made inapplicable to DPDs by Congress. *Id.*

Indeed, it was the specific intent of the Senate in amending Section 115 to address digital transmissions that controlled composition clauses (similar to the "Mechanical Royalties" paragraphs herein), did not govern DPDs, explaining the amended Section 115(c)(3)(E)(i) as follows:

> There is a situation in which the provisions of voluntarily negotiated license agreements should not be given effect in lieu of any mechanical royalty rates determined by the Librarian of Congress. For some time, music publishers have expressed concerns about so-called 'controlled composition' clauses in recording contracts. Generally speaking, controlled composition clauses are provisions whereby a recording artist who is the

author of a non-dramatic musical work agrees to reduce the mechanical royalty rate payable when a record company makes and distributes phonorecords which include recordings of such artist's compositions. Subject to the exceptions set forth in subparagraph (E)(ii), **the second sentence of subparagraph (E)(i) is intended to make these controlled composition clauses inapplicable to digital phonorecord deliveries.**

Pub. L. No. 104-39, 109 Stat. 336, S. Rep. 104-208 at 41.

Thus, Congress specifically stated that its intention in enacting the amendment discussed above was not just to ensure that a musical artist would receive the statutory minimum rate for DPDs but to make such clauses "*inapplicable*" to digital phonorecord deliveries. Thus, the "Mechanical Royalties" section (which only states that there will be a license at a reduced rate) is statutorily "inapplicable" to permanent downloads.

In addition, even if certain controlled compositions by their language might arguably apply to permanent downloads, there still exists another question: whether the artist had any right to grant a license. Where third parties have purported to grant licenses within their recording agreements to the underlying musical compositions, they may not have had the right to do so as a result of entering into administraton agreements with third parties. In such cases, only their administrators have the right to enter into digital download agreements under the terms of their agreements with the artists. In the cases where Defendants are relying on third party controlled compositon clauses, the Court must also determine whether those artists have the right to grant any licenses, and whether Defendants obtained licenses from their administrators, who are the parties having such right.

4. **Many of the Written Licenses Do Not Apply to Permanent Downloads on their Face**

The next category of songs involve those where Aftermath claims it actually has a license, separate from the controlled composition clause in a recording agreement, authorizing the licensing of the musical compositions for permanent download. As discussed below, however, many of these purported licenses have nothing to do with permanent downloads, and were dumped on Plaintiffs and the Court to confuse the issues.

Copyright licenses are construed narrowly and assumed to prohibit any use not authorized. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989); *see also Hogan Sys. v. Cybresource Int'l., Inc.*, 158 F.3d 319, 324 (5th Cir. 1998) (noting that copyright licenses are to be given a narrow reading).

Most of the "licenses" Defendants have produced in this case, if they are even signed by the purported grantor, do not purport to grant licenses in permanent download configurations. Instead, they list "physical" configurations such as explicit CD, edited CD, vinyl, cassette, and so on. Under the case law outlined above, the Court cannot interpret licenses that list certain configurations as granting a license in configurations not listed. Limiting copyright licenses to the configurations listed is simply black-letter copyright law. *See, e.g., Rodgers & Hammerstein Org. v. UMG Recordings Inc.*, 2001 U.S. Dist. LEXIS 16111 at *15-*17 (S.D.N.Y. Sept. 25, 2001) (citing *Fred Ahlert Music Corp v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 24 (2d Cir. 1998)); *see also Entm't v. KIDdesigns, Inc.*, 2005 U.S. Dist. LEXIS 44386 (M.D. Tenn. Sept. 14, 2005) (same).

Thus, the veritable plethora of licenses Defendants have produced authorizing Plaintiffs' Compositions to be reproduced on CDs, CDs with DVD inserts, cassette tapes, vinyls, etc., simply have no relevance to this case unless they also list permanent downloads as a

configuration being licensed. As mentioned above, Plaintiffs will move to exclude these irrelevant licenses. For the same reason, the licenses that Plaintiffs revised to remove references to permanent downloads cannot be construed as granting Defendants the licenses they were required to obtain for the exploitation at issue.

### 5. Harry Fox Licenses Only the Portion of Compositions they Administer

The final category of purported licenses are those issued by the Harry Fox Agency ("HFA") for certain compositions, but Harry Fox prominently states that it licenses compositions only on behalf of publishers it represents, and it does not represent Plaintiffs. HFA clearly states in multiple places on its website that if it does not represent all publishers of compositions, someone with a HFA license must still obtain a license from all additional publishers, and HFA's representative deposed in this case affirmed that this is their policy. HFA also only collects royalties on behalf of represented publishers, and it would be manifestly unfair to allow Aftermath (or any other potential licensee) to obtain a license for only a portion of a composition from HFA – which the licensee knows does not license the entire composition – and then pay royalties only to HFA, giving nothing to the non-HFA-represented publisher. Thus, the licenses Defendants purport to have obtained from HFA for less than 100% of the composition do not shield them from liability.

The Harry Fox Agency, the largest U.S. licensing agency for music publishers, explicitly notes this practice in multiple places on its website: someone wishing to exploit a composition needs to obtain a license not just from HFA for its represented publishers[8], but also must obtain

---

[8]  As noted above, Plaintiffs are not represented by HFA.

direct licenses from all other publishers. HFA confirmed in deposition in this case that this is its policy.

### 6. Plaintiffs have Not Impliedly Licensed the Compositions

Defendants will also likely maintain that Plaintiffs granted them "implied" DPD licenses in the compositions.

An implied license may arise where "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Lulirama Ltd., Inc. v. Axcess Broad. Serv.*, 128 F.3d 872, 879 (5th Cir. 1997). "[I]mplied licenses are found only in narrow circumstances." *John G. Danielson, Inc. v. Winchester-Conant Props., Inc.*, 322 F.3d 26, 40 (1st Cir. 2003) (citing *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990)). As the Sixth Circuit has stated, the most important element of an implied license is a finding that "the copyright owners intended that their copyrighted works be used in the manner in which they were eventually used." *Johnson v. Jones*, 149 F.3d 494, 501-02 (6th Cir. 1998). "Without intent, there can be no license." *Id.*

None of the three elements of an implied license exist in this case. First, Defendants did not "request" the creation of musical compositions by either Eminem or Plaintiffs. The Recording Agreements neither contemplate nor compel the creation of any compositions, rather they provide for the creation and delivery of *sound recordings*. Furthermore, as to the second and third elements, Plaintiffs expressly *refused* to authorize the reproduction and distribution of their compositions as DPDs, and refused to license any of their works for digital distribution (except "Lose Yourself").

The cases Defendants cited in their summary judgment motion contain none of these facts, involving instead situations where a work was specifically created in fulfillment of a contract, delivered, and used precisely as intended under the contract. *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990) (single work prepared and delivered), *Danielson*, 322 F.3d 26*,* (same), *I.A.E., Inc. v. Shaver*, 74 F.3d 768 (7th Cir. 1996) (same), and *Johnson v. Jones*, 149 F.3d 494 (same). Unlike here, in those prior cases finding implied licenses, each requesting party consulted with the other regarding the work to be done, delivered the work, but complained about money owed or other non-performance. *Effects*, 908 F.2d at 558-59; *Danielson*, 322 F.3d at 32, 41-42; *Shaver*, 74 F.3d at 771; *Johnson*, 149 F.3d at 497-498.) None of these cases involve a refusal of delivery, refusal to sign licenses, and continuing objections.

Defendants will also no doubt point to Plaintiffs' actions in cashing the checks that accompanied the quarterly publisher royalty statements they send to Plaintiffs as evidence of an implied license. However, as explained above, UMG included one check with each royalty statement. The act of cashing a check, when it includes small amounts of unauthorized income together with large sums of money from authorized uses, with no identification of the inclusion of royalties from unauthorized uses, is not the knowing acceptance of monies sufficient to form the basis of an implied license. Indeed, this matter points to Aftermath's duplicity rather than plaintiffs' intent or knowledge, since a finding of an implied license under these circumstances would effectively allow an infringer to avoid liability by ignoring objections and refusals to execute licenses by surreptitiously remitting revenue from unauthorized sources.

In effect, defendants argue a species of accord and satisfaction, under which a disputed debt may be satisfied upon acceptance of a check indicating payment in full. *See Scipio v. Sony*

*Music Entm't*, 173 Fed. Appx. 385, 394 (6th Cir. 2006) (citing *Lytle v. Clopton*, 149 Tenn. 655, 663-64, (Tenn. 1923) (quoting 1 Corpus Juris, 529)).  The creditor (here, by analogy, plaintiffs) must have accepted the check "with the intention that it operate as a satisfaction."  *Id.*  For the reasons shown herein, Plaintiffs' acceptance of a single check containing mostly royalties for authorized uses, but also containing small and hidden royalties for unauthorized uses, cannot operate as a satisfaction of a claim.

Furthermore, Defendants can in no way claim an implied license for the eight compositions that Apple has sold as permanent downloads and paid Aftermath royalties for such sales, but Aftermath has paid absolutely nothing to Plaintiffs.

## C.    DEFENDANTS' CLAIMS

Plaintiffs' infringement claim fails. All of the compositions at issue (the "Eminem Compositions") were licensed through Controlled Composition clauses in recording agreements, through separate mechanical licenses, or both.  Through these several licenses and Section 115 of the Copyright Act, Aftermath and other record labels may authorize Apple to reproduce and distribute records containing the Eminem Compositions through Apple's iTunes Store.  Even without these express grants of license, Plaintiffs' infringement claim would still fail.  At a minimum, Plaintiffs impliedly licensed the Eminem Compositions by delivering the compositions embodied in sound recordings that they knew would be distributed in all media now known or hereafter developed, and by accepting the proceeds of that distribution for years.

### The Eminem Recording Agreements' Controlled Composition Clause:

Plaintiffs expressly licensed the Eminem Compositions for distribution in all configurations, including the permanent download form.  In recording agreements that Eminem, Aftermath and Plaintiffs' affiliate LLC entered into as of March 9, 1998 and July 2, 2003 (the "Eminem/Aftermath Agreements"), the parties agreed that Eminem would create master sound

recordings embodying compositions, and that Aftermath would own those masters.  The parties also agreed that Aftermath and its distributors and licensees would "have the exclusive right" to exploit the masters embodying the Eminem Compositions "in any and all forms of media now known or hereinafter developed." *See* Eminem/Aftermath Agreements, ¶ 8.

While Aftermath owns the copyright in the master sound recordings, the Eminem/Aftermath Agreements reserve ownership of the separate composition copyrights to their owners.  But the purpose of the recording agreements is to allow for the broad distribution of Eminem records, so Aftermath must ensure that it will be able to exploit its own rights in the sound recordings.  The Copyright Act recognizes and addresses the practical problem created when two separate copyrights are embodied in a single record.  To address that issue, the Copyright Act provides for compulsory licenses of compositions to be embodied in phonorecords, also called mechanical licenses. 17 U.S.C. § 115.  A mechanical license allows for the reproduction and distribution of records embodying compositions.

Recording agreements typically include a type of mechanical license, called a Controlled Composition clause.  The Eminem/Aftermath Agreements are no different.  In the Eminem/Aftermath Agreements, the Controlled Composition clause licenses all compositions written, co-written or controlled by Eminem or by Plaintiffs to Aftermath and its distributors and licensees.  *See* Eminem/Aftermath Agreements, ¶ 6 (all Controlled Compositions "will be licensed" to Aftermath and its distributors or licensees. . . ").  The definition of "Controlled Compositions" undisputedly includes all of the Eminem Compositions here.  Until this lawsuit, Plaintiffs never disputed that this Controlled Composition provision granted a license to embody the Eminem Compositions on records released in every configuration -- be it vinyl, cassette, compact disc, or any other form of media.  That only makes sense, given that Plaintiffs and Eminem have been paid millions of dollars for the distribution of records "in any form of media

now or hereinafter developed" that embody the Eminem Compositions, just as the Eminem/Aftermath Agreements provide.

Contradicting the contractual text, settled industry custom and practice, and their own performance under the agreements, Plaintiffs now contend that the Controlled Composition provision in the Eminem/Aftermath Agreements does *not* grant a license in the Eminem Compositions for records distributed in permanent download configuration. Because the Controlled Composition clause is written in the future tense, Plaintiffs claim that it only obligates them to issue a separate license in the future. The Controlled Composition clause, under Plaintiffs' theory, is essentially an "agreement to agree." Even under this reading, however, Plaintiffs still are obligated to license the Eminem Compositions. Because even under their own strained interpretation of the Eminem/Aftermath Agreements Plaintiffs are obligated to license the Eminem Compositions, they cannot sustain their infringement claim.

### Controlled Composition Clauses in Other Labels' Agreements with Eminem

In addition to the Eminem/Aftermath Agreements, Eminem entered into agreements with other labels authorizing the distribution of records embodying the Eminem Compositions. Those agreements include Controlled Composition provisions similar to the Controlled Composition provision in the Eminem/Aftermath Agreements. For example, Eminem entered into a recording agreement with Shady Records for the soundtrack to the movie "Eight Mile." ("Soundtrack Agreement"). Through the Soundtrack Agreement, Eminem "hereby license[d]" to Shady Records the compositions in masters included on that record. *See* Soundtrack Agreement, ¶ 6, 2.

Eminem also granted a license in compositions embodied in masters that he produced for Shady Records' artists. In an agreement among Shady Records, Interscope Records, Eminem, and Eminem's production company Angry Blonde, Eminem granted to Interscope and its designees "the irrevocable, non-exclusive right" to reproduce the compositions embodied in any

masters that he produced for Shady Records' artists. *See* Amendment to First Look Agreement, ¶ 14 (adding ¶ 2(viii)).

**The Co-Writer Recording Agreements' Controlled Composition Clauses**

Several of the Eminem Compositions were co-written with other recording artists, including Dr. Dre, 50 Cent, D12, Obie Trice, and Lloyd Banks. All of these recording artists are subject to their own recording agreements, each of which includes its own Controlled Composition provision. The Eminem Compositions co-written with these co-writers thus were also licensed through the *co-writer's* Controlled Composition provisions. With minor differences, those Controlled Composition provisions provide that the recording artists "grant an irrevocable license" in the compositions embodied on those co-writer's albums to the label, and to the label's licensees or designees.

**Individual Mechanical Licenses**

In addition to all of the above Controlled Composition provisions, Aftermath and other labels also executed separate, individual mechanical licenses for several of the Eminem Compositions. These licenses provide explicitly that the particular composition has been licensed for distribution in permanent download format.

Many of these separate mechanical licenses were issued by co-writers. Others were issued on behalf of Plaintiffs themselves. For example, Plaintiff Eight Mile Style, LLC entered into a mechanical license specifically authorizing the distribution of records containing the composition "Lose Yourself" in permanent download format.[9] Eight Mile Style also entered into co-publishing and/or administration agreements with Ensign Music Corp. ("Ensign"). On behalf of Plaintiff Eight Mile Style, Ensign (and its parent, Famous Music) issued mechanical licenses for several of the Eminem Compositions to be distributed in permanent download format. Eight

---

[9] Although Plaintiff Eight Mile Style purported to terminate this mechanical license for "Lose Yourself" in August of 2008, Aftermath immediately availed itself of the compulsory license statute to obtain a license for that composition.

Mile Style also executed a separate mechanical license allowing Zomba Music to reproduce the composition "Lose Yourself" in a parody by Weird Al Yankovic entitled "Couch Potato."

*    *    *

The reproduction and distribution of Eminem records embodying the Eminem Compositions through Apple's iTunes Store is authorized by each and every one of these licenses, both by their express terms and by operation of law. Each of the Controlled Composition provisions in this case extend the rights in compositions beyond the distributing label to the labels' "distributors/licensees" or "licensees and designees." The Copyright Act also permits the holder of a mechanical license, like the licenses at issue here, "to distribute or *authorize the distribution of* a phonorecord" embodying a composition in the permanent download configuration. 17 U.S.C. § 115. Both as a contractual matter and as a matter of Copyright Law, Apple's right to distribute Eminem records embodying Eminem Compositions is encompassed within the licenses granted to Aftermath and the other record labels described above.

Finally, even if there were no express licenses, Plaintiffs impliedly licensed the Eminem Compositions to Aftermath and Apple by delivering the compositions embodied in sound recordings that they understood would be distributed in all media now or hereafter developed, and in accepting the proceeds from that distribution for years. The law does not permit a copyright owner to sue for infringement in those circumstances.

### D. <u>STIPULATION OF FACTS</u>

The parties are meeting and conferring with regard to potential stipulated facts and will submit such stipulations to the Court in advance of trial.

### E. <u>ISSUES OF FACT TO BE LITIGATED</u>

<u>Plaintiffs:</u>

      a. Whether Plaintiffs are the owners of the copyrights involved in this action;

b. Whether Apple copied or authorized the copying of plaintiffs' musical compositions, or otherwise took action that violated any of Plaintiffs' exclusive rights in the musical compositions;

c. Whether Aftermath improperly copied Plaintiffs' Compositions, or authorized or otherwise materially contributed to the copying of Plaintiffs' Compositions in violation of Plaintiffs' exclusve rights;

d. Whether Aftermath had the right and ability to supervise Apple's conduct, and a financial interest in Apple's activities;

e. Whether Plantiffs were damaged by the activities of Apple and Aftermath, and if so, the amount of the damages, including possibly the appropriate amount of statutory damages

f. Whether the activities of Apple and Aftermath were willful

g. To the extent it is a factual issue, whether Defendants have a license or other valid defense that insulates them from liability for the claims of Plaintiffs.

**Defendants:**

In Defendants' view, there are no material facts in dispute, only legal questions of contract interpretation. While some of the legal questions may overlap with fact issues, those fact issues that are material are beyond dispute. To the extent Plaintiffs argue otherwise, the evidence will show that:

**1.** One of the primary purposes of a recording agreement is to allow the record company to distribute records in any and all formats. It is the custom and practice in the recording industry to include Controlled Composition clauses in artists' recording agreements so that the record company may distribute records embodying compositions by that recording artist.

34

2.      The parties to the Eminem/Aftermath Agreements understood and intended that the Eminem/Aftermath Agreements would permit Aftermath to distribute Eminem records, including the compositions written, co-written or controlled by Eminem or his affiliated companies or producers embodied in those records.

3.      The advent of digital distribution does not change the terms of the Eminem/Aftermath Agreements, which expect that distribution of records necessarily embodying the Eminem Compositions would take place "in any form of media now or hereafter known."

4.      Under ordinary industry custom and practice, Plaintiffs have already received a license on precisely the reasonable terms the law would imply.

5.      Plaintiffs have no evidence of any agreement between themselves or Eminem and any co-writers of the Eminem Compositions agreeing to only license their respective share of the Eminem Compositions.

6.      In 2001, the Recording Industry Association of America ("RIAA") agreed with the National Music Publisher's Association and the Harry Fox Agency that RIAA members could rely on one co-writer's license to authorize distribution of a whole composition for distribution in certain digital configurations, including permanent downloads.

7.      For a majority of the Eminem Compositions, Plaintiffs only own or administer a portion of the composition. To the extent Plaintiffs establish liability and damages become relevant, Plaintiffs should only recover actual damages or profits correlating to their percentage ownership of each composition.

8.      Apple had significant costs that should be deducted from any award of profits, in the event Plaintiffs prove liability and elect to obtain profits as damages.

9.      Aftermath had significant costs that should be offset, or at a minimum be deducted from, any damage award, in the event the Court rules that Aftermath's profits are at issue, Plaintiffs prove liability, and Plaintiffs elect to obtain profits as damages.

10.     In the event Plaintiffs establish liability and damages become relevant, Plaintiffs should not obtain any of Defendants' profits that are properly apportioned to factors other than the compositions alleged to have been infringed -- including but not limited to any profits properly apportioned to the sound recording, the artist's appeal, record labels' or Apple's marketing efforts, etc.

11. In the event Plaintiffs attempt to prove that the alleged infringement was "willful," the evidence will show that Defendants had a good faith belief that the licenses at issue in this action authorized the distribution of Eminem records embodying the Eminem Compositions through Apple's iTunes Store.

12. Plaintiffs have recently asserted a claim to mechanical royalties for certain "skits" that appear on Eminem and D12 albums. These "skits" are non-musical works, not compositions. The agreements Plaintiffs have produced with writers of the Eminem Compositions do not confer publishing rights for non-musical material, so Plaintiffs do not have the right to assert a claim of infringement for these non-musical works.

13. Aftermath or the applicable record label has paid Plaintiffs all necessary mechanical royalties for the exploitation of the Eminem Compositions in records sold in permanent download form based on the full statutory rate

## F.   ISSUES OF LAW TO BE LITIGATED

**Plaintiffs:**

c. Whether Apple and Aftermath are liable for direct, contributory, or vicarious copyright infringement;

d. What extrinsic evidence, if any, is admissible to alter the explicit terms of a recording agreement;

e. Whether the 1998 and 2003 Recording Agreements grant Defendants licenses for permanent downloads of Plaintiffs' Compositions;

f. Whether the recording agreements between other recording artists and Aftermath or other Universal-owned or controlled record companies grant Defendants licenses for permanent downloads of some of Plaintiffs' Compositions;

g. Whether the purported licenses produced by Aftermath are valid licenses for permanent downloads;

h. Whether a permanent download license for a portion of a musical composition

insulates Defendants from copyright liability under the facts of this case;

i. Whether Aftermath can obtain a digital download compulsory license following the termination of a negotiated license;

j. Whether Plaintiffs are entitled to the declaratory relief they seek, including

    i. An injunction preventing Apple and all persons or parties in concert or privity with from reproducing and distributing the Compositions without Eight Mile's and Martin's consent;

    ii. A declaration that Apple's reproduction and distribution of plaintiffs' copyrighted works constitute acts of willful copyright infringement, and declare that Apple and all persons or parties in concert or privity with it may not reproduce or distribute the Compositions without the express written permission of plaintiffs;

    iii. a temporary restraining order, preliminary injunction and permanent injunction against Aftermath preventing Aftermath and all persons or parties in concert or privity with it from purporting to authorize any third party to reproduce and distribute the Compositions without Eight Mile's and Martin's consent;

    iv. a declaratory judgment that Aftermath's purported authorization of Apple's reproduction and distribution of plaintiffs' copyrighted works constitute acts of willful copyright infringement, and declare that Aftermath and all persons or parties in concert or privity with it may not purport to authorize the reproduction or distribution the Compositions

without the express written permission of plaintiffs

**<u>Defendants:</u>**

In Defendants' view, the trial will focus on the interpretation of the licenses that Defendants contend authorized the distribution that Plaintiffs here challenge. Defendants will present evidence and testimony to establish that:

1.  The Controlled Composition clauses in the Eminem/Aftermath Agreements authorize the distribution of records that embody the Eminem Compositions through Apple's iTunes Store.

2.  The Controlled Composition clauses in Eminem's agreements with other labels, including Shady Records and Interscope Records, authorize the distribution of records that embody the Eminem Compositions through Apple's iTunes Store.

3.  The Controlled Composition clauses in recording agreements executed by the several recording artist co-writers of the Eminem Compositions— including 50 Cent, Dr. Dre, D12, Lloyd Banks and Obie Trice —authorize the distribution of records that embody the Eminem Compositions through Apple's iTunes Store.

4.  Separate, individual mechanical licenses -- including those granted by co-writers or their publishing designees, those granted by Ensign or Famous on behalf of Eight Mile Style, and the individual license for "Lose Yourself" by Eight Mile Style -- all authorize the distribution of records that embody the Eminem Compositions through Apple's iTunes Store.

5.  The contracts' language, settled rules of contractual interpretation, the Copyright Law, industry custom and practice, and the parties' past performance under the contracts favor Defendants' interpretation of the Eminem/Aftermath Agreements over Plaintiffs' interpretation.

6.  Even if Plaintiffs' interpretation of the Controlled Composition clause in the Eminem/Aftermath Agreements were correct, Plaintiffs would still be obligated to grant a license and so cannot sue for infringement.

7.  To the extent Plaintiffs contend that the Controlled Composition clause lacks terms, the law implies reasonable terms based on the parties' expectations as defined by custom and practice in the recording industry.

8.    All of the facts here—including Plaintiffs' acceptance of the proceeds from the distribution of Eminem records through iTunes, Plaintiffs' performance under the agreements, and Plaintiffs' contractually expressed understanding that Aftermath and the other labels would distribute the Eminem or other records "in all forms of media now or hereafter known" —create an implied license for the challenged distribution.

9.    Under settled copyright law, a non-exclusive license from a co-writer of a work, such as a composition, grants the right to distribute the whole work, subject to a duty to account to the other co-writers for any proceeds.

10.   Absent specific language to the contrary in the license itself, a license from one co-writer of a particular composition is sufficient to authorize distribution of the entire composition.

11.   Plaintiffs are not entitled to mechanical royalties from non-musical works, such as "skits."  The agreements Plaintiffs have produced with writers of the Eminem Compositions do not confer publishing rights for non-musical material, so Plaintiffs do not have the right to assert a claim of infringement for these non-musical works.

12.   Plaintiffs are precluded from suing for infringement on the grounds of waiver, estoppel, and/or laches.

13.   To the extent Plaintiffs recover any damages, Defendants are entitled to a set-off.

G.   **EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL**

**Plaintiffs:**

Plaintiffs plan to file five motions *in limine* to exclude evidence Defendants have indicated they plan to offer at trial:

First, Plaintiffs will file a motion to exclude the testimony of Stephen Marks, General Counsel of the RIAA, who Defendants disclosed as a potential witness for the first time on August 24, 2009.

Second, Plaintiffs will file a motion to exclude any testimony from Defendants' witnesses as to their understanding of the meaning of the 1998 and 2003 Recording Agreements.  As

described above, California law strictly limits what constitutes relevant evidence when interpreting the meaning of a contract, and any attempt to offer evidence as to one party's unexpressed intent or unexpressed understanding of the meaning of a contract is forbidden. Plaintiffs will also ask the Court to exclude other purported extrinsic evidence that is not appropriate in this case.

Third, Plaintiffs will move to exclude the testimony of Defendants' purported expert witness Peter Paterno. Defendants identified Mr. Paterno as an expert on "controlled composition clauses" in recording agreements. The testimony of Mr. Paterno first shows he is no such expert. Furthermore, Defendants refused to have Mr. Paterno produce a written report because he is Aftermath's outside counsel. Mr. Paterno's deposition testimony, taken to ascertain the "expert" opinions he planned to offer, makes it clear that Mr. Paterno was named in an attempt to skirt California contract law, described above, which does not allow a witness to offer evidence as to his or her unexpressed understanding of provisions in a contract, since Mr. Paterno himself drafted the 1998 Recording Agreement that is at the heart of this action, but admits there were no discussions about it during the negotiations or thereafter.

Fourth, Plaintiffs will move the Court to rule as a matter of law that the Mechanical Royalties section in the 1998 and 2003 Recording Agreements do not apply to permanent downloads as a matter of law.

Fifth, Plaintiffs will move to exclude the licenses Defendants have included on their exhibit list that do not purport to authorize reproduction of the compositions in a digital download configuration. Licenses that apply only to physical configurations cannot be relevant to the question of whether Defendants obtained licenses for permanent downloads. Plaintiffs will

move to exclude, among other documents, the purported licenses Defendants first produced in June, 2009.

**<u>Defendants:</u>**

1.  Plaintiffs should not be permitted to introduce any evidence of gross revenue or "profits" from Aftermath. There is no claim of infringement against Aftermath, so any evidence of Aftermath's gross revenue or "profits" is irrelevant and prejudicial. Aftermath's gross revenues or profits would be relevant only if this Court grants Plaintiffs' motion for leave to amend.

2.  Plaintiffs should not be permitted to introduce any evidence of gross revenue or "profits" from any other record label for those compositions exploited by labels other than Aftermath, because no other label is a party to this action. Any evidence of other labels' gross revenues or profits is irrelevant, unreliable, and prejudicial.

3.  As Defendants have argued in the pending motion to exclude, Plaintiffs should not be permitted to introduce any evidence relating to their claim of "indirect profits" from the sale of iPods, because such evidence is irrelevant, unreliable, and potentially prejudicial.

4.  At deposition, Plaintiffs limited the testimony of their witness Mark Levinsohn, and represented that they would similarly limit Mr. Levinsohn's testimony at trial. Specifically, Plaintiffs' counsel represented in deposition that Mr. Levinsohn would only testify to "his conversations with Universal, and his negotiations for the Eight Mile license. And to the extent he had any conversation concerning those contracts with Universal and Eminem." Levinsohn Dep., 215:23-217:16. Plaintiffs would not permit Mr. Levinsohn to testify on anything other than those specific issues, asserting claims of privilege and work product to topics including Plaintiffs' practices, other music industry professionals' practices, or Mr. Levinsohn's own experience in the music industry. Mr. Levinsohn's trial testimony must therefore be limited to the narrow scope of issues he testified to in deposition, and that Plaintiffs' counsel represented his testimony would be limited to at trial.

5.  Mike Boila and Tim Hernandez, witnesses on Plaintiffs' "may call" list, should be excluded as witnesses due to Plaintiffs' failure to disclose them in a timely manner during the discovery period.

**6.** The deposition of Maurice Russell, a third-party witness, was also limited because of claims of privilege. Defendants were not allowed to inquire into his basis of knowledge regarding his understanding of a key industry agreement. That testimony should be excluded because Defendants were precluded from cross-examining Russell adequately in light of the privilege claims.

**7.** Plaintiffs should not be permitted to introduce the testimony of Howard Abrams. Mr. Abrams is a law professor who has been designated to give testimony on the meaning of the contractual language in the Eminem/Aftermath Agreements' Controlled Composition clause. Mr. Abrams has no industry experience, and is opining purely as a copyright professor. As such, he is testifying only about what the law provides, which invades the exclusive province of the Court. *See United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986).

**8.** Plaintiffs should not be permitted to assert their belated claim regarding certain "skits" on Eminem and D12 albums, because they failed to assert it in a timely manner. Also, the agreements Plaintiffs have produced with writers of the Eminem Compositions do not confer publishing rights for non-musical material, so Plaintiffs do not have the right to assert a claim of infringement for these non-musical works.

## H.   WITNESSES

**Plaintiffs:**

Plaintiffs state they **will call** the following witnesses to testify at trial.

1. Joel Martin
2. Howard Abrams
3. Gary Cohen
4. Mark Levinsohn
5. Melissa Van Hagen
6. Eddie Cue (via deposition)

Plaintiffs **may call** the following witnesses to testify at trial. Plaintiffs will present the testimony of any witnesses outside the subpoena power of this court and not under Plaintiffs control or otherwise willing to appear voluntarily by deposition.

1. Punch Andrews
2. Pat Blair. Testimony will be presented live or via deposition.
3. Mike Boila
4. Todd Douglas. Testimony will be presented live or via deposition.

5. Fred Eisler. Testimony will be presented live or via deposition.
6. Leo P. Ferrante. Testimony will be presented live or via deposition.
7. Chad Gary. Testimony will be presented live or via deposition.
8. James A. Harrington. Testimony will be presented live or via deposition.
9. Tim Hernandez.
10. Rand Hoffman. Testimony will be presented live or via deposition.
11. Tegan Kossowicz. Testimony will be presented live or via deposition.
12. Steven Leung. Testimony will be presented live or via deposition.
13. Marnie Nieves. Testimony will be presented live or via deposition.
14. Cynthia Oliver. Testimony will be presented live or via deposition.
15. Michael Ostroff. Testimony will be presented live or via deposition.
16. Peter Paterno. Testimony will be presented live or via deposition.
17. Lisa Rogell. Testimony will be presented live or via deposition.
18. Patrick Sullivan.
19. Maurice Russell, The Harry Fox Agency. Testimony will be presented via deposition, if called.
20. Michael Peterson, Kobalt Music Publishing America. Testimony will be presented live or via deposition.
21. Ensign Music Corp (Sony/ATV). Testimony will be presented live or via deposition.
22. Nancie Stern, Music Resources, Inc. Testimony will be presented live or via deposition.
23. Universal Music Publishing/Rondor Music International. Testimony will be presented live or via deposition.
24. All witnesses on Defendants' Witness List. Testimony will be presented live or via deposition.
25. Witnesses not named herein, solely for impeachment purposes or as rebuttal witnesses.

**Defendants:**

**WITNESSES DEFENDANTS EXPECT TO CALL**

1. Rand Hoffman

2. Peter Paterno

3. Tegan Kossowicz

4. Steven Leung

**WITNESSES DEFENDANTS MAY CALL IF THE NEED ARISES**

1. Charles Ciongioli

2. Steve Berman

3. John Hansen

<ol start="4">
<li>Steve Marks</li>
<li>Eddy Cue</li>
<li>Michael Ostroff</li>
<li>Stan Ng</li>
<li>Charles Lancaster</li>
<li>Tamara Whiteside</li>
<li>Todd Douglas</li>
<li>Chad Gary</li>
<li>Cynthia Oliver</li>
<li>Marnie Nieves</li>
<li>Any additional witnesses whose testimony is identified in the attached deposition designation tables at Ex. D.</li>
<li>Defendants also may call, and reserve their right to call, any witness identified in Plaintiffs' trial witness disclosure.</li>
</ol>

## I.     <u>EXHIBITS</u>

The parties jointly ask the Court by signing this Order to pre-admit the exhibits listed on the attached Exhibit A. The parties have also submitted separate exhibit lists with the opposing side's objections noted. Plaintiffs' Exhibits with Defendants' Objections noted are at Exhibit B, and Defendants' Exhibits with Plaintiffs' Objections noted are at Exhibit C.

## J.     <u>DEPOSITIONS</u>

Attached as Exhibit D are Plaintiff's and Defendants' designations, objections, and counter-designations to the deposition testimony each side seeks to admit. The parties will prepare transcripts for the Court's review in the format the Court prefers, to be determined at the Final Pretrial Conference.

**K.    DAMAGES**

Defendants do not stipulate to any of Plaintiffs' damages.

Plaintiffs claim the following damages:

a.   **Defendant Apple's Profits:**

Plaintiffs claim as damages a total of $2,577,710 of Apple's profits from the exploitation of Plaintiffs' Compositions on iTunes, plus a share of Apple's profits from its sales of iPods, because some portion of those sales can be attributed to the presence of Plaintiffs' Compositions in Apple's iTunes store.  Plaintiffs' damages from Apple can be broken down by composition as follows:

> 40 Oz: $6,368.24
> 6 in the Morning: $3,641.40
> 8 Mile: $43,257.95
> 8 Miles and Runnin': $2,557.66
> American Psycho 2: $4,928.12
> Ass Like That: $87,046.74
> Average Man: $1,848.35
> Big Weenie: $22,018.19
> Bitch: $4,032.39
> Business: $19,658.55
> Cheers: $1,786.82
> Cleanin' Out My Closet: $81,855.92
> Crazy In Love: $23,883.75
> Criminal: $10,137.01
> Curtains Close: $412.24
> Curtains Up: $354.47
> Don't Come Down: $1,945.42
> Don't Push Me: $13,782.33
> Drips: $7,080.43
> Dude: $75.62
> Em Calls Paul: $15,283.06
> Em Calls Paul Skit: $480.79
> Encore: $12,885.70
> Encore / Curtains Down: $18,189.46
> Encore / Curtains Up: $1,453.91
> Evil Deeds: $22,039.50

Fack: $10,137.01
Final Thought: $15,527.08
Follow My Life: $1,366.43
GATman and Robbin: $19,196.15
Get My Gun: $4,316.84
Git Up: $5,874.42
Got Some Teeth: $7,634.73
Guilty Conscience: $6,684.54
Hailie's Song: $35,555.53
Hands On You: $1,735.41
High All the Time: $15,766.64
Hoodrats: $1,321.70
How Come: $33,353.04
I'm Supposed to Die Tonight: $18,613.55
In My Hood: $9,435.69
Just Don't Give a Fuck: $2,347.90
Just Lose It: $95,589.17
Keep Talkin': $3,508.54
Lady: $2,397.45
Leave Dat Boy Alone: $3,122.84
Like Toy Soldiers: $133,045.64
Lose Yourself: $466,915.63
Love Me: $6,857.24
Love You More: $15,287.39
Loyalty: $3,249.64
Many Men (Wish Death): $46,777.47
Mockingbird: $185,739.37
Mosh: $43,969.01
My 1st Single: $18,427.87
My Band: $42,337.19
My Dad's Gone Crazy: $32,083.61
Never Enough: $22,521.44
Never Forget Ya: $1,350.58
On Fire: $20,392.53
One Shot 2 Shot: $23,325.10
Outro: $1,776.29
Patiently Waiting: $27,577.20
Paul: $15,283.06
Paul Skit: $300.59
Places to Go: $7,058.29
Puke: $32,837.25
Rabbit Run: $18,406.73
Rain Man: $22,662.52
Rap Game: $2,984.65

Ricky Ticky Toc: $15,286.88
Role Model: $1,904.33
Say Goodbye to Hollywood: $16,105.19
Say What U Say: $15,510.75
Shake That: $10,137.01
Shit Hits the Fan: $4,414.78
Shit On You: $1,448.92
Sing For the Moment: $60,877.19
Soldier: $24,301.28
Spend Some Time: $19,138.46
Spit Shine: $2,558.17
Spread Yo Shit: $1,242.51
Square Dance: $19,817.80
Steve Berman: $200.51
Steve's Coffee House: $114.32
Stimulate:$9,748.65
Superman: $73,779.59
The Kiss: $10,331.98
The Real Slim Shady: $11,671.40
Til The End: $3,474.27
Till I Collapse: $100,328.98
Warrior, Part 2: $10,311.41
We All Die One Day: $2,995.66
We As Americans: $15,287.65
When the Music Stops: $17,911.96
White America: $33,742.98
Without Me: $113,360.16
Yellow Brick Road: $17,915.51

b. **Apple's iPod Profits**

Plaintiffs also claim as indirect damages a share of the profits Defendant Apple made from sales of iTunes, based on the theory that some portion of those sales are attributable to the presence of Plaintiffs' Compositions on Apple's iTunes service. Plaintiffs have calculated Apple's profit from the sales of iPods that could potentially be attributable to Plaintiffs' Compositions as approximately $16 million, but claim only a portion of this as damages.

c. **Defendant Aftermath's Profits:**

Plaintiffs claim as damages $4,026,473 of Aftermath's profits from

Apple's exploitation of Plaintiffs' Compositions on iTunes.  Aftermath's

profits can be broken down by composition as follows:

40 Oz: $9,947.42
6 in the Morning: $5,687.99
8 Mile: $67,570.42
8 Miles and Runnin': $3,995.16
American Psycho 2: $7,697.89
Ass Like That: $135,970.03
Average Man: $2,887.19
Big Weenie: $34,393.17
Bitch: $6,298.74
Business: $30,707.32
Cheers: $2,791.06
Cleanin' Out My Closet: $127,861.79
Crazy In Love: $37,343.94
Criminal: $15,834.36
Curtains Close: $643.93
Curtains Up: $23,872.67
Curtains Up Skit: $553.69
Don't Come Down: $3,038.82
Don't Push Me: $21,528.47
Drips: $20,432.07
Dude: $118.13
Em Calls Paul: $23,872.67
Em Calls Paul Skit: $751.00
Encore: $20,127.91
Encore / Curtains Down: $28,412.57
Encore / Curtains Up: $2,271.06
Encore / Curtains Down: $23,872.67
Evil Deeds: $34,426.48
Fack:  $15,834.36
Final Thought: $24,253.84
Follow My Life: $2,134.40
GATman and Robbin: $29,985.05
Get My Gun: $6,743.05
Git Up: $9,176.05
Got Some Teeth: $11,925.71
Guilty Conscience: $10,441.49
Hailie's Song: $55,538.97
Hands On You: $2,710.77

High All the Time: $24,628.03
Hoodrats: $2,064.53
How Come: $52,098.63
I'm Supposed to Die Tonight: $29,075.03
In My Hood:  $14,738.89
Just Don't Give a Fuck: $3,667.50
Just Lose It: $150,875.64
Keep Talkin': $5,480.46
Lady: $3,744.90
Leave Dat Boy Alone: $4,877.99
Like Toy Soldiers: $$207,821.92
Lose Yourself: $729,338.45
Love Me: $10,851.83
Love You More: $23,879.44
Loyalty: $5,076.05
Many Men (Wish Death): $73,068.01
Mockingbird: $290,131.34
Mosh: $68,681.12
My 1st Single: $28,784.98
My Band: $66,132.17
My Dad's Gone Crazy: $50,115.71
My Toy Soldiers:  $14,738.89
Never Enough: $35,179.26
Never Forget Ya: $2,109.65
On Fire: $31,853.86
One Shot 2 Shot: $36,434.62
Outro: $2,774.63
Patiently Waiting: $43,076.53
Paul: 23,872.67
Paul Skit: $469.54
Places to Go: $11,025.30
Puke: $48,592.93
Rabbit Run: $28,751.97
Rain Man: $35,426.65
Rap Game: $4,670.57
Ricky Ticky Toc: $23,878.64
Role Model: $2,974.63
Say Goodbye to Hollywood: $25,156.86
Say What U Say: $24,228.32
Shake That: $15,834.36
Shit Hits the Fan: $6,896.03
Shit On You: $2,263.26
Sing For the Moment: $95,092.27
Soldier: $37,959.44

Spend Some Time: $28,894.94
Spit Shine: $3,995.96
Spread Yo Shit: $1,940.83
Square Dance: $30,956.08
Steve Berman: $313.21
Steve's Coffee House: $178.57
Stimulate:$15,227.72
Superman: $115,246.28
The Kiss: $16,138.90
The Real Slim Shady: $18,231.14
Til The End: $5,426.94
Till I Collapse: $156,717.35
Warrior, Part 2: $16,106.79
We All Die One Day: $4,679.33
We As Americans: $23,879.84
When I'm Gone: $15,834.36
When the Music Stops: $27,979.10
White America: $52,707.70
Without Me: $177,072.52
Yellow Brick Road: $27,984.64

d. **Actual Damages:**

Plaintiffs claim "actual damages" of $52,541 stemming from eight compositions for which neither Apple nor Aftermath paid plaintiffs anything for mechanical royalties.

L.     **TRIAL**

The trial shall be a non-jury trial.

If the motion for leave to amend is denied and the motion to exclude iPod profits is granted, Defendants anticipate that opening statements and all trial testimony could be completed within three to four trial days. The parties could then prepare post-trial briefs and present closings at a schedule directed by the Court.

If the motion for leave to amend is granted, Defendants will need additional time before trial begins to respond to the new complaint, take any necessary discovery from Plaintiffs, and prepare to defend against the newly asserted claims.

Plaintiffs estimate the trial will take 5 to 7 days in any event.

**M.** **SETTLEMENT**

The parties have mediated this dispute three times before three different mediators, most recently on July 31 of this year in Los Angeles, California. Efforts thus far to resolve the dispute short of trial have not been successful. Plaintiffs do not request that the Court schedule a mediation to take place prior to trial commencing.

Dated: **SEP 10 2009**

UNITED STATES DISTRICT JUDGE

WE STIPULATE TO THE ENTRY OF THE ABOVE ORDER:

/s/ Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
 (248) 433-7200
dquick@dickinsonwright.com

Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560
 (213) 683-9238
kelly.klaus@mto.com
Attorneys for Defendants


/s/ Howard Hertz
Howard Hertz (P26653)
Hertz Schram PC
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302-0183
(248)335-5000
hhertz@hertzschram.com

Richard S. Busch
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 726-5422
rbusch@kingballow.com

# Exhibit A - Joint List

| Ex No. | Dated | Description | Bates |
|---|---|---|---|
| 005 | 3/9/1998 | Executed agreement for Marshall B. Mathers AKA Eminem between F.B.T. Productions and Aftermath Entertainment | AFT 20115 - 20131 |
| 008 | | Inducement letter executed by Marshall B. Mathers dated March 9, 1998 (AFT-0000037) | |
| 009 | | Letter dated October 15, 2004 from Melissa Emily to Howard King enclosing the FBT Recording Agreement / Novation dated September 27, 2000 between Aftermath Entertainment et. al. and F.B.T. Productions f/s/o Marshall B. Mathers AKA Eminem (AFT-0020331) | |
| 010 | | Executed artist agreement between Marshall B. Mathers AKA Eminem and Aftermath Records dated July 2, 2003 (AFT-0020067) | |
| 017 | | Facsimile letter dated November 19, 2004 from Lisa Rogell to Gary Stiffelman, R. Hoffman, J. Martin, T. Sedlmayr, P. Rosenberg, P. Paterno and M. Levinsohn attaching a fully executed Aftermath and Marshall B. Mathers artist agreement amendment (AFT-0020093) | |
| 018 | | Executed amendment agreement to July 2, 2003 Aftermath and Marshall B. Mathers Artist agreement dated October 14, 2005 (AFT-0000139) | |
| 019 | | Email dated October 27, 1993 from Rand Hoffman to Gary Stiffelman regarding breakdown of Eminem album tracks sold by Apple (AFT-0001073) | |
| 020G | | 07/19/05 Fax from Rob Cohen to Alan Skeina; redlined copy of the Ring Tone License Agreement | |

| | | | |
|---|---|---|---|
| 22 | 5/2/2003 | Mechanical Reproduction License between Eight Mile and Universal for permanent downloads | 8M 0001 - 0004 |
| 23 | 6/17/2003 | License between Eight Mile Style and Universal for "The Eminem Show" | 8M 0062 - 0063 |
| 24 | 7/9/2003 | Permanent Download License for "The Eminem Show" between Eight Mile Style and Universal | 8M 0058 - 0061 |
| 25 | 1/30/2004 | Mechanical Reproduction License between Eight Mile and Universal for permanent downloads | 8M 0068 - 0069 |
| 33 | 6/20/2002 | Copyright License Agreement between UMG Recordings, Inc. and Eight Mile Style regarding songs by Eminem | 8M 0080 - 0082 |
| 35 | 7/9/2003 | Copyright License Agreement between UMG Recordings, Inc. and Eight Mile Style regarding songs by Eminem | 8M 0092 - 0094 |
| 38 | 1/30/2004 | Mechanical Reproduction License Agreement for permanent downloads of Obie Trice Songs between Eight Mile Style and Universal | 8M 0100 - 0103 |
| 41 | 1/30/2004 | Mechanical Reproduction License Agreement Between Universal and Jaceff Music | 8M 0121 - 0124 |
| 43 | 11/14/2005 | License request from Universal to Eight Mile Style for songs from the Album "Massacre" | 8M 0064 |
| 45 | 12/23/2003 | License Agreement for The Album "The Hunger for More" by Lloyd Banks between Eight Mile Style and Universal Music Group | 8M 0215 - 0216 |
| 46 | 12/22/2003 | Mechanical Reproduction License between Eight Mile Style and Universal for "Cheers" album by Obie Trice | 8M 0223 - 0227 |
| 48 | 10/11/2002 | Letter from Chad Gary (Universal) to Joel Martin regarding licensing digital downloads; Fax cover sheets attached | 8M - 0013 - 0018 |

| | | | |
|---|---|---|---|
| 49 | 9/17/2003 | Mechanical Reproduction License request between Eight Mile Style and Universal for "Get Rich ro Die Tryin'" album by 50 Cent | AFT 55414 - 55416 |
| 52 | 7/21/2003 | Copyright License Agreement between Universal Music Group and Eight Mile Style regarding album "Get Rich or Die Tryin'" by 50 Cent | 8M 0133 - 0136 |
| 55 | 6/25/2002 | Mechanical License between Eight Mile Style and Universal Music Group for "The Eminem Show" | |
| 56 | 12/26/2002 | Copyright License Agreement between Eight Mile Style and Universal Music Group for the 8 Mile Soundtrack Album | |
| 57 | 11/15/2005 | Copyright License Agreement between Dirty Steve's Music, LLC and UMG Recordings, Inc. for the album "The Massacre" by 50 Cent | 8M 0137 - 0147 |
| 60 | 01/01/2002 - 03/31/2005 | Publisher Royalty Statements (and copies of royalty checks) to Eight Mile Style from UMG Recordings | 8M 0249 -0746 |
| 200 | | Executed agreement between F.B.T. Productions and Marshall Bruce Mathers III dated November 28, 1995 (FBT-001) | |
| 201 | | Schedule 1 - Plaintiffs' Compositions | |
| 203 | | Email dated November 3, 2004 from Lisa Rogell to Gary Stiffelman, Mark Levinsohn and Rand Hoffman attaching a draft of the amended July 2, 2003 agreement between Aftermath and Marshall Mathers (AFT-0020323) | |
| 204 | various | Series of License Requests addressed to Eight Mile Style | |
| 206 | 7/27/2007 | Letter to Apple Comuter, Inc. from Norman Ankers regarding Unauthorized Distribution and copyright infringement | FBT 0125 - 0128 |
| 214 | 12/22/2003 | Copyright License Agreement between Universal Music Group and Eight Mile Style regarding album "Cheers" by Obie Trice | 8M - 0825 - 0830 |

| | | | |
|---|---|---|---|
| 215 | 9/30/2004 | Email between Melissa Emily Van Hagan and Todd Douglas regarding Obie Trice License | AFT 57544 |
| 216 | 9/30/2004 | Email between Melissa Emily Van Hagan and Todd Douglas regarding Obie Trice License | AFT 57545 - 57546 |
| 217 | 9/24/2004 | Letter from Melissa Emily (Eight Mile Style) to Todd Douglas (Universal Music Group) regarding Mechanical Licenses for the Obie Trice album "Cheers" | AFT 55450 - 55458 |
| 218 | 12/22/2004 | Copyright License Agreement between UMG Recordings, Inc. and Eight Mile Style regarding the album "Encore" by Eminem | 8M - 0203 - 0208 |
| 219 | 1/3/2005 | Email between Melissa Emily Van Hagan and Todd Douglas regarding Eminem "Encore" Schedule and License | AFT 57459 - 57462 |
| 220 | 1/6/2005 | Email between Melissa Emily Van Hagan and Todd Douglas regarding Eminem "Encore" Schedule and License | AFT 57466 |
| 221 | 1/5/2005 | Email between Melissa Emily Van Hagan and Todd Douglas regarding Eminem "Encore" Schedule and License | AFT 57463 |
| 222 | various | Copyright License Agreements between Universal and Eight Mile Style for various songs | 8M 0747 - 0846 |
| 223 | 10/9/2002 | Draft of License Agreements between Universal and Eight Mile; Letter and notes sent by Mark Levinsohn to Chad Gary | |
| 231 | | A Publishing Licensing Primer Prepared by RightsFlow LLC | SULLIV 0329 - 0334 |
| 232 | 7/21/2008 | Emails between Ramona DeSalvo (King & Ballow) and Patrick Sullivan regarding Publishing License Primer | SULLIV 0527 - 0528 |
| 233 | | Patick Sullivan Bio and Resume | SULLIV 0443 - 0447 |

| | | | |
|---|---|---|---|
| 234 | 8/26/2008 | Description of RightsFlow from webpage: http://www.rightsflow.com/outsourced_solutions.php | |
| 236 | 10/5/2001 | Publishing Agreement between RIAA, NMPA and The Harry Fox Agency | SULLIV 0295 - 0314 |
| 247 | | Compulsory License from The Harry Fox Agency | No Bates |
| 250 | 8/27/2008 | Email between Ramona DeSalvo (King & Ballow) and Patrick Sullivan regarding Summary Judgment Declaration | 8M - 1019 - 1026 |
| 253 | 8/27/2008 | Email between Ramona DeSalvo (King & Ballow) and Patrick Sullivan regarding Summary Judgment Declaration | 8M - 1010 - 1018 |
| 254 | 3/15/2004 | Copyright License Agreement between Zomba recording Corporation and Eight Mile Style, LLC | APP 0044 - 0046 |
| 255 | 8/13/2008 | Invoice for services to Eight Mile Style and Martin Affiliated performed by Howard Abrams | ABRAMS 0040 - 0041 |
| 256 | 9/4/2008 | Invoice for services to Eight Mile Style and Martin Affiliated performed by Howard Abrams | ABRAMS 0042 - 0043 |
| 257 | 8/11/2008 | Email between Marc Guilford and Howard Abrams regarding documents for Mr. Abrams to review to prepare expert report | ABRAMS 0074 |
| 258 | 8/11/2008 | Email between Marc Guilford and Howard Abrams regarding documents for Mr. Abrams to review to prepare expert report | ABRAMS 0075 |
| 259 | 8/11/2008 | Email between Richard Busch and Howard Abrams regarding expert report | ABRAMS 0064 - 0068 |
| 260 | 8/12/2008 | Email between Marc Guilford and Howard Abrams regarding documents for Mr. Abrams to review to prepare expert report | ABRAMS 0078 |

| | | | |
|---|---|---|---|
| 261 | 8/12/2008 | Email between Marc Guilford and Howard Abrams regarding documents for Mr. Abrams to review to prepare expert report | ABRAMS 0085 |
| 262 | 8/13/2008 | Email between Marc Guilford and Howard Abrams regarding documents for Mr. Abrams to review to prepare expert report | ABRAMS 0086 |
| 304 | | List of sales of Eight Mile Songs from Apple Database | APP 0367 - 0370 |
| 305 | 3/30/2003 - 3/29/2009 | List of titles, sales and royalties for Eight Mile songs from Apple Database | APP 0118 - 0364 |
| 306 | 2/2/2009 | Apple iTunes Financial Report Unit Types | APP 0371 |
| 307 | 2/01/2009 - 5/30/2009 | Download report for "Couch Potato" by Weird Al Yankovic | APP 0374 |
| 308 | 12/16/2003 - 01/31/2009 | Download information for "Couch Potato by Weird Al Yankovic | APP 0375 - 2913 |
| 309 | | iTunes US Profit and Loss for Eight Mile | APP 0372 - 0373 |
| 310 | | Profit & Loss Statement Index | AFT 59551 - 59552 |
| 310-1 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Ass Like That* | AFT 59553 - 59580 |
| 310-2 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Big Weenie* | AFT 59581 - 59607 |
| 310-3 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Business* | AFT 59608 - 59628 |
| 310-4 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Cleaning Out My Closet* | AFT 59629 - 59663 |
| 310-5 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Crazy In Love* | AFT 59664 - 59690 |

| | | | |
|---|---|---|---|
| 310-6 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Don't Push Me* | AFT 59691 - 59713 |
| 310-7 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Drips* | AFT 59714 - 59735 |
| 310-8 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Encore* | AFT 59736 - 59763 |
| 310-9 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Evil Deeds* | AFT 59764 - 59790 |
| 310-10 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Gatman and Robbin* | AFT 59791 - 59815 |
| 310-11 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for Guilty Conscience | AFT 59816 - 59856 |
| 310-12 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Hailie's Song* | AFT 59857 - 59877 |
| 310-13 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *High All the Time* | AFT 59878 - 59900 |
| 310-14 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *I'm Supposed to Die Tonight* | AFT 59901 - 59924 |
| 310-15 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Just Don't Give a Fuck* | AFT 59925 - 59961 |
| 310-16 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Just Lose It* | AFT 59962 - 60003 |
| 310-17 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Like Toy Soldiers* | AFT 60004 - 60046 |
| 310-18 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Love You More* | AFT 60047 - 60070 |
| 310-19 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Many Men (aka Wish Death)* | AFT 60071 - 60094 |

| | | | AFT |
|---|---|---|---|
| 310-20 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Mockingbird* | 60095 - 60136 |
| 310-21 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Mosh* | AFT 60137 - 60163 |
| 310-22 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *My 1st Single* | AFT 60164 - 60192 |
| 310-23 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *My Dad's Gone Crazy* | AFT 60193 - 60213 |
| 310-24 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Never Enough* | AFT 60214 - 60240 |
| 310-25 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *One Shot, 2 Shot* | AFT 60241 - 60267 |
| 310-26 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Patiently Waiting* | AFT 60268 - 60291 |
| 310-27 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Puke* | AFT 60292 - 60319 |
| 310-28 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Rain Man* | AFT 60320 - 60346 |
| 310-29 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Ricky Ticky Toc* | AFT 60347 - 60370 |
| 310-30 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Role Model* | AFT 60371 - 60399 |
| 310-31 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Say Goodbye to Hollywood* | AFT 60400 - 60420 |
| 310-32 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Say What You Say* | AFT 60421 - 60441 |
| 310-33 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Shit On You* | AFT 60442 - 60468 |

| | | | |
|---|---|---|---|
| 310-34 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Sing for the Moment* | AFT 60469 - 60504 |
| 310-35 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Soldier* | AFT 60505 - 60525 |
| 310-36 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Spend Some Time* | AFT 60526 - 60552 |
| 310-37 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Square Dance* | AFT 60553 - 60573 |
| 310-38 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Superman* | AFT 60574 - 60594 |
| 310-39 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *The Real Slim Shady* | AFT 60595 - 60634 |
| 310-40 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Till I Collapse* | AFT 60635 - 60655 |
| 310-41 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *We As Americans* | AFT 60656 - 60679 |
| 310-42 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *When the Music Stops* | AFT 60680 - 60700 |
| 310-43 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Without Me* | AFT 60701 - 60737 |
| 310-44 | 7/25/2004 - 12/27/2008 | Profit & Loss Statement for *Yellow Brick Road* | AFT 60738 - 60764 |
| 311 | 7/25/2004 - 12/27/2008 | Digital Track Sales by Title | AFT 60765 - 61221 |
| 313-6 | 11/11/2004 | Mechanical License for *Crazy in Love* | AFT 64000 - 64001 |
| 313-9 | Dec. 1999 | Shady Records Agreement with various parties | AFT 58331 - 58383 |

| | | | |
|---|---|---|---|
| 314-2 | 6/14/2002 | Recording Agreement Between Rotton Apple, 50 Cent and Shady Records | AFT 58255 - 58330 |
| 314-3 | 10/1/2000 | Joint Venture Between Dr. Dre and Aftermath | AFT 58669 - 58744 |
| 314-4 | 12/9/2005 | Joint Venture Between Dr. Dre, ARY, and Interscope | AFT 58650 - 58668 |
| 314-6 | 1/19/2000 | Agreement between Shady Records and Interscope | AFT 58017 - 58101 |
| 314-7 | 5/24/2001 | Agreement between Shady Records and Obie Trice | AFT 58389 - 58447 |
| 314-8 | 5/24/2001 | Agreement between Shady Records and Interscope | AFT 58102 - 58178 |
| 314-9 | 1/10/2004 | Agreement between Money By Any Means Necessary and G-Unit | AFT 58179 - 58254 |
| 314-10 | 1/10/2004 | Exclusive Recording Agreement between G-Unit and Lloyd Banks | AFT 58384 - 58991 |
| 314-11 | 1/1/2002 | Amendment to First Look Agreement between Shady Records and Interscope | AFT 58853 - 58889 |
| 314-12 | 10/1/2002 | Amendment to Obie Trice and Shady Records May 24, 2001 Agreement | AFT 59013 - 59016 |
| 314-13 | 5/23/2001 | Artist Inducement between Shady Records and Obie Trice | AFT 59004 - 59012 |
| 314-14 | 1/10/2004 | Artist Inducement between Lloyd Banks and Money By Any Means Necessary | AFT 58994 - 59003 |
| 402 | | Chart showing License Information | HFA 0200 - 0215 |
| 403 | 2006 | The Harry Fox Agency Licensing Department Manual | HFA 0156 - 0179 |

| | | | |
|---|---|---|---|
| 404 | 10/5/2001 | Digital Music Agreement Between RIAA, NMPA, and HFA | HFA 0180 - 0199 |
| 406 | 7/10/2009 | Email from Barrly Slotnick to Marc Guilford regarding documents from UMG to | HFA 0060 - 0075 |
| 407 | | General Information pages from The Harry Fox Agency Website | |
| 408 | | General Information pages from The Harry Fox Agency Website | |
| 409 | | Download Licenses between The Harry Fox Agency and Ensign Publishing/Famous Music | |
| 414 | 2/4/1999 | Copyright Assignment and Co-publishing Agreement between Jeff and Mark Bass and Ensign Music Corporation; agreements attached | ENSIGN 0192 - 0259 |
| 415 | 4/6/2002 | Administration Agreement regarding Eminem between Ensign Music Corporation and Eight Mile Style | ENSIGN 0153 - 0191 |
| 417 | 6/6/2005 | Audit Settlement Agreement between Ensign Music Corporation, Famous Music Corporation and Mark Bass, Jeff Bass, and Eight Mile Style | ENSIGN 0029 - 0033 |
| 418 | 2/20/2004 | Complaint and Demand for Jury Trial, Case No. 2:04-70651: *Eight Mile Style, LLC., et al. v. Apple Comuter, et. al.* | |
| 419 | 10/12/2005 | License Request for use of *Lose Yourself* in Apple i-Pod Commercial | AFT 64081 - 64084 |
| 420 | 8/11/2008 | Letter from Joel Martin (Eight Mile Style) to UMG Recordings terminating DPD License for *Lose Yourself* | |
| 426 | 6/30/2009 | Email from Gary Cohen to Richard Busch and Marc Guilford regarding expert report | GCC EMS 0048 - 0059 |
| 428 | 6/18/2009 | Email from Gary Cohen to  Marc Guilford regarding expert retainer | GCC EMS 0001 |

| | | | |
|---|---|---|---|
| 429 | 9/22/2004 | Audit Report Performed by Gary Cohen Corporation for Eight Mile Style Music, LLC | GCC EMS 0253 - 0258 |
| 430 | 1/3/2007 | Letter to Joel Martin (Eight Mile Style) from Gary Cohen regarding audit report and review | 8M 1397 - 1402 |
| 431 | 6/30/2009 | Email from Gary Cohen to Joel Martin regarding UMG response to royalty audit | GCC EMS 0060 |
| 432 | 7/24/2009 | Email from Marc Guilford to Gary Cohen regarding Deposition Outline for Charles Ciongoli | GCC EMS 0192 - 0206 |
| 433 | 7/01/2001 to 9/30/2001 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1407 - 1410 |
| 434 | 10/01/2001 to 12/31/2001 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1411 - 1414 |
| 435 | 1/2002 to 3/2002 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1415 - 1420 |
| 436 | 4/2002 to 6/2002 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1421 - 1427 |
| 437 | 7/2002 to 9/2002 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1428 - 1433 |
| 438 | 10/2002 to 12/2002 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1434 - 1440 |
| 439 | 01/2003 to 3/2003 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1441 - 1447 |
| 440 | 4/2003 to 6/2003 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1448 - 1454 |
| 441 | 7/2003 to 9/2003 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1455 - 1461 |

| | | | |
|---|---|---|---|
| 442 | 10/2003 to 12/2003 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1462 1468 |
| 443 | 1/2004 to 3/2004 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1469 - 1476 |
| 444 | 11/2004 to 6/2004 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1477 - 1484 |
| 445 | 7/2004 to 9/2004 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1485 - 1491 |
| 446 | 10/2004 to 12/2004 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1492 - 1498 |
| 447 | 1/2005 to 3/2005 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1499 - 1506 |
| 448 | 4/2005 to 6/2005 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1507 - 1513 |
| 449 | 7/2005 to 9/2005 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1514 - 1520 |
| 450 | 10/2005 to 12/2005 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1521 - 1527 |
| 451 | 1/2006 to 3/2006 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1528 - 1533 |
| 452 | 4/2006 to 6/2006 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1534 - 1539 |
| 453 | 7/2006 to 9/2006 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1540 - 1545 |
| 454 | 10/2006 to 12/2006 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1546 - 1551 |
| 455 | 1/2007 to 3/2007 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1552 - 1557 |

| 456 | 4/2007 to 6/2007 | Publisher Royalty statements paid to The Harry Fox Agency from Universal, Account # 1012660 | AFT 1558 - 1563 |
|---|---|---|---|
| 457 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UC101970 | AFT 1564 - 1566 |
| 458 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UC101970 | AFT 1567 - 1568 |
| 459 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account #UC101970 | AFT 1569 - 1571 |
| 460 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UC101970 | AFT 1572 - 1574 |
| 461 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UC101970 | AFT 1575 - 1577 |
| 462 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UC101970 | AFT 1578 - 1580 |
| 463 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UC101970 | AFT 1581 - 1583 |
| 464 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT 1584 - 1585 |
| 465 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT 1586 - 1587 |
| 466 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT   1588 |
| 467 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT   1589 |
| 468 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT 1590 - 1591 |
| 469 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT 1592-1593 |

| | | | |
|---|---|---|---|
| 470 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT 1594 - 1595 |
| 471 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT 1596 - 1597 |
| 472 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Eight Mile Style, Account # UI010017 | AFT 1598 - 1599 |
| 473 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Eight Mile Style Account # UI010017 | AFT 1600-1601 |
| 474 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Eight Mile Style Account # UI010017 | AFT 1602 - 1603 |
| 475 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT 1604 - 1605 |
| 476 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT    1606 |
| 477 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT    1607 |
| 478 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT 1608 - 1609 |
| 479 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT 1610 - 1611 |
| 480 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT    1612 |
| 481 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT    1613 |
| 482 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT    1614 |
| 483 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT    1615 |

| | | | |
|---|---|---|---|
| 484 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Jaceff Music from Resto World, Account # UI010029 | AFT 1616 |
| 485 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Steve King, Account # UI010030 | AFT 1617 |
| 486 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Steve King, Account # UI010030 | AFT 1618 |
| 487 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Steve King, Account # UI010030 | AFT 1619 |
| 488 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Steve King, Account # UI010030 | AFT 1620 - 1621 |
| 489 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UI010030 | AFT 1622 - 1623 |
| 490 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UI010030 | AFT 1624 - 1625 |
| 491 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UI010030 | AFT 1626 - 1627 |
| 492 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UI010030 | AFT 1628 - 1629 |
| 493 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UI010030 | AFT 1630 - 1631 |
| 494 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UI010030 | AFT 1632 - 1633 |
| 495 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UC101995 | AFT 1634 - 1635 |
| 496 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UC101995 | AFT 1636 - 1637 |
| 497 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UC101995 | AFT 1638 - 1639 |
| 498 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UC101995 | AFT 1640 - 1641 |

| | | | |
|---|---|---|---|
| 499 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Dirty Steve's Music, Account # UC101995 | AFT 1642 - 1643 |
| 500 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1644 - 1649 |
| 501 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1650 - 1656 |
| 502 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1657 - 1663 |
| 503 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1664 - 1670 |
| 504 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1671 - 1676 |
| 505 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1677 - 1682 |
| 506 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1683 - 1688 |
| 507 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1689 - 1693 |
| 508 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1694 - 1700 |
| 509 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1701 - 1707 |
| 510 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101874 | AFT 1708 - 1714 |
| 511 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1715 - 1719 |

| | | | |
|---|---|---|---|
| 512 | 7/2004 to 9/2004 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1720 - 1723 |
| 513 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1724 - 1727 |
| 514 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1728 - 1730 |
| 515 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1731 - 1734 |
| 516 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1735 - 1737 |
| 517 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1738 - 1740 |
| 518 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1741 - 1743 |
| 519 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1744 - 1747 |
| 520 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1748 - 1752 |
| 521 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1753 - 1756 |
| 522 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1757 - 1759 |
| 523 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Jaceff from Resto World, Account # UC101792 | AFT 1760 - 1762 |
| 524 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1763 - 1769 |

| | | | |
|---|---|---|---|
| 525 | 7/2004 to 9/2004 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1770 - 1774 |
| 526 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1775 - 1780 |
| 527 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1781 - 1785 |
| 528 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1786 - 1790 |
| 529 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1791 - 1794 |
| 530 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1795 - 1799 |
| 531 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1800 - 1804 |
| 532 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1805 - 1810 |
| 533 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1811 - 1815 |
| 534 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1816 - 1820 |
| 535 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1821 - 1824 |
| 536 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Eight Mile Style, Account #UC101791 | AFT 1825 - 1828 |
| 537 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1829 - 1830 |

| | | | |
|---|---|---|---|
| 538 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1831 - 1832 |
| 539 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1833 - 1834 |
| 540 | 10/2003 to 12/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1835 - 1836 |
| 541 | 1/2004 to 3/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1837 - 1838 |
| 542 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1839 - 1840 |
| 543 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1841 - 1842 |
| 544 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1843 |
| 545 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1844 - 1845 |
| 546 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1846 - 1847 |
| 547 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1848 - 1849 |
| 548 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1950 - 1851 |
| 549 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 1852 - 1853 |
| 550 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT 19854 - 1855 |

| | | | |
|---|---|---|---|
| 551 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10126860 | AFT  1856 - 1857 |
| 552 | 7/2003 to 9/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1858 - 1859 |
| 553 | 10/2003 to 12/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT  1860 |
| 554 | 1/2004 to 3/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1861-1862 |
| 555 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1863 - 1864 |
| 556 | 7/2004 to 9/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT  1865 |
| 557 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT  1866 |
| 558 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1867 - 1869 |
| 559 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1870 - 1871 |
| 560 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1872 - 1873 |
| 561 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT  1874 - 1877 |
| 562 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT  1878 - 1881 |
| 563 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1882 - 1884 |

| | | | |
|---|---|---|---|
| 564 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1885 - 1887 |
| 565 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1888 - 1890 |
| 566 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1891 - 1983 |
| 567 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # UC101684 | AFT 1894 - 1986 |
| 568 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1897 - 1898 |
| 569 | 7/2004 to 9/2004 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1899 - 1900 |
| 570 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1901 - 1902 |
| 571 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1903 - 1904 |
| 572 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1905 - 1906 |
| 573 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1907 - 1908 |
| 574 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1909 - 1910 |
| 575 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1911 - 1912 |
| 576 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1913 - 1914 |

| 577 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1915 - 1916 |
|---|---|---|---|
| 578 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1917 - 1918 |
| 579 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1919- 1920 |
| 580 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Eight Mile Style Music from King (Shady), Account # UC101793 | AFT 1921 |
| 581 | 7/01/2001 to 9/30/2001 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 100753 | AFT 1922 - 1924 |
| 582 | 10/01/2001 to 12/31/2001 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 100753 | AFT 1925 - 1927 |
| 583 | 1/2002 to 3/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1928- 1931 |
| 584 | 4/2002 to 6/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1932 - 1938 |
| 585 | 7/2002 to 9/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1939- 1945 |
| 586 | 10/2002 to 12/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1946 - 1956 |
| 587 | 1/2003 to 3/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1957 - 1967 |
| 588 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1968 - 1979 |
| 589 | 7/2003 to 9/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1980 - 1991 |

| 590 | 10/2003 to 12/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 1992 - 2009 |
|---|---|---|---|
| 591 | 1/2004 to 3/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2010 - 2026 |
| 592 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT  2027 - 2043 |
| 593 | 7/2004 to 9/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2044 - 2058 |
| 594 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2059 - 2072 |
| 595 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2073 - 2085 |
| 596 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2086 - 2098 |
| 597 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2099 - 2112 |
| 598 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2113 - 2125 |
| 599 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2126 - 2138 |
| 600 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2139 - 2151 |
| 601 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2152 - 2162 |
| 602 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2163 - 2174 |

| | | | |
|---|---|---|---|
| 603 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2175 - 2186 |
| 604 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10075360 | AFT 2187 - 2197 |
| 605 | 7/01/2001 to 9/30/2001 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 101192 | AFT 2198 |
| 606 | 10/01/2001 to 12/31/2001 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 101192 | AFT 2199 |
| 607 | 1/2002 to 3/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2200 - 2201 |
| 608 | 4/2002 to 6/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2202 - 2206 |
| 609 | 7/2002 to 9/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2207 - 2211 |
| 610 | 10/2002 to 12/2002 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2212 - 2217 |
| 611 | 1/2003 to 3/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2218 - 2223 |
| 612 | 4/2003 to 6/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2224 - 2228 |
| 613 | 7/2003 to 9/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2229 - 2233 |
| 614 | 10/2003 to 12/2003 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2234 - 2239 |
| 615 | 1/2004 to 3/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2240 - 2245 |

| 616 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2246 - 2253 |
|---|---|---|---|
| 617 | 7/2004 to 9/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2254 - 2260 |
| 618 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2261 - 2279 |
| 619 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2280 - 2298 |
| 620 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2299 - 2317 |
| 621 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2318 - 2333 |
| 622 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2334 - 2349 |
| 623 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2350 - 2365 |
| 624 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2366 - 2380 |
| 625 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2381 - 2395 |
| 626 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2396 - 2412 |
| 627 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2413 - 2429 |
| 628 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Eight Mile Style Music, Account # 10119260 | AFT 2430 - 2445 |

| | | | |
|---|---|---|---|
| 629 | 7/01/2001 to 9/30/2001 | Publisher Royalty statements paid to Famous Music Group, Account # 101298 | AFT 2446 - 2447 |
| 630 | 1/2002 to 3/2002 | Publisher Royalty statements paid to Famous Music Group, Account # 10129860 | AFT 2448 |
| 631 | 4/2002 to 6/2002 | Publisher Royalty statements paid to Famous Music Group, Account # 10129860 | AFT 2449 - 2456 |
| 632 | 7/2002 to 9/2002 | Publisher Royalty statements paid to Famous Music Group, Account # 10129860 | AFT 2457 - 2465 |
| 633 | 10/2002 to 12/2002 | Publisher Royalty statements paid to Famous Music Group, Account # 10129860 | AFT 2466 - 2474 |
| 634 | 1/2003 to 3/2003 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2475 - 2482 |
| 635 | 4/2003 to 6/2003 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2483 - 2489 |
| 636 | 7/2003 to 9/2003 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2490 - 2496 |
| 637 | 10/2003 to 12/2003 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2497 - 2505 |
| 638 | 1/2004 to 3/2004 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2506 - 2513 |
| 639 | 4/2004 to 6/2004 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2514 - 2522 |
| 640 | 7/2004 to 9/2004 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2523 - 2530 |
| 641 | 10/2004 to 12/2004 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2531 - 2538 |

| | | | |
|---|---|---|---|
| 642 | 1/2005 to 3/2005 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2539 - 2546 |
| 643 | 4/2005 to 6/2005 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2547 - 2554 |
| 644 | 7/2005 to 9/2005 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2555 - 2561 |
| 645 | 10/2005 to 12/2005 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2562 - 2568 |
| 646 | 1/2006 to 3/2006 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2569 - 2575 |
| 647 | 4/2006 to 6/2006 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2576 - 2585 |
| 648 | 7/2006 to 9/2006 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2586 - 2594 |
| 649 | 10/2006 to 12/2006 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2595 - 2604 |
| 650 | 1/2007 to 3/2007 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2605 - 2613 |
| 651 | 4/2007 to 6/2007 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 2614 - 2622 |
| 652 | 7/01/2001 to 9/30/2001 | Publisher Royalty statements paid to Ensign Music Corp., Account # 100921 | AFT 2623 - 2629 |
| 653 | 10/01/2001 to 12/31/2001 | Publisher Royalty statements paid to Ensign Music Corp., Account # 100921 | AFT 2630 - 2636 |
| 654 | 1/2002 to 3/2002 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2637 - 2643 |

| 655 | 4/2002 to 6/2002 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2644 - 2652 |
|------|------------------|------------------------------------------------------------------------------|-----------------|
| 656 | 7/2002 to 9/2002 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2653 - 2661 |
| 657 | 10/2002 to 12/2002 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2662 - 2669 |
| 658 | 1/2003 to 3/2003 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2670 - 2677 |
| 659 | 4/2003 to 6/2003 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2678 - 2686 |
| 660 | 7/2003 to 9/2003 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2687 - 2694 |
| 661 | 10/2003 to 12/2003 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2695 - 2703 |
| 662 | 1/2004 to 3/2004 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2704 - 2712 |
| 663 | 4/2004 to 6/2004 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2713 - 2721 |
| 664 | 7/2004 to 9/2004 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2722 - 2729 |
| 665 | 10/2004 to 12/2004 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2730 - 2738 |
| 666 | 1/2005 to 3/2005 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2739 - 2747 |
| 667 | 4/2005 to 6/2005 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2748 - 2756 |

| | | | |
|---|---|---|---|
| 668 | 7/2005 to 9/2005 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2757 - 2765 |
| 669 | 10/2005 to 12/2005 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2766 -2773 |
| 670 | 1/2006 to 3/2006 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2774 - 2782 |
| 671 | 4/2006 to 6/2006 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2783 - 2790 |
| 672 | 7/2006 to 9/2006 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2791 - 2798 |
| 673 | 10/2006 to 12/2006 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2799 - 2806 |
| 674 | 1/2007 to 3/2007 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2807 - 2814 |
| 675 | 4/2007 to 6/2007 | Publisher Royalty statements paid to The Harry Fox Agency, Account # 10092160 | AFT 2815 - 2822 |
| 676 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing by UMB, Account # 10075360 | AFT 59017 - 59028 |
| 677 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing by UMB, Account # 10075360 | AFT 59029 - 59040 |
| 678 | 1/2008 to 3/2008 | Publisher Royalty statements paid to The Harry Fox Agency by UMG, Account # 10092160 | AFT 59041- 59048 |
| 679 | 4/2008 to 6/2008 | Publisher Royalty statements paid to The Harry Fox Agency by UMG, Account # 10092160 | AFT 59049 - 59056 |
| 680 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing, Account # 10119260 | AFT 59057 - 59072 |

| | | | |
|---|---|---|---|
| 681 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing, Account # 10119260 | AFT 59073 - 59087 |
| 682 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing, Account # 101268660 | AFT 59088 - 59094 |
| 683 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing, Account # 101268660 | AFT 59095 - 59100 |
| 684 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing, Account #10126860 | AFT 59101 - 59102 |
| 685 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing, Account #10126860 | AFT 59103 - 59104 |
| 686 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 59105 - 59114 |
| 687 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Ensign Music Corp., Account # 10129860 | AFT 59115 to 59124 |
| 688 | 8/6/2008 | Check payable to Kobalt Music from Universal for $394,044.53 | AFT 59125 |
| 689 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Ensign Music Corp. c/o Kobalt Music Publishing, Account # UC101684 | AFT 59126 - 59128 |
| 690 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Ensign Music Corp. c/o Kobalt Music Publishing, Account # UC101684 | AFT 59129 - 59131 |
| 691 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Eight Mile Style (Shady) c/o Kobalt Music Publishing Corp., Account # UC 101791 | AFT 59132 - 59134 |
| 692 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Eight Mile Style (Shady) c/o Kobalt Music Publishing Corp., Account # UC 101791 | AFT 59135 - 59138 |
| 693 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Jaceff Music from Resto World c/o Kobalt Music Publishing Corp., Account # UC101792 | AFT 59139 - 59141 |

| | | | |
|---|---|---|---|
| 694 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Jaceff Music from Resto World c/o Kobalt Music Publishing Corp., Account # UC101792 | AFT 59142 - 59144 |
| 695 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt, Account # UC 101793 | AFT 59145 |
| 696 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing Corp., Account # UC 101793 | AFT 59146 |
| 697 | 1/2008 to 3/2008 | Publisher Royalty statements paid to Jaceff/Resto c/o Kobalt Music Publishing, Account # UC 101874 | AFT 59147 - 59153 |
| 698 | 4/2008 to 6/2008 | Publisher Royalty statements paid to Jaceff/Resto c/o Kobalt Music Publishing, Account # UC 101874 | AFT 59154 - 51959 |
| 699 | 1/2008 to 3/2008 | Publisher Royalty statement paid to Nueve Music/Resto World c/o Kobalt Music Publishing Corp., Account # UC 101970 | AFT 59160 - 59162 |
| 700 | 4/2008 to 6/2008 | Publisher Royalty statement paid to Nueve Music/Resto World c/o Kobalt Music Publishing Corp., Account # UC 101970 | AFT 59163 - 59165 |
| 701 | 1/2008 to 3/2008 | Publishing Royalty statements paid to Dirty Steve's Music c/o Kobalt Music Publishing Corp., Account # UC101995 | AFT 59166 - 59167 |
| 702 | 4/2008 to 6/2008 | Publishing Royalty statements paid to Dirty Steve's Music c/o Kobalt Music Publishing Corp., Account # UC101995 | AFT 59168 - 59169 |
| 703 | 1/2008 to 3/2008 | Publishing Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing Corp., Account # UI010017 | AFT 59170 - 59171 |
| 704 | 4/2008 to 6/2008 | Publishing Royalty statements paid to Eight Mile Style c/o Kobalt Music Publishing Corp., Account # UI010017 | AFT 59172 |
| 705 | 1/2008 to 3/2008 | Publishing Royalty statements paid to Jaceff/Resto World c/o Kobalt Music Publishing Corp., Account # UI010029 | AFT 59173 |

| | | | |
|---|---|---|---|
| 706 | 4/2008 to 6/2008 | Publishing Royalty statements paid to Jaceff/Resto World c/o Kobalt Music Publishing Corp., Account # UI010029 | AFT 59174 |
| 707 | 1/2008 to 3/2008 | Publishing Royalty statements paid to Dirty Steve's Music c/o Kobalt Music Publishing Corp., Account # UI010030 | AFT 59175 - 59176 |
| 708 | 4/2008 to 6/2008 | Publishing Royalty statements paid to Dirty Steve's Music c/o Kobalt Music Publishing Corp., Account # UI010030 | AFT 59177- 59178 |
| 709 | 9/30/2008 | Letter from Michael Peterson (Kobalt) to Cindy Oliver (UMG) Re: "Lose Yourself" royalty check; copy of check attached | AFT 59179 - 59183 |
| 710 | 8/15/2000 | 8/15/00 Administration Agreement between Eight Mile and Ensign | ENSIGN 02-027 |
| 711 | 8/15/2008 | Email from Sara Jackson to Nancie Stern re: Compulsory License Request | KBLT 68-71 |
| 712 | 9/23/2008 | Email from Mark Levinsohn to Michael Peterson re: UMG Compsulsory License Payment | 8M 1382-1386 |
| 713 | 9/24/2008 | Email from Sara Jackson to Michael Peterson re: Universal check to be sent back | KBLT 76 |
| 714 | 9/24/2008 | Email from Guy Sylvester to Jemma Skidmore, et al. re: 8 mile / music resources important | KBLT 85 |
| 715 | 9/24/2008 | Email from Nick Noden to Sara Jackson re: UMG Compulsory License Payment | KBLT 77-79 |
| 716 | 9/24/2008 | Email from Willard Ahdritz to Michael Peterson re: UMG Compulsory License Payment URGENT IMPORTANT | KBLT 86 |
| 717 | 9/25/2008 | Email from Willard Ahdritz to Nick Nodel, et al. re: UMG Compulsory License Payment | KBLT 80 |
| 718 | 10/28/2008 | Email from Sara Jackson to Nancie Stern re: UMG Compulsory License | KBLT 65-67 |

| | | | |
|---|---|---|---|
| 719 | 11/14/2008 | Email from Sara Jackson to James Fitzherbert-Brockholes re: UMG Compulsory License Payment | KBLT 82-84 |
| 720 | 5/7/2009 | Email from Sara Jackson to James Fitzherbert-Brockholes | KBLT 72-75 |
| 721 | 8/25/2009 | Declaration of Nancie Stern re: documents produced by Music Resources, Inc. | |
| 722 | 9/4/2009 | Declaration of Kobalt Music re: documents produced by Kobalt | |
| 723 | 8/25/2009 | Declaration of Ensign re: documents produced by Ensign. | |
| 724 | 6/11/2000 | Performance agreement between F.B.T. Productions and Shady Records | EMI 0066 - 0069 |
| 725 | 8/19/2009 | Rebuttal Expert Report of John Hansen | |
| 726 | 8/19/2008 | Letter from Glenn Pomerantz to Richard Busch regarding Mr. Martin's August 11, 2008 letter terminating DPD license | |
| 727 | 8/21/2008 | Letter from Mark Levinsohn to UMG regarding Proposed Notice of Intent to Obtain Compulsory License | |
| 728 | 2/3/2009 | Letter from Richard Busch to Glenn Pomerantz | |
| 729 | 2/11/2009 | Letter from Glenn Pomerantz to Richard Busch regarding February 3, 2009 letter | |
| 730 | 8/26/2008 | Letter from Glenn Pomerantz to Mark Levinsohn re: Levinsohn's 8/21/08 letter. | |
| 731 | Various | Checks from UMG re: compulsory license for "Lose Yourself" for November 2008 through April 2009. | MRI 005 - 0040 |

| 732 | Various | Correspondence from Kobalt re: checks for exploitation of "Lose Yourself" under compulsory license | MRI 0041-0045 |

# Plaintiffs' Exhibit List

| Exh No. | Dated | Description | Bates | Objections |
|---------|-------|-------------|-------|------------|
| 001 | 4/17/2008 | Subpoena to Peter Paterno | | FRE 402, FRE 403 |
| 004 | 7/30/2007 | Eight Mile Complaint with copyright attachments | | FRE 402, FRE 403, FRE 802 |
| 005A | 3/5/1998 | Facsimile letter from Paul Rosenberg to Scott Aronson and Marnie Nieves attaching a mark-up second draft of Aftermath and F.B.T. Productions f/s/o Agreement of Eminem | AFT 00527 - 00538 | |
| 005B | 3/11/1998 | Facsimile letter dated March 11, 1998 from Marnie Nieves to Lisa Rogell attaching red-lined and execution copies of the Aftermath and Eminem Recording Agreement (AFT-0000518) | AFT 00518 - 00526 | |
| 005C | 3/12/1998 | Facsimile letter dated March 12, 1998 from Marnie Nieves to Scott Aronson attaching red-lined Aftermath and Eminem Recording Agreement (AFT-0000512) | AFT 00512 - 00517 | |
| 005D | | Marked-up draft agreement dated February 24, 1998 between Marshall B. Mathers AKA Eminem between Aftermath Entertainment and F.B.T. Productions (AFT-0055135) | | |
| 006 | | Redacted Agreement Re: Aftermath Entertainment dated 06/12/1998 | | FRE 402, 403 |

1) **KEY TO OBJECTIONS**

FRE 106:  The document is inadmissible as incomplete. If admitted, the objecting party reserves the right to require the complete document be admitted as an Exhibit.

FRE 402:  The document is inadmissible because it is not relevant.

FRE 403:  The document is inadmissible because any minimal probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Also asserted to object to unfair prejudice of attempt to introduce evidence by declaration without affording an opportunity to cross-examine

FRE 602: The document is inadmissible because it lacks adequate foundation.

FRE 702:  The document is inadmissible because it contains purportedly expert opinion that does not meet the standards set out in Fed. Rule of Evidence 702.

FRE 802:  The document is inadmissible because it is hearsay.

FRE 901(a):  The document is not authenticated, nor is it a self-authenticating document.

| | | | | |
|---|---|---|---|---|
| 007 | | Aftermath Agreement re Aimee Farsakian dated 06/15/2001 | | FRE 402, 403 |
| 009A | | Fax from Tracy Loomis to Lisa Rogell dated 10/11/2000 Re: 09/27/2000 Novation (attached) | | |
| 009B | | Fax from Lisa Gary Stiffelman to Lisa Rogell dated 11/14/2000 Re: 09/27/2000 Novation (attached) | | |
| 009C | | Fax from Lisa Rogell to Joel Martin and Gary Stiffelman dated 11/13/2000 Re: 9/27/2000 Novation (attached) | | |
| 009D | | Letter from Lisa Rogell to Rand Hoffman dated 11/10/2000 Re: 09/27/2000 Novation (attached) | | |
| 009E | | Redacted 09/27/2000 Novation draft | | |
| 009F | | Markup version of 09/27/2000 Novation | | |
| 009G | | Markup version of 09/27/2000 Novation | | |
| 009H | | Fax from Gary Stiffelman to Rand Hoffman dated 10/31/2000; attached is Gary's markup version of the 09/27/2000 Novation | | |
| 009I | | Fax from Gary Stiffelman to Rand Hoffman dated 10/02/2000; attached is Gary's markup version of the 09/27/2000 Novation | | |
| 009J | | Fax from Lisa Rogell to Joel Martin and Gary Stiffelman dated 09/27/2000; attached is the initial draft of the 09/27/2000 Novation | | |
| 009K | | Redacted copy of the 09/27/2000 Novation | | |
| 009L | | Fax from Gary Stiffelman to Lisa Rogell dated 1/21/2000; attached is Gary's version of the 09/27/2000 Novation | | |
| 009M | | Fax from Lisa Rogell to Rand Hoffman and Ron Wilcox dated 11/19/2000; Redacted version of the 09/27/2000 Novation | | |
| 010A | | Draft artist agreement between Aftermath and Eminem dated July 1, 2003 (AFT-0001108) | | |

| | | | | |
|---|---|---|---|---|
| 010B | | Facsimile letter dated June 10, 2003 from Lisa Rogell to Gary Stiffelman, R. Hoffman, T. Sedlmayr, P. Rosenberg and P. Paterno attaching an initial draft of Aftermath and Marshall B. Mathers 2003 Eminem Artist Agreement (AFT-0001140) | | |
| 010C | | Facsimile letter dated June 17, 2003 from Alicia Winfield to Lisa Rogell, Paul Rosenberg, Stuart Parr and Bruce Seckendorf attaching a draft Eminem Agreement (AFT-0001305) | | |
| 010D | | Facsimile letter dated July 2, 2003 from Lisa Rogell to Gary Stiffelman, Joel Martin and Peter Paterno attaching a draft artist agreement between Aftermath and Marshall B. Mathers AKA Eminem (AFT-0001264) | | |
| 011 | | Redacted Agreement with Aftermath Entertainment dated 10/17/2002 | | FRE 402, 403 |
| 012 | | Redacted Agreement with Aftermath Entertainment dated 12/01/2002 | | FRE 402, 403 |
| 013 | | (Redacted) artist services agreement dated December 1, 2003 (AFT-0056459) | | FRE 402, 403 |
| 014 | | Redacted Agreement with Aftermath Records dated 05/21/2004 | | FRE 402, 403 |
| 015 | | 7/15/05 Redacted Aftermath Agreement | | FRE 402, 403 |
| 020 | | Master tone License Agreement between Eight Mile Style, Martin Affiliated and Interscope Records dated 08/26/2005 | | |
| 020A | | Ring Tone License Agreement draft between Eight Mile Style and Martin Affiliated and  UMG Recordings dated January 2005 | | |
| 020B | | 02/07/05 fax from Rob Cohen to Mark Levinsohn Ring Tone Agreement; UMG with Eight Mile Style, Martin Affiliated dated Feb. 2005 | | |

| | | | | |
|---|---|---|---|---|
| 020C | | 02/07/05 fax from Rob Cohen to Mark Levinsohn Ring Tone Agreement; UMG with Eight Mile Style, Martin Affiliated dated Feb. 2005 | | |
| 020D | | 03/11/05 Fax from Mark Levinsohn to Rob Cohen 1st draft comments on 2005 Ring Tone Agreement | | |
| 020E | | Letter dated 04/19/05 from Cohen to Levinsohn; attached 2005 Ring Tone License Agreement | | |
| 020F | | Emails between Alan Skeina and Rob Cohen dated June 2005 Re: Master tone Agreement | | |
| 020H | | 2005 Ring Tone License Agreement | | |
| 020I | | Master tone License Agreement between Eight Mile Style, Martin Affiliated and Interscope Records dated 08/26/2005 | | |
| 020J | | Email between Rand Hoffman and Joel Martin Re: Mobile/ Publishing dated 2004 | | |
| 020K | | Email between Rand Hoffman, Gary Stiffelman, and Joel Martin Re: Eminem Mobile/ Publishing dated November 2004 | | |
| 020L | | Email between Rand Hoffman, Mark Levinsohn, Gary Stiffelman dated 2004 Re: Eminem Mobile/Publishing | | |
| 020M | | Email between Rand Hoffman and Gary Stiffelman Re: Eminem Mobile/ Publishing dated 2004 | | |
| 020N | | Email between Mark Levinsohn and Rand Hoffman dated November 2004 Re: Eminem Mobile | | |
| 020O | | Email between Rand Hoffman and Mark Levinsohn Re: Eminem Mobile/ Publishing | | |
| 020P | | Email between Gary Stiffelman, Rand Hoffman, and Mark Levinsohn Re: Eminem Mobile/ Publishing | | |

| | | | | |
|---|---|---|---|---|
| 020Q | | Email between Gary Stiffelman, Rand Hoffman, and Mark Levinsohn Re: Eminem Mobile/ Publishing | | |
| 020R | | Email between Gary Stiffelman, Rand Hoffman, and Mark Levinsohn Re: Eminem Ring Tones/ Publishing | | |
| 020S | | Email between Gary Stiffelman, Rand Hoffman, and Mark Levinsohn Re: Eminem Ring Tones/ Publishing | | |
| 020T | | Email between Gary Stiffelman, Rand Hoffman, and Mark Levinsohn Re: Eminem Ring Tones/ Publishing | | |
| 020U | | Email between Rand Hoffman and Joel Martin Re: Eminem Mobile/ Publishing | | |
| 020V | | Email between Mark Levinsohn and Rand Hoffman dated December 2004 Re: Eminem Mobile/ Publishing | | |
| 020W | | Email between Mark Levinsohn and Rand Hoffman dated December 2004 Re: Eminem Ringtones | | |
| 020X | | Email between Rand Hoffman and Joel Martin Re: Eminem Mobile/ Publishing | | |
| 020Y | | Email between Rand Hoffman, Rob Cohen, and Mark Levinsohn Re: Eminem Ringtone Agreement | | |
| 020Z | | Email between Rob Cohen, Rand Hoffman, and Mark Levinsohn Re: Ringtone Agreement | | |
| 020AA | | Email between Rob Cohen, Alan Skeina, and Rand Hoffman Re: 8 Mile Style Ringtone Agreement | | |
| 021 | | Wireless Agreement between Interscope Records and Eminem dated 03/15/2005 | | FRE 402, 403 |
| 021A | | Redacted Wireless Agreement dated 10/10/2004 between Interscope and Marshall Mathers | | FRE 901(a), 402, 403, 802 |
| 021B | | 10/12/04 Email from Lisa Rogell to Gary Stiffelman with a draft Wireless Agreement between Interscope and Eminem dated 10/10/04 | | FRE 402, 403 |

| | | | | |
|---|---|---|---|---|
| 021C | | 10/13/04 Email from Lisa Rogell to Gary Stiffelman with a redacted copy of the 10/10/04 Wireless Agreement | | FRE 402, 403 |
| 021D | | 10/13/04 Email from Gary Stiffelman to Lisa Rogell attached is a redacted copy of the 2004 Wireless Agreement | | FRE 402, 403 |
| 021E | | Redacted copy dated 10/10/04 of the Wireless Agreement between Interscope and Eminem | | FRE 402, 403 |
| 021F | | Redacted copy of the Wireless Agreement between Interscope and Eminem dated 11/10/04 | | FRE 402, 403 |
| 021G | | Redacted copy of the 2004 Wireless Agreement between Interscope and Eminem dated 12/10/04 | | FRE 402, 403 |
| 021H | | 12/06/04 Fax from Lisa Rogell to Nicola Levy of a redacted copy of the 2004 Wireless Agreement dated 11/10/04 | | FRE 402, 403 |
| 021I | | 12/09/04 Email from Lisa Rogell to Gary Stiffelman attached is a revised version of the 2004 Wireless Agreement dated 12/10/04 | | FRE 402, 403 |
| 021J | | Redacted copy of the 2004 Wireless Agreement between Interscope and Eminem dated 12/10/04 | | FRE 402, 403 |
| 021K | | 12/13/04 Emails between Lisa Rogell and Rand Hoffman attached is a revised copy of the 2004 Wireless Agreement dated 12/10/04 | | FRE 402, 403 |
| 021L | | 12/16/04 fax from Lisa Rogell to Joel Martin of the 2004 Wireless Agreement dated 12/10/04 | | FRE 402, 403 |
| 021M | | Revised copy of the 2004 Wireless Agreement dated 10/10/04 | | FRE 402, 403 |
| 021N | | Redacted copy of the Wireless Agreement dated January 2005 | | FRE 402, 403 |
| 021O | | 02/10/05 Email from Lisa Rogell to Gary Stiffelman with a revised copy of the Wireless Agreement dated 02/08/05 | | FRE 402, 403 |
| 021P | | Revised copy of the Wireless Agreement dated 02/22/05 | | FRE 402, 403 |

| | | | | |
|---|---|---|---|---|
| 021Q | | 02/24/05 email from Lisa Rogell to Gary Stiffelman with a revised copy of the Wireless Agreement date 02/22/05 | | FRE 402, 403 |
| 021R | | 02/24/05 Fax from David Byrnes to Lisa Rogell of the Wireless Agreement dated 02/22/05 | | FRE 402, 403 |
| 021S | | 03/03/05 email from Lisa Rogell to Gary Stiffelman with the Wireless Agreement dated 03/04/05 | | FRE 402, 403 |
| 021U | | 03/03/05 fax from David Byrnes to Lisa Rogell with a redacted copy of the Wireless Agreement | | FRE 402, 403 |
| 021V | | 03/09/05 email from Lisa Rogell to Rand Hoffman with a copy of the Wireless Agreement dated 03/04/05 | | FRE 402, 403 |
| 021W | | 03/10/05 Fax from David Byrnes to Lisa Rogell with a couple of the page from the Wireless Agreement | | FRE 402, 403 |
| 021X | | 03/11/05 email from Lisa Rogell to David Byrnes with a copy of the Wireless Agreement dated 03/04/05 | | FRE 402, 403 |
| 021Y | | 03/14/05 fax from David Byrnes to Lisa Rogell with a page from the Wireless Agreement | | FRE 402, 403 |
| 021Z | | 03/15/05 email from Lisa Rogell to David Byrnes with a copy of the Wireless Agreement dated 03/04/05 | | FRE 402, 403 |
| 021AA | | 03/18/05 email from Lisa Rogell to Nicola Levy with the Wireless Agreement dated 03/15/05 | | FRE 402, 403 |
| 26 | 6/23/2005 | Mechanical Reproduction License between Eight Mile and Universal for "On Fire" | 8M 0071 | |
| 27 | 6/23/2005 | Mechanical Reproduction License between Eight Mile and Universal for "On Fire" | 8M 0070 | |
| 28 | 7/21/2005 | Mechanical Reproduction License between Eight Mile and Universal for "Thugs Get Lonely Too" | 8M 0072 - 0073 | FRE 402, 403 |

| | | | | |
|---|---|---|---|---|
| 29 | 7/21/2005 | Mechanical Reproduction License between Eight Mile and Universal for "Thugs Get Lonely Too" | 8M 0074 | FRE 402, 403 |
| 30 | 7/21/2005 | Mechanical Reproduction License between Eight Mile and Universal for "Thugs Get Lonely Too" | 8M 0075 - 0076 | FRE 402, 403 |
| 31 | 7/21/2005 | Mechanical Reproduction License between Eight Mile and Universal for "Thugs Get Lonely Too" | 8M 0077 | FRE 402, 403 |
| 34 | 9/15/2006 | Mechanical Reproduction License between Eight Mile Style and Universal for "Got Some Teeth" album by Obie Trice | 8M 0086 | |
| 36 | 1/30/2004 | Mechanical Reproduction License Agreement for permanent downloads of Obie Trice Songs between Eight Mile Style and Universal | 8M 0095 - 0098 | |
| 37 | 9/15/2006 | Mechanical Reproduction License between Eight Mile Style and Universal for "Got Some Teeth" album by Obie Trice | 8M 0099 | |
| 39 | 7/9/2003 | Permanent Download License for "The Way I Am" between Eight Mile Style and Universal | 8M 0104 - 0107 | FRE 402, 403 |
| 42 | 5/7/2003 | Copyright License Agreement between UMG Recordings, Inc. and Eight Mile Style for Digital Permanent Downloads | 8M 0125 - 0127 | FRE 402, 403 |
| 44 | 12/23/2003 | License Agreement for The Album "The Hunger for More" by Lloyd Banks between Eight Mile Style and Universal Music Group | 8M 0219 - 0220 | |
| 47 | 7/9/2003 | Permanent Download License for "The Way I Am" between Eight Mile Style and Universal | 8M 0104 - 0107 | FRE 402, 403 |
| 50 | 2/15/2005 | Mechanical Reproduction License request between Eight Mile Style and Universal for "Moment of Clarity" by Jay-Z | 8M 0087 | FRE 402, 403 |
| 51 | 4/20/2006 | Mechanical Reproduction License request between Eight Mile Style and Universal for "Shake That" by Eminem | 8M 0132 | FRE 402, 403 |

| 54 | 12/19/2002 | License Instruction Sheet for 8 Mile Soundtrack | | |
|---|---|---|---|---|
| 58 | 2/5/2004 | Letter to Jeff Bass (Eight Mile Style) from Karyn Ulman (Emusic.com Inc.) re Mechanical License Request for multiple songs | 8M 0005 - 0012 | FRE 901(a), 402, 403, 802 |
| 59 | 6/18/2007 | Letter to Eight Mile Style from Patrick Sullivan (The Orchard) regarding Digital Mechanical Licensing Request | 8M 0019 - 0027 | FRE 901(a), 402, 403, 802 |
| 065 | | 10/14/05 Approval Memo Re: Eminem Greatest Hits | | FRE 402, 403 |
| 073 | | Executed agreement between UMG Recordings, Inc. and Apple Computer, Inc. dated April 28, 2006 (AFT-0008963) | | |
| 074 | | Executed agreement between UMG Recordings, Inc. and Apple Computer, Inc. dated December 13, 2002 (AFT-0012916) | | |
| 081 | | Eddie Cue Copyright Royalty Board testimony | | FRE 402, 403, 802 |
| 85 | 12/13/2002 | Agreement between Apple and UMG for sound recordings | AFT 12916 - 12944 | |
| 086 | | Apple Inc. software license agreement for iTunes | | FRE 402, 403 |
| 087 | | Software License Agreement for QuickTime | | FRE 402, 403 |
| 088 | | Software License Agreement for Safari for Windows | | FRE 402, 403 |
| 90 | 5/22/2008 | Subpoena Served on Pat Blair | | FRE 402, 403 |
| 091 | | Digital Music Download Sales Agreement dated 12/01/2006 between Apple and The Presidents of the United States | | FRE 402, 403 |
| 092 | | Digital Music Download Sales Agreement dated 10/05/2005 between Apple and Arcade Fire | | FRE 402, 403 |
| 093 | | Digital Music Download Sales Agreement dated 10/10/2005 between PUSA Music | | FRE 402, 403 |

| | | | | |
|---|---|---|---|---|
| 094 | | Digital Music Download Sales Agreement Dated 08/22/2005 between Apple and Sinead O' Connor | | FRE 402, 403 |
| 96 | 5/12/2008 | Notice of 30(b)(6) Deposition of Aftermath Records | | FRE 402, 403 |
| 205 | 10/9/2002 | Letter to Chad Gary (Universal Music Group) from Mark Levinsohn regarding digital reproduction -copyright license between Universal and Eight Mile Style | AFT 01083 - 01086 | |
| 225 | | Copyright License Agreement on Behalf of UMG Recordings made between 8 Mile and Universal | | |
| 226 | | Handwritten notes dated 10/15/2002 | | FRE 901(a), 402, 403, 802 |
| 229 | 8/26/2008 | Supoena and Notice of Deposition served on Patrick Sullivan | | FRE 402, 403 |
| 230 | 8/12/2008 | Patrick Sullivan Expert Report | | FRE 403, 702, 802 |
| 235 | 8/7/2008 | Email from John Barker to Patrick Sullivan regarding License Samples; Samples of Universal Licenses attached | SULLIV 0328 - 0324 | FRE 402, 403, 802 |
| 237 | 8/12/2008 | Emails between Marc Guilford (King & Ballow) and Patrick Sullivan regarding agreements for Mr. Sullivan to review | SULLIV 0550 - 0553 | FRE 402, 403 |
| 238 | 8/12/2008 | Emails between King & Ballow attorneys and Patrick Sullivan regarding Stipulation Protective Order | SULLIV 0548 - 0549 | FRE 402, 403 |
| 239 | 8/12/2008 | Email from Patrick Sullivan to Marc Guilford (King & Ballow) regarding Expert Report | SULLIV 0554 | FRE 402, 403 |
| 240 | 8/28/2008 | Declaration of Patrick Sullivan in Opposition to Motion for Summary Judgment of Defendants Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment | | FRE 403, 602, 702, 802 |
| 241 | 8/19/2008 | Emails between Ramona DeSalvo (King & Ballow) and Patrick Sullivan regarding Summary Judgment Declaration | SULLIV 0558 - 0559 | FRE 901(a), 402, 403, 802 |
| 242 | 8/12/2008 | Exhibit 2 to the Delcaration of Patrick Sullivan: Chart regarding Licenses | | FRE 403, 602, 702, 802 |

| | | | | |
|---|---|---|---|---|
| 243 | 8/20/2008 | Email between Ramona DeSalvo (King & Ballow) and Patrick Sullivan regarding Summary Judgment Declaration | SULLIV 0561 | FRE 901(a), 402, 403, 802 |
| 244 | | RightsFlow blank Digital Phonorecord Delivery License for Digital Distribution | SULLIV 0470 - 0474 | FRE 901(a), 402, 403, 802 |
| 245 | various | Mechanical Licenses Issued for Compositions | AFT 58643 - 58532 | |
| 246 | 10/8/2004 | License Request Summary from Universal Music Group to the Harry Fox Agency for the song "Hailie's Song" | AFT 56976 | |
| 248 | 4/15/2008 | DPD Licensing Agreement between The Harry Fox Agency and RightsFlow | SULLIV 0003 - 0007 | FRE 901(a), 402, 403, 802 |
| 249 | 8/4/1995 | Digital Performance Right in Sound Recordings Act of 1995 | | |
| 251 | 8/12/2008 | Exhibit 3 to the Delcaration of Patrick Sullivan: Chart regarding Licenses | | FRE 403, 602, 702, 802 |
| 252 | 8/12/2008 | Patrick Sullivan Expert Report | | FRE 403, 702, 802 |
| 263 | 8/12/2008 | Howard Abrams Expert Report | ABRAMS 0001 - 0014 | FRE 403, 702, 802 |
| 264 | 4/30/2008 | Deposition of Peter Paterno | | Portions of depositions to be admitted as evidence to be designated through exchange, not by wholesale inclusion as an exhibit. See Ex. D. |
| 265 | 5/14/2008 | Depostion of Joel Martin | | Same as 264 |
| 266 | 6/26/2008 | Deposition of Joel Martin | | Same as 264 |
| 267 | 6/5/2008 | Deposition of Marnie Nieves | | Same as 264 |
| 268 | 6/5/2008 | Deposition of Michael Ostroff | | Same as 264 |
| 269 | 6/20/2008 | Deposition of Eddy Cue | | Same as 264 |
| 270 | 6/26/2008 | Deposition of Leo Ferrante IV | | Same as 264 |

| | | | | |
|---|---|---|---|---|
| 271 | | Eddie Cue Copyright Royalty Board testimony | FBT 0505 - 0610 | FRE 402, 403, 802 |
| 272 | 8/12/2008 | Expert Report of Howard Abrams with handwritten notes | | FRE 403, 702, 802 |
| 300 | 5/15/2009 | Notice of 30(B)(6) Deposition of Apple Computer, Inc. | | FRE 402, 403 |
| 301 | 3/20/2008 | Apple Inc.'s Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents | | FRE 402, 403 |
| 302 | 3/20/2008 | Apple Inc.'s Responses and Objections to Plaintiffs' First Set of Interrogatories | | To the extent this includes objections - FRE 402, 403 |
| 303 | | iTunes US Profit and Loss for Eight Mile | APP 0365 - 0366 | FRE 402, 403 (superceded by 309) |
| 312 | | Aftermath Record's Response to Plaintiffs' Interrogatory Number 26 | | FRE 402, 403 |
| 313-1 | 5/15/2009 | Notice of 30(B)(6) Deposition of Aftermath Records | | FRE 402, 403 |
| 313-3 | various | Mechanical Licenses | Produced by Aftermath | |
| 313-4 | various | Permanent Download Configurations | Produced by Aftermath | |
| 313-5 | 1/14/2005 | Email from Todd Douglas (Universal) to Paul Deleon (The Harry Fox Agency) regarding licenses for *Toy Soldiers* | AFT 63948 - 63951 | |
| 313-12 | 6/28/2004 | Mechanical License between EMI and Universal | AFT 62612 - 62616 | |
| 314-1 | 5/15/2009 | Notice 30(b)(6) for Aftermath Records | | FRE 402, 403 |
| 314-15 | 8/28/2008 | Declaration of Tim Hernandez | | FRE 403, 802 |
| 401 | | Frequently Asked Questions page from the website for The Harry Fox Agency | | FRE 901(a), 402, 403, 802 |
| 405 | | Industry Prolife of Maurice Russell from Celebrity Access website | | |
| 410 | | Industry Prolife of David Israelite from Celebrity Access website | | |

| | | | | |
|---|---|---|---|---|
| 411 | 7/15/2009 | The Harry Fox Agency Subpoena and Documents Produced pursuant to the subpoeana | HFA 0094 - 00143 | FRE 402, 403 (exhibits duplicative) |
| 412 | 5/8/2009 | Notice of Deposition of Martin Affiliated, LLC | | FRE 402, 403 |
| 413 | 5/8/2009 | Notice of Deposition of Eight Mile Style, LLC | | FRE 402, 403 |
| 421 | 8/5/2009 | Subpoena served on Gary Cohen Corporation | | FRE 402, 403 |
| 422 | 8/10/2009 | Gary Cohen Corporation's Objections to Subpoena | | FRE 402, 403 |
| 423 | 7/3/2009 | Gary Cohen's review of financial documents for report | | FRE 402, 403 |
| 424 | 7/6/2009 | Supplemental Report regarding review of financial documents | | FRE 402, 403, 702, 802 |
| 425 | 8/10/2009 | Gary Cohen's revised review of financial documents for report | | FRE 402, 403, 702, 802 |
| 427 | 7/1/2009 | Email from Gary Cohen to Richard Busch and Marc Guilford regarding expert report | GCC EMS 0100 - 0108 | FRE 403, 702, 802 |
| 1000 | 4/12/1999 | Contract brief for 2/4/99 Co-Publishing agreement between Eight Mile and Ensign | ENSIGN 0193-0199 | |
| 1001 | 4/18/2001 | Co-Publishing Agreement with Jeff Bass | 8M 875-882 | |
| 1002 | 4/18/2001 | Co-Publishing Agreement with Mark Bass | 8M 883-890 | |
| 1003 | 1/9/2003 | Co-Publishing Agreement with Luis Resto | 8M 891-900 | |
| 1004 | 1/9/2003 | Co-Publishing Agreement with Steve King | 8M 901-909 | |
| 1005 | 1/9/2003 | Assignment of copyright to Martin Affiliated | 8M 910-912 | |

| | | | | |
|---|---|---|---|---|
| 1006 | 4/1/2004 | Amendment to 1/9/03 co-publishing agreement with Steve King | 8M 913-916 | |
| 1007 | 4/1/2004 | Assignment of copyright to Martin Affiliated | 8M 917-918 | |
| 1008 | 4/1/2004 | Amendment to 1/9/03 co-publishing agreement with Luis Resto | 8M 919-922 | |
| 1009 | 10/18/2004 | Amendment to 1/9/03 co-publishing agreement with Steve King | 8M 923-926 | |
| 1010 | 10/18/2004 | Amendment to 1/9/03 co-publishing agreement with Luis resto | 8M 927-930 | |
| 1011 | 10/18/2004 | Assignment of copyright to Martin Affiliated | 8M 931-933 | |
| 1012 | 4/19/2000 | Operating Agreement of Eight Mile Style | 8M 1051-1103 | |
| 1013 | 8/19/2008 | Email from Nancie Stern to Sara Jackson | 8M 1381 | |
| 1014 | 10/17/2008 | Email from Nancie Stern to Joel Martin re: check from Universal; with attachments | 8M 1224-1226 | |
| 1015 | 10/21/2008 | Email from Nancie Stern to Sara Jackson re: check from Universal | 8M 1227-1228 | |
| 1016 | 10/23/2008 | Email from Nancie Stern to Sara Jackson re: check from Universal | 8M 1229-1230 | |
| 1017 | 10/28/2008 | Email from Michael Peterson to Mark Levinsohn re: UMG Compulsory License | 8M 1392-1394 | |
| 1018 | 1/29/09 | Email from Nancie Stern to Joel Martin re: Digital License and Check from Universal; with attachments | 8M 1231-1234 | |

| | | | | |
|---|---|---|---|---|
| 1019 | 3/31/2009 | Email from Nancie Stern to Joel Martin re: "Lose Yourself" - Universal Music Accounting and Check | 8M 1301-1305 | |
| 1020 | 4/9/09 | Email from Mark Levinsohn to Nancie Stern re: "Lose Yourself" - Universal Music Accounting and Check | 8M 1240 | |
| 1021 | 1/2/2008 | Email from Pat Blair to Joel Martin re: SLACKER CORRESPONDENCE | 8M 1260-1266 | |
| 1022 | 3/19/2008 | Email from Pat Blair to Joel Martin re: DPD MECHANICAL LICENSE REQUEST: DYNAMIX | 8M 1267-1269 | |
| 1023 | 4/17/2008 | Email from Pat Blair to Joel Martin re: DYNAMIX DPD LICENSE REQUEST | 8M 1279-1281 | |
| 1024 | 3/23/2009 | Email from Nancie Stern to Joel Martin re: Rightsflow DPD License Request; with attachments | 8M 1282-1286 | |
| 1025 | 3/24/2009 | Email from Nancie Stern to Joel Martin re: The Orchard - REquest for DPD License | 8M 1287-1295 | |
| 1026 | 3/24/2009 | Email from Nancie Stern to Joel Martin re: Music Reports, Inc.:Intention to Obtain a Compulsory License | 8M 1296-1300 | |
| 1027 | 6/2/1999 | Fax from Digital Entertainment Network to Eight Mile re: License Request | 8M 1334-1336 | FRE 402, 403 |
| 1028 | 10/6/2003 | Fax from Famous Music to Joel Martin re: License Request | 8M 1337-1340 | FRE 402, 403 |
| 1029 | 5/3/2006 | Fax from Famous Music to Joel Martin re: License Request | 8M 1341-1344 | FRE 402, 403 |
| 1030 | 12/1/2003 | Fax from Famous Music to Joel Martin re: License Request | 8M 1345-1346 | FRE 402, 403 |
| 1031 | 11/13/2003 | Fax from Famous Music to Joel Martin re: License Request | 8M 1347-1348 | FRE 402, 403 |

| | | | | |
|---|---|---|---|---|
| 1032 | 6/28/2004 | Fax from Famous Music to Joel Martin re: License Request | 8M 1349-1350 | FRE 402, 403 |
| 1033 | 6/5/2009 | Declaration of Stephen Dallas re: documents produced by EMI | | |
| 1034 | 6/30/2009 | Declaration of Kelly Burnett re: documents produced by Warner/Chappell Music | | |
| 1035 | 10/17/2007 | Agreement with Kobalt Music Services America | 8M 1104-1167 | |
| 1036 | 10/17/2007 | Administration agreement with Music Resources, Inc. | 8M 1168-1222 | |
| 1037 | 1/30/2009 | Amendment to administration Agreement between Eight Mile and Music Resources, Inc. | 8M 1223 | |
| 1038 | 6/22/2009 | Amendment to 10/17/07 Administration Agreement between Eight Mile and Kobalt Music Services America | 8M 1351-1380 | |
| 1039 | 6/22/2009 | Amendment to 10/17/07 Agreement between Eight Mile and Kobalt Music Services America | 8M 1395-1396 | |
| 1040 | | Summary of purported licenses of Plaintiffs' Compositions | | Fed. R. Civ. Proc. 37, FRE 802 |
| 1041 | | Summary of terms of co-publishing agreements | | Fed. R. Civ. Proc. 37, FRE 802 |
| 1042 | | Summary of terms of recording agreements | | Fed. R. Civ. Proc. 37. FRE 802 |
| 1043 | | Copyright Registration Certificates | 8M 0934 - 0987 | Fed. R. Civ. Proc. 37, FRE 802 |
| 1044 | 7/1/2000 | Publishing Agreement between EMI and D-12, et. al. | EMI 0001 - 0054 | FRE 106, 402, 403 |

| | | | | |
|---|---|---|---|---|
| 1045 | 7/1/2004 | Modification and Extension Agreement between EMI and D-12, et. al. | EMI 0055 - 0061 | FRE 106, 402, 403 |
| 1046 | 7/1/2004 | Letter from EMI to Denaun Porter regarding modification of the D-12 Agreement | EMI 0062 - 0065 | FRE 106, 402, 403 |
| 1047 | August 2007 | Purchase Agreement between EMI and Rufus Johnson, et al. | EMI 0093 - 0114 | FRE 106, 402, 403 |
| 1048 | 3/23/2005 | Letter and Agreement between Andre Young and Warner | WARNER 0001 | FRE 402, 403 |
| 1049 | 3/23/2005 | Amendment to Co-Publishing Agreement between Andre Young and Warner | WARNER 0002 - 0004 | FRE 402, 403 |
| 1050 | 3/1/2001 | Amendment to Co-Publishing Agreement between Andre Young and Warner | WARNER 0005 - 0008 | FRE 402, 403 |
| 1051 | 4/9/1997 | Berliner (King, Purtich, Holmes, Paterno, and Berliner) regarding Schedule A to Co-Publishing Agreement | WARNER 0009 - 0010 | FRE 402, 403 |
| 1052 | 3/1/1997 | Co-Publishing Agreement between Andre Young and Warner | WARNER 0011 - 041 | FRE 402, 403 |
| 1053 | 2/13/2003 | Administration Agreement between Universal Music Corp. and 50 Cent | UMPG 0001 - 0019 | FRE 402, 403 |
| 1054 | 10/27/2006 | Amendment to Administration Agreement between Universal Music Corp. and 50 Cent | UMPG 0020 - 0028 | FRE 402, 403 |
| 1055 | 12/31/2004 | Amendment to Administration Agreement between Universal Music Corp. and 50 Cent | UMPG 0030 - 0033 | FRE 402, 403 |
| 1056 | 5/28/2008 | Amendment to Administration Agreement between Universal Music Corp. and 50 Cent | UMPG 0034 - 0037 | FRE 402, 403 |
| 1057 | 6/1/2003 | Amendment to Administration Agreement between Universal Music Corp. and 50 Cent | UMPG 0038 - 0045 | FRE 402, 403 |

| | | | | |
|---|---|---|---|---|
| 1058 | 7/30/2003 | Exclusive Songwriter Agreement between Universal Music Corp. and 50 Cent | UMPG 0046 - 0068 | FRE 402, 403 |
| 1059 | 3/30/2003 | Exclusive Songwriter and Co-Publishing Agreement between Rondor and Obie Trice | UMPG 0069 - 0125 | FRE 402, 403 |
| 1060 | 1/15/2008 | Letter and Agreement between Obie Trice and Rondor | UMPG 0126 - 0127 | FRE 402, 403 |
| 1061 | 12/13/2002 | Agreement with Apple for permanent download, streaming of clips | AFT 3067 -3189 | FRE 402, 403 |
| 1062 | 3/21/2008 | Eight Mile Style's Response to Defendants' 1st Set of Interrogatories | | |
| 1063 | 3/21/2008 | Eight Mile Style's Response to Defendants' 1st Set of Request for Production of Documents | | |
| 1064 | 3/21/2008 | Martin Affiliated's Response to Defendants' 1st Set of Interrogatories | | |
| 1065 | 3/21/2008 | Martin Affiliated's Response to Defendants' 1st Set of Request for Production of Documents | | |
| 1066 | 8/20/2008 | Eight Mile Style's Response to Defendants' 2nd Interrogatories | | |
| 1067 | 8/20/2008 | Eight Mile Style's Response to Defendants' 2nd Request for Production of Documents | | |
| 1068 | 8/20/2008 | Martin Affiliated's Response to Defendants' 2nd Set of Interrogatories | | |
| 1069 | 8/20/2008 | Martin Affiliated's Response to Defendants' 2nd Set of Request for Production of Documents | | |
| 1070 | 5/8/2009 | Plaintiffs' Response to Defendants' 3rd Set of Interrogatories | | |

| | | | | |
|---|---|---|---|---|
| 1071 | 5/8/2009 | Plaintiffs' Response to Defendants' 3rd Set of Requests for Production of Documents | | |
| 1072 | 7/13/2009 | Plaintiffs' Response to Defendants' 4th Set of Interrogatories | | |
| 1073 | 7/13/2009 | Plaintiffs' Response to Defendants' 4th Set of Requests for Production of Documents | | |
| 1074 | 6/9/2009 | EMI's Objections to Request for Production of Documents | | FRE 402, 403 |
| 1075 | 4/7/2008 | Apple Computer's Response to Plaintiffs' 1st Set of Interrogatories | | To the extent this includes objections - FRE 402, 403 |
| 1076 | 4/7/2008 | Aftermath Record's Response to Plaintiffs' 1st Set of Interrogatories | | To the extent this includes objections - FRE 402, 403 |
| 1077 | 4/7/2008 | Aftermath Record's Response to Plaintiffs' 1st Set of Request for Production of Documents | | FRE 402, 403 |
| 1078 | 5/9/2008 | Aftermath Record's Objections to Subpoena for Peter Paterno | | FRE 402, 403 |
| 1079 | 6/4/2008 | Apple Computer's Objections to Notice of 30(b)(6) Deposition | | FRE 402, 403 |
| 1080 | 6/4/2008 | Aftermath Record's Objections to Notice of 30(b)(6) Deposition | | FRE 402, 403 |
| 1081 | 7/8/2008 | Apple Computer's Supplemental Responses to Plaintiffs' 1st Set of Interrogatories | | To the extent this includes objections - FRE 402, 403 |
| 1082 | 7/8/2008 | Responses to Plaintiffs' 1st Set of Interrogatories and 1st Request for Production of Documents | | FRE 402, 403 |
| 1083 | 9/11/2008 | Aftermath Record's Response to Topic 1 in Notice of 30(b)(6) Deposition | | FRE 402, 403 |

| | | | | |
|---|---|---|---|---|
| 1084 | 2/16/2009 | Apple Computer's Response to Plaintiffs' 1st Request for Production of Documents | | FRE 402, 403 |
| 1085 | 5/11/2009 | Aftermath Record's Response to Plaintiffs' 2nd Set of Interrogatories | | To the extent this includes objections - FRE 402, 403 |
| 1086 | 5/11/2009 | Aftermath Record's Response to Plaintiffs' 2nd Set of Request for Production of Documents | | FRE 402, 403 |
| 1087 | 6/8/2009 | Apple Computer's Objections to Notice of 30(b)(6) Deposition | | FRE 402, 403 |
| 1088 | 7/31/2009 | Aftermath Record's Objections to Notice of 30(b)(6) Deposition | | FRE 402, 403 |
| 1089 | 8/14/2008 | Compulsory License for *Lose Yourself* between Eight Mile Style and UMG | | |
| 1090 | 10/30/2008 | Letter from Glenn Pomerantz to Mark Levinsohn regarding "Lose Yourself" compulsory license | | |
| 1091 | 8/27/2009 | Corrected Expert report of Gary Cohen | | FRE 702, 802 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 128 | Email from Gary Stiffelman to Rand Hoffman dated 11/12/03 (AFT-0059495) | | 402, 403, 602, 802 |
| 207 | Cohen Audit report | | 402, 403 |
| 211 | Email dated November 9, 2005 from Gary Cohen to Theodor Sedlmayr regarding Eminem/FBT and Interscope (GCC 13892) | | 402, 403 |
| 213 | Notes of Gary Cohen regarding March 9, 1998 agreement between Aftermath and FBT (GCC 13772) | | 402, 403, 602 |
| 224 | E-mail from Gary Stiffelman to Mark Levinsohn, Theo Sedlmayr and Paul Rosenberg regarding Interscope (LEVIN - 0042) | | 402, 403, 602 |
| 296 | Invoices from Gary Cohen Corporation to FBT Productions | | 402, 403 |
| 277 | Master Purchase Agreement between F.B.T.-Martin Affiliated, LLC and Master Beat, Inc. regarding master recordings by "The Romantics" dated May 1, 2003 | | 402, 403 |
| 2000 | Amendment between FBT and Mathers dated 2/22/99 (FBT-0042 - 46) | | |
| 2001 | Agreement between Marshall Mathers and Shady Records dated 5/23/02 regarding Eight Mile Soundtrack (AFT-0058813 - 816) | | 402, 403, 602 |
| 2002 | To F.B.T. Productions/Encore (Account # 24145602), AFT 51287- | | 402, 403 |
| 2003 | Artist Royalty Statement Summary For Period Ended: 12/31/06 To EM2M _ENCORE (Account # 24145602), AFT 51617-51746 | | 402, 403 |

**KEY TO OBJECTIONS**

FRE 106: The document is inadmissible as incomplete. If admitted, the objecting party reserves the right to require the complete document be admitted as an Exhibit.

FRE 402: The document is inadmissible because it is not relevant.

FRE 403: The document is inadmissible because any minimal probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Also asserted to object to unfair prejudice of attempt to introduce evidence by declaration without affording an opportunity to cross-examine

FRE 602: The document is inadmissible because it lacks adequate foundation.

FRE 702: The document is inadmissible because it contains purportedly expert opinion that does not meet the standards set out in Fed. Rule of Evidence 702.

FRE 802: The document is inadmissible because it is hearsay.

FRE 901(a): The document is not authenticated, nor is it a self-authenticating document.

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2004 | Artist Royalty Statement Summary For Period Ended: 12/31/06 To F.B.T. Productions/Curtain Call, AFT 51947-52223 | | 402, 403 |
| 2005 | To EM2M_Curtain Call (Account # 24145603), AFT 52224-52500 | | 402, 403 |
| 2006 | Artist Royalty Statement for the period ending June 30, 2002 to Payee FBT (AFT-0020585-816) | | 402, 403 |
| 2007 | Artist Royalty Statement Summary For Period Ended: 06/30/02 To Eminem/ F.B.T. Productions (Account # 24145600), AFT 20817-21048 | | 402, 403 |
| 2008 | Artist Statement of Royalties Summary For Period Ended: 06/30/03 To Eminem/F.B.T. Productions (Account # 24145600), AFT 21523-21885 | | 402, 403 |
| 2009 | Artist Statement of Royalties Summary For Period Ended: 06/30/03 To Eminem/F.B.T. Productions (Account # 24145600), AFT 21886-22248 | | 402, 403 |
| 2010 | Artist Statement of Royalties Summary For Period Ended: 06/30/03 To 8 Mile St/Eminem/FBT Records (Account # 20087112), AFT 22323-22345 | | 402, 403 |
| 2011 | Artist Statement of Royalties For Period Ended: 06/30/03 To 8 Mile St/Eminem/FBT Records (Account # 20087112), AFT 22346-22368 | | 402, 403 |
| 2012 | Artist Statement of Royalties Summary For Period Ended 06/30/03 To 8 Mile St/Eminem/FBT Records (Account # 20087112), AFT 24101-24139 | | 402, 403 |
| 2013 | Artist Statement of Royalties Summary For Period Ended 06/30/03 To 8 Mile St/Eminem/FBT Records (Account # 20087112), AFT 24140-24178 | | 402, 403 |
| 2014 | Artist Royalty Statement Summary For Period Ended: 6/30/05 To F.B.T. Productions, LLC (Acct # 24145600), AFT 25031-25906 | | 402, 403 |
| 2015 | Artist Royalty Statement Summary For Period Ended: 6/30/05 To EM2M LLC (Acct # 24145600), AFT 25907-26782 | | 402, 403 |
| 2016 | Artist Royalty Statement Summary For Period Ended: 6/30/05 To F.B.T. Productions LLC (Acct # 20087112), AFT 26908-26946 | | 402, 403 |
| 2017 | Artist Royalty Statement Summary For Period Ended: 6/30/05 To EM2M LLC (Acct # 20087112), AFT 26947-26985 | | 402, 403 |
| 2018 | Artist Royalty Statement Summary For Period Ended: 6/30/06 – To F.B.T. Productions (Account # 24145600), AFT 28869-29699 | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2019 | Artist Royalty Statement Summary For Period Ended: 6/30/06 – To EM2M LLC (Account #24145600), AFT 29700-30530 | | 402, 403 |
| 2020 | Artist Royalty Statement Summary For Period Ended: 6/30/06 – To F.B.T. Productions (Account # 24145602), AFT 30531-30859 | | 402, 403 |
| 2021 | Artist Royalty Statement Summary For Period Ended: 6/30/06 – To EM2MLLC/Encore (Account # 24145602), AFT 30860-31188 | | 402, 403 |
| 2022 | Artist Royalty Statement Summary For Period Ended: 6/30/06 – To F.B.T. Productions/Curtain Call (Account # 24145603), AFT 31189-31426 | | 402, 403 |
| 2023 | Artist Royalty Statement Summary For Period Ended: 6/30/06 – To Em2M LLC/Curtain Call, AFT 31427-31666 | | 402, 403 |
| 2024 | Artist Royalty Statement Summary For Period Ended: 6/30/06 – To F.B.T. Productions (Account # 20087112), AFT 31850-31947 | | 402, 403 |
| 2025 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To F.B.T. Productions, LLC (Account # 24145600), AFT 35469-36443 | | 402, 403 |
| 2026 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To EM2M LLC (Account # 24145600), AFT 36444-37418 | | 402, 403 |
| 2027 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To F.B.T. Productions/Encore (Account # 24145602), AFT 37419-37773 | | 402, 403 |
| 2028 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To EM2M Encore (Account # 24145602), AFT 37774-38128 | | 402, 403 |
| 2029 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To F.B.T. Productions/Curtain Call (Account # 24145603), AFT 38129-38430 | | 402, 403 |
| 2030 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To EM2M LLC/Curtain Call (Account # 24145603), AFT 38431-38732 | | 402, 403 |
| 2031 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To F.B.T. Productions, LLC (Account # 24145600), AFT 39468-39790 | | 402, 403 |
| 2032 | Artist Royalty Statement Summary For Period Ended: 12/31/05 – To F.B.T. Productions/Curtain Call, AFT 47538-47544 | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2033 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To Joel Martin (Account # 24145600), AFT 39791-40113 | | 402, 403 |
| 2034 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To F.B.T. Productions c/o Howard Hertz (Account # 20087112), AFT 40126-40130 | | 402, 403 |
| 2035 | Artist Royalty Statement Summary For Period Ended: 6/30/07 – To Joel Martin (Account # 20087112), AFT 40131-40135 | | 402, 403 |
| 2036 | Artist Royalty Statement Summary For Period Ended: 12/31/03 – To F.B.T. Productions (Account # 24145600), AFT 40716-41105 | | 402, 403 |
| 2037 | Artist Royalty Statement Summary For Period Ended: 12/31/03 – To Joel Martin (Account # 24145600), AFT 41106-41495 | | 402, 403 |
| 2038 | Artist Royalty Statement Summary For Period Ended: 12/31/03 – To F.B.T. Productions (Account # 20087112), AFT 41604-41637 | | 402, 403 |
| 2039 | Artist Royalty Statement Summary For Period Ended: 12/31/03 – To Joel Martin (Account # 20087112), AFT 41638-41671 | | 402, 403 |
| 2040 | Artist Royalty Statement Summary For Period Ended: 12/31/04 – To F.B.T. Productions (Account # 24145600), AFT 42185-42857 | | 402, 403 |
| 2041 | Artist Royalty Statement Summary For Period Ended: 12/31/04 – To EM2M (Account # 24145600), AFT 42858-43530 | | 402, 403 |
| 2042 | Artist Royalty Statement Summary For Period Ended: 12/31/04 – To F.B.T. Productions LLC (Account # 20087112), AFT 43630-43663 | | 402, 403 |
| 2043 | Artist Royalty Statement Summary For Period Ended: 12/31/05 – To EM2M LLC_ Curtain Call (Account # 24145603), AFT 47545-47551 | | 402, 403 |
| 2044 | Artist Royalty Statement Summary For Period Ended: 12/31/04 – To EM2M LLC (Account # 20087112), AFT 43664-43697 | | 402, 403 |
| 2045 | Artist Royalty Statement Summary For Period Ended: 12/31/05 – To F.B.T Productions, LLC (Account # 24145600), AFT 45370-46141 | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2046 | Artist Royalty Statement Summary For Period Ended: 12/31/05 – To EM2M LLC (Account # 24145600), AFT 46142-46913 | | 402, 403 |
| 2047 | Artist Royalty Statement Summary For Period Ended: 12/31/05 – To F.B.T. Productions/Encore (Account # 24145602), AFT 46914-47225 | | 402, 403 |
| 2048 | Artist Royalty Statement Summary For Period Ended: 12/31/05 – To EM2M LLC Encore (Accounting # 24145602), AFT 47226-47537 | | 402, 403 |
| 2049 | Artist Royalty Statement Summary For Period Ended: 12/31/05 – To F.B.T. Productions (Account # 20087112), AFT 47727-47776 | | 402, 403 |
| 2050 | Artist Royalty Statement Summary For Period Ended: 12/31/05 EM2M LLC (Account # 20087112), AFT 47777-47826 | | 402, 403 |
| 2051 | Artist Royalty Statement Summary For Period Ended: 12/31/06 To F.B.T. Productions, LLC (Account # 24145600), AFT 49707-50496 | | 402, 403 |
| 2052 | Artist Royalty Statement Summary For Period Ended: 12/31/06 To EM2M LLC (Account # 24145600), AFT 50497-51286 | | 402, 403 |
| 2053 | Summary chart of grants of rights in compositions (Docket No. 94-11) | | |
| 2054 | Summary chart in response to Sullivan Exhibit C-2 (Docket No. 94-13 Filed Under Seal) | | |
| 2055 | Summary chart in response to Sullivan Exhibit C-3 (Docket No. 94-14 Filed Under Seal) | | |
| 2056 | Universal Music Group Check No. 1562098, dated 2/13/08, to Martin Affiliated, LLC (MSJ Ex. G Sealed (CR 34) | | 602 |
| 2057 | Universal Music Group Check No. 1561704, dated 2/25/08, to Eight Mile Style | | 602 |
| 2058 | All cancelled checks sent to EMS or EMS/Martin Affiliated administrators up to time of trial | | |
| 2059 | Email with attached draft synchronization license from Linda Daubson to Mark Levinsohn et al. dated 10/12/05 (AFT-064046 - 52) | | 402, 403, 602, 802 |
| 2060 | Email from Gary Stiffelman to Mark Levinsohn et al. dated 9/9/05 (AFT-064053 - 54) | | 402, 403, 602, 802 |
| 2061 | Email with attached revised draft agreement from Mark Levinsohn to Rand Hoffman et al. dated 10/12/05 (AFT-064055 - 58) | | 402, 403, 602, 802 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2062 | Email from Gary Stiffelman to Mark Levinsohn et al. dated 9/12/05 (AFT-064059 - 60) | | 402, 403, 602, 802 |
| 2063 | Email from Mark Levinsohn to Rand Hoffman et al. dated 9/21/05 (AFT-064061 - 65) | | 402, 403, 602, 802 |
| 2064 | Email from Gary Stiffelman to Rand Hoffman dated 9/15/05 (AFT-064066 - 70) | | 402, 403, 602, 802 |
| 2065 | Email with attached draft synchronization license from Mark Levinsohn to Linda Daubson et al. dated 10/12/05 (AFT-064071 - 78) | | 402, 403, 602, 802 |
| 2066 | Email from Rand Hoffman to Mark Levinsohn et al. dated 9/12/05 (AFT-064079 - 80) | | 402, 403, 602, 802 |
| 2067 | Agreement between Obie Trice and Shady Records, dated 5/23/01 (AFT-0059004 - 12) | | |
| 2068 | Amendment between Obie Trice and Shady Records, dated 10/1/02 (AFT-0059013 - 16) | | |
| 2069 | Agreement between Christopher Lloyd p/k/a Lloyd Banks and Interscope Records, dated 1/10/04 (AFT-0058994 - 9003) | | |
| 2070 | Agreement between Christopher Lloyd p/k/a Lloyd Banks and G-Unit, dated 1/18/04 (AFT-0058179 - 254) | | |
| 2071 | Agreement between Interscope Records and G-Unit, dated 1/10/04 (AFT-0058384 - 388) | | |
| 2072 | Amendment to First Look Agreement between Interscope Records and Shady Records dated 1/1/02 (AFT-0058853 - 889) | | |
| 2073 | First Look Agreement between Interscope Records and Shady Records dated 8/20/99 (AFT-0058890 - 991) | | |
| 2074 | Various License Inquiry Detail (Ensign-0000034 - 152) | | 402, 403, 602 |
| 2075 | Email with attached list of song titles from Mark Levinsohn to Jonas Kant dated 10/8/08 (Ensign-0000260 - 264) | | 402, 403, 602, 901(a) |
| 2076 | Email with attached license summary from Barry Slotnick to Marc Guilford dated 7/1/09 (HFA 000056 - 59) | | 802 |
| 2077 | Email between Marc Guilford and Barry Slotnick dated 7/10/09 (HFA 000071 - 72) | | 802 |
| 2078 | Email between Willard Ahdritz, Nick Noden, James Fitzherbert-Brockholes and Michael Petersen dated 9/25/08 (KBLT-000080 - 81) | | |
| 2079 | Email between Guy Sylvester, Jemma Skidmore, Willard Ahdritz, Michelle Sloddart, Christiaan Winchester, Suzanne Moss and Michael Petersen dated 9/24/08 (KBLT-000087) | | |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2080 | Agreement between Kobalt and Music Resources dated 6/22/09 (KBLT-000001 - 2) | | |
| 2081 | Amendment between Kobalt and Eight Mile Style dated 6/22/09 (KBLT-000003 - 50) | | |
| 2082 | Email between Nancie Stern and Sara Jackson et al. dated 8/19/08 (KBLT-000051) | | |
| 2083 | Email between Michael Petersen and Mark Levinsohn et al. dated 10/28/08 (KBLT-000062 - 64) | | |
| 2084 | License Instruction Sheet for D-12 World revised 10/7/05 (AFT-0062622 - 626) | | 402, 403 |
| 2085 | Controlled Composition Provision (Y11) for Co-Writer/Producer Agreement with D-12 dated 1/19/00 (AFT-0061979 - 985) | | 106 |
| 2086 | Controlled Composition Provision (Y7) for Co-Writer/Producer Agreement with Andy Thelusma dated 3/1/04 (AFT-0062536 - 538) | | 106, 402, 403, 602 |
| 2087 | Controlled Composition Provision for Co-Writer/Producer Agreement with D12, Inc. and Night & Day dated 1/1/04 (AFT-0062539 - 548) | | 106, 402, 403, 602 |
| 2088 | Controlled Composition Provision (Y8) for Co-Writer/Producer Agreement with Obie Trice dated 5/24/01 (AFT-0062549 - 555) | | 106 |
| 2089 | Controlled Composition Provision (Y4) for Co-Writer/Producer Agreement with D12, Inc. and Sicknotes dated 3/6/04 (AFT-0062556 - 559) | | 106, 402, 403, 602 |
| 2090 | Controlled Composition Provision for Co-Writer/Producer Agreement with D12, Inc. and Trackboyz dated 2003 (AFT-0062560 - 563) | | 106, 402, 403, 602 |
| 2091 | Controlled Composition Provision for Co-Writer/Producer Agreement with D12, Inc. and Trackboyz dated 12/1/03 (AFT-0062564 - 567) | | 106, 402, 403, 602 |
| 2092 | Controlled Composition Provision (Y1) for Co-Writer/Producer Agreement with between Shady Records and Interscope Records dated 1/1/02 (AFT-0062568 - 572) | | 106 |
| 2093 | Controlled Composition Provision (YA) for Co-Writer/Producer Agreement with D-12 dated 1999 (AFT-0062573 - 580) | | 106 |
| 2094 | Facsimile with attached splits for Cheers from Lena Kasambalides to Todd Douglas dated 11/13/03 (AFT-0062488 - 493) | | 402, 403, 802 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2095 | Email between Paramount and Harry Fox Agency dated 8/31/05 confirming Ensign license for Without Me (AFT-0062507) | | 402, 403, 602, 802, 1002 |
| 2096 | Chain emails from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 & 08/22/03 with License Inquiry Detail dated 07/30/03 and License/License Request Summary, configuration Cassette (album), Compact Disc (album), 12" Vinyl (album) dated 07/03/08 (AFT-0062092-98) | | 402, 403, 602, 802 |
| 2097 | Chain emails from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 & 08/22/03 with License Inquiry Detail dated 07/30/03 and License/License Request Summary, configuration Compact Disc (album) dated 07/03/08 (AFT-0062085-91) | | 402, 403, 602, 802 |
| 2098 | Chain emails from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 & 08/22/03 with License Inquiry Detail dated 07/30/03 and The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 07/30/03 (AFT-0062036-84) | | 402, 403, 602,802 and inaccurate description |
| 2099 | Chain emails from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 & 08/22/03 with License Inquiry Detail dated 07/30/03 and The Harry Fox Agency Inc. record no. (CD) 069 493 291 dated 07/30/03 (AFT-0061300-24) | | 402, 403, 602, 802 |
| 2100 | Chain emails from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 & 08/22/03 with License Inquiry Detail dated 07/30/03 and The Harry Fox Agency Inc. record no. (CD) 069 493 291 dated 07/30/03 (AFT-0062099-123) | | 402, 403, 602, 802 |
| 2101 | Chain emails from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 & 08/22/03 with License Inquiry Detail dated 07/30/03 and The Harry Fox Agency Inc. record no. (CD) 069 493 292 dated 07/30/03 (AFT-0062124-48) | | 402, 403, 602, 802 |
| 2102 | Chain emails from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 & 08/22/03 with License Inquiry Detail dated 07/30/03 and The Harry Fox Agency Inc. record no. (CS)(CD)(LP) 069 493 290 dated 07/31/03 (AFT-0062153-73) | | 402, 403, 602, 802, inaccurate description |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2103 | Chain emails from Marcia Rosenblum to Paul Deleon & Todd Douglas re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 493 291) dated 12/02/03 with License Inquiry Detail dated 12/02/03 and The Harry Fox Agency Inc., record no. (CD) 069 493 291 dated 12/03/03 (AFT-0062174-206) | | 402, 403, 602, 802 |
| 2104 | Chain emails from Marcia Rosenblum to Todd Douglas & Paul Deleon re Eminem - The Eminem Show (069 493 290 / 069 493 292 / 069 493 291) dated 12/02/03 with License Inquiry Detail dated 12/02/03 and The Harry Fox Agency Inc., record no. (CS)(CD)(LP) 069 493 290 dated 12/03/03 (AFT-0062207-42) | | 402, 403, 602, 802, inaccurate description |
| 2105 | Controlled Composition Provision (Y1) for Co-Writer/Producer Agreement with Interscope Records/Shady Records/Amendment to First Look Agreement dated 1/1/02 (AFT-0063421 - 425) | | 106 |
| 2106 | Controlled Composition Provision (Y10) for Co-Writer/Producer Agreement with 50 Cent and Sha Money XL dated 1/03 (AFT-0062769 - 770) | | 106, 402, 403, 602 |
| 2107 | Email between Todd Douglas and Rene Merideth regarding Elizondo/Windswept's rate (Y10) dated 12/14/04 (AFT-0063319) | | 802, 901(a) |
| 2108 | Controlled Composition Provision (Y11) for Co-Writer/Producer Agreement between Shady Records Inc. and D-12 dated 01/19/00 (AFT-0062939 - 945) | | 106 |
| 2109 | Controlled Composition Provision (Y11) for Co-Writer/Producer Agreement with 50 Cent and DJ Rad dated 1/20/03 (AFT-0062755 - 757) | | 106, 402, 403, 602 |
| 2110 | Controlled Composition Provision (Y11) for Co-Writer/Producer Agreement with 50 Cent and DJ Rad dated 1/20/03 (AFT-0062771 - 774) | | 106, 402, 403, 602 |
| 2111 | Controlled Composition Provision (Y12) for Co-Writer/Producer Agreement with Interscope Records/G-Unit Records/First Look Agreement dated 3/27/03 (AFT-0063194 - 197) | | 106, 402, 403, 602 |
| 2112 | Controlled Composition Provision (Y12) for Co-Writer/Producer Agreement with Shady Records, Xzibit and Denaun Porter dated 9/1/02 (AFT-0063037 - 43) | | 402, 403, 602 |
| 2113 | Controlled Composition Provision (Y12) for Co-Writer/Producer Agreement with Shady Records, Xzibit and Denaun Porter dated 9/1/02 (AFT-0063044 - 47) | | 402, 403, 602 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2114 | Controlled Composition Provision (Y15) for Co-Writer/Producer Agreement with Eminem dated 7/2/03 (AFT-0063198 - 200) | | 106 |
| 2115 | Controlled Composition Provision (Y2) for Co-Writer/Producer Agreement with Jay-Z dated 9/1/02 (AFT-0062926 - 927) | | 106, 402, 403, 602 |
| 2116 | Controlled Composition Provision (Y2) for Co-Writer/Producer Agreement with Jay-Z dated 9/1/02 (AFT-0063029 - 30) | | 106, 402, 403, 602 |
| 2117 | Controlled Composition Provision (Y2) for Co-Writer/Producer Agreement with Leslie Pridgen AKA Freeway dated 10/1/02 (AFT-0063031 - 32) | | 106, 402, 403, 602 |
| 2118 | Controlled Composition Provision (Y2) for Co-Writer/Producer Agreement with Michael Elizondo for The Eminem Show dated 6/3/02 (AFT-0063581 - 582) | | 106, 402, 403, 602 |
| 2119 | Controlled Composition Provision (Y2) for Co-Writer/Producer Agreement with Timbaland dated 1/12/01 (AFT-0063426 - 28) | | 106, 402, 403, 602 |
| 2120 | Controlled Composition Provision (Y3) for Co-Writer/Producer Agreement regarding Don't Come Down dated 9/1/03 (AFT-0063429 - 433) | | 106, 402, 403, 602 |
| 2121 | Controlled Composition Provision (Y3) for Co-Writer/Producer Agreement with Lloyd Banks and The Beat Factory dated 8/11/04 (AFT-0063184 - 189) | | 106, 402, 403, 602 |
| 2122 | Controlled Composition Provision (Y4) for Co-Writer/Producer Agreement between Shady Records Inc. and D-12 dated 1/19/00 (AFT-0063583 - 589) | | 106 |
| 2123 | Controlled Composition Provision (Y4) for Co-Writer/Producer Agreement with Obie Trice dated 5/24/01 (AFT-0062929 - 935) | | 106 |
| 2124 | Controlled Composition Provision (Y4) for Co-Writer/Producer Agreement with Obie Trice regarding 8 Mile Soundtrack dated 10/1/02 (AFT-0063033 - 36) | | 602 |
| 2125 | Controlled Composition Provision (Y5) for Co-Writer/Producer Agreement with 50 Cent and Digga dated 10/02 (AFT-0062764 - 768) | | 106, 402, 403, 602 |
| 2126 | Controlled Composition Provision (Y5) for Co-Writer/Producer Agreement with D-12 dated 12/00/99 (AFT-0063290 - 297) | | 106 |
| 2127 | Controlled Composition Provision (Y6) for Co-Writer/Producer Agreement with Denaun Porter dated 9/01/02 (AFT-0063443 - 446) | | 106, 402, 403, 602 |
| 2128 | Controlled Composition Provision (Y6) for Co-Writer/Producer Agreement with Denaun Porter dated 9/1/02 (AFT-0063302 - 305) | | 106, 402, 403, 602 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2129 | Controlled Composition Provision (Y7) for Co-Writer/Producer Agreement regarding Follow My Life dated 9/1/03 (AFT-0063306 - 308) | | 106, 402, 403, 602 |
| 2130 | Controlled Composition Provision (Y7) for Co-Writer/Producer Agreement regarding Till I Collapse dated 5/1/01 (AFT-0063590 - 592) | | 106, 402, 403, 602 |
| 2131 | Controlled Composition Provision (Y7) for Co-Writer/Producer Agreement with Lloyd Banks and Nate Dogg dated 7/23/04 (AFT-0063190 - 193) | | 106, 402, 403, 602 |
| 2132 | Controlled Composition Provision (Y8) for Co-Writer/Producer Agreement regarding Without Me dated 6/6/02 (AFT-0063593 - 595) | | 106, 402, 403, 602 |
| 2133 | Controlled Composition Provision (Y8) for Co-Writer/Producer Agreement with 50 Cent dated 6/14/02 (AFT-0063451 - 453) | | 106, 402, 403, 602 |
| 2134 | Controlled Composition Provision (Y9) for Co-Writer/Producer Agreement with D-12 with Night & Day dated 1/1/04 (AFT-0062701 - 704) | | 106, 402, 403, 602 |
| 2135 | Controlled Composition Provision (Y9) for Co-Writer/Producer Agreement with Lloyd Banks dated 1/18/04 (AFT-0063454 - 460) | | 106 |
| 2136 | Controlled Composition Provision (YA) for Co-Writer/Producer Agreement with 50 Cent dated 6/14/02 (AFT-0062838 - 840) | | 106 |
| 2137 | Controlled Composition Provision (YA) for Co-Writer/Producer Agreement with Eminem dated 10/14/05 (AFT-0063156 - 159) | | 402, 403 |
| 2138 | Controlled Composition Provision (YA) for Co-Writer/Producer Agreement with Lloyd Banks dated 01/18/04 (AFT-0063177 - 183) | | 106 |
| 2139 | Controlled Composition Provision (YA) for Co-Writer/Producer Agreement with Marshall Mathers dated 5/23/02 (AFT-0062923 - 925) | | 106 |
| 2140 | Controlled Composition Provision (YA) for Co-Writer/Producer Agreement with Shady Records and Obie Trice III dated 5/24/01 (AFT-0063414 - 420) | | 106 |
| 2141 | Controlled Composition Provision for Co-Writer/Producer Agreement with Angry Blonde Productions with Denaun Porter dated 4/30/03 (AFT-0063601 - 604) | | 106, 402, 403, 602 |
| 2142 | Controlled Composition Provision for Co-Writer/Producer Agreement with Shady Records -w- D-12/ Second Album Amendment dated 9/2/02 (AFT-0063439 - 442) | | 106, 402, 403, 602 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2143 | Copyright License Agreement between Universal and Eight Mile Style for Devil's Night (8M-00748 - 751) | | 402,403 |
| 2144 | Copyright License Agreement on Behalf of (licensee) Zomba Recording Corp. dated 03/15/04 (8M-00242-244) | | 402,403 |
| 2145 | Copyright License Agreement on Behalf of IGA (G-Unit Records) percentage controlled 15% dated 02/28/05 (AFT-0058617-18) | | 402, 403, 901(a) |
| 2146 | Copyright License Agreement on Behalf of IGA (Interscope Records) (licensee) selection# 069 493 544 explicit, 069 493 539 w/bonus DVD with attached Schedule A dated 07/21/03 (AFT-0055406-08) | | 402, 403, 901(a) |
| 2147 | Copyright License Agreement on Behalf of IGA (Interscope Records)(licensee) with Attached Schedule A dated 06/27/03 (8M-00232-34) | | 402, 403 |
| 2148 | Copyright License Agreement on Behalf of IGA (Interscope Records)(licensee) with Attached Schedule A dated 06/27/03 (AFT-0019665-67) | | 402, 403, 901(a) |
| 2149 | Copyright License Agreement on Behalf of IGA (Interscope Records)(licensee) with Attached Schedule A dated 06/27/03 (AFT-0055403-05) | | 402, 403, 901(a) |
| 2150 | Copyright License Agreement on Behalf of IGA (Interscope) (licensee) selection# 069 493 544 explicit, 069 493 539 w/bonus DVD, 069 493 545 clean with Attached Schedule A dated 07/21/03 (8M-00133-35) | | 402, 403 |
| 2151 | Copyright License Agreement on Behalf of IGA (Interscope) (licensee) selection# 069 493 545-2 [edited] with Attached Schedule A dated 11/09/04 (AFT-0055459-63) | | 402, 403, 901(a) |
| 2152 | Copyright License Agreement on Behalf of IGA (Interscope) dated 10/29/02 (AFT 62898-99) | | 402, 403, 901(a) |
| 2153 | Copyright License Agreement on Behalf of IGA (Interscope) percentage controlled 6.67% dated 10/28/02 (AFT-0063572-74) | | 402, 403, 901(a) |
| 2154 | Copyright License Agreement on Behalf of IGA (licensee) with Attached Schedule A dated 06/25/04 (8M-00148-52) | | 402, 403 |
| 2155 | Copyright License Agreement on Behalf of IGA (licensee) with Attached Schedule A dated 06/25/04 (AFT-0055441-45) | | 402, 403, 901(a) |
| 2156 | Copyright License Agreement on Behalf of IGA (licensee) with Attached Schedule A dated 12/22/04 (AFT-0055464-69) | | 402, 403, 901(a) |
| 2157 | Copyright License Agreement on Behalf of IGA (licensee) with Attached Schedule A dated 12/22/2004 (8M-00203-08) | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2158 | Copyright License Agreement on Behalf of IGA (licensee) with Attached Schedule A dated 12/23/04 (8M-00213-15) | | 402, 403 |
| 2159 | Copyright License Agreement on Behalf of IGA (licensee) with Attached Schedule A dated 12/23/04 (AFT-0055487-89) | | 402, 403, 901(a) |
| 2160 | Copyright License Agreement on Behalf of IGA (licensee), UPC no. 0060 249862 8294 [Deluxe CD] with Attached Schedule A dated 12/23/04 (AFT-0055490-92) | | 402, 403, 901(a) |
| 2161 | Copyright License Agreement on Behalf of IGA [Aftermath/Shady Records] dated 00/01/04 (AFT-0058570-71) | | 402, 403, 901(a) |
| 2162 | Copyright License Agreement on Behalf of IGA [Aftermath/Shady Records] dated 02/02/04 (AFT-0058549-50) | | 402, 403, 901(a) |
| 2163 | Copyright License Agreement on Behalf of IGA [Aftermath] dated 10/24/05 (AFT-0058647-48) | | 402, 403, 901(a) |
| 2164 | Copyright License Agreement on Behalf of IGA [Aftermath] percentage controlled 15.00% dated 09/12/02 (AFT-0063887) | | 402, 403, 901(a) |
| 2165 | Copyright License Agreement on Behalf of IGA [Aftermath](licensee) selection # edited CD 0060249887 8941 with Attached Schedule A dated 03/20/06 (8M-00170-74) | | 402, 403 |
| 2166 | Copyright License Agreement on Behalf of IGA [Aftermath](licensee) selection # explicit CD 0060249887 8934, vinyl 0060 249887 8965, cassette 0060 249887 8958 with Attached Schedule A dated 03/20/06 (8M-00165-69) | | 402, 403 |
| 2167 | Copyright License Agreement on Behalf of IGA [Aftermath](licensee) selection # explicit CD 0060249887 8934, vinyl 0060 249887 8965, cassette 0060 249887 8958 with Attached Schedule A dated 03/20/06 (AFT-0055504-08) | | 402, 403, 901(a) |
| 2168 | Copyright License Agreement on Behalf of IGA [G-Unit Records] percentage controlled 15% dated 02/28/05 (AFT-0058610-11) | | 402, 403, 901(a) |
| 2169 | Copyright License Agreement on Behalf of IGA [Interscope Records](licensee) with Attached Schedule A dated 11/15/05 (AFT-0055495-97) | | 402, 403, 901(a) |
| 2170 | Copyright License Agreement on Behalf of IGA [Interscope Records](licensee), UPC no. 0060 249880 4087 [Explicit CD]…0060 249880 4070 [Wal-mart Edited CD] with Attached Schedule A dated 11/15/05 (8M-00140-42) | | 402, 403 |
| 2171 | Copyright License Agreement on Behalf of IGA [Interscope Records](licensee), UPC no. 0060 249880 4087 [Explicit CD]…0060 249880 4070 [Wal-mart Edited CD] with Attached Schedule A dated 11/15/05 (8M-00143-45) | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2172 | Copyright License Agreement on Behalf of IGA [Interscope Records](licensee), UPC no. 0060 249880 4087 [Explicit CD]…0060 249880 4070 [Wal-mart Edited CD] with Attached Schedule A dated 11/15/05 (AFT-0058581-83) | | 402, 403, 901(a) |
| 2173 | Copyright License Agreement on Behalf of IGA [Interscope Records](licensee), UPC no. 0060 249880 4087 [Explicit CD]…0060 249880 4070 [Wal-mart Edited CD] with Attached Schedule A dated 11/15/05 (AFT-0058584-86) | | 402, 403, 901(a) |
| 2174 | Copyright License Agreement on Behalf of IGA [Interscope] dated 04/05/03 (AFT-0063539-40) | | 402, 403, 901(a) |
| 2175 | Copyright License Agreement on Behalf of IGA [Interscope] dated 10/28/02 (AFT-0063566-68) | | 402, 403, 901(a) |
| 2176 | Copyright License Agreement on Behalf of IGA [Interscope] dated 10/28/02 (AFT-0063569-71) | | 402, 403, 901(a) |
| 2177 | Copyright License Agreement on Behalf of IGA percentage controlled 20.00% dated 07/15/02 (AFT-0063472-73) | | 402, 403, 901(a) |
| 2178 | Copyright License Agreement on Behalf of UMG (licensee) with Attached Schedule A dated 10/01/04 (AFT-0058765-70) | | 402, 403, 901(a) |
| 2179 | Copyright License Agreement on Behalf of UMG (licensee), record no. 0060 249860 7558 (explicit CD), 0060 249860 8364 (explicit Vinyl), 0060 249860 8357 (edited CD) with Attached Schedule A dated 12/22/03 (AFT-0055425-30) | | 402, 403, 901(a) |
| 2180 | Copyright License Agreement on Behalf of UMG for covered services only with Attached Schedule A dated 06/20/02 (8M-00114-16) | | 402, 403 |
| 2181 | Copyright License Agreement on Behalf of UMG Recordings Inc. covered services only with Attached Schedule A 09/27/02 (8M-00804-06) | | 402, 403 |
| 2182 | Copyright License Agreement on Behalf of UMG Recordings Inc. for covered services only with Attached Schedule A 09/27/02 (8M-00807-09) | | 402, 403 |
| 2183 | Copyright License Agreement on Behalf of UMG Recordings Inc. for covered services only with Attached Schedule A dated 06/20/02 (8M-00798-800) | | 402, 403 |
| 2184 | Copyright License Agreement on Behalf of UMG Recordings Inc. for covered services only with Attached Schedule A dated 09/27/02 (8M-00111-13) | | 402, 403 |
| 2185 | Copyright License Agreement on Behalf of UMG Recordings Inc. for covered services only with Attached Schedule A dated 09/27/02 (8M-00801-03) | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2186 | Copyright License Agreement on Behalf of UMG Recordings Inc. for stream & limited download with Attached Scheduled A and Memorandum from Rod McGrew to Chad Gary re On-Demand Streams and/or Limited Downloads dated 07/02/03 (AFT-0062474-77) | | 402, 403, 901(a) |
| 2187 | Copyright License Agreement on Behalf of UMG Recordings Inc. with Attached Schedule A dated 06/20/02 (8M-00811-13) | | 402, 403, 602, 802, 901(a) inaccurate description |
| 2188 | Email between Pat Blair, Theodor Sedlmayr, Robert Allen and Alina Moffat et al. dated 11/22/05 regarding Piggybank (AFT-0062865 - 869) | | 402, 403, 602, 802, 901(a) inaccurate description |
| 2189 | Email chain from Gerald G. to Gerald D. & Steve Dibasio dated 10/05/05 and The Harry Agency Inc. regarding record no. (LP)00602498621998  (CS)00602498624067 (CD)00602498621622 (royalty rate) dated 10/11/05 (AFT-0061660-96) | | 402, 403, 602, 802, 901(a) |
| 2190 | Email chain from Rene Merideth to Paul Deleon re 50 Cent / "Patiently Waiting" dated 08/11/03; The Harry Fox Agency Inc. License Inquiry Detail dated 08/12/03; The Harry Fox Agency Inc., record no. (CD) 069 493 539 dated 08/12/03 (AFT-0061395-403) | | 402, 403, 602, 802, 901(a) |
| 2191 | Email chain from Rene Merideth to Paul Deleon re 50 Cent / "Patiently Waiting" dated 08/11/03; The Harry Fox Agency Inc. License Inquiry Detail dated 08/12/03; The Harry Fox Agency Inc., record no. (CD)(CS)(LP) 069 493 544 dated 08/12/03 (AFT-0061413-18) | | 402, 403, 602, 802, 901(a) |
| 2192 | Email chains from Kerri Sullivan & Marcia Rosenblum to Paul Deleon & Todd Douglas re Phillips# 314 548 549 / At Her Very Best & Eminem-The Eminem Show...dated 12/02/03 with License Inquiry Detail dated 12/02/03 and The Harry Fox Agency Inc. record no. (CD) 069 493 292 dated 12/03/03 (AFT-0062243-74) | | 402, 403, 602, 802, 901(a) |
| 2193 | Email from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28/03 with License Inquiry Detail dated 07/30/03 and The Harry Fox Agency Inc. record no. (CD) 069 493 292 dated 07/30/03 (AFT-0061342-61) | | 402, 403, 602, 802, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2194 | Email from Gerald Grannis to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 08/22/03 and The Harry Fox Agency Inc. record no. (CS)(CD)(LP) 069 493 290 dated 07/30/03 (AFT-0061325-41) | | 402, 403, 602, 802, 901(a) |
| 2195 | Emails from Gerald Grannis & Steve Perlman to Paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 07/28,29/03 with License Inquiry Detail dated 06/21/02 and The Harry Fox Agency Inc. record no. (CD) 069 493 292 dated 08/11/03 (AFT-0061362-86) | | 402, 403, 602, 802, 901(a) |
| 2196 | Facimile Transmission from Steve Perlman to Todd Douglas re Eminem "Encore" dated 04/07/05 (AFT-0063938) | | 106 |
| 2197 | Fax coversheet and letter from UMG to Publisher attn. Annette Williams with Attached Schedule A dated 04/08/05 (AFT-0063328-30) | | 402, 403, 901(a) |
| 2198 | Fax coversheet and letter from Zomba Recording Corporation Eric Choy to Joel Martin re Mechanical License Request for the parody of "Lose Yourself" entitled "Couch Potato"... dated 05/13/03 includes license request agreement (8M-00245-48) | | 402, 403 |
| 2199 | Fax coversheet for letter from Todd Douglas to Ed Arrow re Licenses and Mechanical License Notification and Confirmation dated 04/03/03 (AFT-0063668-69) | | 106 |
| 2200 | Fax coversheet from Annette Williams to Todd Douglas re "Without Me"-The Eminem Show...dated 04/02/03 (AFT-0063671) | | 106, 402, 403, 901(a) |
| 2201 | Fax coversheets with letter from UMG to Publisher attn. Joel Martin and Copyright License Agreement on Behalf of IGA (Interscope) with Attached Schedule A dated 12/24/02 (AFT-0055358-64) | | 106, 402, 403, 901(a) |
| 2202 | Fax coversheets with letter from UMG to Publisher attn. Joel Martin with Copyright License Agreements on behalf of IGA (Interscope) and Attached Schedules A dated 12/24/02 (AFT-0058797-811) | | 106, 402, 403, 901(a) |
| 2203 | Letter from Arthouse Entertainment Inc. to UMG, record no. 0060 249860 7558 (explicit CD), 0060 249860 8364 (explicit Vinyl), 0060 249860 8357 (edited CD) dated 09/15/2004 (AFT-0063248-49) | | 106, 402, 403, 901(a) |
| 2204 | Letter from Donyale Y. H. Reavis to Todd Douglas re Mechanical Reproduction License Agreement for "8 Miles and Runnin" dated 04/10/03 (AFT-0062963) | | 106,402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2205 | Letter from Eight Mile Style Music Melissa Emily to UMG Todd Douglas dated 09/29/04 and Copyright License Agreements on Behalf of UMG (licensee) with Attached Schedule A dated 10/01/04 (AFT-0055450-58) | | 106, 402, 403, 802, 901(a) |
| 2206 | Letter from EMI Music Publishing to IGA/Aftermath, Record # 0060 249864: 6717, 6731, 6939, 6748 dated 01/18/05 (AFT-0063899-900) | | 106, 402, 403, 802, 901(a) |
| 2207 | Letter from EMI Music Publishing to Interscope Records, Record # 2/ 4-069 490 292 dated 08/27/02 (AFT-0063575-77) | | 106, 402, 403, 802, 901(a) |
| 2208 | Letter from Emi Music Publishing to Music Resources attn. Nancie Stern re "We Will Rock You" (May): Sample dated 08/20/02 (AFT-0063719) | | 106, 402, 403, 802, 901(a) |
| 2209 | Letter from Emi Music Publishing to Music Resources attn. Nancie Stern re "We Will Rock You" (May): Sample dated 08/20/02 (AFT-0063720) | | 106, 402, 403, 802, 901(a) |
| 2210 | Letter from EMI Music Publishing to Shady Records with Attached Schedule A, record no. 0060 249860 7558 (Explicit CD) dated 09/29/04 (AFT-0063230-32) | | 402, 403, 602, 802, 901(a) |
| 2211 | Letter from EMI Music Publishing to Shady Records with Attached Schedule A, record no. 0060 249860 8357 (Edited CD) dated 09/29/04 (AFT-0063233-35) | | 402, 403, 602, 802, 901(a) |
| 2212 | Letter from EMI Music Publishing to Shady Records with Attached Schedule A, record no. 0060 249860 8357 (Edited CD) dated 09/29/04 (AFT-0063236-38) | | 402, 403, 602, 802, 901(a) |
| 2213 | Letter from EMI Music Publishing to Shady Records with Attached Schedule A, record no. 0060 249860 8364 (Explicit Vinyl) dated 09/29/04 (AFT-0063233-35) | | 402, 403, 602, 802, 901(a) |
| 2214 | Letter from EMI Music Publishing to Shady/Interscope Records with Attached Schedule A, record no. 0060 249860 8357 dated 11/05/03 (AFT-0063242-44) | | 402, 403, 602, 802, 901(a) |
| 2215 | Letter from EMI Music Publishing to Shady/Interscope Records with Attached Schedule A, record no. Ex CD 0060 249860 7558 & Ex Vinyl 0060 249860 8364 with Attached Schedule A dated 11/05/03 (AFT-0063239-41) | | 402, 403, 602, 802, 901(a) |
| 2216 | Letter from EMI Music Publishing to UMG with Attached Schedule A, Record # EX CD 00602498878934, ED CD 00602498878941, EX CS 00602498878958 dated 12/02/05 (AFT-0063068-70) | | 402, 403, 602, 802, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2217 | Letter from EMI Music Publishing To Universal/Shady Records with Attached Schedule A, Record # 0060 249862 1615 (explicit deluxe cd W/DVD), has written "see revised license" dated 06/28/04 (AFT-0062729-33) | | 402, 403, 602, 802, 901(a) |
| 2218 | Letter From EMI Music Publishing To Universal/Shady Records with Attached Schedule A, Record # 0060 249862 1622 (explicit CD), has written "see revised license" dated 06/28/04 (AFT-0062719-23) | | 402, 403, 602, 802, 901(a) |
| 2219 | Letter from EMI Music Publishing to Universal/Shady Records with Attached Schedule A, Record # 0060 249862 1998 (explicit vinyl), has written "revised split on "Keep Talkin"" dated 06/28/04 (AFT-0062597-601) | | 402, 403, 602, 802, 901(a) |
| 2220 | Letter from EMI Music Publishing to Universal/Shady Records with Attached Schedule A, Record # 0060 249862 1998 (explicit vinyl), has written "see revised license" dated 06/28/04 (AFT-0062714-18) | | 402, 403, 602, 802, 901(a) |
| 2221 | Letter from EMI Music Publishing to Universal/Shady Records with Attached Schedule A, Record # 0060 249862 4067 (explicit CS), has written "revised split on "Keep Talkin"" dated 06/28/04 (AFT-0062617-21) | | 402, 403, 602, 802, 901(a) |
| 2222 | Letter from EMI Music Publishing to Universal/Shady Records with Attached Schedule A, Record # 0060 249862 4067 (explicit CS), has written "see revised license" dated 06/28/04 (AFT-0062709-13) | | 402, 403, 602, 802, 901(a) |
| 2223 | Letter from EMI Music Publishing to Universal/Shady with Attached Schedule A, Record # 0060 2498621639 (edited CD), has written "see revised license" dated 06/28/04 (AFT-0062724-28) | | 402, 403, 602, 802, 901(a) |
| 2224 | Letter from Famous Music Dana Travnicek to The Harry Fox Agency Inc. Bob Shaw re Partial License/"Bitch Please II" and "The Real Slim Shady" dated 06/26/00 (AFT-0056030) | | 402, 403, 602, 802, 901(a) |
| 2225 | Letter from Famous Music Dana Travnicek to The Harry Fox Agency Inc. Bob Shaw re Partial License/"Bitch Please II" and "The Real Slim Shady" with supporting material and Attached Schedule A  dated 06/26/00 (AFT-0056041-46) | | 402, 403, 602, 802, 901(a) |
| 2226 | Letter from Lastrada Entertainment Co. to UMG, record no. 0060249864 6700 (ex CD), 0060249864 6717 (ex CD), 0060249864 6731 (ed CD), 0060249864 6748 (ex CS), 0060249864 6939 (ex LP) dated 11/15/04 (AFT-0063831-32) | | 402, 403, 602, 802, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2227 | Letter from Lastrada Entertainment Co. to UMG, record no. 069-493-290-1/2/4, 069-493-291-2, 069-493-292-2, 069-493-297-2 dated 06/03/02 (AFT-0063538) | | 402, 403, 602, 802, 901(a) |
| 2228 | Letter from Lastrada Entertainment Co. to UMG, record no. 069-493-290-1/2/4, 069-493-291-2, 069-493-292-2, 069-493-297-2 with addendum dated 06/03/02 (AFT-0063693-94) | | 402, 403, 602, 802, 901(a) |
| 2229 | Letter from Reach Global to Todd Douglas re The Eminem Show "Without Me"…dated 04/02/03 (AFT-0063623) | | 106, 402,403,802, 901(a) |
| 2230 | Letter from SpiritMusic Group to Todd Douglas re mechanical license covering "Many Men (Wish Death)", "Get Rich of Die Tryin'", #069493544-1/2/4, 069493545-2, and 069493539-2 dated 10/29/03 (AFT-0062789) | | 106, 402,403,802, 901(a) |
| 2231 | Letter from SpiritMusic Group to Todd Douglas re mechanical license covering "Many Men (Wish Death)", "Get Rich of Die Tryin'", #493544-1/2/4, 493545-2, and 493539-2 dated 07/8/03 (AFT-0062791) | | 106, 402,403,802, 901(a) |
| 2232 | Letter from SpiritMusic Group to Todd Douglas re United States Domestic Mechanical License dated 07/8/03 (AFT-0062745-47) | | 402, 403, 602, 901(a) |
| 2233 | Letter from Todd Douglas (UMG) to Joel Martin with Attached Schedule A (Eight Mile Style) dated 06/25/04 (AFT-0055437-40) | | 402, 403, 602, 901(a) |
| 2234 | Letter from UMG to Publisher (Alexra Music) dated 03/07/05 (AFT-0062949) | | 402, 403, 602, 901(a) |
| 2235 | Letter from UMG to Publisher attn. Bobby Roberts dated 12/09/03 (AFT-0063320-22) | | 106, 402,403,802, 901(a) |
| 2236 | Letter from UMG to Publisher attn. Bobby Roberts dated 12/09/03 (AFT-0063324-27) | | 106, 402,403, 602,901(a) |
| 2237 | Letter from UMG to Publisher attn. Colin Jones re "Many Men (Wish Death)"/ 50 cent/ 069 493 539-0, 069 493 544-1/2/4, & 069 493 dated 10/21/03 (AFT-0062790) | | 106, 402,403, 901(a) |
| 2238 | Letter from UMG to Publisher attn. Dana Travnicek re Eminem / 069 493 290, 069 493 291, & 069 493 292 dated 06/24/02 dated 06/24/02 and Famous Music Mechanical License with Attached Schedule A dated 06/20/02 (AFT-0055345-48) | | 106, 402,403, 602, 802, 901(a) |
| 2239 | Letter from UMG to Publisher attn. Joel Martin and Copyright License Agreement on Behalf of UMG Recordings Inc. with Attached Schedule A dated 01/30/04 (8M-00121-24) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2240 | Letter from UMG to Publisher attn. Joel Martin dated 03/30/06 (AFT-0058591) | | 402, 403 |
| 2241 | Letter from UMG to Publisher attn. Joel Martin with Attached Schedule A dated 06/06/03 (AFT-0062955-56) | | 402, 403 |
| 2242 | Letter from UMG to Publisher attn. Joel Martin with Attached Schedule A dated 06/20/03 (AFT-0055401-02) | | 402, 403, 901(a) |
| 2243 | Letter from UMG to Publisher attn. Joel Martin with Attached Schedule A dated 06/20/03 (AFT-0058771-72) | | 402, 403, 901(a) |
| 2244 | Letter from UMG to Publisher attn. Joel Martin with Attached Schedule A dated 06/25/04 (AFT-0055437-40) | | 402, 403, 901(a) |
| 2245 | Letter from UMG to Publisher attn. Joel Martin with Attached Schedule A dated 06/25/04 (AFT-0055446-49) | | 402, 403, 901(a) |
| 2246 | Letter from UMG to Publisher attn. Joel Martin with Attached Schedule A dated 06/25/04 (AFT-0058519-22) | | 402, 403, 901(a) |
| 2247 | Letter from UMG to Publisher attn. Joel Martin with Attached Schedule A dated 12/17/04 (AFT-0055470-73) | | 402, 403, 901(a) |
| 2248 | Letter from UMG to Publisher attn. Joel Martin with Copyright License Agreement on Behalf of IGA [Interscope] and Attached Schedule A dated 06/21/02 (AFT-0055341-44) | | 402, 403, 901(a) |
| 2249 | Letter from UMG to Publisher attn. Lena Kasambalides and Copyright License Agreement on Behalf of IGA [Shady Records] with Attached Schedule A dated 12/16/04 (AFT-0063342-44) | | 402, 403, 901(a) |
| 2250 | Letter from UMG to Publisher attn. Nate Dogg with Copyright License Agreement on Behalf of IGA [Aftermath] dated 08/24/05 (AFT-0063935-36) | | 106, 402, 403, 901(a) |
| 2251 | Letter from UMG to Publisher attn. Rod McGrew dated 02/15/05 (AFT-0063202) | | 106, 402, 403, 901(a) |
| 2252 | Letter from UMG to Publisher attn. Rod McGrew with Copyright License Agreement on Behalf of IGA [Interscope] and Attached Schedule A dated 04/01/03 (AFT-0063677-80) | | 402, 403, 901(a) |
| 2253 | Letter from UMG to Publisher attn. Rod McGrew with Copyright License Agreement on Behalf of IGA [Interscope] dated 04/01/03 (AFT-0063674-76) | | 402, 403, 901(a) |
| 2254 | Letter from UMG to Publisher attn. Stanley Banks dated 04/19/06 (AFT-0063095) | | 402, 403, 901(a) |
| 2255 | Letter from UMG to Publisher attn. Stanley Banks dated 04/20/06 (AFT-0063164) | | 402, 403, 901(a) |
| 2256 | Letter from UMG to Publisher attn. Stanley Banks dated 06/21/02 (AFT-0063717) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2257 | Letter from UMG to Publisher attn. Stanley Banks dated 12/16/04 (AFT-0063323) | | 402, 403, 901(a) |
| 2258 | Letter from UMG to Publisher attn. Theo Sedlmayr dated 06/20/03 (AFT-0062786-87) | | 402, 403, 901(a) |
| 2259 | Letter from UMG to Publisher C/o Andre Johnson with Copyright License Agreement on Behalf of IGA [Interscope] dated 06/21/02 (AFT-0063578-80) | | 402, 403, 901(a) |
| 2260 | Letter from UMG to Publisher C/o Andre Johnson with Copyright License Agreement on Behalf of IGA [Interscope] dated 06/21/02 (AFT-0063715-16) | | 402, 403, 901(a) |
| 2261 | Letter from UMG to Publisher C/o James Elam dated 02/12/03 (AFT-0062975-77) | | 402, 403, 901(a) |
| 2262 | Letter from UMG to Publisher c/o Nicole Bernard with Copyright License Agreement on Behalf of IGA [Aftermath/Shady Records] dated 09/17/03 (AFT-0062852-53) | | 402, 403, 901(a) |
| 2263 | Letter from UMG to Publisher c/o Nicole Bernard with Copyright License Agreement on Behalf of IGA [Aftermath/Shady Records] dated 06/20/03 (AFT-0062784-85) | | 402, 403, 901(a) |
| 2264 | Letter from UMG to Publisher C/o Reach Global re Eminem 0606949329020/0606949329228 See Schedule A with Attached Schedule A dated 06/17/03 (AFT-0058527-28) | | 402, 403, 901(a) |
| 2265 | Letter from UMG to Publisher C/o Reach Global re Eminem 0606949329020/0606949329228 See Schedule A with Attached Schedule A dated 07/23/03 (AFT-0058537-38) | | 402, 403, 901(a) |
| 2266 | Letter from UMG to Publisher C/o Reach Global with Copyright License Agreement on Behalf of IGA [Interscope] dated 04/01/03 (AFT-0063672-73) | | 402, 403, 901(a) |
| 2267 | Letter from UMG to Publisher C/o Reach Global, Inc. dated 04/20/06 (AFT-0063094) | | 402, 403, 901(a) |
| 2268 | Letter from UMG to Publisher c/o Shady Records with Attached Schedule A dated 08/25/06 (AFT-0058579-80) | | 402, 403, 901(a) |
| 2269 | Letter from UMG to Publisher c/o Terry Wilson re Eminem 0606949329020 / 0606949329228 with Attached Schedule A dated 06/17/03 (AFT-0058525-26) | | 402, 403, 901(a) |
| 2270 | Letter from UMG to Publisher dated 04/20/06 (AFT-0063163) | | 402, 403, 901(a) |
| 2271 | Letter from UMG to Publisher dated 10/18/04 with Mechanical License dated 06/23/04 (AFT-0063211-12) | | 402, 403, 901(a) |

| Exh. No. | Description | Bates | Objections |
|---|---|---|---|
| 2272 | Letter from UMG to Publisher dated 12/01/05 and Copyright License Agreement on Behalf of IGA [Interscope Records](licensee) with Attached Schedule A dated 11/15/05 (AFT-0058779-82) | | 402, 403, 901(a) |
| 2273 | Letter from UMG to Publisher Nate Dogg Music with Attached Schedule A dated 06/17/03 (AFT-0058523-24) | | 402, 403, 901(a) |
| 2274 | Letter from UMG to Publisher Obie Trice dated 07/09/02 (AFT-0063711-13) | | 402, 403, 901(a) |
| 2275 | Letter from UMG to Publisher with Attached Schedule A dated 05/09/03 (AFT-0062958-59) | | 402, 403, 901(a) |
| 2276 | Letter from UMG to Publisher with Attached Schedule A dated 06/05/03 (AFT-0056857-58) | | 402, 403, 901(a) |
| 2277 | Letter from UMG to Publisher with Attached Schedule A dated 09/06/01 (8M-00747-51) | | 402, 403, 901(a) |
| 2278 | Letter from UMG to Publisher with Attached Schedule A dated 09/25/02 (AFT-0063688-89) | | 402, 403, 901(a) |
| 2279 | Letter from UMG to Publisher with Attached Schedule A dated 09/25/02 (AFT-0063706-07) | | 402, 403, 901(a) |
| 2280 | Letter from UMG to Publisher with Copyright License Agreement on Behalf of IGA (Interscope) dated 02/12/03 (AFT-0062972-74) | | 402, 403, 901(a) |
| 2281 | Letter from Warner /Chappell Music Inc. to UMG Todd Douglas re Issurance of mechanical licenses dated 12/03/02 (AFT0063685) | | 106, 402, 403, 901(a) |
| 2282 | License Instruction Sheet for 8 Mile Soundtrack (AFT-0062889 - 894) | | 106, 402, 403, 901(a) |
| 2283 | License Instruction Sheet for Cheers revised 11/21/03, 12/18/03, 3/30/04, 8/7/04, 9/27 (AFT-0063215 - 219) | | 106, 402, 403, 901(a) |
| 2284 | License Instruction Sheet for Curtain Call  (AFT-0063049 - 52) | | 106, 402, 403, 901(a) |
| 2285 | License Instruction Sheet for Curtain Call  (AFT-0063148 - 151) | | 106, 402, 403, 901(a) |
| 2286 | License Instruction Sheet for Get Rich of Die Tryin revised 4/7/03, 6/5/03, 6/17/03 (AFT-0062736 - 740) | | 106, 402, 403, 901(a) |
| 2287 | License Instruction Sheet for The Eminem Show revised 3/25/03 (AFT-0063462 - 465) | | 106, 402, 403, 901(a) |
| 2288 | License Instruction Sheet for The Hunger for More revised 10/21/04, 12/9/04, 1/31/05 (AFT-0063173 - 176) | | 106, 402, 403, 901(a) |
| 2289 | License Instruction Sheet for The Massacre revised 8/15/05, 9/21/05, 11/13/05 (AFT-0062855 - 859) | | 106, 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2290 | License Void Notification from Todd Douglas to UMG Royalties dated 9/30/04 with void Copyright License Agreement on behalf of UMG (licensee) and void Attached Schedule A dated 12/22/03 (AFT-0063264-70) | | 106, 402,403, 602, 901(a) |
| 2291 | License/License Request Summary and The Harry Fox Agency Inc. licensee copy, record no. (CD) 00602498621615 dated 05/30/08 (AFT-0061788-1837) | | 402, 403, 901(a) |
| 2292 | License/License Request Summary and The Harry Fox Agency Inc. licensee copy, record no. (CD) 00602498621639 dated 05/30/08 (AFT-0061838-87) | | 402, 403, 901(a) |
| 2293 | License/License Request Summary, configuration 12" vinyl (single) dated 06/30/08 and The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (12)B000383611 dated 03/30/05 (AFT-0061531-47) | | 402, 403, 901(a) |
| 2294 | License/License Request Summary, configuration 12" vinyl (single) dated 06/30/08 and The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (12)B000383611 dated 03/30/05 (AFT-0061548-64) | | 402, 403, 901(a) |
| 2295 | License/License Request Summary, configuration 12" vinyl (single) dated 06/30/08 and The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (12)B000383611 dated 03/30/05 (AFT-0061565-81) | | 402, 403, 901(a) |
| 2296 | License/License Request Summary, configuration 12" vinyl (single) dated 06/30/08 and The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (12)B000383611 dated 03/30/05 (AFT-0061584-98) | | 402, 403, 901(a) |
| 2297 | License/License Request Summary, configuration 12" vinyl (single) dated 06/30/08 and The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (12)B000383611 dated 03/30/05 (AFT-0061599-1604) | | 402, 403, 901(a) |
| 2298 | License/License Request Summary, configuration 12" vinyl (single) dated 06/30/08 and The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (12)B000383611 dated 03/30/05 (AFT-0061616-32) | | 402, 403, 901(a) |
| 2299 | License/License Request Summary, configuration 12" vinyl (single) dated 06/30/08 with mechanical license request dated 02/18/05 and The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (12)B000383611 dated 03/30/05 (AFT-0061633-50) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2300 | License/License Request Summary, configuration Cassette (album), Compact Disc (album) dated 07/01/08 (AFT-0061292-93) | | 402, 403, 901(a) |
| 2301 | License/License Request Summary, configuration Cassette (album), Compact Disc (album) dated 07/01/08 and The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646717 dated 12/22/04 (AFT-0061259-63) | | 402, 403, 901(a) |
| 2302 | License/License Request Summary, configuration Cassette (album), Compact Disc (album) dated 07/02/08 (AFT-0061918-19) | | 402, 403, 901(a) |
| 2303 | License/License Request Summary, configuration Cassette (Album), Compact Disc (Album), 12" Vinyl (Album) record # 069 493 508  dated 06/30/08 (AFT-0061294-95) | | 402, 403, 901(a) |
| 2304 | License/License Request Summary, configuration Cassette (Album), Compact Disc (Album), 12" Vinyl (Album) record # 314 520 062 dated 07/02/08 (AFT-0061901-02) | | 402, 403, 901(a) |
| 2305 | License/License Request Summary, configuration Compact Disc (album) dated 07/02/08 (AFT-0062278-79) | | 402, 403, 901(a) |
| 2306 | License/License Request Summary, configuration Compact Disc (album) dated 07/03/08 with The Harry Fox Agency Inc. record no. (CD) 069 490 291 dated 09/26/02 (AFT-0061937-57) | | 402, 403, 901(a) |
| 2307 | License/License Request Summary, configuration Compact Disc (album) dated 07/03/08 with The Harry Fox Agency Inc. record no. (CD) 069 493 292 dated 09/26/02 (AFT-0061920-36) | | 402, 403, 901(a) |
| 2308 | License/License Request Summary, configuration Compact Disc (Album) record # 069 493 512 dated 06/30/08 (AFT-0061296-97) | | 402, 403, 901(a) |
| 2309 | License/License Request Summary, configuration Digital permanent download (DPD) (album) dated 06/30/08 (AFT-0058474-75) | | 402, 403, 901(a) |
| 2310 | License/License Request Summary, configuration Digital permanent download (DPD) (album) dated 06/30/08 (AFT-0058477-78) | | 402, 403, 901(a) |
| 2311 | License/License Request Summary, configuration Digital permanent download (DPD) (album) dated 06/30/08 (AFT-0058491-92) | | 402, 403, 901(a) |
| 2312 | License/License Request Summary, configuration digital permanent download (DPD) (album) dated 07/01/08 (AFT-0058469-70) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2313 | License/License Request Summary, configuration Digital permanent download (DPD) (single) dated 06/30/08 (AFT-0058463-64) | | 402, 403, 901(a) |
| 2314 | License/License Request Summary, configuration Digital permanent download (DPD) (single) dated 06/30/08 (AFT-0058471-72) | | 402, 403, 901(a) |
| 2315 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 04/21/08 (AFT-0055543-44) | | 402, 403, 901(a) |
| 2316 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 04/22/08 (AFT-0055935-36) | | 402, 403, 901(a) |
| 2317 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 04/22/08 (AFT-0056072-73) | | 402, 403, 901(a) |
| 2318 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 04/22/08 (AFT-0056078-79) | | 402, 403, 901(a) |
| 2319 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 07/01/08 (AFT-0058449-50) | | 402, 403, 901(a) |
| 2320 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 07/01/08 (AFT-0058452-53) | | 402, 403, 901(a) |
| 2321 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 07/01/08 (AFT-0058455-56) | | 402, 403, 901(a) |
| 2322 | License/License Request Summary, configuration digital permanent download (DPD)(album) dated 07/02/08 (AFT-0058508-09) | | 402, 403, 901(a) |
| 2323 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 04/30/08 (AFT-0056970-71) | | 402, 403, 901(a) |
| 2324 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 04/30/08 (AFT-0056976) | | 402, 403, 901(a) |
| 2325 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 04/30/08 (AFT-0056986-87) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2326 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 04/30/08 (AFT-0056990-91) | | 402, 403, 901(a) |
| 2327 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 04/30/08 (AFT-0056994-95) | | 402, 403, 901(a) |
| 2328 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 04/30/08 (AFT-0056998-99) | | 402, 403, 901(a) |
| 2329 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 04/30/08 (AFT-0057010-11) | | 402, 403, 901(a) |
| 2330 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 07/01/08 (AFT-0058465-66) | | 402, 403, 901(a) |
| 2331 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 07/01/08 (AFT-0058467-68) | | 402, 403, 901(a) |
| 2332 | License/License Request Summary, configuration Digital Permanent Download (DPD)(single) dated 07/02/08 (AFT-0058501-02) | | 402, 403, 901(a) |
| 2333 | License/License Request Summary, configuration Digital Permanent Download (DPD)(single) dated 07/02/08 (AFT-0058505-06) | | 402, 403, 901(a) |
| 2334 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 07/02/08 (AFT-0058514-15) | | 402, 403, 901(a) |
| 2335 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 07/02/08 (AFT-0058516-17) | | 402, 403, 901(a) |
| 2336 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 07/03/08 (AFT-0058499-500) | | 402, 403, 901(a) |
| 2337 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 07/03/08 (AFT-0058503-04) | | 402, 403, 901(a) |
| 2338 | License/License Request Summary, configuration digital permanent download (DPD)(single) dated 07/03/08 (AFT-0058531-32) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2339 | License/License Request Summary, configuration use in covered services under this agreement dated 06/30/08 (AFT-0058457-58) | | 402, 403, 602, 901(a) |
| 2340 | License/License Request Summary, configuration use in covered services under this agreement dated 07/01/08 (AFT-0058459-60) | | 402, 403, 602, 901(a) |
| 2341 | License/License Request Summary, configuration use in covered services under this agreement dated 07/01/08 (AFT-0058461-62) | | 402, 403, 602, 901(a) |
| 2342 | License/License Request Summary, configuration use in covered services under this agreement dated 07/02/08 (AFT-0058493-94) | | 402, 403, 602, 901(a) |
| 2343 | License/License Request Summary, configuration use in covered services under this agreement dated 07/02/08 (AFT-0058497-98) | | 402, 403, 602, 901(a) |
| 2344 | License/License Request Summary, configuration use in covered services under this agreement dated 07/02/08 (AFT-0058510-11) | | 402, 403, 602, 901(a) |
| 2345 | License/License Request Summary, configuration use in covered services under this agreement dated 07/02/08 (AFT-0058512-13) | | 402, 403, 602, 901(a) |
| 2346 | License/License Request Summary, configuration use in covered services under this agreement dated 07/03/08 (AFT-0058495-96) | | 402, 403, 602, 901(a) |
| 2347 | License/License Request Summary, configuration12" Vinyl (album), Cassette (album), Compact Disc (album) dated 07/03/08 with The Harry Fox Agency Inc. record no. (CD) 069 493 290 dated 09/26/02 (AFT-0061958-76) | | 402, 403, 602, 901(a) |
| 2348 | Manufacturer No: M48300, MCA/Universal sheet dated 8/10,12/04 (AFT-0062697-700) | | 402, 403, 901(a) |
| 2349 | Mechanical License (permanent download) dated 06/27/05 (AFT-0058535-36) | | 402, 403, 602, 901(a) |
| 2350 | Mechanical License Agreement  with Attached Schedule A dated 12/22/2004 (AFT-0058643-45) | | 402, 403, 901(a) |
| 2351 | Mechanical License Agreement dated 04/07/05 (AFT-0063808-09) | | 402, 403, 901(a) |
| 2352 | Mechanical License Agreement dated 04/07/05 (AFT-0063822-23) | | 402, 403, 901(a) |
| 2353 | Mechanical License Agreement dated 04/07/05 (AFT-0063856-57) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2354 | Mechanical License Agreement dated 04/07/05 (AFT-0063888-89) | | 402, 403, 901(a) |
| 2355 | Mechanical License Agreement dated 09/28/04 (AFT-0063263) | | 106, 402, 403, 901(a) |
| 2356 | Mechanical License Agreement dated 12/03/02 with another "void replaced by revised direct license" agreement dated 12/03/02 (AFT-0063492-93) | | 106, 402, 403, 602, 901(a) |
| 2357 | Mechanical License Agreement dated 12/03/02 with another "void replaced by revised direct license" agreement dated 12/03/02 (AFT-0063521-22) | | 106, 402, 403, 602, 901(a) |
| 2358 | Mechanical License Agreement dated 12/03/02 with license void notification dated 12/05/03 (AFT-0063474-76) | | 106, 402, 403, 602 |
| 2359 | Mechanical License Agreement, title "Encore" dated 04/07/05 (AFT-0063840-41) | | 402, 403, 901(a) |
| 2360 | Mechanical License Agreement, title "Evil Deeds" dated 04/07/05 (AFT-0063845-46) | | 402, 403, 901(a) |
| 2361 | Mechanical License Agreement, title "Mosh" dated 04/07/05 (AFT-0063876-77) | | 402, 403, 901(a) |
| 2362 | Mechanical License Agreement, title "Rain Man" dated 04/07/05 (AFT-0063901-02) | | 402, 403, 901(a) |
| 2363 | Mechanical License dated 01/31/06 (AFT-0063081-82) | | 402, 403, 901(a) |
| 2364 | Mechanical License dated 01/31/06 with record nos. added (AFT-0063097-98) | | 402, 403, 901(a) |
| 2365 | Mechanical License dated 04/02/03 (AFT-0063556-58) | | 402, 403, 901(a) |
| 2366 | Mechanical License dated 04/02/03 (AFT-0063609-11) | | 402, 403, 901(a) |
| 2367 | Mechanical License dated 04/13/05 (AFT-0063245-47) | | 402, 403, 901(a) |
| 2368 | Mechanical License dated 05/28/04 (AFT-0062595-96) | | 402, 403, 901(a) |
| 2369 | Mechanical License Notification and Confirmation dated 01/03/05 (AFT-0058646) | | 402, 403, 901(a) |
| 2370 | Mechanical License Notification and Confirmation dated 01/03/05 (AFT-0063912) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2371 | Mechanical License Notification and Confirmation dated 01/13/05 (AFT-0058628) | | 402, 403, 901(a) |
| 2372 | Mechanical License Notification and Confirmation dated 03/25/04 (AFT-0058551) | | 402, 403, 901(a) |
| 2373 | Mechanical License Notification and Confirmation dated 03/25/04 (AFT-0062744) | | 402, 403, 901(a) |
| 2374 | Mechanical License Notification and Confirmation dated 03/31/03 (AFT-0062743) | | 402, 403, 901(a) |
| 2375 | Mechanical License Notification and Confirmation dated 03/31/03 (AFT-0062748) | | 402, 403, 901(a) |
| 2376 | Mechanical License Notification and Confirmation dated 04/03/03 (AFT-0063565) | | 402, 403, 901(a) |
| 2377 | Mechanical License Notification and Confirmation dated 04/03/03 (AFT-0063608) | | 402, 403, 901(a) |
| 2378 | Mechanical License Notification and Confirmation dated 04/19/06 (AFT-0058604) | | 402, 403, 901(a) |
| 2379 | Mechanical License Notification and Confirmation dated 04/19/06 (AFT-0058605) | | 402, 403, 901(a) |
| 2380 | Mechanical License Notification and Confirmation dated 07/21/05 (AFT-0058649) | | 402, 403, 901(a) |
| 2381 | Mechanical License Notification and Confirmation dated 09/17/03 (AFT0058578) | | 402, 403, 901(a) |
| 2382 | Mechanical License Notification and Confirmation dated 11/11/04 (AFT-0064000) | | 402, 403, 901(a) |
| 2383 | Mechanical License Notification and Confirmation dated 11/11/04 (AFT-0064001) | | 402, 403, 901(a) |
| 2384 | Mechanical License Notification and Confirmation dated 12/16/04 (AFT-0058638) | | 402, 403, 901(a) |
| 2385 | Mechanical License Notification and Confirmation dated 12/23/04 (AFT-0063955) | | 402, 403, 901(a) |
| 2386 | Mechanical License Notification and Confirmation dated 9/14/04 and Mechanical License Agreement dated 08/17/04 (AFT-0058539-40) | | 402, 403, 901(a) |
| 2387 | Mechanical License Notification and Confirmation with Attached Schedule A dated 01/17/03 (AFT0062895-97) | | 402, 403, 901(a) |
| 2388 | Mechanical License Notification and Confirmation with Attached Schedule A dated 03/04/04 (AFT-0055432-33) | | 402, 403, 901(a) |
| 2389 | Mechanical License Notification and Confirmation with Attached Schedule A dated 03/04/05 (AFT-0058606-09) | | 402, 403, 901(a) |
| 2390 | Mechanical License Notification and Confirmation with Attached Schedule A dated 03/04/05 (AFT-0058619-21) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2391 | Mechanical License Notification and Confirmation with Attached Schedule A dated 03/04/05 (AFT-0059619-21) | | Inaccurate description, 106, 402, 403, 901(a) |
| 2392 | Mechanical License Notification and Confirmation with Attached Schedule A dated 03/18/04 (AFT-0058561-62) | | 402, 403, 901(a) |
| 2393 | Mechanical License Notification and Confirmation with Attached Schedule A dated 03/19/04 (AFT-0058543-44) | | 402, 403, 901(a) |
| 2394 | Mechanical License Notification and Confirmation with Attached Schedule A dated 06/19/03 (AFT0055397-400) | | 402, 403, 901(a) |
| 2395 | Mechanical License Notification and Confirmation with Attached Schedule A dated 07/07/03 (AFT0058545-48) | | 402, 403, 901(a) |
| 2396 | Mechanical License Notification and Confirmation with Attached Schedule A dated 07/21/05 (AFT-0058641-42) | | 402, 403, 901(a) |
| 2397 | Mechanical License Notification and Confirmation with Attached Schedule A dated 08/24/06 (AFT-0058592-95) | | 402, 403, 901(a) |
| 2398 | Mechanical License Notification and Confirmation with Attached Schedule A dated 09/23/04 (AFT-0058541-42) | | 402, 403, 901(a) |
| 2399 | Mechanical License Notification and Confirmation with Attached Schedule A dated 09/29/04 (AFT-0058634-37) | | 402, 403, 901(a) |
| 2400 | Mechanical License Notification and Confirmation with Attached Schedule A dated 09/30/04 (AFT-0058622-23) | | 402, 403, 901(a) |
| 2401 | Mechanical License Notification and Confirmation with Attached Schedule A dated 10/01/03 (AFT-0058563-66) | | 402, 403, 901(a) |
| 2402 | Mechanical License Notification and Confirmation with Attached Schedule A dated 10/1/03 (AFT-0058567-69) | | 402, 403, 901(a) |
| 2403 | Mechanical License Notification and Confirmation with Attached Schedule A dated 11/22/05 (AFT-0058596-99) | | 402, 403, 901(a) |
| 2404 | Mechanical License Notification and Confirmation with Attached Schedule A dated 12/09/05 (AFT-0058587-90) | | 402, 403, 901(a) |
| 2405 | Mechanical License Notification and Confirmation with Attached Schedule A dated 12/24/02 (AFT-0062983-85) | | 402, 403, 901(a) |
| 2406 | Mechanical License Notification and Confirmation with Attached Schedule A dated 9/30/04 (AFT-0058624-27) | | 402, 403, 901(a) |
| 2407 | Mechanical License Request dated 03/14/01 and The Harry Fox Agency Inc., record no. (CS)(CD) 314 520 062 dated March 16th (AFT-0061888-900) | | 402, 403, 901(a) |
| 2408 | Mechanical License Request dated 10/04/04 (AFT-0061697) | | 402, 403, 901(a) |
| 2409 | Mechanical License to UMG Attn. Patricia Blair with Attached Schedule A dated 03/22/06 (AFT-0055515-17) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2410 | Mechanical License to UMG Attn. Patricia Blair with Attached Schedule A dated 03/22/06 (AFT-0055525-27) | | 402, 403, 901(a) |
| 2411 | Mechanical License to UMG Attn. Patricia Blair with Attached Schedule A dated 03/22/06 (AFT-0063062-64) | | 402, 403, 901(a) |
| 2412 | Mechanical License to UMG Attn. Patricia Blair with Attached Schedule A dated 03/22/06 (AFT-0063065-67) | | 402, 403, 901(a) |
| 2413 | Mechanical License to UMG attn. Patricia Blair with Attached Schedule A dated 03/28/03 (AFT-0019668-71) | | 402, 403, 901(a) |
| 2414 | Mechanical License to UMG attn. Todd Douglas with Attached Schedule A dated 06/25/02 (AFT-0055349-52) | | 402, 403, 901(a) |
| 2415 | Mechanical License with Attached Schedule A dated 03/28/03 and includes a License Void Notification dated 04/03/03 and void Mechanical License with Attached Schedule A, has written "void replaced by revised direct license" dated 06/20/02 (AFT-0055376-84) | | 402, 403, 901(a) |
| 2416 | Mechanical License, DPD ISRC# US-IR1-03-12131 & ISRC# US-IR1-03-12232... dated 04/13/05 (AFT-0058629-31) | | 402, 403, 901(a) |
| 2417 | Mechanical License, record no. 0060 249860 7558 EX CD, 0060 249860 8364 EX Vinyl, 0060 249860 8357 ED CD  dated 04/13/05 (AFT-0063258-60) | | 402, 403, 901(a) |
| 2418 | Mechanical License, song(s) "Got Some Teeth" (samples "Without Me") with Attached Schedule A dated 10/09/03 (AFT-0063254-57) | | 402, 403, 901(a) |
| 2419 | Mechanical Licensee document for composition "Warrior" dated 06/30/04 (AFT-0063213) | | 402, 403, 901(a) |
| 2420 | Memorandum from Rod McGrew to Todd Douglas re Mechanical License Agreement for the Composition "Till I Collapse" dated 04/02/03 (AFT-0063670) | | 106, 402, 403, 901(a) |
| 2421 | *Not purchased* confidential song list with email chain from Carly Perry to Shawn Stewart & John Cosenza re Eminem/The Eminem Show (069 493 290 and 069 493 292)... dated 06/21/02 with The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 290 dated 06/21/02 (AFT-0061272-77) | | 402 403, 602, 802, 901(a) |
| 2422 | *Not purchased* confidential song list with email chain from Carly Perry to Shawn Stewart & John Cosenza re Eminem/The Eminem Show (069 493 290 and 069 493 292)... dated 06/21/02 with The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 290 dated 06/21/02 (AFT-0061903-10) | | 402 403, 602, 802, 901(a) |
| 2423 | Pending Project 2004 to Harry Fox Agency Mechanical License Request from IGA (Interscope) dated 07/20/05 (AFT-0062506) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2424 | PHYS/PDL letter to Publisher attn. Debra MacCulloch with Attached Schedule A dated 12/21/04 (AFT-0019110-13) | | 402, 403, 901(a) |
| 2425 | PHYS/PDL letter to Publisher attn. Debra MacCulloch with Attached Schedule A dated 12/21/04 (AFT-0019114-17) | | 402, 403, 901(a) |
| 2426 | PHYS/PDL letter to Publisher attn. Joel Martin with Attached Schedule A dated 11/13/05 (AFT-0058787-88) | | 402, 403, 901(a) |
| 2427 | PHYS/PDL letter to Publisher c/o Deibra O'Hara with Attached Schedule A dated 12/21/04 (AFT-0019119-21) | | 402, 403, 901(a) |
| 2428 | PHYS/PDL letter to Publisher c/o Selvern, Mandelbaum & Mintz, LLP dated 02/04/05 and Copyright License Agreement on Behalf of IGA [Shady Records] (AFT-0062691-93) | | 402, 403, 901(a) |
| 2429 | PHYS/PDL letters to Publisher attn. annette Williams with Attached Schedule A dated 04/08/05 (AFT-0063331-32) | | 402, 403, 901(a) |
| 2430 | PHYS/PDL letters to Publisher attn. Debra MacCulloch & c/o Deidre O'Hara with Attached Schedule A dated 12/21/04 (AFT-0018975-80) | | 402, 403, 901(a) |
| 2431 | PHYS/PDL letters to Publisher attn. Joel Martin & attn. Debra MacCulloch with Attached Schedule A dated 12/21/04 (AFT-0018981-87) | | 402, 403, 901(a) |
| 2432 | PHYS/PDL letters to Publisher with Copyright License Agreement on Behalf of IGA [Aftermath] dated 06/02/05 (AFT-0063939-41) | | 402, 403, 901(a) |
| 2433 | Schedule A with song title "Crazy in Love" highlighted dated 12/21/04 (8M-00206-08) | | 106, 402, 403, 901(a) |
| 2434 | The Eminem Show (not purchased) confidential song list with The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 292 dated 06/21/02 (AFT-0061278-84) | | 402, 403, 901(a) |
| 2435 | The Eminem Show (not purchased) confidential song list with The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 292 dated 06/21/02 (AFT-0061285-91) | | 402, 403, 901(a) |
| 2436 | The Eminem Show (not purchased) confidential song list with The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 292 dated 06/21/02 (AFT-0061911-17) | | 402, 403, 901(a) |
| 2437 | The Eminem Show (not purchased) confidential song list with email chain from Carly Perry to Shawn Stewart & John Cosenza re Eminem/The Eminem Show (069 493 290 and 069 493 292)... dated 06/21/02 with The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 290 dated 06/21/02 (AFT-0061264-71) | | 402, 403, 602, 802, 901(a) |
| 2438 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646700 dated 04/04/05 (AFT-0063819-21) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2439 | The Harry Fox Agency  Inc. licensee copy, record no. (CD)00602498646700 dated 04/04/05 (AFT-0063890-91) | | 402, 403, 901(a) |
| 2440 | The Harry Fox Agency  Inc. pending license request forms, record no. (CD)00602498646700 dated 03/08/05 & 12/21/04 and The Harry Fox Agency Inc. document dated 04/04/05 for the same record (AFT-0061651-59) | | 402, 403, 901(a) |
| 2441 | The Harry Fox Agency Inc. documents, record no. (CD) 069 490 292 08/31/05 (AFT-0062509-20) | | 402, 403, 901(a) |
| 2442 | The Harry Fox Agency Inc. license copy, record no. (CD) 069 493 512 dated 03/27/03 (AFT-0062920-21). Note the doc has written "Void  replaced by HFA addendum HFA #103-044-0566." | | 402, 403, 901(a) |
| 2443 | The Harry Fox Agency Inc. license copy, record no. (CS)(CD)(LP) 069 493 290 dated 07/31/03 (AFT-0063523-25) | | 402, 403, 901(a) |
| 2444 | The Harry Fox Agency Inc. License Inquiry Detail,  license# 1072298306 dated 05/19/09 (ENSIGN-0000058) | | 402, 403, 602 |
| 2445 | The Harry Fox Agency Inc. License Inquiry Detail,  license# 1081413665 dated 05/19/09 (ENSIGN-0000050) | | 402, 403, 602 |
| 2446 | The Harry Fox Agency Inc. License Inquiry Detail,  license# 1090685327 dated 05/19/09 (ENSIGN-0000042) | | 402, 403, 602 |
| 2447 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1011180419  dated 05/19/09 (ENSIGN-0000151) | | 402, 403, 602 |
| 2448 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1011183664  dated 05/19/09 (ENSIGN-0000136) | | 402, 403, 602 |
| 2449 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1011183667  dated 05/19/09 (ENSIGN-0000134) | | 402, 403, 602 |
| 2450 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1011183668  dated 05/19/09 (ENSIGN-0000133) | | 402, 403, 602 |
| 2451 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1011199564  dated 05/19/09 (ENSIGN-0000124) | | 402, 403, 602 |
| 2452 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1011200113  dated 05/19/09 (ENSIGN-0000111) | | 402, 403, 602 |
| 2453 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1011200115  dated 05/19/09 (ENSIGN-0000109) | | 402, 403, 602 |
| 2454 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1030259982 dated 05/19/09 (ENSIGN-0000100) | | 402, 403, 602 |
| 2455 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1030591275 dated 05/19/09 (ENSIGN-0000099) | | 402, 403, 602 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2456 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1030789900 (explicit Version) dated 05/19/09 (ENSIGN-0000098) | | 402, 403, 602 |
| 2457 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1030789902 dated 05/19/09 (ENSIGN-0000097) | | 402, 403, 602 |
| 2458 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1030789907 (clean version) dated 05/19/09 (ENSIGN-0000096) | | 402, 403, 602 |
| 2459 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1030789908 dated 05/19/09 (ENSIGN-0000095) | | 402, 403, 602 |
| 2460 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1040699263 dated 05/19/09 (ENSIGN-0000094) | | 402, 403, 602 |
| 2461 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1040708803 dated 05/19/09 (ENSIGN-0000093) | | 402, 403, 602 |
| 2462 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1040711285  dated 05/19/09 (ENSIGN-0000092) | | 402, 403, 602 |
| 2463 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1050885433 dated 05/19/09 (ENSIGN-0000090) | | 402, 403, 602 |
| 2464 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1060430482  dated 05/19/09 (ENSIGN-0000040) | | 402, 403, 602 |
| 2465 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1060430493  dated 05/19/09 (ENSIGN-0000039) | | 402, 403, 602 |
| 2466 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1060430496 dated 05/19/09 (ENSIGN-0000038) | | 402, 403, 602 |
| 2467 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1060604755  dated 05/19/09 (ENSIGN-0000089) | | 402, 403, 602 |
| 2468 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1060604757  dated 05/19/09 (ENSIGN-0000088) | | 402, 403, 602 |
| 2469 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1060639226 dated 05/19/09 (ENSIGN-0000084) | | 402, 403, 602 |
| 2470 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1060669708  dated 05/19/09 (ENSIGN-0000073) | | 402, 403, 602 |
| 2471 | The Harry Fox Agency Inc. License Inquiry Detail, license# 10722297080 dated 05/19/09 (ENSIGN-0000070) | | 402, 403, 602 |
| 2472 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1072297537  dated 05/19/09 (ENSIGN-0000069) | | 402, 403, 602 |
| 2473 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1072298244 dated 05/19/09 (ENSIGN-0000059) | | 402, 403, 602 |
| 2474 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1072298759  dated 05/19/09 (ENSIGN-0000057) | | 402, 403, 602 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2475 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1081332923 dated 05/19/09 (ENSIGN-0000056) | | 402, 403, 602 |
| 2476 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1081413596 dated 05/19/09 (ENSIGN-0000051) | | 402, 403, 602 |
| 2477 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1090685318 dated 05/19/09 (ENSIGN-0000046) | | 402, 403, 602 |
| 2478 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1090685321 dated 05/19/09 (ENSIGN-0000044) | | 402, 403, 602 |
| 2479 | The Harry Fox Agency Inc. License Inquiry Detail, license# 1090685324 dated 05/19/09 (ENSIGN-0000043) | | 402, 403, 602 |
| 2480 | The Harry Fox Agency Inc. license, record no. (CD) 00602498608357 dated 04/14/05 (AFT-0063261-62) | | 402, 403, 602 |
| 2481 | The Harry Fox Agency Inc. licensee copy, configuration code: 12-12" vinyl (single) and record no. (12)B000383611 dated 03/30/05 (AFT-0061605-15) | | 106 (bates numbers marked are incomplete document), 402, 403, 901(a) |
| 2482 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS) 069 493 290 dated 06/21/02 (AFT-0063532-33). Note the doc has written "Void replaced by HFA # 103-061-1769." | | 402, 403, 602 |
| 2483 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS) 069 493 292 dated 06/21/02 (AFT-0063536-37). Note the doc has written "Void replaced by HFA # 103-061-1590." | | 402, 403, 602 |
| 2484 | The Harry Fox Agency Inc. licensee copy, title "Encore" & record no. (CS)00602498646939 (LP)00602498646748 dated 01/28/05 (AFT-0063842-44) | | 402, 403, 901(a) |
| 2485 | The Harry Fox Agency Inc. licensee copy, title "Evil Deeds" & record no. (CD)0060249846731 dated 01/28/05 (AFT-0063851-52) | | 402, 403, 901(a) |
| 2486 | The Harry Fox Agency Inc. licensee copy, title "Evil Deeds" & record no. (CD)00602498646700 dated 01/28/05 (AFT-0061427-30) | | 402, 403, 901(a) |
| 2487 | The Harry Fox Agency Inc. licensee copy, title "Evil Deeds" & record no. (CD)00602498646717 dated 01/28/05 (AFT-0063849-50) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2488 | The Harry Fox Agency Inc. licensee copy, title "Evil Deeds" & record no. (CS)00602498646939 (LP)00602498646748 dated 01/28/05 (AFT-0063853-55) | | 402, 403, 901(a) |
| 2489 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 539 dated 01/16/03 (AFT-0062796-97) | | 402, 403, 901(a) |
| 2490 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS)(LP) 069 493 544 dated 01/16/03 (AFT-0062798-99) | | 402, 403, 901(a) |
| 2491 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646717 dated 04/04/05 (AFT-0063828-30) | | 402, 403, 901(a) |
| 2492 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498621615 (royalty rate) dated 10/11/05 (AFT-0062585-88) | | 402, 403, 901(a) |
| 2493 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498621639 (royalty rate) dated 10/11/05 (AFT-0062581-84) | | 402, 403, 901(a) |
| 2494 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646700 dated 01/28/05 (AFT-0063810-11) | | 402, 403, 901(a) |
| 2495 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646700 dated 01/28/05 (AFT-0063880-81) | | 402, 403, 901(a) |
| 2496 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646700 dated 01/28/05 (AFT-0063903-04) | | 402, 403, 901(a) |
| 2497 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646717 dated 01/18/05 (AFT-0063869-70) | | 402, 403, 901(a) |
| 2498 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646717 dated 01/28/05 (AFT-0063812-13) | | 402, 403, 901(a) |
| 2499 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646717 dated 01/28/05 (AFT-0063878-79) | | 402, 403, 901(a) |
| 2500 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646717 dated 01/28/05 (AFT-0063892-93) | | 402, 403, 901(a) |
| 2501 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646717 dated 01/28/05 (AFT-0063905-06) | | 402, 403, 901(a) |
| 2502 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 01/18/05 (AFT-0063871-72) | | 402, 403, 901(a) |
| 2503 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 01/28/05 (AFT-0063814-15) | | 402, 403, 901(a) |
| 2504 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 01/28/05 (AFT-0063882-83) | | 402, 403, 901(a) |
| 2505 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 01/28/05 (AFT-0063894-95) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2506 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 01/28/05 (AFT-0063907-08) | | 402, 403, 901(a) |
| 2507 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 04/04/05 (AFT-0063826-27) | | 402, 403, 901(a) |
| 2508 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 12/21/04 (AFT-0063950-51) | | 402, 403, 901(a) |
| 2509 | The Harry Fox Agency Inc. licensee copy, record no. (CS)00602498646939 (LP)00602498646748 dated 01/28/05 (AFT-0063816-18) | | 402, 403, 901(a) |
| 2510 | The Harry Fox Agency Inc. licensee copy, record no. (CS)00602498646939 (LP)00602498646748 dated 01/28/05 (AFT-0063884-86) | | 402, 403, 901(a) |
| 2511 | The Harry Fox Agency Inc. licensee copy, record no. (CS)00602498646939 (LP)00602498646748 dated 01/28/05 (AFT-0063896-98) | | 402, 403, 901(a) |
| 2512 | The Harry Fox Agency Inc. licensee copy, record no. (CS)00602498646939 (LP)00602498646748 dated 01/28/05 (AFT-0063909-11) | | 402, 403, 901(a) |
| 2513 | The Harry Fox Agency Inc. licensee copy, record no. (CS)00602498646939 (LP)00602498646748 dated 04/04/05 (AFT-0063824-25) | | 402, 403, 901(a) |
| 2514 | The Harry Fox Agency Inc. licensee copy, record no. (LP)00602498621998  (CS)00602498624067 (CD)00602498621622 dated 10/11/05 (AFT-0062484-87) | | 402, 403, 901(a) |
| 2515 | The Harry Fox Agency Inc. licensee copy, record no. (LP)00602498621998  (CS)00602498624067 (CD)00602498621622 dated 12/23/04 (AFT-0062589-92) | | 402, 403, 901(a) |
| 2516 | The Harry Fox Agency Inc. licensee copy, record no. (12) 069 497 334 dated 08/07/02 (AFT-00640117-18) | | 402, 403, 901(a) |
| 2517 | The Harry Fox Agency Inc. licensee copy, record no. (12) 069 497 334 includes page 2 dated 08/07/02 (AFT-0064019-21) | | 402, 403, 901(a) |
| 2518 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 490 291 dated 09/26/02. Note it has writtten "Void replaced by HFA# 103-086-6900" (AFT-0063550-51) | | 402, 403, 602, 901(a) |
| 2519 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 490 292 dated 08/31/05 (AFT-0063563-64) | | 402, 403, 602, 901(a) |
| 2520 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 490 292 dated 09/26/02. Note it has writtten "Void replaced by HFA# 103-086-6902" (AFT-0063554-55) | | 402, 403, 602, 901(a) |
| 2521 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 06/02/08 (AFT-0062434-73) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2522 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 06/24/02 (AFT-0063519-20) | | 402, 403, 901(a) |
| 2523 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 07/30/03 (AFT-0063500-02) | | 402, 403, 901(a) |
| 2524 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 07/30/03 (AFT-0063529-31) | | 402, 403, 901(a) |
| 2525 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 07/30/03 (AFT-0063624-26) | | 402, 403, 901(a) |
| 2526 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 10/18/02 (AFT-0063559-60) | | 402, 403, 901(a) |
| 2527 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 10/18/02. Note the document is redacted (AFT-0063599-600) | | 402, 403, 901(a) |
| 2528 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 291 dated 12/03/03 (AFT-0063547-49) | | 402, 403, 901(a) |
| 2529 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 292 dated 06/21/02 (AFT-0063517-18) | | 402, 403, 901(a) |
| 2530 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 292 dated 07/30/03 (AFT-0063497-99) | | 402, 403, 901(a) |
| 2531 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 292 dated 07/30/03 (AFT-0063526-28) | | 402, 403, 901(a) |
| 2532 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 292 dated 07/30/03 (AFT-0063665-67) | | 402, 403, 901(a) |
| 2533 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 292 dated 12/03/03 (AFT-0063541-43) | | 402, 403, 901(a) |
| 2534 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 511 dated 01/14/03 (AFT-0062904-05) | | 402, 403, 901(a) |
| 2535 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 511 dated 01/14/03 (AFT-0062906-07) | | 402, 403, 901(a) |
| 2536 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 511 dated 03/27/03 (AFT-0062922). Note the doc has written "Void  replaced w/ HFA addendum HFA #103-044-0568." | | 402, 403, 602, 901(a) |
| 2537 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 511 dated 05/12/03 (AFT-0062912-13) | | 402, 403, 901(a) |
| 2538 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 512 dated 01/14/03 (AFT-0062902-03) | | 402, 403, 901(a) |
| 2539 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 512 dated 01/14/03 (AFT-0062908-09) | | 402, 403, 901(a) |
| 2540 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 512 dated 05/12/03 (AFT-0062914-15) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2541 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 069 493 539 dated 08/12/03 (AFT-0062751-52) | | 402, 403, 901(a) |
| 2542 | The Harry Fox Agency Inc. licensee copy, record no. (CD) 5881 includes royalty rate dated 07/20/06 (AFT-0062325-60) | | 402, 403, 901(a) |
| 2543 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS) 069 493 290 dated 06/21/02 (AFT-0063505-06). Note the doc has written "Void  replaced by HFA #103-061-1587." | | 402, 403, 602, 901(a) |
| 2544 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS) 069 493 290 dated 06/21/02 (AFT-0063509-10). Note the doc has written "Void  replaced by revised HFA license with same # that corrects configurations." | | 402, 403, 602, 901(a) |
| 2545 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS) 069 493 292 dated 06/21/02 (AFT-0063507-08). Note the doc has written "Void  replaced by HFA #103-061-1588." | | 402, 403, 602, 901(a) |
| 2546 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS)(LP) 069 493 290 dated 06/21/02 (AFT-0063515-16) | | 402, 403, 901(a) |
| 2547 | The Harry Fox Agency Inc. licensee copy, record no. (CD)(CS)(LP) 069 493 544 dated 08/12/03 (AFT-0062749-50) | | 402, 403, 901(a) |
| 2548 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646700 dated 01/18/05 (AFT-0063867-68) | | 402, 403, 901(a) |
| 2549 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646700 dated 01/28/05 (AFT-0063862-63) | | 402, 403, 901(a) |
| 2550 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646717 dated 01/28/05 (AFT-0063860-61) | | 402, 403, 901(a) |
| 2551 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498646731 dated 01/28/05 (AFT-0063858-59) | | 402, 403, 901(a) |
| 2552 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 05/31/06 (AFT-0062305-14) | | 402, 403, 901(a) |
| 2553 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 05/31/06 (AFT-0063076-80) | | 402, 403, 901(a) |
| 2554 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 05/31/06 (AFT-0063083-84) | | 402, 403, 901(a) |
| 2555 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 includes royalty rate dated 07/26/06 (AFT-0062362-97) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2556 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498878941 dated 05/04/06 (AFT-0063152-53) | | 402, 403, 901(a) |
| 2557 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498878941 dated 05/04/06 (AFT-0063154-55) | | 402, 403, 901(a) |
| 2558 | The Harry Fox Agency Inc. licensee copy, record no. (CD)00602498878941 includes royalty rate dated 07/26/06 (AFT-0062398-433) | | 402, 403, 901(a) |
| 2559 | The Harry Fox Agency Inc. licensee copy, record no. (CD)5881 dated 04/25/06 (AFT-0061708-43) | | 402, 403, 901(a) |
| 2560 | The Harry Fox Agency Inc. licensee copy, record no. (CS) marking of "cd only" (CD) 069 493 291 dated 06/21/02 (AFT-0063503-04). Note the doc has written "Void replaced by HFA #103-061-1586." | | 402, 403, 602, 901(a) |
| 2561 | The Harry Fox Agency Inc. licensee copy, record no. (CS) marking of "cd only" (CD) 069 493 291 dated 06/24/02 (AFT-0063511-12). Note the doc has written "Void replaced by revised HFA license with same # that corrects configurations." | | 402, 403, 602, 901(a) |
| 2562 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 290 dated 07/30/03 (AFT-0063641-43) | | 402, 403, 901(a) |
| 2563 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 290 dated 07/30/03 (AFT-0063659-61) | | 402, 403, 901(a) |
| 2564 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 290 dated 07/31/03 (AFT-0063650-52) | | 402, 403, 901(a) |
| 2565 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 291 dated 07/30/03 (AFT-0063644-46) | | 402, 403, 901(a) |
| 2566 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 291 dated 07/30/03 (AFT-0063653-55) | | 402, 403, 901(a) |
| 2567 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 291 dated 07/30/03 (AFT-0063662-64) | | 402, 403, 901(a) |
| 2568 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 292 dated 07/30/03 (AFT-0063647-49) | | 402, 403, 901(a) |
| 2569 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD) 069 493 292 dated 07/30/03 (AFT-0063656-58) | | 402, 403, 901(a) |
| 2570 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD)(LP) 069 493 290 dated 07/30/03 (AFT-0063494-96) | | 402, 403, 901(a) |
| 2571 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD)(LP) 069 493 290 dated 07/30/03 (AFT-0063627-29) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2572 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD)(LP) 069 493 290 dated 12/03/03 (AFT-0063544-46) | | 402, 403, 901(a) |
| 2573 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD)(LP) 069 493 508 dated 01/14/03 (AFT-0062910-11) | | 402, 403, 602, 901(a) |
| 2574 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD)(LP) 069 493 508 dated 01/14/03 (AFT-0062900-01) | | 402, 403, 901(a) |
| 2575 | The Harry Fox Agency Inc. licensee copy, record no. (CS)(CD)(LP) 069 493 508 with License Request Entry dated 01/14/03 (AFT-0061977-78) | | 402, 403, 602, 901(a) |
| 2576 | The Harry Fox Agency Inc. licensee copy, record no. (CS)00602498646939, (LP)00602498646748 dated 01/28/05 (AFT-0063864-66) | | 402, 403, 901(a) |
| 2577 | The Harry Fox Agency Inc. licensee copy, record no. (LP)(CD)(CS) 069 493 290 dated 10/18/02 (AFT-0063561-62) | | 402, 403, 901(a) |
| 2578 | The Harry Fox Agency Inc. licensee copy, record no. (LP)(CD)(CS) 069 493 290 dated 10/18/02. Note the document is redacted (AFT-0063597-98) | | 402, 403, 901(a) |
| 2579 | The Harry Fox Agency Inc. licensee copy, record no. (LP)(CD)(CS) 069 493 508 dated 03/27/03 (AFT-0062918-19). Note the doc has written "Void  replaced w/ HFA addendum HFA #103-044-0567." | | 402, 403, 602, 901(a) |
| 2580 | The Harry Fox Agency Inc. licensee copy, record no. (LP)(CD)(CS) 069 493 508 dated 05/12/03 (AFT-0062916-17) | | 402, 403, 901(a) |
| 2581 | The Harry Fox Agency Inc. licensee copy, record no. (LP)(CS)(CD) 069 493 290 dated 09/26/02. Note it has writtten "Void replaced by HFA# 103-086-6901" (AFT-0063552-53) | | 402, 403, 602, 901(a) |
| 2582 | The Harry Fox Agency Inc. licensee copy, title "Encore" & record no.                (CD)00602498646700 dated 01/28/05 (AFT-0063833-34) | | 402, 403, 901(a) |
| 2583 | The Harry Fox Agency Inc. licensee copy, title "Encore" & record no.                (CD)00602498646717 dated 01/28/05 (AFT-0063835-36) | | 402, 403, 901(a) |
| 2584 | The Harry Fox Agency Inc. licensee copy, title "Encore" & record no.                (CD)00602498646731 dated 01/28/05 (AFT-0063837-39) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2585 | The Harry Fox Agency Inc. licensee copy, title "Encore" & record no.             (CD)ATM37502 dated 11/08/05 (AFT-0061698-707) | | 402, 403, 901(a) |
| 2586 | The Harry Fox Agency Inc. licensee copy, title "Evil Deeds" & record no.             (CD)00602498646700 dated 01/28/05 (AFT-0063847-48) | | 402, 403, 901(a) |
| 2587 | The Harry Fox Agency Inc. licensee copy, title "Got Some Teeth" & record no.             (CD)00602498607558, (LP)00602498608364 dated 12/23/04 (AFT-0063250-51) | | 402, 403, 901(a) |
| 2588 | The Harry Fox Agency Inc. licensee copy, title "Got Some Teeth" & record no.             (CD)00602498608357 dated 12/23/04 (AFT-0063252-53) | | 402, 403, 901(a) |
| 2589 | The Harry Fox Agency Inc. licensee copy, title "Like Toy Soldiers" record no.             (LP)00602498646748 (CS)00602498646939 dated 01/18/05 (AFT-0063873-75) | | 402, 403, 901(a) |
| 2590 | The Harry Fox Agency Inc. pending license request form, record no. (CD) 00602498607558 (LP) 00602498608364 dated 03/01/05 with The Harry Fox Agency Inc. document dated 04/14/05 for the same records (AFT-0062280-91) | | 402, 403, 901(a) |
| 2591 | The Harry Fox Agency Inc. pending license request form, record no. (CD) 00602498608357 dated 03/01/05 with The Harry Fox Agency Inc. document dated 04/14/05 for the same record (AFT-0062295-304) | | 402, 403, 901(a) |
| 2592 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD) 069 490 292 dated 06/25/02  (AFT-0062508) | | 402, 403, 901(a) |
| 2593 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD) 069 493 511 dated 01/04/03 with License Request Entry dated 01/14/03 and The Harry Fox Agency Inc. license copy dated 01/14/03 for the same record (AFT-0062000-18) | | 402, 403, 901(a) |
| 2594 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD) 069 493 512 with License Request Entry dated 01/04/03 and The Harry Fox Agency Inc. license copy dated 01/14/03 for the same record (AFT-0062019-35) | | 402, 403, 901(a) |
| 2595 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD) 069 493 545 dated 09/19/03 and The Harry Fox Agency Inc document dated 09/25/03 for the  same record (AFT-0061419-26) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2596 | The Harry Fox Agency Inc. pending license request form, record no. (CD) USIR10300026 dated 08/20/03 with License/License Request Summary dated 07/01/08 (AFT-0058451-53) | | 402, 403, 901(a) |
| 2597 | The Harry Fox Agency Inc. pending license request form, record no. (CD) USIR10300026 dated 08/20/03 with License/License Request Summary dated 07/01/08 (AFT-0058454-56) | | 402, 403, 901(a) |
| 2598 | The Harry Fox Agency Inc. pending license request form, record no. (CD) USIR10300027 dated 09/27/03 with License/License Request Summary dated 07/01/08 (AFT-0058448-50) | | 402, 403, 901(a) |
| 2599 | The Harry Fox Agency Inc. pending license request form, record no. (CD) USIR10312050 dated 12/00/04 with License/License Request Summary, configuration Digital Permanent Download (DPD)(album) dated 07/02/08 (AFT-0058507-09) | | 402, 403, 901(a) |
| 2600 | The Harry Fox Agency Inc. pending license request form, record no. (CD) USIR10312051dated 00/00/00 with License/License Request Summary, configuration Digital Permanent Download (DPD)(album) dated 07/02/08 (AFT-0062275-77) | | 402, 403, 901(a) |
| 2601 | The Harry Fox Agency Inc. pending license request form, record no. (CD)(CS)(LP) 069 493 544 dated 06/25/03 with Mechanical License Request dated 05/13/03 (AFT-0061404-08) | | 402, 403, 901(a) |
| 2602 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646700 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the  same record (AFT-0061438-44) | | 402, 403, 901(a) |
| 2603 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646700 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the  same record (AFT-0061445-51) | | 402, 403, 901(a) |
| 2604 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646700 dated 12/21/04 and The Harry Fox Agency Inc. document dated 01/28/05 for the  same record (AFT-0061431-37) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2605 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646717 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the same record (AFT-0061452-58) | | 402, 403, 901(a) |
| 2606 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646717 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the same record (AFT-0061459-65) | | 402, 403, 901(a) |
| 2607 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646717 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the same record (AFT-0061483-89) | | 402, 403, 901(a) |
| 2608 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646717 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the same record (AFT-0061490-96) | | 402, 403, 901(a) |
| 2609 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646731 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the same record (AFT-0061466-70) | | 402, 403, 901(a) |
| 2610 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646731 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the same record (AFT-0061471-77) | | 402, 403, 901(a) |
| 2611 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646731 dated 12/21/04 and The Harry Fox Agency Inc document dated 01/28/05 for the same record (AFT-0061497-503) | | 402, 403, 901(a) |
| 2612 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498646731 dated 12/21/04 and The Harry Fox Agency Inc. document dated 01/28/05 for the same record (AFT-0061504-10) | | 402, 403, 901(a) |
| 2613 | The Harry Fox Agency Inc. Pending License Request form, record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 04/27/06 and email chains from Rene Merideth & Steve Perlman to Leo Ferrante re Eminem-Curtain Call dated 03/16/06 (AFT-0062497-99) | | 402, 403, 602, 802, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2614 | The Harry Fox Agency Inc. Pending License Request form, record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 04/27/06 and email chains from Rene Merideth & Steve Perlman to Leo Ferrante re Eminem-Curtain Call dated 03/16/06 with The Harry Fox Agency Inc. document referencing the above record numbers dated 05/31/06 (AFT-0061744-72) | | 402, 403, 901(a) |
| 2615 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498878941 dated 04/23/06; email chains from Rene Merideth & Steve Perlman to Leo Ferrante re Eminem-Curtain Call dated 03/16/06 (AFT-0062494-96) | | 402, 403, 602,802, 901(a) |
| 2616 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498878941 dated 04/23/06; email chains from Rene Merideth & Steve Perlman to Leo Ferrante re Eminem-Curtain Call dated 03/16/06; The Harry Fox Agency Inc., record no. (CD)00602498878941 dated 05/31/06; The Harry Fox Agency Inc. Pending License Request Form, record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958; The Harry Fox Agency Inc., record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 05/31/06 (AFT-0061773-87) | | 402, 403, 602,802, 901(a) |
| 2617 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CS)00602498646939, (LP)00602498646748 dated 12/22/04 and The Harry Fox Agency Inc document dated 01/28/05 for the  same records (AFT-0061478-82) | | 402, 403, 901(a) |
| 2618 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CS)00602498646939, (LP)00602498646748 dated 12/22/04 and The Harry Fox Agency Inc document dated 01/28/05 for the  same records (AFT-0061511-17) | | 402, 403, 901(a) |
| 2619 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CS)00602498646939, (LP)00602498646748 dated 12/22/04 and The Harry Fox Agency Inc. document dated 01/28/05 for the  same records (AFT-0061518-24) | | 402, 403, 901(a) |
| 2620 | The Harry Fox Agency Inc. Pending License Request Form, record no. (CS)00602498646939, (LP)00602498646748 dated 12/24/04 (AFT-0061409) | | 402, 403, 901(a) |
| 2621 | The Harry Fox Agency Inc. record no. (CD) 00602498607558 (LP) 00602498608364 dated 12/21/04 (AFT-0058484) | | 402, 403, 901(a) |
| 2622 | The Harry Fox Agency Inc. record no. (CD) 00602498607558 (LP) 00602498608364 dated 12/23/04 (AFT-0058487-88) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2623 | The Harry Fox Agency Inc. record no. (CD) 00602498608357 dated 12/21/04 (AFT-0058479) | | 402, 403, 901(a) |
| 2624 | The Harry Fox Agency Inc. record no. (CD) 00602498608357 dated 12/23/04 (AFT-0058482-83) | | 402, 403, 901(a) |
| 2625 | The Harry Fox Agency Inc. record no. (CD) 069 490 291 dated 09/26/02 (AFT-0063466-67) | | 402, 403, 901(a) |
| 2626 | The Harry Fox Agency Inc. record no. (CD) 069 493 291 dated 08/11/03 (AFT-0063483-85) | | 402, 403, 901(a) |
| 2627 | The Harry Fox Agency Inc. record no. (CD) 069 493 292 dated 08/11/03 (AFT-0063480-82) | | 402, 403, 901(a) |
| 2628 | The Harry Fox Agency Inc. record no. (CD) 069 493 292 dated 09/26/02 (AFT-0063468-69) | | 402, 403, 901(a) |
| 2629 | The Harry Fox Agency Inc. record no. (CD) USIR10312074 dated 12/21/04 (AFT-0058476) | | 402, 403, 901(a) |
| 2630 | The Harry Fox Agency Inc. record no. (CD) USIR10312075 dated 12/21/04 (AFT-0058473) | | 402, 403, 901(a) |
| 2631 | The Harry Fox Agency Inc. record no. (CD) USIR10312557 dated 02/04/04 (AFT-0058489) | | 402, 403, 901(a) |
| 2632 | The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 290 dated 06/21/02 (AFT-0063488-89). Note the doc has written "Void  replaced by HFA #103-062-5413." | | 402, 403, 602, 901(a) |
| 2633 | The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 292 dated 06/21/02 (AFT-0063486-87). Note the doc has written "Void  replaced by HFA #103-062-5412." | | 402, 403, 602, 901(a) |
| 2634 | The Harry Fox Agency Inc. record no. (CD)(CS) 069 493 292 dated 06/21/02 (AFT-0063513-14). Note the doc has written "Void replaced by revised HFA license with same # that corrects configurations." | | 402, 403, 602, 901(a) |
| 2635 | The Harry Fox Agency Inc. record no. (CD)(CS)(LP) 069 493 290 dated 09/26/02 (AFT-0063470-71) | | 402, 403, 602, 901(a) |
| 2636 | The Harry Fox Agency Inc. record no. (CS) marking of "cd only" (CD) 069 493 291 dated 06/21/02 (AFT-0063490-91). Note the doc has written "Void  replaced by HFA #103-062-5414." | | 402, 403, 602, 901(a) |
| 2637 | The Harry Fox Agency Inc. record no. (CS) marking of "cd only" (CD) 069 493 291 dated 06/24/02 (AFT-0063534-35). Note the doc has written "Void  replaced by HFA #103-061-1589." | | 402, 403, 602, 901(a) |
| 2638 | The Harry Fox Agency Inc. record no. (CS)(CD) 069 493 290 dated 08/11/03 (AFT-0063638-40) | | 402, 403, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2639 | The Harry Fox Agency Inc. record no. (CS)(CD) 069 493 291 dated 08/11/03 (AFT-0063632-34) | | 402, 403, 901(a) |
| 2640 | The Harry Fox Agency Inc. record no. (CS)(CD) 069 493 292 dated 08/11/03 (AFT-0063635-37) | | 402, 403, 901(a) |
| 2641 | The Harry Fox Agency Inc. record no. (CS)(CD)(LP) 069 493 290 dated 08/11/03 (AFT-0063477-79) | | 402, 403, 901(a) |
| 2642 | The Harry Fox Agency Inc. record no. (CS)(CD)(LP) 069 493 290 dated 08/11/03 and email chain from Gerald Grannis to paul Deleon re Eminem - The Eminem Show (069 490 290 / 069 490 292 / 069 490) dated 08/22/03 (AFT-0061387-94) | | 402, 403, 602, 802, 901(a) |
| 2643 | The Harry Fox Agency Inc. song title "Got Some Teeth" dated 03/18/04 (AFT-0058490) | | 402, 403, 602, 802, 901(a) |
| 2644 | The Harry Fox Agency Inc., record no. (CS)00602498646939 (LP)00602498646748 dated 01/28/05 (AFT-0061525-30) | | 402, 403, 901(a) |
| 2645 | The Harry Fox Agency Inc., record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 05/18/06 (AFT-0062500-05) | | 402, 403, 901(a) |
| 2646 | The Harry Fox Agency Inc., record no. (CD)00602498878934, (LP)00602498878965, (CS)00602498878958 dated 05/31/06 (AFT-0063071-72) | | 402, 403, 901(a) |
| 2647 | The Harry Fox Agency Inc., record no. (CD)00602498878941 dated 05/31/06 (AFT-0062315-24) | | 402, 403, 901(a) |
| 2648 | The Harry Fox Agency Inc., record no. (CD)00602498878941 dated 05/31/06 (AFT-0063073-75) | | 402, 403, 901(a) |
| 2649 | The Harry Fox Agency Inc., record no. (CD)00602498878941 includes page 2 dated 05/31/06 (AFT-0063085-87) | | 402, 403, 901(a) |
| 2650 | The Harry Fox Agency Inc., record no. (CD)00602498878941dated 05/18/06 (AFT-0062478-83) | | 402, 403, 901(a) |
| 2651 | The Harry Fox Agency Inc., record no. (CS)(CD)(LP) 069 493 508 with licensee copy dated 01/14/03 (AFT-0061986-99) | | 402, 403, 901(a) |
| 2652 | The Harry Fox Agency Inc., record no. (LP)INT2-90287, (CS)INTC-90287, (CD)INTD-90287 dated 05/26/99 (AFT-0061255-58) | | 402, 403, 901(a) |
| 2653 | The Harry Fox Agnecy Inc. License Inquiry Detail, license# 1060668336 dated 05/19/09 (ENSIGN-0000077) | | 402, 403, 602 |
| 2654 | Email with attached Splits between Theodor Sedlmayr and Todd Douglas dated 11/13/05 regarding The Massacre (AFT-0062875 - 877) | | 602, 802, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2655 | Controlled composition provision excerpt from recording agreement between Marshall B. Mathers p/k/a Eminem and Aftermath Records dated July 2, 2003 (AFT-0064012 - 14) | | 106 |
| 2656 | Controlled composition provision excerpt from recording agreement between Shady Records, Inc. and D12 dated December 1999 (AFT-0063916-0063923) | | 106 |
| 2657 | Controlled composition provision excerpt from amendment to recording agreement between Shady Records, Inc. and D12 dated September 2, 2002 (AFT-0063924-0063927) | | 106, 402, 403, 602, 901(a) |
| 2658 | Controlled composition provision excerpt from recording agreement between Shady Records, Inc. and Obie Trice III dated May 24, 2001 (AFT-0063928) | | 106 |
| 2659 | Email with attached License Instruction Sheet for The Real Slim Shady dated 10/2/00 (AFT-0018988 - 993) | | 402, 403, 802, 901(a) |
| 2660 | Email with attached License Instruction Sheet for The Marshall Mathers LP dated 6/22/00 (AFT-0018995 - 9003) | | 402, 403, 901(a) |
| 2661 | Email with attached License Instruction Sheet for The Marshall Mathers LP dated 6/28/00 (AFT-0019005 - 9013) | | 402, 403, 901(a) |
| 2662 | Email with attached License Instruction Sheet for The Marshall Mathers LP dated 6/22/00 (AFT-0019015 - 9024) | | 402, 403, 901(a) |
| 2663 | Email with attached License Instruction Sheet for The Marshall Mathers LP dated 6/8/00 (AFT-0019026 - 9037) | | 402, 403, 901(a) |
| 2664 | Email with attached License Instruction Sheet for The Marshall Mathers LP dated 9/18/00 (AFT-0019039 - 9044) | | 402, 403, 901(a) |
| 2665 | Email with attached License Instruction Sheet for The Marshall Mathers LP dated 6/22/00 (AFT-0019046 - 9052) | | 402, 403, 901(a) |
| 2666 | Email with attached License Instruction Sheet for The Real Slim Shady dated 9/29/00 (AFT-0019053 - 58) | | 402, 403, 901(a) |
| 2667 | Email with attached License Instruction Sheet for The Real Slim Shady dated 9/29/00 (AFT-0019060 - 65) | | 402, 403, 901(a) |
| 2668 | Email with attached License Instruction Sheet for The Real Slim Shady dated 9/29/00 (AFT-0019067 - 72) | | 402, 403, 901(a) |
| 2669 | Email with attached License Instruction Sheet for Encore dated 4/7/05 (AFT-0019083 - 95) | | 402, 403, 802, 901(a) |
| 2670 | Email with attached License Instruction Sheet for Encore dated 3/24/05 (AFT-0019143 - 158) | | 402, 403, 802, 901(a) |
| 2671 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 12/24/02 (AFT-0019166 - 186) | | 402, 403, 802, 901(a) |
| 2672 | Email with attached License Instruction Sheet for The Real Slim Shady dated 8/28/02 (AFT-0019188 - 193) | | 402, 403, 802, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2673 | Email with attached License Instruction Sheet for The Eminem Show dated 5/23/02 (AFT-0019195 - 206) | | 402, 403, 802, 901(a) |
| 2674 | Email with attached License Instruction Sheet for The Eminem Show dated 6/18/02 (AFT-0019208 - 218) | | 402, 403, 802, 901(a) |
| 2675 | Email with attached License Instruction Sheet for The Eminem Show dated 3/31/03 (AFT-0019220 - 229) | | 402, 403, 901(a) |
| 2676 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 1/8/03 (AFT-0019231 - 250) | | 402, 403, 802, 901(a) |
| 2677 | Email with attached License Instruction Sheet for The Eminem Show dated 3/26/03 (AFT-0019252 - 266) | | 402, 403, 802, 901(a) |
| 2678 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 3/3/03 (AFT-0019268 - 276) | | 402, 403, 802, 901(a) |
| 2679 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 3/14/03 (AFT-0019278 - 293) | | 402, 403, 802, 901(a) |
| 2680 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 1/8/03 (AFT-0019295 - 314) | | 402, 403, 802, 901(a) |
| 2681 | Email with attached License Instruction Sheet for The Eminem Show dated 3/26/03 (AFT-0019316 - 330) | | 402, 403, 802, 901(a) |
| 2682 | Email with attached License Instruction Sheet for The Eminem Show dated 6/18/02 (AFT-0019332 - 342) | | 402, 403, 802, 901(a) |
| 2683 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 2/27/03 (AFT-0019344 - 352) | | 402, 403, 802, 901(a) |
| 2684 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 3/3/03 (AFT-0019354 - 362) | | 402, 403, 901(a) |
| 2685 | Email with attached License Instruction Sheet for Encore dated 12/16/04 (AFT-0019364 - 379) | | 402, 403, 901(a) |
| 2686 | Email with attached License Instruction Sheet for Encore dated 12/8/04 (AFT-0019381 - 396) | | 402, 403, 802, 901(a) |
| 2687 | Email with attached License Instruction Sheet for The Eminem Show dated 8/22/03 (AFT-0019400 - 414) | | 402, 403, 802, 901(a) |
| 2688 | Email with attached License Instruction Sheet for Encore dated 12/16/04 (AFT-0019416 - 431) | | 402, 403, 802, 901(a) |
| 2689 | Email with attached License Instruction Sheet for Encore dated 12/16/04 (AFT-0019433 - 448) | | 402, 403, 802, 901(a) |
| 2690 | Email with attached License Instruction Sheet for Encore dated 1/18/05 (AFT-0019450 - 458) | | 402, 403, 901(a) |
| 2691 | Email with attached License Instruction Sheet for The Marshall Mathers LP, The Eminem Show, and The Slim Shady dated 1/14/05 (AFT-0019459 - 498) | | 402, 403, 802, 901(a) |
| 2692 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 1/6/03 (AFT-0019499 - 519) | | 402, 403, 802, 901(a) |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2693 | Email with attached License Instruction Sheet for 8 Mile Soundtrack dated 1/8/03 (AFT-0019521 - 540) | | 402, 403, 802, 901(a) |
| 2694 | Email with attached License Instruction Sheet for The Eminem Show dated 6/27/02 (AFT-0019542 - 552) | | 402, 403, 901(a) |
| 2695 | Email with attached License Instruction Sheet for Encore dated 12/8/04 (AFT-0019567 - 585) | | 402, 403, 901(a) |
| 2696 | Fax with attached License Instruction Sheet for The Real Slim Shady dated 10/4/00 (AFT-0055992 - 994) | | 402, 403, 901(a) |
| 2697 | Letter from Glenn Pomerantz to Mark Levinsohn dated 8/26/08 regarding Lose Yourself | | |
| 2698 | UMG Notice of Intention to Obtain a Compulsory License dated 8/14/08 | | |
| 2699 | Draft mobile terms (AFT-0000509) | | 602 |
| 2700 | Email from Rand Hoffman to Gary Stiffelman et al. dated 9/15/04 regarding mobile (AFT-0001071 - 72) | | 602, 802 |
| 2701 | Email from Rand Hoffman to Joel Martin et al. dated 12/15/04 regarding mobile (AFT-0019885 - 886) | | 602, 802 |
| 2702 | Email from Rand Hoffman to Joel Martin et al. dated 12/19/04 regarding mobile (AFT-0019868 - 870) | | 602, 802 |
| 2703 | Email between Rob Cohen, Alan Skiena, Rand Hoffman et al. dated 6/15/05 regarding mobile (AFT-0019997 - 20001) | | 602, 802 |
| 2704 | Music Reports, Inc. check to Music Resources, Inc. dated 6/5/09 (MRI-001 - 2) | | 402, 403 |
| 2705 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 5/26/09 (MRI-003 - 4) | | 402, 403 |
| 2706 | Universal Music Group check and monthly statement to Kobalt dated 9/18/08 (MRI-0046 - 48) | | |
| 2707 | Universal Music Group Notice of Intention to Obtain a Compulsory License dated 8/14/08 (MRI-0049 - 51) | | |
| 2708 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 5/18/09 (MRI-0052 - 53) | | 402, 403 |
| 2709 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 5/13/09 (MRI-0054 - 55) | | 402, 403 |
| 2710 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 5/11/09 (MRI-0056 - 57) | | 402, 403 |
| 2711 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 4/15/09 (MRI-0058 - 59) | | 402, 403 |
| 2712 | Letter with enclosed Notice of Intention to Obtain a Compulsory License from Music Reports to Music Resources dated 3/30/09 (MRI-0060 - 62) | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2713 | Letter with enclosed Notice of Intention to Obtain a Compulsory License from Music Reports to Music Resources dated 3/5/09 (MRI-0063 - 65) | | 402, 403 |
| 2714 | Letter with enclosed Notice of Intention to Obtain a Compulsory License from Music Reports to Music Resources dated 3/5/09 (MRI-0066 - 68) | | 402, 403 |
| 2715 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 3/11/09 (MRI-0069 - 70) | | 402, 403 |
| 2716 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 3/11/09 (MRI-0071 - 72) | | 402, 403 |
| 2717 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 3/11/09 (MRI-0073 - 74) | | 402, 403 |
| 2718 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 3/11/09 (MRI-0075 - 76) | | 402, 403 |
| 2719 | Letter with enclosed Notice of Intention to Obtain a Compulsory License from CMH Reports to Music Resources dated 5/11/09 (MRI-0077 - 80) | | 402, 403 |
| 2720 | Email from Ryland Hale to Nancie Stern dated 5/12/09 (MRI-0081) | | 402, 403 |
| 2721 | Notice of Intent and Application for Mechanical License from Sony Music to Jaceff Music dated 4/30/09 (MRI-0082 - 83) | | 402, 403 |
| 2722 | Email between Bradley Haerling and Nancie Stern dated 5/7/09 (MRI-0084 - 85) | | 402, 403 |
| 2723 | Phone message and email license request from Priddis Music to Nancie Stern dated 5/28/08 (MRI-0086 - 88) | | 402, 403 |
| 2724 | License Request by The Orchard to Eight Mile Style dated 6/22/09 (MRI-0089 - 97) | | 402, 403 |
| 2725 | License Request by The Orchard to Resto World Music dated 5/8/09 (MRI-0098 - 106) | | 402, 403 |
| 2726 | License Request by The Orchard to Eight Mile Style dated 5/8/09 (MRI-00107 - 115) | | 402, 403 |
| 2727 | License Request by The Orchard to Eight Mile Style dated 3/27/09 (MRI-00116 - 124) | | 402, 403 |
| 2728 | License Request by The Orchard to Eight Mile Style dated 1/26/09 (MRI-00125 - 132) | | 402, 403 |
| 2729 | License Request by The Orchard to Eight Mile Style dated 11/21/08 (MRI-00133 - 141) | | 402, 403 |
| 2730 | License Request by The Orchard to Eight Mile Style dated 11/21/08 (MRI-00142 - 150) | | 402, 403 |
| 2731 | License Request by The Orchard to Eight Mile Style dated 8/29/08 (MRI-00151 - 163) | | 402, 403 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2732 | License Request by The Orchard to Eight Mile Style dated 10/10/08 (MRI-00164 - 172) | | 402, 403 |
| 2733 | License Request by The Orchard to Eight Mile Style dated 10/31/08 (MRI-00173 - 181) | | 402, 403 |
| 2734 | License Request by The Orchard to Eight Mile Style dated 4/17/09 (MRI-00182 - 190) | | 402, 403 |
| 2735 | License Request by The Orchard to Nueve Music dated 4/27/09 (MRI-00191 - 199) | | 402, 403 |
| 2736 | License Request by Dynamix to Resto World Music dated 3/14/08 (MRI-00200) | | 402, 403 |
| 2737 | Multimusic Inc. Notice of Intention to Obtain a Compulsory License (MRI-00201 - 202) | | 402, 403 |
| 2738 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 12/15/08 (MRI-00203 - 206) | | 402, 403 |
| 2739 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 11/15/08 (MRI-00207 - 214) | | 402, 403 |
| 2740 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 10/3/08 (MRI-00215 - 216) | | 402, 403 |
| 2741 | Advisory to HFA Publishers regarding la la media, inc. (MRI-00217 - 226) | | 402, 403 |
| 2742 | Music Reports, Inc. Notice of Intention to Obtain a Compulsory License dated 11/7/08 (MRI-00227 - 232) | | 402, 403 |
| 2743 | Amended Final Judgment in *F.B.T. v. Aftermath* entered 7/8/09 | | 402, 403 |
| 2744 | Declaration of Richard Busch and accompanying Exhibit K filed in *F.B.T. Productions, LLC et al. v. Aftermath Records et al.,* Case No. CV-07-03314 (PSG) (C.D. Cal.) on 9/30/08 | | 402, 403 |
| 2745 | Second Amended Complaint in *F.B.T. Productions, Inc. et al. v. Aftermath Records et al.*, Case No. CV-07-03314 (PSG) (C.D. Cal.) | | 402, 403 |
| 2746 | Publisher Royalty Statements for Account # UC101911 (AFT-0053894 - 895) | | |
| 2747 | Publisher Royalty Statements for Account # UC101913 (AFT-0053896 - 897) | | |
| 2748 | Publisher Royalty Statements for Account # UC101912 (AFT-0053898 - 899) | | |
| 2749 | Publisher Royalty Statements for Account # UC101714 (AFT-0053900 - 901) | | |
| 2750 | Publisher Royalty Statements for Account # UC101999 (AFT-0053902 - 903) | | |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2751 | Publisher Royalty Statements for Account # UC101998 (AFT-0053904 - 907) | | |
| 2752 | Publisher Royalty Statements for Account # 10075360 (AFT-0053908 - 929) | | |
| 2753 | Publisher Royalty Statements for Account # 10092160 (AFT-0053930 - 944) | | |
| 2754 | Publisher Royalty Statements for Account # 10126660 (AFT-0053975 - 986) | | |
| 2755 | Publisher Royalty Statements for Account # 10119260 (AFT-0053945 - 974) | | |
| 2756 | Publisher Royalty Statements for Account # 10126860 (AFT-0053987 - 990) | | |
| 2757 | Publisher Royalty Statements for Account # 10129860 (AFT-0053991 - 4008) | | |
| 2758 | Publisher Royalty Statements for Account # UC101684 (AFT-0054009 - 14) | | |
| 2759 | Publisher Royalty Statements for Account # UC101791 (AFT-0054015 - 22) | | |
| 2760 | Publisher Royalty Statements for Account # UC101792 (AFT-0054023 - 28) | | |
| 2761 | Publisher Royalty Statements for Account # UC101793 (AFT-0054029 - 31) | | |
| 2762 | Publisher Royalty Statements for Account # UC101874 (AFT-0054032 - 43) | | |
| 2763 | Publisher Royalty Statements for Account # UC101970 (AFT-0054044 - 49) | | |
| 2764 | Publisher Royalty Statements for Account # UC101995 (AFT-0054050 - 53) | | |
| 2765 | Publisher Royalty Statements for Account # UI010017 (AFT-0054054 - 57) | | |
| 2766 | Publisher Royalty Statements for Account # UI010029 (AFT-0054058 - 59) | | |
| 2767 | Publisher Royalty Statements for Account # UI010030 (AFT-0054060 - 63) | | |
| 2768 | Publisher Royalty Statements for Account # UC102126 (AFT-0054064 - 73) | | |
| 2769 | Publisher Royalty Statements for Account # 20300044 (AFT-0054074 - 77) | | |
| 2770 | Publisher Royalty Statements for Account # 2030P001 (AFT-0054080 - 81) | | |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2771 | Publisher Royalty Statements for Account # 2180P014 (AFT-0054082) | | |
| 2772 | Publisher Royalty Statements for Account # 2180P014 (AFT-0054083) | | |
| 2773 | All additional publishing royalty statements up to date of trial | | Fed. R. Civ. P. 37 |
| 2774 | Official Album Credits for The Eminem Show (AFT-064085 - 89) | | 602 |
| 2775 | Fax letter from Tim Hernandez to Joel Martin dated 5/11/00 (AFT-064090) | | 602, 802 |
| 2776 | Facsimile from Kirk Matsui to Dana Trvnicek dated 5/6/02 containing label copy request for The Eminem Show (AFT-0063778 - 781) | | 402, 403, 602, 901(a) |
| 2777 | Facsimile from Joel Martin/Sarah to Todd Douglas dated 5/7/02 with attached Song Breakdown for The Eminem Show (AFT-0055328 - 330) | | 402, 403, 901(a) |
| 2778 | Notice and Direction to Third Parties by Music Resources, Inc. dated 10/17/07 (AFT-0059304 - 338) | | 402, 403 |
| 2779 | Email between Gary Stiffelman, Douglas Mark, et al. dated 3/5/04 (PAT-000065 - 66) | | 402, 403, 602, 802, 901(a) |
| 2780 | Digital Music and Video Download Sales Agreement between Apple and Sony BMG dated 4/28/06 (APP-00000072 - 114) | | 402, 403, 602, 901(a) |
| 2781 | Administration Agreement between Music Resources, Inc. and Eight Mile et al. dated 10/17/07 (8M-001043 - 1050) | | |
| 2782 | Documents identified in the Rebuttal Expert Report of John Hansen dated 8/19/09 | | 402, 403, 602 |
| 2783 | Email between Todd Douglas, Theo Sedlmayr and Lena Kasambalides dated 12/2/02 (AFT-0062993) | | 106, 402, 403, 802, 901(a) |
| 2784 | Sample iPod portable digital media players | | 402, 403 |
| 2785 | Webcapture depicting the shopping experience at the iTunes Store | | 402, 403 |
| 2786 | Summary of excerpted relevant provisions (controlled composition clauses and relevant definitions) from applicable recording agreements | | Fed. R. Civ. P. 37, 802 |
| 2787 | Summary chart of compositions at issue and corresponding grants of rights | | Fed. R. Civ. P. 37, 802 |
| 2788 | Summary chart of compositions depicting Eight Mile Style's percentage share of each | | Fed. R. Civ. P. 37, 802 |

| Exh No. | Description | Bates | Objections |
|---|---|---|---|
| 2789 | Email exchange between Penny Castle and Scott Renfroe and others re: "Cheers" label copy (AFT-0063378-0063381) | | 402,403,602, 802,901(a) |
| 2790 | Email exchange between Rene Meredith, Todd Douglas and others re: "Encore" (AFT-0064010-11) | | 406,402,403, 602,802,901( a) |
| 2791 | June 12, 2000 letter from Music of Windswept re: "The Real Slim Shady" (AFT-0064023) | | 402,403,602, 802, 901(a) |
| 2792 | June 29 2000 letter from Bug Music re: "The Real Slim Shady" (AFT-0064024) | | 402,403,602, 802,901(a) |
| 2793 | CD/DVD containing video of all Apple "Silhouette" advertisements | | 402, 403, 602 |
| 2794 | Exclusive Artist Agreement between Land of Fun, Inc. and Mr. Waverly Walter Alford dated August 14, 2001 (FBT 664-667) | | 402, 403 |
| 2795 | Agreement between FBT-Martin Affiliated LLC and Mr. Waverly Walter Alford dated May 29, 2003 (FBT 668-673) | | 402, 403 |

Exhibit D

**Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al.**
**USDC E.D. Michigan**
**Case No. 2:07-CV-13164**

**Plaintiffs' Deposition Designations**

**Blair, Patricia**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 14:4-16:11 | FRE 402; FRE 403 | 15:22-16:2 | |
| 18:25-21:18 | | 16:18-21 | |
| 21:23-22:15 | | | |
| 24:2-6 | FRE 402; FRE 403; Hearsay | | |
| 25:3-23 | FRE 402; FRE 403; Hearsay | 27:17-29:1, 29:15-20 | FRE 402, 403 |
| 30:5-32:2 | Vague/Ambiguous; Foundation; FRE 402 | | |
| 32:7-14 | Foundation; FRE 402 | | |
| 32:16-33:8 | Foundation; FRE 402 | 35:17-20 | FRE 402, 403 |
| 36:3-9 | FRE 402 | | |
| 36:24-37:17 | FRE 402; Hearsay | 38:6-13 | Rebuttal designation: 38:14-18 |
| 41:14-42:1 | | | |
| 42:23-43:3 | | | |
| 43:16-46:12 | FRE 402; Foundation; Hearsay | 46:13-15 | |
| 46:18-19 | | | |
| 46:21-47:24 | Foundation; Hearsay | 47:25-48:3 | FRE 402 |
| 48:4-13, 17-22 | Vague/Ambiguous; Foundation | | |
| 49:4-12, 14-23 | Foundation; Vague/Ambiguous; Compound | | |
| 50:2-7, 9 | Hearsay; Foundation; Argumentative | | |
| 50:11-52:8 | Hearsay; Foundation; Argumentative | | |
| 52:22-53:11 | | | |
| 54:19-22 | | | |
| 55:3-6, 16-18, 22-24 | | | |
| 56:2-58:1 | Vague/Ambiguous; Foundation; FRE 402 | | |
| 58:7-10, 12-24 | Vague/Ambiguous; Foundation; Hearsay | | |

1

| | | | |
|---|---|---|---|
| 59:25-60:1 | | | |
| 60:4-62:10 | Foundation; Best evidence | | |
| 62:14-63:4 | Vague/Ambiguous; Misstates testimony; Foundation | | |
| 63:11-14 | | | |
| 64:1-3, 8-10, 13-23 | Best evidence; Misstates testimony; Foundation; Vague/Ambiguous; Speculation | | |
| 64:25-65:9 | Foundation; Misstates testimony; Speculation | | |
| 65:17-18 | | | |
| 65:20-66:2 | Foundation; Speculation | | |
| 66:7-18 | Foundation; Speculation; Vague/Ambiguous | | |
| 67:2-6, 10-13, 20-25 | Foundation; Speculation; Vague/Ambiguous | | |
| 68:3-8, 12-23 | Foundation; Vague/Ambiguous; Argumentative | | |
| 69:3-7 | | | |
| 71:17-72:8 | Foundation; Compound; Hearsay; Vague/Ambiguous | | |
| 72:14-21 | | | |
| 72:25-73:1 | | | |
| 73:3-6 | | | |
| 73:13-75:7 | | | |

**Cue, Eddy**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 12:16-18 | | | |
| 19:6-23:18 | | | |
| 23:25-24:22 | | | |
| 28:19-24 | | | |
| 29:4 | | | |
| 41:23-42:14 | FRE 402, FRE 403 | | |
| 42:16 | FRE 402, FRE 403 | | |
| 45:3-12 | FRE 402, FRE 403 | | |
| 45:17-46:4 | FRE 402; FRE 403; Improper opinion; Legal conclusion; Foundation | | |
| 46:9-15 | FRE 402; FRE 403; | | |

| | | | |
|---|---|---|---|
| | Improper opinion; Legal conclusion; Foundation | | |
| 50:16-18 | | | |
| 51:16-22 | | 52:1-9 | |
| 53:3-12 | Foundation; Vague/Ambiguous | | |
| 53:23-55:16 | 55:15-16: Legal conclusion; Improper opinion | | |
| 55:20-21, 24-25 | Foundation; Legal conclusion | | |
| 56:2-21 | 56:19: Asked/Answered; Foundation; Legal conclusion | | |
| 56:25-57:7 | 57:5: Asked/Answered; Foundation; Legal conclusion | | |
| 57:11-12 | Foundation; Legal conclusion | 57:13-58:14 | FRE 402 |
| 60:6-10, 15 | Compound; Asked/Answered; Legal conclusion | | |
| 60:20-61:14 | Foundation; Legal conclusion | | |
| 61:19-23 | Foundation; Legal conclusion | | |
| 62:3 | Foundation; Legal conclusion | 62:4-63:9 | FRE 402, FRE 403, foundation |
| 92:7-93:1 | Foundation; Vague/Ambiguous; Legal conclusion | | |
| 93:7 | FRE 402; Legal conclusion; Foundation; Vague/Ambiguous | | |
| 94:7-95:10 | FRE 402; Legal conclusion | | |
| 95:13-24 | Foundation; Legal conclusion | 95:25-96:4 | FRE 402, FRE 403, legal conclusion |
| 96:8-11, 16-21 | Foundation; Legal conclusion | | |
| 96:25-97:5 | Foundation; Legal conclusion; Asked/Answered; Argumentative | | |
| 97:10-25 | Foundation; Legal conclusion; Asked/Answered | 98:21-22; 99:3-6 | FRE 402, FRE 403, legal conclusion |

3

| | | | |
|---|---|---|---|
| 101:24-25 | | | |
| 102:3-22 | Foundation | | |
| 103:2-20 | Foundation; Legal conclusion; Improper opinion | | |
| 103:25-104:2 | Foundation; Legal conclusion; Improper opinion | | |
| 104:9-13 | | 104:19-25 | FRE 402, FRE 403, foundation |
| 105:1-4, 8-21 | FRE 402; FRE 403; Legal conclusion; Improper opinion | | |
| 111:10-15 | FRE 402; FRE 403; Foundation | | |
| 111:19-112:12 | FRE 402; FRE 403; Foundation; FRE 106 | | |
| 112:15-16 | | 112:18-24; 113:23-114:5; 117:2-9 | Foundation |
| 128:25-129:4 | Foundation; FRE 402; FRE 403; Legal conclusion; Improper opinion | | |
| 129:10-22 | Foundation; FRE 402; FRE 403; Legal conclusion; Improper opinion | | |
| 147:13-20 | Foundation; Legal conclusion; Improper opinion | 147:25-148:1 | |
| 148:8-12, 17-19 | Asked/Answered | | |
| 148:23-149:12 | Legal conclusion; Foundation | | |
| 149:15-17 | Legal conclusion; Foundation | | |
| 149:21-150:2 | Legal conclusion; Foundation | | |
| 158:20-159:15 | | | |
| 159:20-160:3 | | | |
| 160:7-10, 22-23 | | | |
| 161:5-17 | | | |
| 162:7-10 | | | |
| 162:12-163:16 | | | |
| 164:18-165:15 | | | |
| 166:13-19, 23- | FRE 402; FRE 403 | | |

| | | | |
|---|---|---|---|
| 25 | | | |
| 167:10-24 | FRE 402; FRE 403; Foundation | | |
| 168:7 | | | |
| 177:4-178:25 | | | |
| 179:4-23 | | | |
| 190:1-9 | | | |

**Douglas, Todd**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 10:25-15:3 | | | |
| 15:6-16:17 | | | |
| 17:12-17 | | | |
| 18:7-19:19 | | | |
| 20:1-20 | | | |
| 21:2-7, 14-20 | | | |
| 21:23-22:18 | | | |
| 23:5-24:3 | | | |
| 24:9-25:6 | | 25:24-26:4 | FRE 402, FRE 403, foundation |
| 26:5-21 | | | |
| 27:2-30:15 | FRE 402; Vague/Ambiguous; Foundation; Speculation | | |
| 30:19-34:17 | Misstates testimony | | |
| 34:22-35:18 | | | |
| 39:20-40:3 | Foundation; Speculation | | |
| 40:10-14 | | 40:15-16, 19-22 | Foundation |
| 40:23-41:3 | Misstates record; Foundation; Speculation | | |
| 41:8-9, 20-25 | | | |
| 42:2-43:4 | | | |
| 43:15-44:25 | Assumes facts; Foundation; Speculation | | |
| 45:12-46:11 | | | |
| 46:14-16 | | | |
| 46:18-48:18 | | 49:2-13 | FRE 402 |
| 52:4-21 | Foundation; Misstates record | 50:2-9 | FRE 402, FRE 403, nonresponsive answer |
| 52:24-53:1 | | | |
| 53:3-15 | Asked/Answered; Vague/Ambiguous | | |

| | | | |
|---|---|---|---|
| 53:19-54:16 | | 54:17-20, 23-24 | Asked and Answered |
| 55:2-3, 7 | Asked/Answered; Argumentative | | |
| 55:10-56:2 | Asked/Answered; Argumentative | | |
| 56:5-57:3 | Misstates testimony | | |
| 57:7-9 | | | |
| 58:20-60:7 | | | |
| 60:15-63:2 | | | |
| 63:16-67:11 | | 67:12-68:9 | FRE 402, FRE 403, Nonresponsive/un-intelligible answer |
| 68:19-69:11 | | | |
| 71:1-7, 11-20 | | | |
| 72:3-20 | | | |
| 76:10-22 | | | |
| 77:13-79:23 | | | |
| 81:6-85:10 | | | |
| 86:12-89:24 | | | |
| 90:4-23 | Misstates testimony; Argumentative | | |
| 91:1-6 | | 91:7-13, 16-25, 92:1-21 | FRE 402, asked and answered |
| 94:2-95:3 | | | |
| 95:5-18 | Vague/Ambiguous; Foundation | | |
| 95:24-96:6 | Vague/Ambiguous; Foundation | 96:8-10 | |
| 96:11-97:18 | | | |
| 100:11-22 | | 101:9-19 | FRE 402, 403, Nonresponsive |
| 103:25-104:18 | | | |
| 107:25-108:5 | Vague/Ambiguous; Compound | | |
| 108:11-109:1 | | | |

**Eisler, Fred**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 7:12-23 | | | |
| 11:22-16:20 | | | |
| 17:8-19:9 | FRE 402; FRE 403 | | |
| 22:23-23:12 | FRE 402; FRE 403 | | |

| | | | |
|---|---|---|---|
| 23:24-24:8 | FRE 402; FRE 403 | | |
| 24:13-14 | FRE 402; FRE 403 | | |
| 24:22-25:21 | FRE 402; FRE 403 | 26:15-25 | |
| 27:10-18 | | | |
| 27:22-28:12 | | | |
| 28:20-29:4 | | | |
| 30:25-33:16 | Foundation | | |
| 33:21-34:5 | Foundation | | |
| 34:9-25 | | | |
| 39:17-22 | Foundation; FRE 402; FRE 403 | | |
| 39:25-40:1 | FRE 402; FRE 403 | | |
| 40:3-22 | FRE 402; FRE 403 | | |
| 41:16-43:1 | Foundation; FRE 402; FRE 403 | | |
| 43:5-7, 11-15 | Foundation; FRE 402; FRE 403 | | |
| 45:20-46:7 | Foundation; FRE 402; FRE 403 | | |
| 46:10-13 | Foundation; FRE 402; FRE 403 | | |
| 47:8-14 | Foundation; FRE 402; FRE 403 | 47:22-48:8 | |
| 48:9-49:2 | Foundation; FRE 402; FRE 403 | | |
| 52:7-53:24 | | | |
| 57:5-25 | | 58:3-6 | |
| 58:7-9 | | | |
| 60:15-24 | | 60:25-61:20 | FRE 402, nonresponsive/un-intelligible answer |
| 61:22-62:1 | | 62:4 | |
| 62:6-13, 16 | | | |


**Ferrante, Leo**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 4:21-24 | | | |
| 8:4-12:24 | | | |
| 13:2-14:5 | | 14:6-7 | FRE 402 |
| 14:8-16:7 | | | |
| 23:17-24:3 | FRE 402; FRE 403 | 24:16-23 | |
| 25:21-25 | | | |

8751474.1

| | | | |
|---|---|---|---|
| 26:2-4 | | 26:25-27:7, 27:13-18 | FRE 402, FRE 403 Non-responsive |
| 27:22-28:12 | Argumentative; Compound; Misstates testimony; Hearsay | | |
| 28:25 | | | |
| 29:2-8 | Hearsay | | |
| 32: 20-25 | Misstates testimony | | |
| 33:5-16 | Misstates testimony | | |
| 34:16-17 | Misstates testimony | | |
| 35:6-36:6 | | | |
| 44:13-25 | | | |
| 45:2-16 | | | |
| 47:18-20, 24-25 | | | |
| 48:2-25 | | | |
| 49:2-13 | | 50:20-51:2, 51:8-23 | FRE 402, FRE 403, Non-responsive answer |
| 52:3-10, 24-25 | | | |
| 53:2-15 | | | |
| 55:13-16 | Misstates testimony; Compound | | |
| 56:10-23 | | | |
| 57:2-18 | Assumes facts; Vague/Ambiguous | | |
| 57:23-58:8 | | | |
| 58:15-22 | Assumes facts; Vague/Ambiguous | | |
| 59:2-18, 22-25 | Assumes facts; Vague/Ambiguous | | |
| 60:5, 14-25 | Privileged | 60:6-9 | Unanswered question. |
| 63:3-4, 8-12, 20-21 | Vague/Ambiguous; Foundation; FRE 402 | | |
| 64:19-25 | | | |
| 65:2-6, 10-16 | Vague/Ambiguous; Foundation; FRE 402 | | |
| 66:2-7 | Vague/Ambiguous; Foundation | | |
| 73:5-9 | Hearsay; Misstates testimony; FRE 403 | | |
| 74:22-25 | | | |
| 75:2-19 | Vague/Ambiguous; Compound; Assumes facts | | |
| 76:4-8, 12-19, 23-25 | Vague/Ambiguous; Misstates testimony | | |

8751474.1

| | | 77:3-6, 14-78:3 | FRE 402, FRE 403, asked and answered |
|---|---|---|---|
| 77:2 | | | |
| 78:7-11, 15 | | | |
| 79:14-17 | | | |
| 79:21-80:11 | | | |
| 80:18-25 | | | |
| 81:2-10, 15-17 | | 81:18-25 | |
| 82:25 | | | |
| 83:2-8, 16 | | | |
| 90:19-21 | | | |
| 91:4-92:12 | | | |
| 93:21-24 | | | |
| 94:22-25 | | | |
| 95:5-23 | | | |
| 96:2-25 | | | |
| 97:2-6, 10-22 | Foundation | | |
| 98:2 | | 98:5-8, 13-25, 99:1-6 | Asked and answered. |
| 99:7-11 | | | |
| 99:14-100:24 | Misstates record; FRE 403 | | |
| 101:5-15 | | | |
| 101:17-102:9 | | 102:22-103:13, 103:16-18, 103:21-24, 104:3-5, 104:7-11 | Asked and answered |

**Gary, Chad**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 10:8-10 | | | |
| 13:19-17:25 | | | |
| 18:6-25:3 | | | |
| 25:12-26:10 | | | |
| 28:18-29:18 | | | |
| 30:23-31:15 | | | |
| 31:25-32:4 | Vague/Ambiguous | | |
| 32:6-34:3 | | | |
| 34:22-35:10 | | | |
| 35:23-36:6 | Foundation; Legal conclusion | | |
| 36:10-37:1 | | | |
| 37:6-38:19 | Vague/Ambiguous | | |

| | | | |
|---|---|---|---|
| 38:24-39:3 | | | |
| 39:10-22 | | | |
| 40:9-22 | | | |
| 41:3-6, 10-15 | | | |
| 41:18-42:5 | | | |
| 47:16-22 | | | |
| 48:3-11 | | | |
| 48:23-49:17 | | | |
| 50:16-19 | Foundation; Compound; Legal conclusion | | |
| 50:25-60:1 | | | |
| 53:19-54:2 | | | |
| 55:21-56:4 | | | |
| 57:13-21 | | | |
| 58:4-59:12 | | 59:15-19 | |
| 59:20-61:20 | | | |
| 62:2-4, 9-12, 15-16 | Foundation; Legal conclusion | | |
| 68:7-70:1 | Foundation; Assumes facts | | |
| 70:22-71:25 | Foundation; Speculation | | |
| 72:6-73:1 | | | |
| 73:24-74:5 | | | |
| 75:3-11, 15, 21-25 | Vague/Ambiguous | 75:14 | |
| 76:7-9, 24-25 | Foundation; Vague/Ambiguous | | |
| 77:3-5 | | | |
| 77:22-78:8 | Assumes facts; Foundation; Incomplete hypothetical | | |
| 78:11 | | | |
| 79:11-16, 23-25 | | | |
| 80:5-11, 16-23 | Vague/Ambiguous | 80:3-4 | Asked and answered |
| 81:1 | | | |
| 81:20-85:5 | | | |
| 86:20-24 | Foundation; Speculation | | |
| 87:1-20 | Assumes facts | | |
| 88:2-25 | Foundation; Legal conclusion | | |
| 89:4-90:22 | Foundation; Speculation | | |
| 91:3-19 | | 91:20-21 | |
| 91:22-92:7 | | | |
| 95:9-101:6 | | | |
| 101:15-17 | | | |

| | | | |
|---|---|---|---|
| 102:4-7 | | | |
| 102:10-104:6 | | | |
| 105:10-109:8 | | | |
| 109:18-111:18 | | | |
| 117:20-25 | Vague/Ambiguous; Foundation | | |
| 118:3-23 | | | |
| 119:2-120:12 | Vague/Ambiguous; Assumes facts | | |
| 120:15, 19-20 | Vague/Ambiguous; Assumes facts; Foundation | | |
| 121:12-19 | Vague/Ambiguous | | |
| 121:25-122:9 | Vague/Ambiguous | | |
| 122:12-123:3 | Vague/Ambiguous; Foundation | | |
| 123:8-25 | Vague/Ambiguous | | |
| 124:2 | | | |
| 124:4-125:18 | | | |
| 125:23-127:7 | | | |
| 127:10, 16-23 | | | |
| 128:17-24 | Assumes facts; Legal conclusion | | |
| 129:1-19 | | | |
| 129:23-130:12 | Legal conclusion; Foundation; Incomplete hypothetical | | |
| 130:18-22 | Legal conclusion; Foundation; Incomplete hypothetical | | |
| 131:8-15, 19 | Foundation; Legal conclusion | | |
| 131:21-132:1 | Foundation | | |
| 132:8-9, 11-15, 22-24 | | | |
| 133:2-3, 8-14 | Legal conclusion; Foundation | | |
| 133:25-134:9 | Legal conclusion; Foundation | | |
| 134:14, 21-24 | Legal conclusion; Foundation | 134:18-20 | |
| 135:5 | | | |
| 136:10-137:17 | | | |
| 138:7-139:9 | | | |
| 139:14-19 | FRE 402 | | |
| 141:4-13, 18- | Compound; Foundation; | | |

| | | | |
|---|---|---|---|
| 22 | FRE 402 | | |
| 142:15-21 | FRE 402, Foundation; Legal conclusion | | |
| 143:1-4, 16-20, 23 | FRE 402, Foundation | | |
| 144:14-145:2 | Foundation; Compound; FRE 402 | | |
| 145:5-13 | FRE 402 | | |
| 146:6-7, 10, 12-14 | FRE 402, Foundation | | |
| 146:23-147:5 | Foundation; Vague/Ambiguous | | |
| 147:9-13, 16-24 | Foundation; Vague/Ambiguous; Compound | | |
| 148:2-10 | Vague/Ambiguous; Compound | 152:5-13, 17-18 | FRE 402, FRE 403, foundation |
| 153:24-154:3 | Foundation | 153:13-16, 19-23 | FRE 402, FRE 403 |
| 154:6-7 | | | |
| 155:20-157:5 | Foundation; FRE 402 | | |
| 157:9-18 | | | |

**Harrington, James**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 9:4-6 | | | |
| 12:17-16:12 | | | |
| 16:17-19:5 | | | |
| 20:24-21:12 | | | |
| 21:16-22:6 | Foundation | | |
| 22:12-21 | Foundation | | |
| 23:7-18, 23-24 | | | |
| 24:8-25:15 | 25:2-15: FRE 402; FRE 403 | | |
| 25:19-26:2 | FRE 402; FRE 403 | | |
| 27:4-28:10 | FRE 402; FRE 403 | 28:11-12 | FRE 402 |
| 28:13-30:5 | FRE 402; FRE 403; Foundation | | |
| 30:10-14 | FRE 402; FRE 403; Foundation | | |
| 31:7-11 | Foundation; FRE 402; FRE 403 | | |

| | | | |
|---|---|---|---|
| 31:16-32:13 | FRE 402; FRE 403 | | |
| 32:16 | FRE 402; FRE 403 | | |
| 33:14-34:15 | FRE 402; FRE 403; Foundation | | |
| 37:14-38:16 | FRE 402; FRE 403; Foundation | | |
| 39:7-43:2 | Foundation; FRE 402; FRE 403 | | |
| 43:6-25 | Foundation; Asked/Answered; FRE 402; FRE 403 | 44:1-2 | |
| 44:6-11 | Foundation; FRE 402; FRE 403 | | |
| 44:14-45:1 | Foundation; FRE 402; FRE 403 | | |
| 45:6-46:6 | Foundation; FRE 402; FRE 403 | | |
| 46:9-21 | Foundation; FRE 402; FRE 403 | | |
| 47:15-24 | Foundation; FRE 402; FRE 403 | | |
| 48:3-23 | Foundation; FRE 402; FRE 403 | | |
| 49:24-50:11 | FRE 402; FRE 403 50:10-11: Foundation | | |
| 50:14-51:4 | Foundation; FRE 402; FRE 403 | | |
| 52:6-14 | | | |
| 52:23-54:2 | | | |
| 54:9-55:7 | FRE 402; FRE 403 | | |
| 55:11-56:7 | Foundation; FRE 402; FRE 403 | | |
| 56:14-23 | Foundation; FRE 402; FRE 403 | | |
| 57:3, 13-24 | Foundation; FRE 402; FRE 403 | | |
| 58:4-8 | Foundation | | |
| 58:11-59:23 | Foundation | | |
| 61:10-14, 16-20 | Foundation; FRE 402; FRE 403; Speculation | | |
| 62:4-5 | Foundation; FRE 402; FRE 403; Speculation | | |
| 63:5-19 | Foundation; FRE 402; FRE 403 | | |
| 63:25-64:13 | Foundation | | |

**Hoffman, Rand (5.22.08)**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 8:24-9:8 | | | |
| 11:11-23 | | | |
| 12:14-13:16 | | 13:17-14:1 | FRE 402 |
| 20:22-24:7 | | | |
| 24:12-25:10 | | | |
| 26:1-31:9 | 29:17-31-:9: FRE 402 | | |
| 39:14-42:2 | 39:14-40:7: FRE 402 | | |
| 44:19-21 | FRE 402 | | |
| 44:25-45:1 | FRE 402 | | |
| 45:3-5 | FRE 402 | 45:18-23, 46:2-18 | FRE 402, FRE 403, foundation |
| 46:19-47:4 | | | |
| 47:8-23 | | | |
| 50:14-51:13 | | | |
| 101:6-21, 24 | 101:19-21, 24: FRE 402; Legal conclusion | | |
| 102:2-13, 17-25 | FRE 402; Legal conclusion | | |
| 103:5-12 | FRE 402; Legal conclusion | | |
| 103:15-104:18 | 103:15-104:2: FRE 402; Legal conclusion | | |
| 104:21-105:15 | | | |
| 105:19-107:5 | | | |
| 107:11-13 | | | |
| 110:5-13 | | | |
| 112:7-14, 21 | | | |
| 116:22-117:7 | | | |
| 133:4-134:8 | | | |
| 134:17-135:5 | | | |
| 135:9-11 | | | |
| 136:10-137:11 | | | |
| 172:19-173:10 | | | |
| 185:25-186:17 | | | |
| 186:24-187:11 | 187:1-11: FRE 402 | 187:12-188:11 | FRE 402 |
| 188:12-19 | FRE 402 | | |
| 190:9-191:18 | FRE 402 | | |
| 192:10-16 | | | |
| 193:8-17, 20-22 | | | |

14

| | | | |
|---|---|---|---|
| 194:16-195:2 | | 195:3-7 | |
| 195:8-11, 16-17 | | | |
| 195:21-196:1 | | 196:20-197:24 | FRE 402, FRE 403, nonresponsive |
| 198:11-18 | | | |
| 198:22-199:4 | | | |
| 199:8-200:10 | | | |
| 200:14-16 | FRE 402; Foundation | | |
| 200:23-201:4 | 200:23-25: FRE 402; Foundation<br>201:1-4: FRE 402 | | |
| 202:2-17 | | | |
| 202:20-204:17 | | | |
| 204:20-205:19 | | | |
| 206:7-208:3 | | | |
| 208:16-25 | | | |
| 209:9-24 | | | |
| 210:9-211:24 | | | |
| 212:1-213:18 | | | |
| 213:23 | | | |
| 213:25-214:3 | | | |
| 214:5, 7-12 | | | |
| 215:19-24 | | | |
| 216:1-2 | | | |
| 216:21-217:6 | | | |
| 217:10-18 | | | |
| 218:7-11 | | | |
| 218:15-219:18 | | | |
| 219:22-25 | | | |
| 221:1-222:1 | 221:18-222:1: FRE 402 | | |
| 222:04 | FRE 402 | | |
| 222:7-223:1 | FRE 402 | | |
| 223:21-225:19 | FRE 402 | | |
| 266:24-268:24 | | | |
| 269:1-13, 16-18 | | | |
| | | | |

**Hoffman, Rand (7.29.09)**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 6:22-8:5 | | 9:1-5 | FRE 402, FRE 403 |

| | | | |
|---|---|---|---|
| 10:5-11:1 | | | |
| 14:10-16:1 | | | |
| 16:7-17:16 | 17:11-16: FRE 402 | 18:17-19:2, 19:6-13 | FRE 402, FRE 403, non-responsive answer, foundation |
| 19:17-20:21 | 19:17-20:11: FRE 402 | | |
| 21:1-20 | | 22:5-10, 16-20 | FRE 402, FRE 403, instruction not to answer, non-responsive |
| 23:21-24:12 | | 24:13-24 | FRE 402, non-responsive |
| 24:25-25:12 | | | |
| 25:21-26:10 | | | |
| 26:18-23 | | | |
| 27:4 | | 27:5-13 | FRE 402, non-responsive |
| 27:14-28:14 | | | |
| 28:21-29:3 | | | |
| 30:1-12 | | | |
| 30:18-31:12 | | | |
| 31:19-33:14 | | | |
| 34:12-35:11 | | | |
| 35:17-36:5 | | | |
| 38:22-40:1 | | | |
| 41:2-16 | | 41:17-25 | FRE 402, non-responsive |
| 42:1-43:12 | 42:18-43:12: FRE 402 | | |
| 45:21-47:21 | | | |
| 48:5-49:7 | | | |
| 49:18-21 | | | |
| 50:5-22 | | | |
| 51:2-25 | FRE 402 | | |
| 52:7-9 | FRE 402 | | |
| 52:12-54:4 | FRE 402 | | |
| 54:16-55:5 | 55:3-5: FRE 402; Legal conclusion | | |
| 55:14-23 | FRE 402; Legal conclusion | | |
| 56:15-57:25 | FRE 402; Legal conclusion | | |
| 58:1-4, 8 | FRE 402; Legal conclusion | | |
| 58:19-60:17 | 59:21-25: FRE 402 | | |
| 61:16-62:13 | Foundation; Legal conclusion | | |
| 62:16-63:10 | | | |
| 63:22-66:17 | 64:7-15: FRE 402 | | |
| 67:5-7, 13-17 | | | |

8751474.1

| | | | |
|---|---|---|---|
| 68:18-71:8 | | | |
| 71:11 | | | |

**Kossowicz, Tegan**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 6:19-7:1 | | | |
| 7:10-13 | | 7:14-15 | |
| 7:21-8:3 | | | |
| 12:5-14:15 | | 14:16-17 | |
| 15:7-10 | | | |
| 15:16-16:23 | 15:20-23: Compound; Vague/Ambiguous | | |
| 17:1-7 | | | |
| 18:16-22 | | | |
| 23:16-21 | | | |
| 23:24-24:24 | | | |
| 27:18-28:3 | | 28:4-14 | FRE 402, non-responsive |
| 28:15-19 | | | |
| 29:2-4, 7-12 | Foundation; Vague/Ambiguous | | |
| 29:15-30:15 | 30:12-14: Vague/Ambiguous; Compound | | |
| 31:10-18 | | | |
| 31:23-32:14 | 32:3-5: Incomplete hypothetical; Vague/Ambiguous; Improper opinion | | |
| 32:18-22 | | | |
| 33:1-14, 23-24 | 33:12-14: Foundation | | |
| 34:10-12, 16-22 | Vague/Ambiguous | 34:14 | |
| 35:5-10 | Speculation | | |
| 36:23-37:3 | | | |
| 37:11-38:10 | 38:7-10: Compound; Vague/Ambiguous | | |
| 38:13-14 | | | |
| 38:25-39:8 | | | |
| 39:12-18 | | | |
| 39:21-40:3 | | | |
| 41:8-25 | | 42:1 | |

| | | | |
|---|---|---|---|
| 42:20-24 | Incomplete hypothetical; Vague/Ambiguous; Foundation; FRE 402 | | |
| 43:8-13, 17-21, 24-25 | 43:19-24: Foundation; Speculation; Incomplete hypothetical; Improper opinion | | |
| 44:21-22 | | 45:3-9 | FRE 402, FRE 403, foundation |
| 45:10-48:7 | | | |
| 48:10-20 | | 48:21-49:6 | |
| 50:7-15, 22-24 | 50:7-10: Compound | | |
| 51:20-52:10 | Vague/Ambiguous; Compound | | |
| 52:20-53:4 | | | |
| 53:9-12 | | | |
| 53:23-54:5 | Foundation; Vague/Ambiguous | | |
| 54:10-21 | Foundation | | |
| 55:1-5, 14-19 | Speculation; Foundation; Improper opinion; Incomplete hypothetical | | |
| 56:1-5 | | | |
| 56:9-57:1 | | | |
| 58:13-17 | Foundation; Incomplete hypothetical; Asked/Answered | 58:3-12 | FRE 402. |
| 58:20-59:4 | | | |
| 59:22-60:11 | | | |
| 60:13-16 | | | |
| 61:24-62:14 | | | |
| 62:19-63:1 | | | |
| 63:8-19 | | 64:2-6, 9-11 | FRE 402, FRE 403, foundation, speculation, improper opinion |
| 64:15-18 | Asked/Answered; Argumentative | | |
| 64:23-65:10 | Asked/Answered; Argumentative | | |
| 65:19-21 | Legal conclusion; Improper opinion; Incomplete hypothetical | | |
| 65:25-66:10 | Legal conclusion; Improper opinion; Incomplete hypothetical | | |

8751474.1

| 68:2-5, 11-24 | Speculation; Foundation; Legal conclusion; FRE 402; FRE 403 | | |
|---|---|---|---|
| 69:2-70:11 | | | |
| 70:17-71:4 | | | |
| 71:16-73:1 | 71:17-20: Foundation | | |
| 75:3-76:6 | | | |
| 77:10-79:7 | | | |
| 79:10, 12-14, 20-21, 25 | Legal conclusion; Improper opinion; Foundation | | |

**Nieves, Marnie**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 7:21-23 | | | |
| 9:18-12:19 | | | |
| 13:12-16 | | | |
| 13:21-14:11 | | | |
| 14:16-20 | | | |
| 14:25-15:3 | | | |
| 15:7-24 | | 16:6-11 | |
| 16:12-18 | | | |
| 17:5-21, 24 | | | |
| 18:2-19:23 | | | |
| 20:12-19 | | | |
| 36:9-38:11 | 38:9-11: Speculation | | |
| 38:18-39:7 | 38:18:21: Speculation | 40:2-19 | FRE 402. 40:2-6: speculation |
| 42:3-20 | | 42:21-24 | FRE 402. |
| 43:5-11 | | | |
| 43:21-44:18 | | | |
| 47:25-48:2 | | | |
| 48:19-49:2 | | | |
| 51:2-17 | | | |
| 90:7-91:5 | FRE 402 | | |
| 91:17-20 | | | |
| 91:24-92:16 | | 92:20 | |
| 92:22-24 | | | |
| 95:6-12, 20 | Legal conclusion; Foundation | | |
| 106:7-16, 19 | | | |
| 106:21-108:7 | | 108:10-14 | |

19

| | | | |
|---|---|---|---|
| 108:15-19 | | | |
| 108:24-109:7 | | | |
| 110:22-111:2 | | | |
| 111:4 | | | |
| 112:17-18, 22 | Foundation; Legal conclusion | | |
| 113:2-5, 13-16 | | | |
| 113:22-114:15 | 113:23-114:15: FRE 402; Legal conclusion | | |
| 114:25-115:2 | FRE 402; Legal conclusion | | |
| 115:24-116:5 | FRE 402; Legal conclusion | | |
| 116:8-9 | FRE 402; Legal conclusion | | |
| | | | |
| | | | |

**Oliver, Cynthia**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 6:20-22 | | | |
| 10:2-5 | | 10:6-17 | |
| 10:19-11:2 | Foundation | | |
| 11:8-12, 14-16, 21-24 | Foundation | | |
| 12:2-13:7 | | | |
| 15:13-17:14 | | | |
| 19:21-20:7 | | | |
| 27:11-32:4 | | | |
| 32:8-33:1 | | | |
| 34:11-20 | | | |
| 39:16-23 | Assumes facts | | |
| 40:3-41:9 | Vague/Ambiguous; Assumes facts; Foundation | | |
| 43:2-3, 7-17 | Vague/Ambiguous; Assumes facts; Foundation | | |
| 43:21-44:1 | | | |
| 44:17-21, 23-25 | Vague/Ambiguous; Assumes facts; Foundation | | |
| 45:2-8, 13-16, 18-23 | Vague/Ambiguous; Assumes facts; Foundation | | |
| 46:2-7 | Vague/Ambiguous; Assumes facts; Foundation | | |
| 47:5-9, 12-20 | FRE 402 | | |
| 48:1-6, 11-14 | FRE 402 | | |

20

| | | | |
|---|---|---|---|
| 48:21-49:10 | FRE 402 | | |
| 52:18-22 | FRE 402; Outside scope of 30(b)(6); Foundation | | |
| 52:25-53:1 | FRE 402; Outside scope of 30(b)(6); Foundation | | |
| 53:6-13 | FRE 402 | | |
| 53:17-54:1 | FRE 402; Outside scope of 30(b)(6); Foundation | | |
| 54:8-9 | | | |
| 54:23-55:3 | | | |
| 56:3-13 | FRE 402; Outside scope of 30(b)(6); Foundation; Misstates testimony | | |
| 56:22-57:12 | FRE 402; Outside scope of 30(b)(6); Foundation; Misstates testimony | | |
| 57:17-22 | FRE 402; Outside scope of 30(b)(6); Foundation; Misstates testimony | | |
| 57:25-59:6 | | | |
| 59:9-12, 16-24 | FRE 402; Outside scope of 30(b)(6); Foundation; Misstates testimony | | |
| 61:16-62:14 | Vague/Ambiguous | | |
| 62:19-25 | Outside scope of 30(b)(6); FRE 402 | | |
| 63:23-64:12 | | | |
| 64:14-19, 24-25 | Outside scope of 30(b)(6); FRE 402 | | |
| 65:17-24 | Outside scope of 30(b)(6); FRE 402 | | |
| 66:3-12, 14-19 | | | |
| 67:2-4, 7-10 | | | |
| 67:20-68:3 | | | |
| 69:16-22 | Vague/Ambiguous | | |
| 70:3-6, 15-17, 19-20 | Vague/Ambiguous | | |
| 72:22-73:25 | | | |
| 74:19-24 | Vague/Ambiguous; Outside scope of 30(b)(6) | | |
| 75:2-7 | | | |
| 77:9-25 | | | |
| 78:20-79:10 | Vague/Ambiguous; Compound | | |
| 79:13-21 | | | |

8751474.1

| | | | |
|---|---|---|---|
| 79:24-80:2 | Vague/Ambiguous; Compound | | |
| 80:8-25 | | | |
| 82:9-12 | | | |
| 83:5-24 | | | |
| 84:14-85:4 | Outside scope of 30(b)(6); FRE 402; Misstates testimony | 85:5-17 | FRE 402, FRE 403 |
| 85:18-19 | | | |
| 85:23-86:25 | | | |
| 87:14-88:2 | Vague/Ambiguous | | |
| 88:8-10 | | | |
| 88:17-89:4 | | | |
| 89:17-21 | Vague/Ambiguous; Misstates testimony | | |
| 89:25-90:6 | | | |
| 91:3-9 | | | |
| 92:10-16 | | 94:7-95:8, 95:12-96:1, 96:5-9, 97:6-8 | 94:7-95:8: FRE 402, FRE 403.<br><br>95:3-8: Asked and answered, leading.<br><br>95:12-21: FRE 402, FRE 403, speculation<br><br>96:5-9: Asked and answered<br><br>97:6-8: Asked and answered, mischaracterizes testimony |

**Paterno, Peter (4.30.08)**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 9:4-8 | | | |
| 10:17-12:20 | | | |
| 13:2-10 | | | |
| 17:13-19:22 | | | |
| 20:5-19 | | 20:20-24 | |
| 21:2-24 | | | |
| 22:14-24:19 | | | |

8751474.1

| | | | |
|---|---|---|---|
| 25:21-26:17 | | | |
| 27:4-28:15 | | | |
| 31:2-35:14 | | | |
| 46:4-47:8 | FRE 402 | | |
| 47:23-48:6 | Vague/Ambiguous | | |
| 48:11-23 | | | |
| 53:13-55:14 | FRE 402 | | |
| 56:10-57:10 | | | |
| 69:17-24 | FRE 402 | | |
| 70:3-10 | | | |
| 71:10-19 | FRE 402; Foundation | | |
| 74:6-9, 12-16 | Vague/Ambiguous; Legal conclusion | | |
| 74:23-75:9 | Vague/Ambiguous; Legal conclusion | | |
| 75:12-19, 21-23 | Legal conclusion; Vague/Ambiguous | | |
| 80:4-81:15 | FRE 402 | | |
| 82:13-20 | | | |
| 83:5-84:8 | | | |
| 84:12-85:16 | | | |
| 85:24-86:12 | | | |
| 88:10-17 | | | |
| 89:17-20 | | | |
| 106:14-107:4 | | | |
| 107:23-108:2 | FRE 402 | | |
| 108:23-110:3 | | 110:4-6, 9-10, 12-15 | FRE 402, FRE 403, legal conclusion, inadmissible opinion |
| 110:22-111:5 | | 114:19-115:4 | FRE 402, FRE 403, legal conclusion, inadmissible opinion |
| 111:18-25 | | 115:7-10 | FRE 402, FRE 403, legal conclusion, inadmissible opinion |
| 112:5-113:25 | | 115:3-116:12 | FRE 402, FRE 403, legal conclusion, inadmissible opinion |
| 117:6-9 | | | |
| 118:6-10, 18-23 | | 118:11-17 | FRE 402, FRE 403, legal conclusion, inadmissible opinion |
| 120:1-8 | | | |
| 124:12-125:5 | FRE 402 | | |
| 125:14-21 | FRE 402 | | |

23

| | | | |
|---|---|---|---|
| 126:4-127:12 | FRE 402 | | |
| 127:25-128:14 | | | |
| 130:4-20 | | | |
| 132:4-6 | | | |
| 132:21-133:16 | | | |
| 134:14-136:21 | FRE 402 | | |
| 137:12-138:3 | FRE 402 | 138:4-7 | FRE 402, FRE 403, Foundation, Speculation |
| 141:11-142:10 | FRE 402 | | |
| 146:25-148:16 | | | |
| 155:24-156:1-9 | | | |
| 158:18-160:15 | FRE 402 | | |
| 174:21-175:18 | FRE 402 | | |
| 176:14-23 | FRE 402 | | |
| 177:2-8 | FRE 402 | | |
| 177:13-21 | FRE 402 | | |
| 178:21-179:1 | FRE 402 | | |
| 227:18-228:14 | FRE 402 | | |
| 238:4-9 | Foundation; Speculation | 237:6-11 | FRE 402, FRE 403 |
| 238:12-239:5 | Foundation; Speculation | | |
| 254:25-255:8 | Foundation; Speculation; Incomplete hypothetical | | |
| 255:11-12, 14-15, 19-25 | | | |

**Rogell, Lisa**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 13:11-20 | | | |
| 18:17-22:20 | | | |
| 26:9-27:3 | | | |
| 28:14-22 | Compound | | |
| 29:4-25 | | 30:1-16 | FRE 402, FRE 403 |
| 30:23-32:8 | 31:2-32:3: Foundation | | |
| 32:16-22 | | 32:25-33:6 | |
| 33:7-18 | 33:11-18: Compound; FRE 402 | | |
| 33:22-34:1 | | | |
| 34:14-18 | | | |
| 38:9-39:7 | FRE 402; Foundation | | |
| 57:22-25 | | | |
| 66:20-67:16 | | 67:17-22, | FRE 402, FRE 403, |

| | | 68:14-15 | improper opinion. |
|---|---|---|---|
| | | | 68:14-15: unintelligible |
| 68:16-18 | | | |
| 68:23-69:3 | | 69:6 | |
| 69:8-14 | | 69:20 | FRE 402, FRE 403, improper opinion. |
| 69:22-25 | | | |
| 70:6-71:2 | | | |
| 71:12-72:5 | | 72:8-9 | |
| 72:10-13, 17-20 | | | |
| 72:25-73:7 | | | |
| 73:10 | | | |
| 73:21-74:8 | | | |
| 74:12-75:13 | 74:14-75:13: Foundation | | |
| 75:19-76:8 | 75:19-76:4: Foundation | | |
| 76:12-22 | | | |
| 77:4-18, 22-24 | | | |
| 78:2-4, 9-14, 17-21 | | | |
| 78:23-79:2 | | | |
| 79:5, 17-22 | | | |
| 80:2-4, 6-8, 10-16 | 80:10-16: Compound; Legal conclusion | | |
| 81:4 | | | |
| 81:21-82:24 | 82:15-23: Compound | | |
| 83:4-23 | FRE 402 | | |
| 85:21-86:8 | | | |
| 86:11-14, 16 | | | |
| 86:20-87:19 | | | |
| 88:2-14, 21-24 | 88:2-14: Assumes facts | | |
| 89:7-90:19 | 89:23-90:19: FRE 402; Foundation | | |
| 90:23-91:6 | FRE 402; Foundation | | |
| 91:13, 15-18, 22-23 | 91:13: FRE 402; Foundation | 91:25-92:2, 92:12-17 | FRE 402, FRE 403, foundation, speculation |
| 96:1-5 | | | |
| 98:2-21 | | | |
| 99:1-6 | | | |
| 99:13-100:14 | 99:15-100:14: FRE 402 | | |
| 101:1-9, 14-22 | FRE 402 | | |
| 101:25-102:10 | FRE 402 | | |
| 102:14-15 | FRE 402 | | |
| 103:13-19 | FRE 402; Incompleteness | | |

| 106:9-107:9 | FRE 402 | | |
|---|---|---|---|
| 107:13-24 | FRE 402 | | |
| 108:4-13 | FRE 402 | | |
| 112:11-15 | | | |
| 122:18-24 | | | |
| 123:5-10, 18-24 | | | |
| 146:19-22 | | | |
| 149:11-19 | | 149:20-22 | FRE 402 |
| 156:13-18 | | | |
| 157:8-17 | | | |
| 157:23-158:7 | | | |
| 158:12-15 | | | |
| 168:17-24 | FRE 402 | | |
| 169:8-12, 16 | FRE 402 | | |
| 170:3-4, 16-23 | FRE 402 | 170:7 | Non-responsive |
| 182:4-183:8 | FRE 402 | | |
| 184:8-13, 19 | 184:8-13: Foundation; Legal conclusion | | |
| 186:19-187:7 | | 187:8 | |

**Russell, Maurice**

| Plaintiffs' Initial Designations | Defendants' Objections | Defendants' Counter Designations | Plaintiffs' Objections |
|---|---|---|---|
| 4:11-15 | | | |
| 4:18-5:2 | | | |
| 7:18-12:13 | | | |
| 12:19-25 | | 13:1-13 | FRE 402 |
| 13:14-14:6 | Asked/Answered; Argumentative; FRE 402; FRE 403; Foundation | | |
| 14:8-15:1 | | | |
| 15:6-10, 15-25 | | | |
| 16:3, 8-10, 15-20 | Foundation; Legal conclusion; Improper opinion | | |
| 16:23-17:14 | | | |
| 17:17-21 | Foundation; Legal conclusion; Improper opinion | | |
| 18:9-25 | | | |
| 19:6-10, 13-24 | | | |
| 20:23-21:21 | Best evidence; Foundation; | | |

| | | | |
|---|---|---|---|
| | Legal conclusion; Improper opinion | | |
| 22:2-6 | Best evidence; Foundation; Legal conclusion; Speculation | | |
| 26:21-27:9 | | | |
| 27:12-34:13 | 34:10-13: Foundation; Legal conclusion; Leading; Improper opinion | | |
| 34:21-25 | Foundation; Legal conclusion; Leading | | |
| 35:12-17 | | | |
| 35:19-36:2 | Foundation; Legal conclusion; Improper opinion | | |
| 36:6-37:8 | 36:13-22: Foundation; Compound; Legal conclusion | 37:9-12 | |
| 38:13-16 | | | |
| 38:23-39:22 | | | |
| 39:24-40:13 | | | |
| 40:15-41:12 | | | |
| 42:5-14 | Asked/Answered | | |
| 42:17-43:22 | 42:18-22: Foundation; Legal conclusion 43:10-22: Foundation; Legal conclusion | | |
| 43:24-44:3 | | | |
| 44:16-45:15 | | | |
| 45:18-46:15 | | | |
| 46:17-21 | | | |
| 46:24-47:14 | | | |
| 48:7-10 | | | |
| 49:9-18, 20-22 | | | |
| 55:3-6, 9-15 | Foundation; Legal conclusion; Improper limit on cross-exam | 70:18-71:8 71:12-15 73:3-23, 74:4-8 74:9-17 75:14-17, 21-25 76:1-3, 8, 9-13, 17 77:12-18, 78:1-5 81:2-24 82:9-10, 22, 24-25 | FRE 402, FRE 403 70:18-71:8, 71:12-15: Foundation; Legal conclusion. 73:3-24, 74:4-8: Foundation; Legal conclusion. 75:14-17, 20-25, 76:1-3, 8: best evidence. 76:9-13, 17: speculation. |

| | | | |
|---|---|---|---|
| | | 83:1-2, 9-12, 17-20, 25<br>84:1-4, 7-17, 21-25<br>85:1-20, 25<br>86:2, 5-7, 11-17, 21-25<br>87:2-6, 10-12, 17-21, 24-25<br>88:1-2, 7-8<br>93:1-17<br>94:20-22 | 77:12-18, 78:1-5: legal conclusion.<br>82:9-10, 22, 24-25: asked and answered, best evidence.<br>83:1-2, 9-12, 17-18: vague, best evidence.<br>83:19-20, 25, 84:1-3: Asked and answered, argumentative.<br>84:4, 7-8: Asked and answered.<br>84:9-17, 21: Argumentative, best evidence.<br>85:18-20, 25, 86:2: Best evidence.<br>86:15-17, 21-22: foundation.<br>87:2-6, 10-12, 17-21, 24-25: best evidence, speculation.<br>88:1-2, 7-8: Foundation.<br>93:1-17, 94:20-22: asked and answered, speculation. |
| 55:21-56:6 | Foundation; Legal conclusion; Improper limit on cross exam | 70:18-71:8<br>71:12-15<br>73:3-23, 74:4-8<br>74:9-17<br>75:14-17, 21-25<br>76:1-3, 8, 9-13, 17<br>77:12-18, 78:1-5<br>81:2-24<br>82:9-10, 22, 24-25<br>83:1-2, 9-12, 17-20, 25<br>84:1-4, 7-17, 21-25<br>85:1-20, 25 | FRE 402, FRE 403<br><br>70:18-71:8, 71:12-15: Foundation; Legal conclusion.<br>73:3-24, 74:4-8: Foundation; Legal conclusion.<br>75:14-17, 20-25, 76:1-3, 8: best evidence.<br>76:9-13, 17: speculation.<br>77:12-18, 78:1-5: legal conclusion.<br>82:9-10, 22, 24-25: asked and answered, best evidence. |

8751474.1

| | | | |
|---|---|---|---|
| | | 86:2, 5-7, 11-17, 21-25<br>87:2-6, 10-12, 17-21, 24-25<br>88:1-2, 7-8<br>93:1-17<br>94:20-22 | 83:1-2, 9-12, 17-18: vague, best evidence.<br>83:19-20, 25, 84:1-3: Asked and answered, argumentative.<br>84:4, 7-8: Asked and answered.<br>84:9-17, 21: Argumentative, best evidence.<br>85:18-20, 25, 86:2: Best evidence.<br>86:15-17, 21-22: foundation.<br>87:2-6, 10-12, 17-21, 24-25: best evidence, speculation.<br>88:1-2, 7-8: Foundation.<br>93:1-17, 94:20-22: asked and answered, speculation. |
| 56:10 | Foundation; Legal conclusion; Improper limit on cross-exam | 70:18-71:8<br>71:12-15<br>73:3-23, 74:4-8<br>74:9-17<br>75:14-17, 21-25<br>76:1-3, 8, 9-13, 17<br>77:12-18, 78:1-5<br>81:2-24<br>82:9-10, 22, 24-25<br>83:1-2, 9-12, 17-20, 25<br>84:1-4, 7-17, 21-25<br>85:1-20, 25<br>86:2, 5-7, 11-17, 21-25<br>87:2-6, 10-12, 17-21, 24-25<br>88:1-2, 7-8<br>93:1-17 | FRE 402, FRE 403<br><br>70:18-71:8, 71:12-15: Foundation; Legal conclusion.<br>73:3-24, 74:4-8: Foundation; Legal conclusion.<br>75:14-17, 20-25, 76:1-3, 8: best evidence.<br>76:9-13, 17: speculation.<br>77:12-18, 78:1-5: legal conclusion.<br>82:9-10, 22, 24-25: asked and answered, best evidence.<br>83:1-2, 9-12, 17-18: vague, best evidence.<br>83:19-20, 25, 84:1-3: Asked and answered, argumentative.<br>84:4, 7-8: Asked and |

| | | | |
|---|---|---|---|
| | | 94:20-22 | answered. 84:9-17, 21: Argumentative, best evidence. 85:18-20, 25, 86:2: Best evidence. 86:15-17, 21-22: foundation. 87:2-6, 10-12, 17-21, 24-25: best evidence, speculation. 88:1-2, 7-8: Foundation. 93:1-17, 94:20-22: asked and answered, speculation. |
| | Foundation; Legal conclusion; Improper limit on cross-exam | 70:18-71:8 71:12-15 73:3-23, 74:4-8 74:9-17 75:14-17, 21-25 76:1-3, 8, 9-13, 17 77:12-18, 78:1-5 81:2-24 82:9-10, 22, 24-25 83:1-2, 9-12, 17-20, 25 84:1-4, 7-17, 21-25 85:1-20, 25 86:2, 5-7, 11-17, 21-25 87:2-6, 10-12, 17-21, 24-25 88:1-2, 7-8 93:1-17 94:20-22 | FRE 402, FRE 403  70:18-71:8, 71:12-15: Foundation; Legal conclusion. 73:3-24, 74:4-8: Foundation; Legal conclusion. 75:14-17, 20-25, 76:1-3, 8: best evidence. 76:9-13, 17: speculation. 77:12-18, 78:1-5: legal conclusion. 82:9-10, 22, 24-25: asked and answered, best evidence. 83:1-2, 9-12, 17-18: vague, best evidence. 83:19-20, 25, 84:1-3: Asked and answered, argumentative. 84:4, 7-8: Asked and answered. 84:9-17, 21: Argumentative, best evidence. 85:18-20, 25, 86:2: |
| 57:18-58:6 | | | Best evidence. |

| | | | 86:15-17, 21-22: foundation. 87:2-6, 10-12, 17-21, 24-25: best evidence, speculation. 88:1-2, 7-8: Foundation. 93:1-17, 94:20-22: asked and answered, speculation. |
|---|---|---|---|
| 58:10 | Foundation; Legal conclusion; Improper limit on cross-exam | | |
| 68:2-4, 7-10 | | | |
| 68:21-69:3 | | | |
| 100:20-101:17 | | | |
| 132:15-25 | | | |
| 133:9-18, 22-23 | Foundation | | |
| 134:7-11 | | | |
| 134:19-135:13 | | | |

8751474.1

**Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al.**
**USDC E.D. Michigan**
**Case No. 2:07-CV-13164**

**Defendants' Deposition Designations**

**CUE, EDDY**

| Defendants Initial Designations | Plaintiffs' Objections | Plaintiffs' Counter Designations | Defendants Objections |
|---|---|---|---|
| 9:6-11 | | | |
| 12:16-18 | | | |
| 19:16-23:18 | | | |
| 23:25-24:22 | | | |
| 25:5-28:18 | FRE 401, 402, 403.<br><br>Objections of counsel in designation: 25:13-14 and 23-24, 27:3, 21 | | |
| 140:4-146:25 | 140:4-146:25 – FRE 402, 403.<br><br>Objections and colloquy of counsel in designation: 141:10, 141:13-18, 144:19-145:3. | | |
| 159:12-162:19 | Objections of counsel in designation: 159:16-17, 160:4-6, 160:15-16, 161:21-162:5, 162:11. | | |
| 164:23-165:15 | | | |
| 168:23-169:9 | Foundation, FRE 401, 402, 403. | | |
| 177:4-179:23 | Designation includes counsel objection: 179:1-2. | | |
| 217:2-220:9 | FRE 401, 402, 403. | | |

8619565.1
8768757.1

| | Designation includes counsel objections: 217:6-7, 10-13, 219:8-9, 220:7-8. | | |
|---|---|---|---|

8619565.1
8768757.1

**DOUGLAS, TODD**

| Defendants Initial Designations | Plaintiffs' Objections | Plaintiffs' Counter Designations | Defendants Objections |
|---|---|---|---|
| 7:12-17 | | | |
| 8:4-6 | | | |
| 10:25-15:3 | | | |
| 15:24-16:7 | | | |
| 21:14-22:18 | | | |
| 27:16-21 | | | |
| 29:1-30:9 | | | |
| 30:19-24 | | | |
| 31:22-32:12 | | | |
| 43:25-44:14 | | | |
| 45:12-46:16 | | | |
| 59:7-60:7 | | | |
| 61:15-62:22 | | | |
| 64:22-65:11 | | | |
| 65:20-66:7 | | | |
| 66:18-67:8 | | | |
| 100:11-19 | | | |
| 101:10-19 | FRE 401, 402, 403, nonresponsive answer. | | |

8619565.1
8768757.1

**NIEVES, MARNIE**

| Defendants Initial Designations | Plaintiffs' Objections | Plaintiffs' Counter Designations | Defendants' Objections |
|---|---|---|---|
| 7:19-23 | | | |
| 9:18-12:16 | | | |
| 15:7-11 | | | |
| 17:10-18:9 | | | |
| 109:8-111:13 | 109:8-110:7: FRE 401, 402, 403 – unexpressed intent<br><br>110:8-21: unanswered question, includes objection of counsel.<br><br>111:6-13: FRE 401, 402, 403, unexpressed intent | | |

8619565.1
8768757.1

**OLIVER, CYNTHIA**

| Defendants Initial Designations | Plaintiffs' Objections | Plaintiffs' Counter Designations | Defendants' Objections |
|---|---|---|---|
| 6:6-10 | | | |
| 6:20-22 | | | |
| 10:2-17 | | | |
| 12:12-22 | | | |
| 13:3-7 | | | |
| 15:6-17:14 | | | |
| 19:21-20:8 | | | |
| 29:17-31:10 | | | |
| 66:6-14 | Objection of counsel included in designation – 66:13 | | |
| 72:22-73:24 | | | |
| 77:9-17 | | | |
| 85:23-86:25 | | | |
| 94:7-95:8 | FRE 401, 402, 403.<br><br>95:3-8: Asked and answered, leading. | | |
| 95:12-21 | FRE 401, 402, 403. | | |

8619565.1
8768757.1

**OSTROFF, MICHAEL**

| Defendants Initial Designations | Plaintiffs' Objections | Plaintiffs' Counter Designations | Defendants' Objections |
|---|---|---|---|
| 7:19-8:11 | | | |
| 117:23-120:10 | FRE 401, 402, 403 – unexpressed intent.<br><br>Objection of counsel also included in designations: 118:15-19. | | |
| 143:7-18 | FRE 401, 402, 403.<br><br>Includes statement by counsel: 143:11-13. | | |

8619565.1
8768757.1

**RUSSELL, MAURICE (HFA)**

| Defendants Initial Designations | Plaintiffs' Objections | Plaintiffs' Counter Designations | Defendants' Objections |
|---|---|---|---|
| 4:11-5:4 | Objection of counsel – 4:16 and 5:3 | | |
| 7:18-8:8 | | | |
| 10:17-11:9 | | | |
| 26:21-33:21 | | | |
| 39:2-40:1 | Objection of counsel – 39:23 | | |
| 44:19-46:12 | Objection of counsel – 45:16-17 | | |
| 66:25-67:12 | | | |
| 69:4-70:17 | FRE 402, FRE 403 | | |
| 95:8-11, 14:25 | FRE 402, FRE 403, foundation, speculation | | |
| 96:4-8, 11-18 | FRE 402, FRE 403 | | |
| 97:1-19, 23-25 | FRE 402, FRE 403, legal conclusion, speculation. | | |
| 99:1-3 | | | |
| 100:20-101:7 | 101:3-10 and 101:11-13: Best evidence. | | |
| 101:11-101:21 | Objection of counsel – 101:22 | | |
| 101:25-102:4 | | | |
| 102:22-103:11 | 103:9-11 and 16-20: Foundation, speculation. | | |
| 103:16-25 | | | |
| 106:1-7 | | | |
| 106:7-17 | | | |
| 107:15-110:1 | 108:24-109:9: foundation, FRE 402, 403, best evidence. | | |
| 110:2-111:5 | | | |
| 111:24- | | | |

8619565.1
8768757.1

| | | | |
|---|---|---|---|
| 112:18 | | | |
| 112:19-23 | 112:21-23: Speculation, calls for legal conclusion | | |
| 113:2-11 | 113:2-3: Speculation, calls for legal conclusion | | |
| 113:12-114:3 | | | |
| 114:2-116:8 | 115:8-16: foundation, speculation, calls for a legal conclusion. | | |
| 116:9-117:2 | 116:9-19: Foundation, speculation | | |
| 117:18-25 | 117:18-25: Best evidence. | | |
| 118:1-119:1 | 118:1-14: Asked and answered, calls for legal conclusion, speculation.<br><br>118:15-119:1: Asked and answered, overbroad, speculation, vague. | | |
| 119:2-13 | | | |
| 119:18-20 | Asked and answered, calls for legal conclusion, speculation, best evidence. | | |
| 120:16-121:2 | Asked and answered, calls for legal conclusion, speculation, best evidence. | | |
| 121:3-123:3 | | | |

8619565.1
8768757.1