EIGHT MILE STYLE, LLC, and MARTIN
AFFILIATED, LLC,

      Plaintiffs,

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

      Defendants

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| | |
|---|---|
| Howard Hertz, Esq. (P26653) | Richard S. Busch (TN BPR#14594) |
| Jay G. Yasso, Esq. (P45484) | King & Ballow |
| Hertz Schram PC | 1100 Union Street Plaza |
| 1760 S. Telegraph Rd., Suite 300 | 315 Union Street |
| Bloomfield Hills, MI 48302 | Nashville, TN 37201 |
| (248) 335-5000 | (615) 259-3456 |
| hhertz@hertzschram.com | rbusch@kingballow.com |
| jyasso@hertzschram.com | Attorneys for Plaintiffs |
| Attorneys for Plaintiffs | |

## PLAINTIFFS' MOTION *IN LIMINE* No. 2 TO EXCLUDE TESTIMONY OF PETER PATERNO

      Plaintiffs Eight Mile Style, LLC ("Eight Mile") and Martin Affiliated, LLC ("Martin") hereby move this Court for an Order excluding all evidence which Defendants Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment ("Aftermath") (Apple Computer, Inc. and Aftermath are collectively referred to as "Defendants") seek to introduce under Rules 702, 703, and/or 705 of the Federal Rules of Evidence through Peter Paterno ("Paterno").

      As more fully set forth below, such testimony and evidence must not be permitted as Defendants have failed to comply with FED. R. CIV. P. Rule 26(a)(2) pertaining to expert

disclosures and the purported evidence Defendants seek to introduce is not reliable, will not assist the trier of fact, is unreliable and unverifiable hearsay, is not relevant, is prejudicial and is a waste of the Court's time. Further, Defendants have obstructed Plaintiffs' discovery of information pertaining to the facts and basis of Paterno's opinions and expertise and therefore should not be permitted to introduce expert testimony through him.

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether the Court should exclude the testimony of Peter Paterno, outside counsel for Defendant Aftermath Records, who Defendants disclosed as an expert witness on August 12, 2008, and who Defendants have indicated would testify and offer opinions that are inadmissible and irrelevant to this case.

Plaintiffs' answer: Yes. The purported evidence Defendants seek to introduce must be excluded for several reasons. The opinions Defendants seek from Paterno are not reliable, will not assist the trier of fact, are not relevant, are prejudicial and are a waste of the Court's time and cause unnecessary expense. Additionally, Defendants seek to introduce testimony from Paterno to support their opinion that a word expressly included in an agreed upon signed written contract should be disregarded, contrary to California law. Defendants have also failed to comply with FED. R. CIV. P. Rule 26(a)(2) pertaining to expert disclosures by not providing an expert report. Further, Defendants have obstructed Plaintiffs' discovery of information pertaining to the facts and basis of Paterno's expertise and therefore should not be permitted to introduce expert testimony through him.

# CONTROLLING AUTHORITIES

**Federal Cases**

*Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, (No. 02-22555) 2004 U.S. Dist. LEXIS 30795 (S.D. Fla. Mar. 12, 2004)

*Boyd v. State Farm Ins.*, 158 F.3d 326 (5th Cir. 1998)

*Casper v. SMG*, 389 F. Supp. 2d 618 (D.N.J. 2005)

*Charash v. University of Kentucky Medical Center*, 43 S.W.3d 274 (Ky. Ct. App. 2000)

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)

*Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417 (W.D. Pa. 2006), *vacated on other grounds* 244 Fed. Appx. 424 (3d Cir. 2007)

*Gateway, Inc. v. ACS Commercial Solutions, Inc.*, (No. 07 Civ. 6732(CM)(DF)) 2009 U.S. Dist. LEXIS 33247 (S.D.N.Y. Apr. 17, 2009)

*General Electric Co. v. Joiner*, 522 U.S. 136 (1997)

*Kumho Tire Company, Ltd v. Carmichael*, 526 U.S. 137 (1999)

*Moore North America, Inc. v. The Standard Register Co.*, (No. 98-CV-485C) 2002 U.S. Dist. LEXIS 26488 (W.D.N.Y. Jun. 21, 2002)

*Pedigo v. Unum Life Ins. Co. of America*, 145 F.3d 804 (6th Cir. 1998)

*Regional Airport Authority of Louisville and Jefferson County v. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006)

*Thomas v. Cook County Sheriff*, 514 F. Supp. 2d 1083 (N.D. Il. 2007)

*U.S. Info. Sys, Inc. v. IBEW Local Union No. 3*, 313 F. Supp. 2d 213 (S.D.N.Y. 2004)

*Wang Laboratories v. Toshiba Corp.*, 762 F. Supp. 1246 (E.D.Va. 1991), *rev'd in part on other grounds* 993 F.2d 858 (Fed. Cir. 1993)

*Yancey v. Carson*, (No. 3:04-CV-556, 3:04-CV-610) 2007 U.S. Dist. LEXIS 78289 (E.D. Tenn. Oct. 19, 2007)

**Federal Statutes**

Fed. R. Civ. P. 26(b)(2)(B)

Fed. R. Evid. 403, 701 - 703, 705, 801 & 802

**State Statutes**

Cal. Civ. Code, §§ 1636, 1638, 1644 (2009)

I.   INTRODUCTION

Defendants seek to introduce legal argument as "expert opinion," through proffering outside counsel, Peter Paterno as an expert witness who does not meet the qualifications of an expert under FED. R. EVID. 702. Defendants have a choice in the expert they select. Having chosen Paterno, they must, but have failed to establish his testimony will comply with the standards set forth in FED. R. EVID. 702. This is an affirmative obligation Defendants have failed to satisfy. Therefore, Paterno must not be permitted to testify as an expert.

Furthermore, although Defendants claim that Paterno is not offering a legal opinion, that is exactly what they intend for him to do. In essence, it is tantamount to putting Defendants' counsel on the stand to testify how their client's contract provisions at issue in this matter should be interpreted. Paterno's testimony focuses on the Mechanical Royalties clause in the contract at issue in this matter, drafted under his direction. He proposes to offer speculative testimony as to how the music industry would interpret those clauses. Such testimony is not expert testimony, but constitutes legal argument, is unreliable and is hearsay. It is clearly inadmissible.

Additionally, Paterno is anticipated to offer legal argument that conflicts with California law governing contract by contending that wording of the Mechanical Royalties clause at issue which clearly sets forth only the rates that will apply when a license "will be issued" and which clearly sets forth no terms of for issuance of the mechanical license, should be disregarded and interpreted to mean that a license "is hereby" issued. Paterno's argument substitutes the clear language of the contract and is contrary to California law and is therefore, inadmissible.

II.  STATEMENT OF FACTS

A. Paterno's expert role in this matter.

Paterno is an attorney and outside counsel to Defendant Aftermath. Paterno Apr. 30,

1

2008 Depo., attached to the declaration of Marc Guilford filed concurrently herewith as Exhibit A ("Apr. D."), 23:16-21, 24:20-21, 25:1-9.  Paterno oversaw his associate's drafting of the Mechanical Royalties clause in the contract at issue in this matter dated March 9, 1998 between his client Aftermath and F.B.T. Productions furnishing the services of Marshall B. Mathers III p/k/a "EMINEM." Apr. D., 83:15-18.

### B. Paterno's limited experience with similar contracts in the industry

Paterno's work is primarily negotiating artist agreements for his clients who are producers. Apr. D., 22:14-23:15.  Although paralegals in his firm issue licenses for compositions, Paterno has never done so.  Paterno Nov. 20, 2008 Depo., attached to the declaration of Marc Guilford filed concurrently herewith as Exhibit B ("Nov. D."), 25:1-16. Paterno never reviewed any digital agreements between Universal or other record companies and various digital download companies. Apr. D., 58:5-13.  He does not know whether they are licenses or not.  *Id.*  He has not read the Copyright Act.  Nov. D., 45:11-20.  He has no knowledge of how the Digital Performance Right and Sound Recording Act of 1995 affects controlled composition clauses used in the music industry or the "Mechanical Royalties" at issue, which are the specific focus of his "expert" testimony. *Id.,* 59:2-62:12.  He offers an opinion that the Mechanical Royalties clause at issue operates as a mechanical license, but cannot identify any specific source in the music industry to support his opinion.  Nov. D., 50:12-52:21.

His testimony indicates a lack of familiarity with music industry practice concerning securing permanent download licenses from publishers.  Nov. D., 26:16-32:8, 78:21-80:9.  His counsel prohibited him from providing information on this topic (*id.*) as well as his knowledge of provisions of the Copyright Act (*id.,* 33:16-34:9) and other matters relating to the contract at issue (*id*. 52:22-53:11, 59:7-62:11, 63:21-64-25, 73:22-74:4).  Such information may lead to

admissible evidence and relates to his qualifications.  His deposition fails to show he has any knowledge of music industry practice beyond the confines of his own law practice.

Paterno's propensity to make broad statements of fact without factual support is particularly troublesome.  When asked about the basis for his opinion, he often was unable to offer any objective basis, e.g. *id.*, 80:5-9 (stating Universal's practice, then when asked for the basis, "I don't know");  *id.*, 85:2-86:8 (indicating his understanding of the interpretation of the Mechanical Royalties clause is based upon his conversation with one of Defendants' counsel and "somebody around the time of [his] last deposition," but does not remember who that person is); and *id.*, 87:4-24 (testifying that he has "no idea" of other Mechanical Royalties clauses with the wording "will" versus "is hereby" as he contends it should be interpreted.)

### C. Paterno's limited role in the music industry

Outside of his activities as an attorney in private practice, Paterno's role in the music industry was limited to Chief Executive for Hollywood Records from 1990-1994, until he was terminated and asked to leave the company.  Apr. D*.*, 11:1 - 12:9, 17:10 - 18:4.  In that capacity he had people working for him to sign and market artists, but his job was "to meet with people." *Id.*  Paterno's testimony confirms that he is not recognized as an expert and his opinion has not been sought with respect to the issue of the manner or method by which artists should be paid for digital exploitation of music.  *Id.*, 36:9-24.  When asked if he writes articles or makes public comment from time to time on issues in the music business, Paterno replied, "I don't write articles very much because they take time.  But if people come and ask me questions, I'll give them some silly reply." *Id.*, 35:15-24. He does not consider himself to be a legal scholar as to the Copyright Act.  Nov. D.,  22:16-25.

### D. Defendants' failure to comply with Fed. R. Civ. P. 26(b)(2)(B)

3

Defendants have never provided Plaintiffs with a written report pursuant to FED. R. CIV. P. 26(b)(2)(B) concerning expert testimony to be introduced from Paterno, initially identified as a fact witness, later on November 20, 2008 identified as a principal and rebuttal witness.

### III. ARGUMENT

#### A. Standard for Admissibility of Expert Testimony

It is universally accepted that courts serve an important function as "gatekeeper" to distinguish between reliable expert testimony which is admissible and that which is not. *Kumho Tire Company, Ltd v. Carmichael*, 526 U.S. 137, 152 (1999).

Unless Defendants establish Paterno as an expert, any opinions or inferences he may offer are limited to those which are "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." FED. R. EVID. 701. His statements of the understanding of persons in the music industry would be hearsay and inadmissible. FED. R. EVID. 801(c) & 802.

In order to be recognized as an expert, Defendants must establish Paterno has "scientific, technical, or other specialized knowledge" which will assist the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. Once and only if this is established, Defendants must also establish the following before he can offer expert testimony: (1) his testimony to be offered is based upon sufficient facts or data, (2) it is the product of reliable principles and methods, and (3) Paterno has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702.

#### B. Paterno Testimony Will Not Be Helpful

The ultimate issue in this matter involves how the Mechanical Royalties clause in the

contract between the parties is to be legally interpreted.  Paterno supervised the drafting of the Mechanical Royalties clause for a recording agreement at issue as counsel for Defendant Aftermath.  Apr. D., 83:15-18.  Defendants seek to introduce Paterno "as an expert on how participants in the music industry understand words in a controlled composition clause."  Nov. D., 41:16-22. In other words, Paterno is not testifying to aid the court on the meaning of complex or scientific industry terms, but is testifying as to how the music industry purportedly understands the words in such an agreement.  Yet, his deposition confirms that his knowledge and expertise is limited and does not extend beyond the contracts he handles and clients he has represented.   There is no basis to indicate Paterno's opinions can withstand testing outside the narrow realm of his own practice.  Therefore, his testimony will not be helpful to ascertain what the music industry understanding and practice is with respect to the clause at issue.

### C. Paterno's Opinions and Understanding Is Subjective And Speculative

Defendants must show that Paterno's opinions are "based upon sufficient facts or data." FED. R. EVID. 702.  Opinions based merely upon subjective belief, unsupported speculation, or "the *ipse dixit* of the expert" are inadmissible. *Kumho Tire*, 526 U.S. at 157, *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993).  Further, the court's gatekeeper role applies to *all* stages of expert analysis. *Id.*  The Rule mandates a searching inquiry, not just of the data underlying expert testimony, but also of the manner in which the expert interprets and extrapolates from those data. Thus, it is insufficient for the proponent of expert opinion merely to show that the opinion rests on data viewed as legitimate in the context of a particular area of expertise. The proponent must also show that any opinion based on those data expresses conclusions reached through reliable principles and methodology. *Id.*

In making this assessment, courts must "make certain that an expert, whether basing

testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Khumo Tire*, 526 U.S. at 152. Although it is permissible for experts to "explain [their] own understanding of the law and apply it to [expert opinions] on the issues of fact without giving expert opinions on what the law is" *(see Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, (No. 02-22555) 2004 U.S. Dist. LEXIS 30795 (S.D. Fla. Mar. 12, 2004))*, this is not what Defendants are offering with Paterno's testimony.

Instead, Paterno is offering his own personal subjective opinion for which he offers no objective support. Paterno's testimony about his own personal subjective understanding of how professionals in the music industry interpret these contracts is not relevant. Paterno cites no objective sources to support his opinions; they are not based upon any testing, peer review and publication, or objective standard. They are just his subjective opinion and inadmissible. *See General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997)(expert's testimony that failed to show a link between exposure to PCBs and cancer was inadmissible as subjective unsupported speculation); *Yancey v. Carson*, (No. 3:04-CV-556, 3:04-CV-610) 2007 U.S. Dist. LEXIS 78289 (E.D. Tenn. Oct. 19, 2007)(expert's opinions "not arrived at by any methodology, let alone any reliable methodology" were inadmissible); *Thomas v. Cook County Sheriff*, 514 F. Supp. 2d 1083, 1096 (N.D. Il. 2007)(expert's testimony inadmissible as unsupported subjective belief and speculation); *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 421 (W.D. Pa. 2006), *vacated on other grounds* 244 Fed. Appx. 424 (3d Cir. 2007)(insurance expert's opinion on the application of an insurance policy was inadmissible since it was based solely on his subjective interpretation of the policy language); *Casper v. SMG*, 389 F. Supp. 2d 618, 623 (D.N.J. 2005) (professor expert's testimony was "merely conjectural," speculative, unreliable

and inadmissible); *Boyd v. State Farm Ins.*, 158 F.3d 326, 331 (5th Cir. 1998)(physician's unsupported conclusion that plaintiff employee was unable to perform work and that his medical condition simply "is so," constituted a subjective opinion which is inadmissible).

Although Paterno must demonstrate by pointing to objective sources what is in fact the music industry interpretation, his deposition confirms his inability to do so. On this basis, his testimony is not reliable and must not be permitted. *U.S. Info. Sys., Inc. v. IBEW Local Union No. 3*, 313 F. Supp. 2d 213 (S.D.N.Y. 2004)(to be admissible, expert testimony requires a valid "connection to the pertinent inquiry as a precondition to admissibility" and must be "more than subjected belief or unsupported speculation"). Under Rule 702, the court should also weigh the need and utility of the testimony against the time and expense involved. Paterno's testimony is a waste of time and expense and confuses the record. There is no benefit to self-serving testimony from the lawyer who supervised the draft of a contract provision that is at dispute as to his understanding of how it should be interpreted.

### D. Paterno's Testimony Is Contrary to California Contract Law

Defendants seek to use Paterno's testimony to support their proposition that the word "will" clearly and expressly stated in the contract should be disregarded. In essence, Defendants want Paterno to rewrite the contract for them despite the fact that the contract specifically uses and distinguishes the words "shall" versus "will," with the latter being used in a future or conditional context and that the Mechanical Royalty Clause merely specifies rates that will be set, but does not contain any language specifying or issuing a license of any sort.

Under California law, the mutual intention of the parties at the time the contract is formed governs its interpretation. Cal. Civ. Code, § 1636 (2009). This is ascertained from the "clear and explicit" words of the contract, interpreted in their "ordinary and popular sense," unless

"used by the parties in a technical sense, or unless a special meaning is given to them by usage." *Id.*, §§ 1636, 1638, 1644. As noted in Plaintiff's other motion *in limine* filed contemporaneously with this motion, Paterno (and other witnesses) testified there were no communications involving this issue between the parties to the contract. The plain language does not relate to technical words and is clear and explicit. Paterno has no evidence or support that the provision at issue or the word "will" is given a "special meaning" in the music industry (*infra* ¶II.B), he offers only his unsupported opinion that it "is so." Paterno's self-serving opinion and "expertise" are not needed, contravene California law, and are inadmissible. *See Boyd*, 158 F.3d at 331.

### E. Failure to Comply with Rule 26(a)(2)(B)

Defendants should not be permitted to present expert testimony from Paterno because they have failed to comply with FED. R. CIV. P. 26(a)(2)(B) which requires a written report from any expert witness "retained or specially employed to provide expert testimony in the case." Defendants were put on notice of Plaintiffs' objection and their failure to submit this required written report. Paterno admits that he was "engaged"[1] by Defendants (including Apple Computer, Inc., who is not his client). Nov. D., 14:2-20:12.

Paterno's testimony is not confined to that of an actor/viewer, but includes his opinions about information from other sources, notably Abrams and the music industry. The fact that the Mechanical Royalties clause at issue was drafted under Paterno's direction does not relieve Defendants of their obligation to provide a written expert report on Paterno pursuant to Rule 26(a)(2)(B). The Sixth Circuit has addressed the "actor/viewer exception" under Rule 26(a) and has upheld the exclusion of witnesses offering expert testimony when the party proponent failed

---

[1] Paterno is being compensated at a rate of $600 per hour for his services as an expert. Nov. D. 54:2-7.

to provide a written report as required. *Pedigo v. Unum Life Ins. Co. of America*, 145 F.3d 804, 807-08 (6th Cir. 1998) (Physician plaintiff was required to submit an expert report concerning his medical opinions of his own injuries incurred as a result of a gun shot wound because he was testifying about his injuries from pictures taken from hospital charts and testifying "from information observed, gathered, and preserved by others.") *See also Charash v. University of Kentucky Medical Center*, 43 S.W.3d 274, 280 (Ky. Ct. App. 2000), *citing Pedigo v. Unum Life Ins. Co. of America* (prohibiting plaintiff physicians from testifying as expert witnesses and as to matters for which they did not have first-hand knowledge).

F.  **Paterno Should Be Disqualified Due to Failure to Disclose Privilege Information**

Defendants' failure to submit the required report is compounded by Defendants' consistent denial of discovery by repeatedly asserting that information obtained from counsel is privileged since Paterno also represents Defendant Aftermath. Nov. D., 20:3-21:10. Paterno must be disqualified as an expert witness because Defendants are seeking to introduce opinions which Paterno formed after considering confidential or privileged information which Defendants will not permit Paterno to disclose to the Plaintiffs. Therefore, Plaintiffs are effectively denied the opportunity to test and cross-examine Paterno with respect to the reliability of his opinions, which undermines the credibility of this proceeding and is inadmissible under FED. R. EVID. 403.

Most courts, as well as the Court of Appeals for the Sixth Circuit, have held that the expert disclosures in Rule 26(a)(2)(B) extend not just to the materials relied on by an expert, but also to any information provided to and reviewed by the expert. *Regional Airport Authority of Louisville and Jefferson County v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006)(Rule 26(a)(2)(B) requires disclosure of "a complete statement of the data or other information considered" by the expert witness and "mandates disclosure of all documents" whether or not they are otherwise privileged); *see also Gateway, Inc. v. ACS Commercial Solutions, Inc.*, (No.

07 Civ. 6732(CM)(DF)) 2009 U.S. Dist. LEXIS 33247 (S.D.N.Y. Apr. 17, 2009)(party was required to produce all documents that were considered by their expert, whether or not their expert ultimately relied upon such documents).

Since Defendants have asserted the privilege and refused to permit Paterno to disclose confidential information obtained through his relationship with them and other clients, Paterno must be disqualified. In *Moore North America, Inc. v. The Standard Register Co.*, (No. 98-CV-485C) 2002 U.S. Dist. LEXIS 26488 (W.D.N.Y. Jun. 21, 2002), the court set forth the following two-pronged inquiry that most federal courts consider when deciding a motion to disqualify an expert on the basis of their prior relationship with a party: (1) whether it was objectively reasonable for the first party who claims to have retained the expert to believe that a confidential relationship existed, and (2) whether that party disclosed any confidential information to the expert. *Id.* "Affirmative answers to both inquiries compel disqualification." *Id., citing Wang Lab. v. Toshiba Corp.*, 762 F. Supp. 1246, 1502 (E.D.Va. 1991), *rev'd in part on other grounds* 993 F.2d 858 (Fed. Cir. 1993). With respect to Paterno, both answers are affirmative; Paterno must be disqualified.

## IV. CONCLUSION

For the reasons described above, the Court should grant Plaintiffs' motion and exclude evidence Defendants' seek through Peter Paterno under FED. R. EVID. 702, 703 and/or 705.

Dated: September 14, 2009            Respectfully submitted,

| | |
|---|---|
| Howard Hertz (P26653) | /s/ Richard S. Busch |
| Jay G. Yasso (P45484) | Richard S. Busch (TN BPR#14594) |
| Hertz Schram PC | King & Ballow |
| 1760 South Telegraph Road, #300 | 315 Union Street, Suite 1100 |
| Bloomfield Hills, MI 48302 | Nashville, TN 37201 |
| (248) 335-5000 | (615) 259-3456 |
| hhertz@hertzschram.com | rbusch@kingballow.com |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via the Court's Electronic Filing System:

| Counsel | On behalf of |
|---|---|
| Daniel D. Quick, Esq.<br>Dickinson Wright PLLC<br>38525 Woodward Ave<br>Suite 2000<br>Bloomfield Hills, MI 48304<br>(t): (248) 433-7200<br>(e): dquick@dickinsonwright.com<br><br>Kelly M. Klaus, Esq.<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave<br>Suite 3500<br>Los Angeles, CA 90071-1560<br>(t): (213) 683-9238<br>(e): kelly.klaus@mto.com | Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment |

This 14th day of September 2009.

            s/ Richard S. Busch