# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**EIGHT MILE STYLE, LLC, and MARTIN AFFILIATED, LLC,**

    Plaintiffs,

vs.

**APPLE COMPUTER, INC. and AFTERMATH RECORDS d/b/a AFTERMATH ENTERTAINMENT**

    Defendant.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| | |
|---|---|
| Howard Hertz, Esq. (P26653) | Richard S. Busch  (TN BPR#14594) |
| Jay G. Yasso, Esq.  (P45484) | King & Ballow |
| Hertz Schram PC | 1100 Union Street Plaza |
| 1760 S. Telegraph Rd., Suite 300 | 315 Union Street |
| Bloomfield Hills, MI 48302 | Nashville, TN 37201 |
| (248) 335-5000 | (615) 259-3456 |
| hhertz@hertzschram.com | rbusch@kingballow.com |
| jyasso@hertzschram.com | Attorneys for Plaintiffs |
| Attorneys for Plaintiffs | |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE TESTMIONY OF STEVEN MARKS, EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL OF THE RIAA**

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether the Court should exclude the testimony of Steven Marks, Executive Vice President and General Counsel of the RIAA, who Defendants disclosed as a potential witness on August 28, 2009, long after fact discovery closed, and who Defendants have indicated would testify about an agreement that is irrelevant to this case.

Plaintiffs' answer: Yes.

# CONTROLLING AUTHORITIES

## Federal Cases

*Caudell v. City of Loveland*, 226 Fed. Appx. 479 (6th Cir. 2007)

*Roberts v. Galen of VA, Inc*., 325 F.3d 776 (6th Cir. 2003).

## Federal Rules

Fed. R. Civ. P. 26

Fed. R. Civ. P. 37(c)(1)

## Local Rules

Local Rule 16.2(b)(8)

I. INTRODUCTION

Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC (collectively, "Plaintiffs") move the Court to exclude the testimony of Steven Marks, Executive Vice President and General Counsel of the Recording Industry Association of America ("RIAA") pursuant to Federal Rule of Civil Procedure 37(c)(1) and local rule 16.2(b)(8). This witness was only disclosed by Defendants on Friday, August 28, 2009, less than a month before trial, two and a half weeks after the parties exchanged witness lists in order to prepare the Joint Final Pretrial Order, and long after the close of discovery.

Federal Rule of Civil Procedure 37(c)(1) provides that a party is not allowed to use a witness at trial if that party fails to identify that witness as required under Rule 26(a) or Rule 26(e). Likewise, Local Rule 16.2(b)(8) provides, "Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed."

Defendants only disclosed Mr. Marks, for the first time, on August 28, 2009 and plaintiffs have been entirely unable to take discovery on this witness or, ultimately, depose him. The Court should, thus, exclude Mr. Marks from testifying at trial.

II. STATEMENT OF FACTS

Discovery in this case began in mid-February 2008, when Plaintiffs served their initial disclosures and first sets of written discovery requests on Defendants. While Defendants served their own written discovery requests on Plaintiffs at approximately the same time, they never served any form of initial disclosures, despite this failure being repeatedly brought to their attention. *See* Doc. No. 80, p. 4-5.

Defendants proffer Mr. Marks to testify about an agreement between the Recording Industry of America ("RIAA"), a trade group representing the major, multinational record companies, the National Music Publishers' Association Inc. ("NMPA") and the Harry Fox Agency ("HFA"), the largest U.S. licensing agency for music publishers. Plaintiffs are not now and have never been associated with any of these companies. *See* Doc. No 74-32, ¶ 17. Plaintiffs discuss this RIAA-NMPA-HFA agreement, and its inapplicability to the case at bar, in their Response to Defendants Motion for Summary Judgment, filed on August 28, 2008. Doc. No. 74, p. 8-9.

Defendants remained silent on the RIAA-NMPA-HFA agreement for almost a year after the topic was briefed during summary judgment. On July 24, 2009, Defendants issued a subpoena for documents and testimony to Harry Fox Agency regarding, among other things, "All documents referring to the RIAA-NMPA-HFA Agreement, and any changes in HFA licensing policy relating to the RIAA-NMPA-HFA Agreement or implemented since the inception or expiration of that agreement." See Guilford Decl. filed concurrently herewith ("Guilford Decl.") Exhibit A, July 24, 2009 subpoena to the Harry Fox Agency.

Plaintiffs and Defendants exchanged their Exhibit Lists on August 10, 2009. Mr. Marks was not listed as a potential witness for Defendants.

A deposition was taken of Mr. Maurice Russell, vice president of licensing, collections and business affairs at Harry Fox Agency, on August 11, 2009. Defendants used this opportunity to question Mr. Russell on the RIAA-NMPA-HFA agreement. Plaintiffs also deposed Mr. Russell regarding defendants' late-produced licenses, the production of which continued through June of this year.

Over two weeks after the deposition of Mr. Russell, Defendants informed Plaintiffs for the first time that they would be calling a witness from the RIAA, Steven Marks, to testify as to the RIAA-NMPA-HFA Agreement.  See Guilford Decl. Exhibit B, August 28, 2009 E-mail from Kelly Klaus.

Defendants' disclosure is untimely and prejudicial to plaintiffs.  Rather than being able to focus on preparation for trial, Plaintiffs now must deal with an entirely new witness which Defendants have pulled out of the blue.  The RIAA-NMPA-HFA Agreement was brought up over a year ago and Defendants had ample time between then and now to disclose their intentions regarding presenting a witness on this matter.  They had not done so and their failure is unjustified and prejudices Plaintiffs ability to prepare for trial.

### III. ARGUMENT

#### A. Defendants' Disclosure of Steven Marks is Untimely Under the Federal and Local Rules.

Federal Rule of Civil Procedure 26(a) requires each party to provide initial disclosures of potential witnesses.  Each party must provide the other with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. . .identifying the subjects of the information."  Fed. R. Civ. P. 26(a)(1).  These initial disclosures and subsequent discovery responses must be updated and supplemented in the event that a party discerns additional potential witnesses. Fed. R. Civ. P. 26(e).

Where a party fails to disclose an "individual likely to have discoverable information" in accordance with Rule 26(a)(1), to supplement prior Rule 26(a)(1) disclosures as required by Rule 26(e)(1), or to amend discovery responses as required by Rule 26(e)(2), the undisclosed witness

must be precluded from testifying at trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). The language of Rule 37 suggests that such exclusion is **mandatory**, not merely authorized, absent harmlessness or justification, and the Sixth Circuit has cited with approval the decision of another court to that effect. *Caudell v. City of Loveland*, 226 Fed. Appx. 479, 481 (6th Cir. 2007) (citing cases). The potentially sanctioned party has the burden of proving harmlessness. *Roberts v. Galen of VA, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

The Local Rules are similarly strict in their sanction. Local Rule 16.2(b)(8) provides, in relevant part, "Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed."

Defendants failed to identify Steven Marks as a potential witness in their initial disclosures, their discovery responses, or their list of witnesses they exchanged with Plaintiffs. Indeed, Defendants first identified Mr. Marks as a witness in an e-mail on Friday, August 28, 2009, less than a month before trial is scheduled to begin. Thus, Federal and Local Rules are clear—Mr. Marks's testimony should be excluded.

Defendants can point to nothing to show their failure to disclose Mr. Marks was "harmless" or "justified." At the very least, this late disclosure serves as distraction to Plaintiffs, who are busy preparing for trial. At worst, the late disclosure of Mr. Marks prevents Plaintiffs from taking adequate discovery from Mr. Marks, including a deposition. Even if Plaintiffs could prepare for and depose Mr. Marks, Plaintiffs have absolutely no time to find a rebuttal witness, if

such a witness would be necessary.

### B. Mr. Russell from Harry Fox Agency has Testified Regarding the RIAA-NMPA-HFA Agreement.

Defendants' late disclosure of Mr. Marks was motivated by their failure to get the testimony they wanted from Mr. Russell from the Harry Fox Agency. On July 24, 2009 Defendants issued a subpoena to Harry Fox Agency regarding, among other things, the RIAA-NMPA-HFA Agreement. See Exhibit A, hereto. Defendants took that deposition on August 11, 2009. It was only after Defendants were not completely satisfied with Mr. Russell's testimony that they found Mr. Marks to testify. Even so, defendants waited over two weeks after Mr. Russell's deposition to announce this witness to Plaintiffs.

Mr. Russell testified that it was his understanding that the RIAA-NMPA-HFA agreement was "created specifically for subscription services licensing." See Guilford Dec. Exhibit C, Excerpt of Deposition of Maurice Russell, p. 51:14-52:3. Subscription services have no relevance to the case at bar. Defendants, obviously unhappy with the testimony of Mr. Russell, have sought out another witness, Mr. Marks, to contradict that testimony.

Defendants only motivation to call Mr. Marks was the testimony of Mr. Russell.[1] Defendants had obviously been thinking about the RIAA-NMPA-HFA Agreement when they issued the subpoena to Harry Fox Agency on July 14, 2009. Defendants had obviously been thinking about the RIAA-NMPA-HFA agreement since, at least, mid-July, but more likely even earlier. Had Defendants wanted to call Mr. Marks, or, indeed, any witness from the RIAA, Defendants should have disclosed that to Plaintiffs, at the latest, when they issued the subpoena

---

[1] If Defendants argue that they intend to call Mr. Marks for additional or alternate topics, this makes their failure to identify him earlier even worse.

to Harry Fox Agency. Disclosure at this late stage of the case, long after discovery has closed, is completely without justification.

## IV. CONCLUSION

For the reasons described above, the Court should grant Plaintiffs' motion and exclude the testimony of Steven Marks, Executive Vice President and General Counsel of the RIAA

Dated: September 14, 2009                    Respectfully submitted,

/s/ Richard S. Busch
Howard Hertz (P26653)                         Richard S. Busch (TN BPR#14594)
Jay G. Yasso (P45484)                         King & Ballow
Hertz Schram PC                               1100 Union Street Plaza
1760 South Telegraph Road, #300               315 Union Street
Bloomfield Hills, MI 48302                    Nashville, TN 37201
(248) 335-5000                                (615) 259-3456
hhertz@hertzschram.com                        rbusch@kingballow.com
Attorneys for Plaintiffs                      Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via the Court's Electronic Filing System:

| Counsel | On behalf of |
| --- | --- |
| Daniel D. Quick, Esq.<br>Dickinson Wright PLLC<br>38525 Woodward Ave<br>Suite 2000<br>Bloomfield Hills, MI 48304<br>(t): (248) 433-7200<br>(e): dquick@dickinsonwright.com<br><br>Kelly M. Klaus, Esq.<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave<br>Suite 3500<br>Los Angeles, CA  90071-1560<br>(t): (213) 683-9238<br>(e): kelly.klaus@mto.com | Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment |

this 14th day of September 2009.

s/ Richard S. Busch