UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

**DEFENDANT AFTERMATH RECORDS AND DEFENDANT APPLE INC.'S
MOTION IN LIMINE NO. 2: TO LIMIT TESTIMONY OF MARK A. LEVINSOHN**

Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

Glenn D. Pomerantz
Kelly M. Klaus
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
glenn.pomerantz@mto.com; kelly.klaus@mto.com;
melinda.lemoine@mto.com

Attorneys for Defendants

8790829.1

# DEFENDANTS' MOTION IN LIMINE NO. 2:
# TO LIMIT TESTIMONY OF MARK A. LEVINSOHN

Defendants will and hereby do move *in limine* for an Order precluding Plaintiffs from attempting to elicit from Mark A. Levinsohn any testimony regarding any matters other than what Mr. Levinsohn claims he stated to representatives of Universal Music Group ("Universal"), and what he claims those Universal representatives stated to him, during certain license negotiations. Plaintiffs refused to allow Mr. Levinsohn to testify at his deposition regarding any other issues, including testimony regarding Mr. Levinsohn's claimed experience with controlled composition clauses. Plaintiffs also did not disclose Mr. Levinsohn as a witness who would offer any type of expert testimony in this case. In order to avoid any attempt by Plaintiffs to have Mr. Levinsohn offer testimony outside of the narrow range of facts that Plaintiffs permitted Mr. Levinsohn to testify to at his deposition, Defendants bring this motion *in limine*.

Pursuant to Local Rule 7.1, consent to this motion was sought but not obtained.

WHEREFORE, Defendants respectfully request that this Court grant their Motion.

                                                  s/Melinda E. LeMoine

                                                  Glenn D. Pomerantz
                                                  Kelly M. Klaus
                                                  Melinda E. LeMoine
                                                  Munger, Tolles & Olson LLP
                                                  355 South Grand Avenue, Suite 3500
                                                  Los Angeles, CA 90071-1560
                                                  (213) 683-9100
                                                  glenn.pomerantz@mto.com;
                                                  kelly.klaus@mto.com;
                                                  melindalemoine@mto.com

                                                  Attorneys for Defendants

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION LIMINE NO. 2: TO LIMIT TESTIMONY OF MARK A. LEVINSOHN

Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

Glenn D. Pomerantz
Kelly M. Klaus
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
glenn.pomerantz@mto.com; kelly.klaus@mto.com;
melinda.lemoine@mto.com

Attorneys for Defendants

# CONTROLLING AUTHORITIES

**Cases**

*Bank One, N.A. v. Echo Acceptance Corp.*, No. 04-CV-318, 2008 WL 1766891 (S.D. Ohio Apr. 11, 2008)

*In re Handley*, No. 03-CV-74493-DT, 2006 WL 305683 (E.D. Mich. Feb. 9, 2006)

*United States v. Sixty Thousand Dollars ($60,000.00) in U.S. Currency*, 763 F. Supp. 909 (E.D. Mich. 1991)

Plaintiffs state that they will call Mark A. Levinsohn, a lawyer in New York who has represented the Plaintiffs and/or their affiliates since 2002. *See* Joint Final Pretrial Order at 42. Defendants deposed Mr. Levinsohn in connection with this case and the parallel Central District of California case (*F.B.T. Productions, LLC et al. v. Aftermath Records et al.*) on July 15, 2008. During that deposition, Plaintiffs' counsel repeatedly refused to allow Defendants' counsel to elicit *any* testimony from Mr. Levinsohn except on the very narrow issues of what Mr. Levinsohn claims he said, and what he claims was said to him, during his licensing negotiations on behalf of Plaintiffs with representatives of Universal Music Group ("Universal"). In addition, Plaintiffs never disclosed Mr. Levinsohn as an expert witness, and they may not now attempt to elicit any expert testimony from him.

Defendants accordingly move *in limine* for an Order that holds Plaintiffs to the very limitations on Mr. Levinsohn's testimony as to which Plaintiffs represented they would call Mr. Levinsohn.

I. **PLAINTIFFS REPEATEDLY INSTRUCTED MR. LEVINSOHN NOT TO TESTIFY REGARDING ANYTHING OTHER THAN WHAT HE CLAIMS HE SAID TO UNIVERSAL REPRESENTATIVES (AND WHAT THEY SAID TO HIM). MR. LEVINSOHN MAY NOT TESTIFY BEYOND THOSE SPECIFIC CONVERSATIONS.**

Plaintiffs' counsel could not have been clearer regarding what Mr. Levinsohn would testify to in this case. During Mr. Levinsohn's deposition, Defendants' counsel attempted to ask him numerous questions concerning the recording contracts that contain both the controlled composition clauses at issue in this case. Plaintiffs' counsel repeatedly objected to any questioning of Mr. Levinsohn on matters other than what he claimed he said, and what he claimed was said to him, in licensing negotiations on behalf of Plaintiffs with Universal

representatives. Plaintiffs' counsel claimed that Mr. Levinsohn's testimony regarding any other matters, including issues related to the meaning of controlled composition clauses (at issue in this case), either would reveal privileged conversations with his client, Joel Martin,[1] regarding these lawsuits; or would reveal what Plaintiffs' counsel claimed was Mr. Levinsohn's "work product," namely, his "mental impressions and conclusions" in connection with negotiating and/or drafting contracts for Mr. Martin and other of Mr. Levinsohn's clients. With the full consent of his client representative, Joel Martin, who was present at Mr. Levinsohn's deposition, Plaintiffs' counsel made the following statement on the record:

> MR. BUSCH [Plaintiffs' Counsel]: *I have discussed this further with Mr. Levinsohn and with Mr. Martin and our view of it is this*, that *Mr. Levinsohn was identified as a witness because of certain conversations that he had in connection with these matters with Universal and conversations -- and negotiations for the Eight Mile license*. And you have taken the opportunity now to treat him as a potential expert and to question him about items that are based on his mental impressions and conclusions. He's been retained by Mr. Martin to work on this case. *So we will not allow any further questioning of Mr. Levinsohn as relates to his mental impressions or conclusions in connection with these matters, because it would relate to attorney-client privilege and attorney work product*.
>
> MR. POMERANTZ [Defendants' counsel]: *Are you representing that you will not elicit any testimony from Mr. Levinsohn at trial that would be anything more than what he said or heard during the conversations that you just referenced?*
>
> MR. BUSCH: Our intent -- and I just want to make sure that this is correct and that everyone is on board with this. *Our intent is that Mr. Levinsohn, to the extent he will testify, will testify at trial about his conversations with Universal and his negotiations for the Eight Mile license. And to the extent he had any conversations concerning these contracts with Universal or Eminem,*

---

[1] Joel Martin manages Plaintiff Eight Mile Style, LLC and is the sole owner of Plaintiff Martin Affiliated, LLC. As the Court has seen in connection with prior filings, and as Mr. Martin no doubt will testify at trial, Mr. Martin purports to make all decisions for both of the Plaintiff LLCs in connection with this case.

2

8790829.1

> *which you've also gone into, that. But we will not be eliciting his own mental impressions and conclusions or interpretation of the contract at trial.*
>
> *Is that fair to say?*
>
> THE WITNESS [Mr. Levinsohn]: *Yes*.
>
> MR. BUSCH: Is that what we all understand? Okay.

Ex. 6 (Levinsohn Depo Tr. at 215:23-217:16) (emphasis added).

Pursuant to this invocation of privilege, Plaintiffs' counsel repeatedly refused to allow Defendants to question Mr. Levinsohn regarding matters that might be relevant to disputed issues of contract interpretation, such as the custom and practice of participants in the music industry regarding controlled composition clauses. For example, Mr. Levinsohn claimed that he had drafted controlled composition clauses that required a record company to negotiate the terms of a mechanical license at another time. *Id*. at 243:5-17. When Defendants' counsel tried to question Mr. Levinsohn regarding such contracts, Plaintiffs' counsel cut the questioning off, repeating his representation about the limited nature of Mr. Levinsohn's testimony. *Id*. at 244:21-245:20.

It is hornbook law that if a party instructs a witness not to answer questions regarding a subject, then the party cannot attempt to elicit testimony on those matters from that witness at the time of trial. *Bank One, N.A. v. Echo Acceptance Corp.*, No. 04-CV-318, 2008 WL 1766891, at *6 (S.D. Ohio Apr. 11, 2008) (a witness "may not testify to matters on which he refused to speak at his deposition" on the basis attorney-client privilege. "A litigant 'is free to stand behind its attorney-client privilege, and refuse to produce the opinions. As a consequence, however, [the litigant] will be precluded from introducing the opinion or testimony of its counsel' as to questions which he previously refused to answer. . . . Attorney-client privilege is not a tactical weapon. . . . . Moskowitz cannot hide behind the privilege during pretrial discovery only to

emerge from its protection at the critical time to the surprise of an unprepared adversary.") (citations omitted); *In re Handley*, No. 03-CV-74493-DT, 2006 WL 305683 at * 3 (E.D. Mich. Feb. 9, 2006) ("The discovery procedures in a civil proceeding would be frustrated if a party is allowed to present 'surprise' testimony at trial because the party was allowed to avoid discovery by asserting a Fifth Amendment privilege. The Bankruptcy Court's ruling [prohibiting the Debtor from testifying at trial] was not in error and is affirmed."); *United States v. Sixty Thousand Dollars ($60,000.00) in U.S. Currency*, 763 F. Supp. 909, 913 (E.D. Mich. 1991) (claimant asserting his Fifth Amendment privilege during discovery and refusing to testify "may not now testify at trial or factually oppose the government's motion for summary judgment").

This rule applies with full force here. Plaintiffs' counsel invoked privilege and work product assertions to preclude Mr. Levinsohn from testifying on any matters other than what Mr. Levinsohn claims he said to Universal representatives, and what he claims they said to him, during licensing negotiations where Mr. Levinsohn was representing the Plaintiffs. Plaintiffs may not attempt to elicit testimony from Mr. Levinsohn on anything other than the narrow factual matters of who said what to whom during these claimed conversations.

## II. MR. LEVINSOHN WAS NOT DISCLOSED AS AN EXPERT WITNESS FOR PLAINTIFFS, AND PLAINTIFFS MAY NOT ATTEMPT TO ELICIT ANY EXPERT TESTIMONY FROM HIM.

In addition to the issue identified in Point I, above, the Court also should preclude Mr. Levinsohn from offering any expert testimony in this case, whether on purported "custom and practice" in the music industry regarding the types of contractual provisions at issue in this case, or any other matter. Not only did Plaintiffs' instructions preclude any questioning of Mr. Levinsohn on such matters at his deposition, but ***Plaintiffs did not disclose Mr. Levinsohn as an***

4

*expert witness at all in this case*.  Ex. 7 (Plaintiffs' Expert Disclosures).  Accordingly, the Court also should make clear in its Order that Mr. Levinsohn may not offer *any* expert testimony.

| | |
|---|---|
| Daniel D. Quick (P48109)<br>Dickinson Wright PLLC<br>38525 Woodward Avenue, Suite 2000<br>Bloomfield Hills, MI 48304<br>(248) 433-7200<br>dquick@dickinsonwright.com<br><br>Attorneys for Defendants | s/ Melinda E. LeMoine<br>Glenn D. Pomerantz<br>Kelly M. Klaus<br>Melinda E. LeMoine<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, Suite 3500<br>Los Angeles, CA 90071-1560<br>(213) 683-9100<br>glenn.pomerantz@mto.com;<br>kelly.klaus@mto.com;<br>melinda.lemoine@mto.com<br><br>Attorneys for Defendants |

8790829.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

s/Melinda E. Lemoine
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
melinda.lemoine@mto.com

Attorneys for Defendants
