UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY OF PETER PATERNO

Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

Glenn D. Pomerantz
Kelly M. Klaus
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
glenn.pomerantz@mto.com; kelly.klaus@mto.com;
melinda.lemoine@mto.com

Attorneys for Defendants

i

8832903.2

# CONCISE STATEMENT OF ISSUES PRESENTED

Whether the Court should exclude the expert testimony of Peter Paterno, who has more than 30 years of relevant experience in the customs and practices of the music industry regarding controlled composition clauses, from offering testimony that is not only relevant but that the substantive law controlling the interpretation of the controlled composition clauses in issue requires the Court to consider as extrinsic evidence?

Defendants' answer: No.

# CONTROLLING AUTHORITIES

**Cases**

*Bowling v. Hasbro, Inc.*, 2006 WL 2345941 (D.R.I. Aug. 10, 2006)

*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993)

*First Tennessee Bank Nat. Ass'n v. Barreto*, 268 F.3d 319 (6th Cir. 2001)

*Harley v. Potter*, 2009 WL 2604506 (W.D. Okla. Aug. 25, 2009)

*ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1652056 (D. Kan. June 6, 2007)

*John Deere Co. v. Ohio Gear*, 2007 WL 1284001 (C.D. Ill. May 1, 2007)

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)

*Mannino v. International Mfg. Co.,* 650 F.2d 846 (6th Cir. 1981)

*Medtronic Sofamor Danek, Inc. v. Michelson*, 2004 WL 5535812 (W.D. Tenn. Apr. 6, 2004)

*United States v. Barker*, 553 F.2d 1013 (6th Cir. 1977)

*United States v. Brawner*, 173 F.3d 966 (6th Cir. 1999)

*United States v. Vance*, 871 F.2d 572 (6th Cir. 1989)

*Wolf v. Superior Court*, 114 Cal. App. 4th 1343 (2004)

**Federal Rules**

Fed. R. Civ. P. 26(a)(2)(B)

Fed. R. Evid. 702

**Other Authorities**

1993 Amendments Advisory Committee Notes to Fed. R. Civ. P. 26(a)(2)(B)

4 *Weinstein's Federal Evidence* § 702.04

**I.      INTRODUCTION**

Peter Paterno has been a day-in, day-out participant in the negotiation, drafting and performance of recording contracts in the music business for more than 30 years, including as a lawyer representing artists and music publishers, and as the President of a record company. Ex. 1 (Paterno Apr. at 10-23); Ex. 2 (Paterno Nov. at 21-24, 55-57). Plaintiffs falsely suggest that Defendants intend to have Mr. Paterno offer wide-ranging expert testimony on legal conclusions. Not so. Defendants designated Mr. Paterno as an expert on music industry custom and practice in rebuttal to the first numbered "opinion" Plaintiffs propose to elicit from law professor Howard Abrams. Ex. 2 (Paterno Nov. at 9-10, 74-88), whom Plaintiffs propose to offer as an expert on the law. Plaintiffs want Prof. Abrams to testify that the controlled composition clauses in the Eminem recording agreements are not "self-effectuating." As Defendants explain in their motion *in limine* 1, Prof. Abrams' has **_no_** relevant experience to offer such an opinion. His proposed testimony is based on his claimed interpretation of grammatical tense, **_not_** on any actual industry experience.[1] This motion is Plaintiffs' attempt to obscure Prof. Abrams' unqualified and inadmissible "opinions." Prof. Abrams should be excluded as a "custom and practice" expert. Mr. Paterno should not.[2]

Plaintiffs omit to tell the Court that Mr. Paterno will also testify as a *percipient* witness regarding the negotiation and drafting of the contracts in issue. Mr. Paterno represented

---

[1] This is Prof. Abrams' purported "opinion": "Q: What is your basis for your understanding of what the words "will [be] license[d]" mean in paragraph 6(a) of the 1998 contract? Prof. Abrams: ***That because will is future tense, it's something they will do in the future***." Defts' Mot. in Lim No. 1 Ex 1 at 72:12-16.

[2] Defendants also designated Mr. Paterno as an expert to rebut two "opinions" offered by Patrick Sullivan, whom Plaintiffs have not even listed as someone they will call at trial. Plaintiffs had full opportunity to, and did, examine Mr. Paterno on his rebuttal opinions on these two points. Ex. 2 (Paterno Nov. at 10-11, 36-74). Mr. Paterno's testimony on these points is admissible.

1

Aftermath in those negotiations. Plaintiffs have designated large portions of his testimony on those matters, which Plaintiffs explored in depth at Mr. Paterno's deposition as a percipient witness. Ex. 3 (Paterno Designations). This is a bench trial. Mr. Paterno's expert testimony on discrete topics will not "confuse" the Court or "waste" its time. Mot. at 7.

## II. ARGUMENT

### A. Mr. Paterno's Testimony Is Relevant and Helpful

Trial courts have "broad discretion to admit expert testimony under Rule 702." *United States v. Vance*, 871 F.2d 572, 577 (6th Cir. 1989). The touchstone is whether the expert's testimony will help the trier of fact. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1993); *United States v. Brawner*, 173 F.3d 966, 969 (6th Cir. 1999).

Mr. Paterno's testimony is not only helpful; it is evidence the authorities require the Court to consider. A central disputed issue is whether the controlled composition clauses license the challenged uses of the compositions. Under California law, which controls the interpretation of the contracts containing those clauses, "the trial court must provisionally receive any proffered extrinsic evidence which is relevant to show whether the contract is reasonably susceptible of a particular meaning." *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1350 (2004) (quotation omitted). Evidence of industry custom and practice is relevant and admissible to this inquiry. *Id*. at 1354-55, 1357 ("[T]he proffered evidence regarding trade usage and custom was relevant to prove an interpretation to which the agreements were reasonably susceptible in the entertainment industry context."). Mr. Paterno's 30-plus years of actual experience in the customs and practices of the industry are relevant, helpful, and must be considered.

### B. Mr. Paterno Is Qualified to Offer Industry Custom and Practice Testimony

An expert's qualifications are judged liberally. 4 *Weinstein's Federal Evidence* § 702.04 ("The standard for qualifying expert witnesses is liberal."); *United States v. Barker*, 553 F.2d 1013, 1024 (6th Cir. 1977) ("[A] proposed expert witness should not be required to satisfy an overly narrow test of his own qualifications ….") (quotation omitted). The expert's knowledge can be based on personal experience. Fed. R. Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). "The weight of the expert's testimony must be for the trier of fact." *Mannino v. International Mfg. Co.* 650 F.2d 846, 851 (6th Cir. 1981). "[T]esting, peer review, and publication," Mot. at 6, are not per se requirements for non-scientific expert testimony. Expert testimony may be reliable if it is based on practical experience. *First Tennessee Bank Nat. Ass'n v. Barreto*, 268 F.3d 319, 334-35 (6th Cir. 2001).

Mr. Paterno has a wealth of practical experience, accumulated over 30 years of dealing in artist recording agreements with controlled composition clauses on both sides of the table. Ex. 1 (Paterno Apr. at 10-23); Ex. 2 (Paterno Nov. at 21-24, 55-57). Mr. Paterno's practical experience dwarfs Prof. Abrams' itinerant dabbling in artist contracts. It more than satisfies the minimum reliability requirements of Rule 702. Plaintiffs' critiques, based on truncated and misleading quotations cherry-picked from the transcript, at most go to weight.

### C. California Law Requires Consideration Of Mr. Paterno's Testimony

As discussed, California law requires a Court to consider competent extrinsic evidence, including industry custom and practice evidence, where (as here) the parties dispute the meaning of contract language. *Wolf*, 114 Cal. App. 4th at 1350. "Indeed, it is reversible error for a trial

court to refuse to consider such extrinsic evidence on the basis of the trial court's own conclusion that the language of the contract appears to be clear and unambiguous on its face." *Id.* at 1351.

Contrary to Plaintiffs' contention, plain meaning cannot resolve the dispute in Plaintiffs' favor. The only "plain" reading of the contract means Plaintiffs lose. The words stating that all controlled compositions "will be licensed" cannot be read to mean that they "will **_NOT_** be licensed," which is Plaintiffs' erroneous interpretation. Under California law, the Court is obligated to hear evidence of custom and practice concerning how the entire controlled composition clause - and not just the word "will," which Plaintiffs misleadingly isolate, Mot. at 8 - is understood by participants in the industry. *Wolf*, 114 Cal. App. 4th at 1350-51.

### D. Plaintiffs' Complaint About A Report Is Meritless And Untimely

Mr. Paterno is a representative of Aftermath: he is its lawyer. Ex. 1 (Paterno Apr. at 22-24). He is not a specially retained expert or someone whose duties for Aftermath regularly involve expert testimony. Defendants were not required to submit a Report for him. Fed. R. Civ. P. 26(a)(2)(B); *id.* 1993 Amendments Adv. Comm. Notes ("The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.").[3]

Plaintiffs' complaints about not getting a report also are untimely. Defendants disclosed Mr. Paterno as an expert witness *over a year ago*. Ex. 4 (Defendant's Disclosure). Plaintiffs

---

[3] Courts repeatedly hold reports are not required from experts who work for a party and whose duties do not routinely involve expert testimony. *Harley v. Potter*, 2009 WL 2604506, at *1 (W.D. Okla. Aug. 25, 2009); *ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1652056, at *5 (D. Kan. June 6, 2007); *John Deere Co. v. Ohio Gear*, 2007 WL 1284001, at *1 (C.D. Ill. May 1, 2007); *Bowling v. Hasbro, Inc.*, 2006 WL 2345941, at *2 (D.R.I. Aug. 10, 2006); *Medtronic Sofamor Danek, Inc. v. Michelson*, 2004 WL 5535812, at *1 (W.D. Tenn. Apr. 6, 2004).

8832903.2

deposed Mr. Paterno on his expert opinions *last November* (after deposing him as a percipient witness in April 2008) Plaintiffs have known full well for nearly 10 months the subjects on which Mr. Paterno is designated as an expert and what his opinions are. Plaintiffs also have examined him on those opinions fully. Ex. 2 (Paterno Nov. at 9-10, 36-88). If Plaintiffs thought they needed a report or any additional information, they could have raised the issue anytime since last November. Waiting until days before trial to raise this issue is a sandbag.

### E. No Privilege Objections Blocked Plaintiffs' Inquiry Of Mr. Paterno on his Expert Opinions

Defendants did not block Plaintiffs from inquiring into Mr. Paterno's conversations with counsel regarding the three areas on which he was designated to testify. Plaintiffs were able to, and did, examine Mr. Paterno on those conversations. Ex. 2 (Paterno Nov. at 20-22). Defendants properly asserted privilege over those matters *outside* the subjects where he has been designated. *Id*. at 19-20. While long on rhetoric, Plaintiffs' motion is empty on substance on why this line was either erroneous or prejudicial to Plaintiffs. This motion should be denied.

s/Daniel D. Quick
Daniel D. Quick
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com
P48109

Attorneys for Defendants

s/Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9171
melinda.lemoine@mto.com

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

s/Melinda E. LeMoine
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
melinda.lemoine@mto.com

Attorneys for Defendants
