UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3

Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

Glenn D. Pomerantz
Kelly M. Klaus
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
glenn.pomerantz@mto.com; kelly.klaus@mto.com;
melinda.lemoine@mto.com

Attorneys for Defendants

**CONCISE STATEMENT OF ISSUES PRESENTED**

Whether this Court should exclude in advance of trial the testimony of four witnesses regarding the recording agreements at issue in this case, when the ruling Plaintiffs seek encompasses not only the "unexpressed intent" they claim is inadmissible but also includes wholly relevant and probative evidence of industry custom and practice?

Defendants' answer: No.

8842598.1

# CONTROLLING AUTHORITIES

**Cases**

*Ermolieff v. R.K.O. Radio Pictures*, 19 Cal. 2d 543 (1942)

*Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33 (1968)

*Pacific Gas & Electric Co. v. Zuckerman*, 189 Cal. App. 3d 1113 (1987)

*Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975)

*Wolf v. Superior Court*, 114 Cal. App. 4th 1343 (2004)

# BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3

I. INTRODUCTION

Plaintiffs' Motion in Limine No. 3 asks this Court to exclude the testimony of four witnesses as to their "unexpressed understanding" of the meaning of the 1998 and 2003 Eminem Agreements. While Defendants do not disagree that a party generally cannot introduce evidence of its own unexpressed intent, Plaintiffs' Motion seeks to exclude something entirely different — evidence of custom and practice in the music industry. California law makes a clear distinction between irrelevant, undisclosed subjective intent and relevant custom and practice evidence. It is black-letter law that custom and practice evidence is relevant and admissible. Defendants' witnesses are permitted to testify as to the meaning of the Controlled Composition clause, as established by industry custom and practice.

At the very least, this is an issue the Court may handle much more easily on a question by question basis at trial, which is the preferred course recommended by the Sixth Circuit over broad-based in limine motions. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Otherwise, the Court must consider the issue hypothetically based on what testimony Defendants *might* present, rather than what testimony Defendants *actually seek to* present. A pre-emptive, blanket exclusion of this broad category of all four witnesses' "unexpressed understanding" of the entirety of the Agreements is wholly overbroad and unnecessary, and would sweep in and deprive the Court and Defendants of the benefit of highly relevant custom and practice evidence. Plaintiffs' Motion should be denied.

II. ARGUMENT
    A.    **The Testimony of Paterno, Nieves, Hoffman and Rogell Is Relevant and Admissible as Custom and Practice Evidence.**

First, the Court *must* consider extrinsic evidence of a contract's meaning where the parties dispute it. *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1350 (2004) ("'Where the

1

meaning of the words used in a contract is disputed, the trial court must provisionally receive any proffered extrinsic evidence which is relevant to show whether the contract is reasonably susceptible of a particular meaning.'") (quoting *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 39-40 (1968)); *see also Pacific Gas & Elec. Co.*, 69 Cal. 2d at 39-40 ("[R]ational interpretation requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties."). Extrinsic evidence aids the court in determining whether the contract is "reasonably susceptible" to a meaning urged by a party. Once extrinsic evidence demonstrates that the contract is "reasonably susceptible" to the meaning urged, the court considers the extrinsic evidence to interpret the contract. *Wolf*, 114 Cal. App. 4th at 1351.

Second, it is well-settled under California law that evidence of custom and practice in an industry is relevant and admissible as extrinsic evidence to illuminate contractual terms. *Wolf*, 114 Cal. App. 4th at 1354-55, 1357 ("[T]he proffered evidence regarding trade usage and custom was relevant to prove an interpretation to which the agreements were reasonably susceptible in the entertainment industry context."); *Ermolieff v. R.K.O. Radio Pictures*, 19 Cal. 2d 543, 550 (1942) ("[I]f in reference to the subject matter of the contract, particular expressions have by trade usage acquired a different meaning, and both parties are engaged in that trade, the parties to the contract are deemed to have used them according to their different and peculiar sense as shown by such trade usage. Parol evidence is admissible to establish the trade usage, and that is true even though the words are in their ordinary or legal meaning entirely unambiguous."). Further, the rule that unexpressed, subjective intent is inadmissible does *not* bar custom and practice evidence. *Pacific Gas & Electric Co. v. Zuckerman*, 189 Cal. App. 3d 1113, 1141 (1987) ("While a party may not testify to his undisclosed subjective intent in entering into an agreement, the rule does not preclude admission of evidence of the surrounding circumstances,
test

*usage and custom in the industry*, negotiations and discussion, or any other extrinsic evidence which may shed light on the mutual intention of the parties.") (emphasis added).

Here, the testimony that Plaintiffs seek to exclude from Mr. Paterno, Ms. Nieves, Mr. Hoffman and Ms. Rogell is evidence of custom and practice in the music industry — not evidence of the parties' unexpressed intent. The parties dispute the meaning of the Controlled Composition clause in the Eminem Agreements, specifically the phrase "will be licensed." Accordingly, the Court must admit extrinsic evidence, including custom and practice evidence, at least provisionally to determine whether the language of the Controlled Composition clause is reasonably susceptible to the meaning urged by either Plaintiffs or Defendants.

For example, Plaintiffs claim that Marnie Nieves' testimony about the general understanding within the music industry of the operation of Controlled Composition clauses like the one at issue in this case is "unexpressed intent" that must be excluded. Mot. at 3. But the testimony Plaintiffs point to is clearly custom and practice evidence, wholly admissible under California law. Ms. Nieves testifies that in her experience in the "negotiation of these provisions with attorneys that represent artists" it is a "common understanding" that Controlled Composition clauses phrased as "is hereby licensed" and "will be licensed" have the same operation. Pl's Ex. C at 109-110. That is textbook custom and practice evidence, not unexpressed intent. Plaintiffs have had or will have ample opportunity to cross-examine Ms. Nieves on whether that is an accurate reflection of industry custom, and the Court can weigh the evidence accordingly.

**B.     Plaintiffs' Objection Is Better Dealt With at Trial On a Case-By-Case Basis.**

"Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). In this case, Plaintiffs seek to exclude the broad category of four witnesses' understanding of whole contracts, not just the core

clause at issue. Even if the Court is inclined to agree with Plaintiffs that the witnesses' testimony consists of unexpressed intent rather than custom and practice evidence, the Court should consider each witnesses' testimony at trial and make a determination then whether the witness is offering inadmissible evidence. Such an approach would ensure that custom and practice evidence — which is clearly relevant and admissible — is not improperly excluded.

### III.     CONCLUSION

Plaintiffs seek an overbroad order excluding relevant and admissible evidence of industry custom and practice. Their Motion should be denied.

| | |
|---|---|
| s/Daniel D. Quick<br>Daniel D. Quick P48109<br>Dickinson Wright PLLC<br>38525 Woodward Avenue, Suite 2000<br>Bloomfield Hills, MI 48304<br>(248) 433-7200<br>dquick@dickinsonwright.com<br><br>Attorneys for Defendants | s/Melinda E. LeMoine<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue Suite 3500<br>Los Angeles, CA 90071-1560<br>(213) 683-9171<br>melinda.lemoine@mto.com<br><br>Attorneys for Defendants |

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

s/Melinda E. Lemoine
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
melinda.lemoine@mto.com

Attorneys for Defendants

8842598.1