# *Eight Mile Style, LLC et al. v. Apple Computer Inc., et al.*
# Case No. 2:07-CV-13164

## EXHIBIT 2

## Plaintiffs' Notice of Issuance of Subpoena
## to The Harry Fox Agency,
## dated May 28, 2009

5005843.1

UNITED STATES DISTRICT COURT
FOR THE IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC, et al.

Plaintiffs,

vs.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

Defendant.

| Howard Hertz, Esq. (P26653)<br>Jay G. Yasso, Esq. (P45484)<br>Hertz Schram PC<br>1760 S. Telegraph Rd., Suite 300<br>Bloomfield Hills, MI 48302<br>(t): (248) 335-5000<br>(e): hhertz@hertzschram.com<br>(e): jyasso@hertzschram.com<br>Attorneys for Plaintiffs | Richard S. Busch (TN BPR#14594)<br>King & Ballow<br>1100 Union Street Plaza<br>315 Union Street<br>Nashville, TN 37201<br>(615) 259-3456<br>rbusch@kingballow.com<br>Attorneys for Plaintiffs |
|---|---|

## NOTICE OF ISSUANCE OF SUBPOENA

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Eight Mile Style, LLC and Martin Affiliated, LLC ("Plaintiffs) are issuing a subpoena for documents and testimony to the following witness:

The Harry Fox Agency
711 Third Avenue
New York, NY 10017

The deposition will commence at 9:00am on June 8, 2009 at the offices of Gordon, Gordon & Schnapp, 437 Madison Ave, 39th Floor New York, New York 10022 and continue from day to day, Sundays and holidays excluded, until completed, before a court reporter, notary public, or other person authorized by law to administer oaths. The deposition shall be recorded by stenographic and videographic means. The deposition

shall be used for discovery purposes and may be used at trial.

DATED: May 28, 2009

Respectfully submitted,

KING & BALLOW

*/s/ Richard S. Busch*
Richard S. Busch
(TN Bar No. 014594)
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com

*/s/ Howard Hertz*
Howard Hertz, Esq. (P26653)
Jay G. Yasso, Esq. (P45484)
Hertz Schram PC
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MS 48302
(t): (248) 335-5000
(e): hhertz@hertzschram.com
(e): jyasso@hertzschram.com

Attorneys for Plaintiffs

2

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| EIGHT MILE STYLE, LLC, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:07-cv-13164 |
| APPLE COMPUTER, INC. and AFTERMATH RECORDS d/b/a AFTERMATH ENTERTAINMENT | ) ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Michigan |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: The Harry Fox Agency, 711 Third Avenue, New York, NY 10017

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Gordon, Gordon & Schnapp 437 Madison Ave, 39th Floor   New York, NY 10022 | Date and Time: 06/08/2009 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and Videographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 5/28/09

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC, who issues or requests this subpoena, are:

Richard S. Busch    rbusch@kingballow.com    (615) 259-3456
King & Ballow
315 Union Street, Suite 1100   Nashville, TN 37201

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 2:07-cv-13164

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

## I. DEFINITIONS

A. "You," "Your" or "HFA" refers to the Harry Fox Agency, Inc., its agents, representatives, attorneys, and/or any other persons acting or purporting to act on its behalf.

B. "Defendants" or "Defendant" refers to Defendants Apple Computer, Inc. and Aftermath Records, collectively or separately, named in and referred to as such in the Complaint in the above-referenced case, their agents, representatives, attorneys, and/or any other persons acting or purporting to act on their behalf.

C. "Aftermath" refers to Defendant Aftermath Records d/b/a Aftermath Entertainment its parent company, its subsidiaries, its affiliates, and any other related company, including but not limited to UMG Recordings, Inc., Interscope Records and Shady Records, as well as their agents, representatives, attorneys, and/or any other persons acting or purporting to act on its behalf.

D. "Apple" refers to Defendant Apple Computer, Inc. its agents, representatives, attorneys, and/or any other persons acting or purporting to act on its behalf.

E. "Plaintiffs" collectively refers to Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC, named in and referred to as such in the Complaint in the above-referenced case, their agents, representatives, attorneys, and/or any other persons acting or purporting to act on their behalf.

F. "Eight Mile" refers to Plaintiff Eight Mile Style, LLC its agents, representatives, attorneys, and/or any other persons acting or purporting to act on its

behalf.

G. "Martin Affiliated" refers to Plaintiff Martin Affiliated, LLC its agents, representatives, attorneys, and/or any other persons acting or purporting to act on its behalf.

H. "UMG" or "Universal" refers to UMG Recordings, Inc., its parent company, its subsidiaries, its affiliates, and any other related company, as well as their agents, representatives, attorneys, and/or any other persons or entities acting or purporting to act on their behalf.

I. "Document," "Electronically Stored Information," and "Things" are defined to be synonymous in meaning and equal in scope to the usage of these terms in FRCP Rule 34. A draft or non-identical copy is a separate document, electronically stored information, or thing within the meaning of this term.

J. "Communication" shall mean any transmission of information by oral, graphic, written, pictorial, or other perceptible means, including, but not limited to, telephone conversations, letters, documents, memoranda, notes, telegrams, facsimile, transmissions, electronic mail, meetings, and personal conversations.

K. "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests for production of documents, electronically stored information, and things any information or document that might otherwise be construed to be outside its scope.

L. References to the plural shall include the singular; references to the singular shall include the plural.

M. References to the feminine shall include the masculine; references to the

masculine shall include the feminine.

N. All legal terms, accounting terms, and other technical terms associated with a particular industry, profession or identifiable body of knowledge shall have the meanings customarily and ordinarily associated with those terms with those terms within that industry, profession or discipline.

## II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS REQUESTS

1. Documents showing whether HFA grants mechanical and/or Digital Phonorecord Delivery licenses (as those terms are defined in the Copyright Act) for compositions only for the share of such compositions whose publishers it represents, or whether it instead licenses the entire composition.

## III. TOPICS ON WHICH DEPONENT WILL BE REQUIRED TO TESTIFY

1. All documents produced in response to this subpoena.

2. Your practices as they relate to whether HFA grants mechanical and/or Digital Phonorecord Delivery licenses (as those terms are defined in the Copyright Act) for compositions only for the share of such compositions whose publishers it represents, or whether it instead licenses the entire composition.

3. The statement on HFA's website found at http://www.harryfox.com/public/infoFAQDigitalLicensing.jsp that reads, "Additionally, please note that HFA may not represent all of the publishers on a given song. Therefore, the license you receive from HFA will only cover the percentage that is HFA-represented. You will need to obtain a mechanical license directly from any additional publishers that are not represented by HFA."

4. The statement on HFA's website found at http://www.harryfox.com/songfile/faq.html#faq3 that reads, *"It is your responsibility to obtain licenses from each publisher that owns part of the song so that you are licensed for 100% of the song. If you are not licensed for 100% of the song, you could be liable for infringement."*

Dated: May 28, 2009

Howard Hertz, Esq. (P26653)
Jay G. Yasso, Esq. (P45484)
Hertz Schram PC
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
jyasso@hertzschram.com

Attorneys for Plaintiffs

- and -

Richard S. Busch
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Nashville, Tennessee 37201
(615) 726-5422
rbusch@kingballow.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via E-mail and Federal Express to the following:

| Counsel | On behalf of |
|---|---|
| Daniel D. Quick, Esq.<br>Dickinson Wright PLLC<br>38525 Woodward Ave<br>Suite 2000<br>Bloomfield Hills, MI 48304<br>(t): (248) 433-7200<br>(e): dquick@dickinsonwright.com<br><br>Kelly M. Klaus, Esq.<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave<br>Suite 3500<br>Los Angeles, CA 90071<br>(t): (213) 683-9238<br>(e): kelly.klaus@mto.com | Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment |

this 28th day of May 2009.

/s/ signature