UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC, and MARTIN
AFFILIATED, LLC,

       Plaintiffs,

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT

       Defendant.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| | |
|---|---|
| Howard Hertz, Esq. (P26653)<br>Jay G. Yasso, Esq. (P45484)<br>Hertz Schram PC<br>1760 S. Telegraph Rd., Suite 300<br>Bloomfield Hills, MI 48302<br>(248) 335-5000<br>hhertz@hertzschram.com<br>jyasso@hertzschram.com<br>Attorneys for Plaintiffs | Richard S. Busch (TN BPR#14594)<br>King & Ballow<br>1100 Union Street Plaza<br>315 Union Street<br>Nashville, TN 37201<br>(615) 259-3456<br>rbusch@kingballow.com<br>Attorneys for Plaintiffs |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1: TO EXCLUDE TESTIMONY OF LAW PROFESSOR HOWARD B. ABRAMS**

# CONCISE STATEMENT OF ISSUES PRESENTED

Whether the Court should exclude the relevant and well-founded testimony of Professor Howard B. Abrams.

Plaintiffs' answer: No.

# CONTROLLING AUTHORITIES

## Federal Cases

*Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 182 (6th Cir. 2009)

*Levin v. Dalva Bros.*, 459 F.3d 68, 79 (1st Cir. 2006)

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 531 (6th Cir. 2008)

*United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir.1993)

## Federal Statutes

Fed. R. Evid. 702

Fed. R. Evid. 703

### 1. Professor Abrams's Opinions Are Admissible

Defendants contend that the opinion of Professor Howard Abrams ("Abrams") as expressed in paragraph 1 of his expert report, that the language of the "Mechanical Royalties" section of the recording contracts at issue herein "is not a 'self-effectuating' controlled composition clause" as the term is understood in the industry, is inadmissible because it is based on nothing other than his reading of the contractual language. Defendants then go on to concede that Professor Abrams *also* bases his opinion on his knowledge of the relevant industry, a fact that is irreconcilable with Defendants' contention. Defendants do not attack Abrams's knowledge of the industry understanding of "controlled composition clauses" but rather his use of the term "self-effectuating," which has been used throughout this case to describe such a clause when it does not require that separate licenses be entered into. *See, e.g.*, Declaration of Marc Guilford submitted contemporaneously herewith ("Guilford Decl.") Ex. A, Paterno Dep. at 71:10-19, 72:13-73:6. Indeed, Rand Hoffman, head of business and legal affairs at Interscope Records, the largest record label at UMG (and co-owner of Defendant Aftermath), who negotiated the 2003 Recording Agreement, answered questions in deposition posed using this term without asking for clarification. *E.g.*, Guilford Decl. Ex. B, Hoffman Dep. at 186:13-187:11, 206:22-207:15. Professor Abrams was simply using the same language in his report as the parties and witnesses in this case.

Abrams's opinions are not based on his "view of English," but rather his reading of the contractual language in light of his knowledge of the music industry and copyright law. Doc. No. 143, Ex. 3 at 3-4 ¶ I.1., Abrams Expert Report (basing his opinion on how the controlled composition clause would be "known and understood within the music industry, and under

copyright.") As described below, Professor Abrams has ample foundation for this testimony, and expert opinion on industry custom and practice is "standard fare in civil litigations." *Levin v. Dalva Bros.*, 459 F.3d 68, 79 (1st Cir. 2006) (citing cases).

### 2. Professor Abrams's Has Ample Foundation for His Opinions

Defendants' attack on Paragraphs 4 and 5 of Abrams's report is premised on their assertion that he "has no foundation" for the opinions in both paragraphs is based on a single exchange in Abrams's deposition in which he testified that his opinion that industry has been for unaffiliated third parties to obtain separate mechanical licenses was "from reading about it, from talking to people." Doc. No. 42 at 9. Defendants misleadingly argue that *all* of Abrams's opinions in these two paragraphs are based on his reading about it and talking to people, when in fact, the question to which Abrams gave his answer specifically asked for the basis of his knowledge of the "particular practice" of unaffiliated third parties obtaining separate licenses. Guilford Decl. Ex. C, Abrams Dep. at 111:1-20.

Contrary to Defendants' claims, Abrams has decades of experience in legal matters in the music industry. Abrams has been a legal professor for over thirty years, teaching classes in entertainment law and authoring a casebook and a treatise on copyright law. Doc. No. 143, Ex. 3 at 8-10. Mr. Abrams' curriculum vitae lists at least seven law review articles he has authored that involve copyright law issues, contributions to three books on copyright law, and he has spoken numerous panels, bar association meetings, conference and continuing education programs about the music industry. *Id.*

The law requires only that expert testimony be based on "sufficient facts or data," the product of "reliable principles and methods" and that those principles and methods be applied reliably to the case at bar. Fed R. Evid. 702. Expert opinion may even be based on evidence that itself is not admissible, if such evidence is reasonably relied upon by experts in the field. Fed. R. Evid. 703. There is no requirement that an expert pinpoint the precise sources of his opinions, and an expert "need not have overly specialized knowledge to offer opinions." *Levin*, 459 F.3d at 78 (1st Cir. 2006) (citing *Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion Familiar*, 345 F.3d 15, 24 (1st Cir. 2003)). Regardless, in portions of his deposition Defendants do not cite Abrams named a number of individuals he spoke with. *E.g.*, Abrams Dep. at 32:24-36:19. Abrams named a number of other sources he studied in this context as well: recording contracts from various sources, treatises, conferences, case books and their document supplements. *Id.* at 36:20-38:21.

At most, Defendants' arguments concerning the factual underpinnings of Professor Abrams's testimony go toward its weight, not its admissibility. *See, e.g., Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 182 (6th Cir. 2009). It is up to opposing counsel to inquire as to the factual basis of an expert's opinion, and the Court should not exclude such opinion unless it has no "reasonable factual basis." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 531 (6th Cir. 2008) (citing *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir.1993)). Defendants will have a full opportunity to cross examine Professor Abrams in trial.

### 3. The *F.B.T.* case Did Not Conclude that Universal Did Not License Master Recordings to Apple

Finally, Defendants' contend that Professor Abrams's testimony in paragraph six, which includes his opinion that UMG is licensing its master recordings to Apple is inadmissible

3

because that issue was "fully and finally adjudicated *adverse*" to other parties (entities owned and controlled by the same individuals as Plaintiffs) in the *F.B.T.* case. Doc. No. 142 at 10 (emphasis in original). Defendants are incorrect; there was no ruling that UMG was *not* licensing its master recordings to Apple. The parties submitted a general verdict form that asked the jury only which party they found for and, if they found for Plaintiffs, how much they found in damages. Guilford Decl. Ex. D, Verdict Form (filed under seal). The Court's final judgment also did not incorporate such a ruling, stating only that the *F.B.T.* plaintiffs were "not entitled to royalties under the 'masters licensed' provisions of the March 9, 1998 and July 2, 2003 recording agreements for the distribution and sale of permanent downloads and mastertones. Rather, Defendants appropriately pay royalties for permanent downloads and mastertones under the contractual provisions that apply to sales of records through normal retail channels." Doc. No. 143, Ex. 5, Amended Final Judgment ¶ 4.

Thus, the *F.B.T.* case only concluded that the defendants therein had been paying royalties correctly. There was no ruling contrary to Professor Abrams's opinion that "UMG is licensing Apple the right to reproduce and manufacture the master recordings and the musical compositions embodied within those master recordings."

## IV. CONCLUSION

For the reasons described above, Abrams's testimony is well founded and admissible, and the Court should deny Defendants' motion.

Dated: September 17, 2009

Respectfully submitted,

/s/ Richard S. Busch

| | |
|---|---|
| Howard Hertz (P26653) | Richard S. Busch (TN BPR#14594) |
| Jay G. Yasso (P45484) | King & Ballow |
| Hertz Schram PC | 1100 Union Street Plaza |
| 1760 South Telegraph Road, #300 | 315 Union Street |
| Bloomfield Hills, MI 48302 | Nashville, TN 37201 |
| (248) 335-5000 | (615) 259-3456 |
| hhertz@hertzschram.com | rbusch@kingballow.com |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via the Court's Electronic Filing System:

| Counsel | On behalf of |
|---|---|
| Daniel D. Quick, Esq.<br>Dickinson Wright PLLC<br>38525 Woodward Ave<br>Suite 2000<br>Bloomfield Hills, MI 48304<br>(t): (248) 433-7200<br>(e): dquick@dickinsonwright.com<br><br>Kelly M. Klaus, Esq.<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave<br>Suite 3500<br>Los Angeles, CA 90071-1560<br>(t): (213) 683-9238<br>(e): kelly.klaus@mto.com | Apple Computer, Inc. and Aftermath Records d/b/a Aftermath Entertainment |

this 17th day of September 2009.

s/ Richard S. Busch