EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

       Plaintiffs,

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

       Defendants.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| Howard Hertz (P26653) | Richard S. Busch (TN BPR#14594) |
|---|---|
| Hertz Schram PC | King & Ballow |
| 1760 South Telegraph Road, #300 | 1100 Union Street Plaza |
| Bloomfield Hills, MI 48302 | 315 Union Street |
| (248) 335-5000 | Nashville, TN 37201 |
| hhertz@hertzschram.com | (615) 259-3456 |
| | rbusch@kingballow.com |
| | Attorney for Plaintiffs |

## PLAINTIFF EIGHT MILE STYLE, LLC'S RESPONSES TO DEFENDANTS' FIRST SET OF INTEROGATORIES

Plaintiff Eight Mile Style, LLC ("Eight Mile") provides the following objections and responses to the First Set of Interrogatories ("Interrogatories") propounded by Defendants Apple Inc. (named as Apple Computer, Inc.) and Aftermath Records d/b/a Aftermath Entertainment.

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each and every response to each and every Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

1.     Eight Mile objects to the Interrogatories to the extent they collectively or individually seek information subject to or protected by the attorney-client privilege, the attorney

Eight Mile Style, LLC et al v. Apple Computer, Incorporated    Doc. 169 Att. 2

Dockets.Justia.com

and sale of Plaintiffs' copyrighted compositions identified in Exhibit A to the Complaint, Plaintiffs are entitled to their actual damages (which is the subject of expert opinion) and the profits of Apple that are attributable to the digital reproduction, sale, and distribution of Plaintiffs' compositions, or alternatively, statutory damages of up to $150,000 per act of infringement. Plaintiffs also seek additional remedies including attorneys' fees and costs pursuant to 17 U.S.C. § 505, injunctive relief and declaratory relief.

Discovery in this case is ongoing, and Eight Mile reserves the right to supplement this response at a later time.

**INTERROGATORY NO. 5:**

Identify all facts that support Your contention that "Eight Mile and Martin have never authorized Universal to license the works to Apple," as alleged in Paragraph 12 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Eight Mile incorporates its General Objections above. Eight Mile specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Eight Mile further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Eight Mile states to the best of its knowledge, Plaintiffs have never authorized Universal to license Plaintiffs' compositions to Apple. Plaintiffs are the owners of the composition copyrights set forth in Exhibit A to the Complaint, and Schedule 1 identified in response to Interrogatory 1. As the exclusive owners of the musical composition copyrights, the exclusive right, among others,

6

to reproduce and distribute those copyrighted works resides with Plaintiffs or those who Plaintiffs authorize to reproduce or distribute said works. Plaintiffs have not authorized Apple, or permitted Aftermath on Plaintiffs' behalf to authorize Apple, to reproduce, distribute and sell Plaintiffs' copyrighted compositions, much less reproduce, distribute and sell them without compensation to either or both of the Plaintiffs.

Plaintiffs specifically have rejected licenses requested and proposed by Aftermath for digital phonorecord delivery (DPD) to Plaintiffs, and Plaintiffs advised Aftermath that Plaintiffs would not execute the DPD licenses prepared by, or for, Aftermath. Specifically, Joel Martin advised Chad Gary, Pat Blair, and others at UMG, Aftermath's co-venturer[1] that Plaintiffs would not execute Aftermath's standard licenses for digital phonorecord deliveries. If any digital licenses were to be executed at all, they would have to contain restrictions and limitations as dictated by Plaintiffs, including but not limited to, (1) limit on duration of term, (2) a specified territory and (3) requirements regarding accounting. Aftermath was advised that Plaintiffs would only execute a digital license prepared by Plaintiffs. For each proposed license sent to Plaintiffs by Aftermath which contained a provision purporting to license the digital reproduction and distribution of Plaintiffs' compositions, such licenses were denied, were not executed and were not returned to Aftermath but such rejected licenses were retained by Plaintiffs. Aftermath subsequently sent modified licenses for the reproduction and distribution of Plaintiffs' works in a

---

[1] Defendant Aftermath Records doing business as Aftermath Entertainment ("Aftermath") is a joint venture between three entities: (1) Interscope Records, a California general partnership (the "Interscope Partnership"), (2) Interscope Records, an unincorporated division of UMG Recordings, Inc., a Delaware corporation authorized to do business in the State of California ("UMG"), and (3) ARY, Inc., a California corporation ("ARY"). The Interscope Records, a Partnership, is a general partnership comprised of three entities: (a) Interscope Records, an unincorporated division of UMG, (b) UMG, and (c) PRI Productions, Inc., a Delaware Corporation.

7

physical format only, and omitted provisions regarding the digital reproduction and distribution of Plaintiffs' compositions, which modified licenses comported with Plaintiffs refusal to execute Aftermath's proposed digital licenses of Plaintiffs' works.

Further, Joel Martin advised Pat Blair of Aftermath (see fn.1) to segregate all of Plaintiffs' licenses such that none of Plaintiffs' licenses would authorize digital reproduction and distribution, but only the mechanical reproduction and distribution of physical product.

In addition, Plaintiffs are cognizant of the difference between a mechanical license for physical product, such as a compact disc, and a DPD license for the reproduction and distribution of Plaintiffs' compositions in a digital format.

### INTERROGATORY NO. 6:

Identify all facts that support Your contention that "Eight Mile and Martin have never authorized Universal to engage in reproduction or distribution of the digital transmissions through third parties or otherwise," as alleged in Paragraph 12 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

See Response to Interrogatory 5.

### INTERROGATORY NO. 7:

Identify all facts that support Your contention that "Universal has, on any number of occasions, asked Eight Mile or Martin to execute agreements allowing Apple to reproduce and distribute the digital transmissions, but Eight Mile and Martin have not provided that permission," as alleged in Paragraph 12 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 7**

See Response to Interrogatory 5. Further, on a single occasion, Plaintiffs may have entered into a contract with Universal with a very narrow scope of rights granted for mastertones

to cell phones, with a limited term and a carefully constructed limitation of rights.

**INTERROGATORY NO. 8:**

Identify all facts that support Your contention that "Eight Mile and Martin have demanded that Apple cease and desist its reproduction and distribution of the digital transmissions of the Compositions, and Apple has refused to cease and desist" as alleged in Paragraph 14 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Eight Mile incorporates its General Objections above. Eight Mile specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Eight Mile further objects to the extent this Interrogatory to the extent it seeks a legal conclusion and to the extent the information requested requires an expert opinion.

Subject to and without waiver of the foregoing General and Specific Objections, Eight Mile states that subsequent to the audit performed by the Gary Cohen Corporation, Plaintiffs put Aftermath on notice of the accounting irregularities, including those with respect to the digital distribution of Plaintiffs' composition. Plaintiffs also sent a letter to Apple on July 27, 2007 instructing Apple to cease and desist from the further unauthorized use of Plaintiffs' compositions. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 9:**

Identify all facts that support Your contention that "Apple's conduct has at all times been knowing and willful," as alleged in Paragraph 18 of Your Complaint.

Subject to and without waiver of the foregoing General and Specific Objections, Eight Mile states: The language used in the Agreements demonstrate that digital uses were not contemplated or covered under Paragraph 6. Furthermore, the Agreements do not contain or constitute, or even purport to constitute, a license of any kind. Paragraph 6 merely speaks to certain royalty rates that will apply under certain licenses that will be given to Aftermath and its distributors/licensees but omits numerous material terms and conditions that are essential to creating such a license. Further, the parties' subsequent conduct demonstrates their understanding as to the actual granting of licenses and the procedures therefor. For example, even with respect to the granting of mechanical licenses for physical product, Plaintiffs have used their own license forms with terms and conditions that are acceptable to them, and Paragraph 6 was not understood by the parties to constitute a mechanical license. Furthermore, the course of conduct between Plaintiffs and Aftermath (including Interscope and Universal) shows that Plaintiffs would only enter into licenses for digital uses (i.e. the mastertone agreement) approved by, and acceptable to, Plaintiffs, including but not limited to a limit to duration, territory, and requirements for accounting, and Universal sent proposed licenses to Plaintiffs for digital use that were rejected as not being acceptable. As discovery is ongoing, Plaintiffs reserve the right to supplement this response.

**INTERROGATORY NO. 16:**

Identify all wrongful acts that You contend Aftermath has committed regarding any of the matters alleged in Your Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

Eight Mile incorporates its General Objections above. Eight Mile specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege

15

and work product doctrine. Eight Mile objects to this Interrogatory to the extent it seeks expert opinion or expert testimony. Eight Mile objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Eight Mile further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants.

Subject to and without waiver of the foregoing General and Specific Objections, Eight Mile states Aftermath purported to license Eight Miles' copyrighted musical compositions to Defendant Apple, which such compositions Aftermath neither owns or controls. See also Response to Interrogatory Nos. 5, 6, 7, 8, 9, 10, 11, 13, 14, and 15.

**INTERROGATORY NO. 17:**

Identify all Persons who have had any involvement whatsoever in the drafting, negotiation, execution or performance of any agreement relating to the distribution in digital format of any of the works at issue in Your Complaint.

**RESPONSE TO INTERROGATORY NO. 17:**

Eight Mile incorporates its General Objections above. Eight Mile specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and work product doctrine. Eight Mile objects to this Interrogatory to the extent it seeks expert opinion or expert testimony. Eight Mile objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Eight Mile further objects to this Interrogatory to the extent the information requested is within the possession, custody or control of Defendants. Eight Mile further objects to this Interrogatory to the extent it seeks confidential or commercial information, trade secrets or confidential research.

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to Eight Mile's General and Specific Objections, Eight Mile responds that Plaintiffs' counsel and Plaintiffs participated in the preparation of Eight Mile's responses.

DATED: March 21, 2008          Respectfully submitted,

KING & BALLOW

_/s/ Richard S. Busch_

Richard S. Busch (TN Bar No. 014594)
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com

Howard Hertz (P26653)
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs,

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

Case No. 2:07-cv-13164
Hon. Anna Diggs Taylor
Magistrate Judge Donald A. Scheer

| Howard Hertz (P26653) | Richard S. Busch (TN BPR#14594) |
|---|---|
| Hertz Schram PC | King & Ballow |
| 1760 South Telegraph Road, #300 | 1100 Union Street Plaza |
| Bloomfield Hills, MI 48302 | 315 Union Street |
| (248) 335-5000 | Nashville, TN 37201 |
| hhertz@hertzschram.com | (615) 259-3456 |
| | rbusch@kingballow.com |
| | Attorney for Plaintiffs |

**PLAINTIFFS EIGHT MILE STYLE, LLC'S AND MARTIN AFFILIATED,
LLC'S RESPONSES TO DEFENDANTS' FOURTH SET OF INTEROGATORIES**

Plaintiffs Eight Mile Style, LLC ("Eight Mile") and Martin Affiliated, LLC ("Martin") (collectively, "Plaintiffs") provide the following objections and responses to the Fourth Set of Interrogatories ("Interrogatories") propounded by Defendants Apple Inc. (named as Apple Computer, Inc.) and Aftermath Records d/b/a Aftermath Entertainment.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each and every response to each and every Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

    1.    Plaintiffs object to the Interrogatories to the extent they collectively or

13. Plaintiffs object to Interrogatories containing the defined term "Kobalt" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any entity other than Kobalt Music Publishing America, Inc.

14. Plaintiffs object to Interrogatories containing the defined term "Ensign" as vague, ambiguous, overly broad and unduly burdensome to the extent the term includes any entity other than Ensign Music Corporation.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 30

If You contend that any of the claimed infringement in the Eight Mile Style Litigation was "willful," describe all facts supporting that contention.

### RESPONSE TO INTERROGATORY NO. 30:

Plaintiffs object to Interrogatory No. 30 on the grounds that it is outside the scope of permissible discovery, and is overbroad.

Subject to and without waiver of the foregoing General and Specific Objections, in summary, Plaintiffs state that both Defendants were aware of the need to obtain licenses for the reproduction of the Eminem Compositions to offer to users as permanent downloads and failed to obtain such licenses from Eight Mile. Defendant Aftermath's knowledge of this requirement is illustrated by, among other things, their business practice of obtaining such licenses and making requests for such licenses from Eight Mile. Defendants were aware that those requests had been denied. Furthermore, Defendants explicitly acknowledged the license requirement in the agreements between UMG Recordings, Inc. and Apple pertaining to Apple's iTunes service. Defendants further knew that Eight Mile objected to and refused to grant such licenses, as evidenced by Universal's repeated requests addressed to Eight Mile for digital phonorecord

4

delivery licenses for the Eminem Compositions that were denied. Defendants' knowledge of the need to obtain licenses is also illustrated by the one license Plaintiffs did issue, for "Lose Yourself," which was issued only after negotiations over its terms. Defendants were also placed on notice of the infringement by letter, and by this lawsuit, but did not remedy the infringement. Plaintiffs also refer Defendants to the Declaration of Tim Hernandez, and the deposition testimony of Pat Blair, Chad Gary, Leo Ferrante, and Todd Douglas. Plaintiffs also refer Defendants to their response to Interrogatory Nos. 9, 12 and Plaintiffs' objections thereto.

## INTERROGATORY NO. 31

Identify and describe all damages, including "actual damages," You claim to be entitled to as a result of the claimed infringement in the Eight Mile Style Litigation.

## RESPONSE TO INTERROGATORY NO. 31:

Plaintiffs incorporate their General Objections above. Plaintiffs also object to the extent this interrogatory calls for an expert conclusion.

Subject to and without waiver of the foregoing General and Specific Objections, it is difficult to determine the extent of "actual damages," as opposed to Defendants' profits, because of the lack of transparency and accounting in connection with the exploitation of the Eminem Compositions by way of permanent download. Nonetheless, Plaintiffs direct Defendants to the expert report of Gary Cohen and its supporting documentation. The burden of deriving the requested information is substantially the same for Defendants as for Plaintiffs, and Plaintiffs therefore refer Defendants to the documents specified. *See* Fed. R. Civ. Proc. 33(d). Plaintiffs also refer Defendants to their response to Interrogatory No. 4 and Plaintiffs' objections thereto.

evidence.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs do not recall any communications regarding the Eight Mile Style Litigation with Ensign.

DATED: July 13, 2009

Respectfully submitted,

KING & BALLOW

Richard S. Busch (TN Bar No. 014594)
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com

Howard Hertz (P26653)
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com

Attorneys for Plaintiffs