UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

       Plaintiffs

vs.

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

       Defendants.

_____/

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Virginia Morgan

**DEFENDANT'S REQUEST TO FILE RESPONSE AND RESPONSE TO PLAINTIFFS'
"MOTION FOR RECONSIDERATION"**

8868846.1

# ISSUES PRESENTED

Whether the Court should permit a response to Plaintiffs' Motion for Reconsideration under E.D. Mich. LR 7.1(g) where the Motion was filed in violation of the Local Rules and threatens unfair prejudice to Defendants should new claims be added to this lawsuit a mere 48 hours before the start of trial?

# CONTROLLING AUTHORITIES

E.D.Mich. LR 7.1(g)

*Pedreira v. Kentucky Baptist Homes for Children, Inc.,* --- F.3d ----, 2009 WL 2707226 (6th Cir. 2009).

# REQUEST TO FILE RESPONSE TO "MOTION FOR RECONSIDERATION"

Trial in this matter starts in less than 48 hours. Therefore, although the Local Rules provide that no response to a Motion for Reconsideration is to be filed until the Court so orders, Defendants request permission to file the attached response to the Motion for Reconsideration ("Motion") that Plaintiffs filed yesterday. The Motion is *prima facie* improper under E.D. Mich. LR 7.1(g) for merely restating the "same issues" already ruled upon by the Court. Plaintiffs are still trying to persuade this Court to allow it, on the very eve of trial, to add *three* entirely new claims that Plaintiffs failed to assert through *two years* of litigation. But they offer nothing new to justify that relief. Indeed, *all* of the evidence they refer to in their Motion they knew about before they filed their Motion for Leave to Amend.

If amendment were allowed, Defendants would still face trial blind as to Plaintiffs' alleged proofs because they never were able to take discovery specifically targeted to the additional elements of Plaintiffs' three new causes of action. Given the immediacy of trial and potential prejudice caused by any last-minute amendment, Defendants ask the Court also to consider the attached Response.

Nothing has changed since the Court's proper ruling yesterday. This Court correctly denied Plaintiffs' Motion to Amend given the immediacy of trial and Plaintiffs' inability to demonstrate good cause for their delay in bringing the motion. Such rulings are regularly affirmed by the Sixth Circuit and well within the discretion of the district court. *See, e.g., Pedreira v. Kentucky Baptist Homes for Children, Inc.*, --- F.3d ----, 2009 WL 2707226 (6th Cir. 2009).

s/Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200

Glenn D. Pomerantz
Kelly M. Klaus
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560

8868846.1

dquick@dickinsonwright.com

Attorneys for Defendants

(213) 683-9100
glenn.pomerantz@mto.com;
kelly.klaus@mto.com;
melinda.lemoine@mto.com

Attorneys for Defendants

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs

vs.

Case No. 2:07-CV-13164
Honorable Anna Diggs Taylor
Magistrate Judge Virginia Morgan

APPLE COMPUTER, INC. and
AFTERMATH RECORDS d/b/a
AFTERMATH ENTERTAINMENT,

    Defendants.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFFS' "MOTION FOR RECONSIDERATION"**

# ISSUES PRESENTED

Whether the Court should reconsider its proper and correct denial of Plaintiffs' Motion for Leave to Amend, where the Motion for Reconsideration merely presents issues that were already before the Court, where the parties are a short 48 hours away from trial, where Plaintiffs have failed to give any justifiable basis for their failure to seek leave to amend in a timely manner, and where Defendants would be severely prejudiced if forced to defend themselves at trial without discovery as to the three new causes of action Plaintiffs' proposed new complaint asserts?

# CONTROLLING AUTHORITIES

E.D. Mich. LR 7.1(g)

*Pedreira v. Kentucky Baptist Homes for Children, Inc.*, --- F.3d ----, 2009 WL 2707226 (6th Cir. 2009).

## RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Having tried multiple times during the hearing where the Court denied their inexcusably last-minute motion to add *three* new claims for relief on what is literally the eve of trial, Plaintiffs try once again to get the Court to grant a Motion to Amend their two-year old complaint. Plaintiffs do not even mention the Court's finding that they offered absolutely no valid or justifiable reason for their failure to raise these claims until now. Plaintiffs' Motion for Reconsideration ("Motion") merely rehashes arguments this Court already has rejected, and is thus unwarranted and improper under Civil Local Rule 7.1(g).

*1. Plaintiffs still offer no reason—much less "good cause" -- for why they waited more than two years to seek to add claims against Aftermath.* Despite being repeatedly advised that there were no claims asserted against Aftermath and despite being fairly apprised of this Court's deadlines, Plaintiffs never asserted these claims until the case had proceeded to the brink of trial -- now set to begin *in less than 48 hours*. Plaintiffs *still* do not offer any satisfactory explanation for why they waited until this late date to try to radically expand the case and trial by adding three new claims for relief. They fail to do this notwithstanding the fact that the Court *expressly* stated that Plaintiffs had failed to offer any credible justification. Plaintiffs apparently think that if they "pound the podium" enough times, they can force the Court to reconsider its entirely correct decision not to allow this gamesmanship. Ignoring their failure to seek leave in a timely manner - rather than lying in wait until what is now hours before the start of trial - will not erase Plaintiffs' failure to comply with the Rules and due process.

*2. Plaintiffs did not provide Defendants with discovery on their claims for relief.* The points that Plaintiffs *do* address in their Motion for Reconsideration do not change the facts. Plaintiffs claim that they served discovery responses on their three new theories. That is false.

*First*, the discovery responses Plaintiffs submit with their Motion are nothing new. Plaintiffs' counsel repeatedly emphasized them at oral argument. But in these responses,

Plaintiffs *never* said anything about the three wholly new claims their Proposed Amended Complaint attempts to add – not the names of the causes of action, not the elements, and not the evidence Plaintiffs would rely on in support. What Plaintiffs *actually* said in the discovery responses was the following:

- That Plaintiffs were entitled to "the profits of Apple" - *not Aftermath*, but Apple - "that are attributable to the digital reproduction, sale, and distribution of Plaintiffs' compositions, or alternatively, statutory damages of up to $150,000 per act of infringement." Plaintiffs' Response to Interrogatory No. 4, attached at Ex. A to Motion for Reconsideration, at top of Page 6 of the Interrogatory Responses. This response **confirms** that Plaintiffs asserted a copyright infringement claim only against Apple: the remedies of an alleged infringer's profits or statutory damages are **only** potentially available against a defendant to a claim for copyright infringement. 17 U.S.C. § 504. By saying that they were seeking only profits or statutory damages against Apple, not Aftermath, Plaintiffs **confirmed** that they asserted a claim for copyright infringement only against Apple, not Aftermath.

- When asked what "wrongful acts" Plaintiffs claimed Aftermath committed, Plaintiffs did **not** say direct copyright infringement, vicarious copyright infringement, or contributory infringement. They said only that they alleged "Aftermath purported to license Eight Miles' copyrighted musical compositions to Defendant Apple, which such compositions Aftermath neither owns nor controls." *See* Plaintiffs' Response to Interrogatory No. 16, attached at Ex. A to Motion for Reconsideration, at page 16 of the Interrogatory Responses.

The reason that the Plaintiffs' responses say nothing about these claims is simple: Plaintiffs never, through two years of litigation (and despite having been told *repeatedly* by

8868846.15

Aftermath that there was no infringement claim asserted against it) alleged *any* of these claims against Aftermath. Plaintiffs' Motion confirms once again that Plaintiffs never spelled out their newly minted theories, a failure that prejudices Aftermath in preparing for trial that is just hours away without Plaintiffs stating (even now) what their theories of liability are. The prejudice to Aftermath from having to go into trial blind against such claims is manifest.

Plaintiffs point to discovery that goes to Plaintiffs' basic claim of copyright infringement, which has been pending against Apple for two years. But Defendants have had no opportunity to take any discovery on the elements of Plaintiffs' claims for *vicarious* and *contributory* infringement. Those claims require proof of additional elements that have not ever been explored in this case. Had these claims been at issue, Defendants would have explored Plaintiffs' proofs on these additional elements in discovery. For example, Defendants would have served discovery aimed at pinning Plaintiffs down on exactly what they think proves that Aftermath had the "right and ability to supervise" Apple. Those responses would have elicited follow-up discovery, including requests for admission and depositions. Defendants have not had that opportunity, nor have they had the opportunity to explore the other additional elements encompassed by Plaintiffs' wholly new claims. Allowing amendment 48 hours before trial would be extraordinarily prejudicial.

This Court correctly denied Plaintiffs' Motion to Amend given the immediacy of trial and Plaintiffs' inability to demonstrate good cause for their delay in bringing the motion. Such rulings are regularly affirmed by the Sixth Circuit and well within the discretion of the district court. *See, e.g., Pedreira v. Kentucky Baptist Homes for Children, Inc.,* --- F.3d ----, 2009 WL 2707226 (6th Cir. 2009). Plaintiffs' wholly improper Motion for Reconsideration should be denied.

***3. The Motion is a rehash of arguments that were already presented to the Court.*** The Local Rules of the Eastern District of Michigan counsel against the granting of Motions for

Reconsideration such as this, that "merely present the same issues ruled upon by the Court." Civ. L.R. 7.1.(g)(3). This Motion does nothing more than repeat arguments counsel made in their Motion for Leave to Amend and in Court in oral argument. As such, it is an improper Motion for Reconsideration and should be denied.

Furthermore, if this Court is inclined to entertain Plaintiffs' Motion for Reconsideration, then Defendants are entitled to have the Court reconsider its ruling on their Motion to Exclude Claims of iPod Profits. The Court said at the September 21 hearing that it would grant that motion, but then Plaintiffs' counsel pleaded for a different result and got that ruling reversed. If Plaintiffs are able to have adverse rulings against them reconsidered, then so are Defendants. Plaintiffs' claim for iPod profits is contrary to binding Sixth Circuit law and is unsupported by the testimony of their own expert, who admitted his attempt to reach iPod profits was "indeterminate" and speculative.

Respectfully submitted,

s/Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 433-7200
dquick@dickinsonwright.com

Attorneys for Defendants

s/*Melinda E. LeMoine*
Glenn D. Pomerantz
Kelly M. Klaus
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
glenn.pomerantz@mto.com;
kelly.klaus@mto.com;
melinda.lemoine@mto.com

Attorneys for Defendants

8868846. 17

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2009 , I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the all counsel.

s/Melinda E. Lemoine
Melinda E. LeMoine
Munger, Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
(213) 683-9100
melinda.lemoine@mto.com

Attorneys for Defendants

8868846.1 11